19CV9439

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION, :
:
                           Plaintiff, : 19 Civ.   ( )
:
           - against - : ECF Case
:
TELEGRAM GROUP INC. and TON ISSUER INC., :
:
                      Defendants. :
:
------------------------------------------------------------------x

[PROPOSED] ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER,
AND ORDER GRANTING EXPEDITED DISCOVERY AND OTHER RELIEF

On the Emergency Application (the "Application") of Plaintiff Securities and Exchange Commission (the "Commission") for an order:

(1) Directing Defendants Telegram Group Inc. and TON Issuer Inc. ("Defendants") to show cause why an order should not be entered, pending a final disposition of this action:

(a) Preliminarily enjoining Defendants, and each of their respective agents, servants, employees, attorneys and other persons in active concert or participation with each of them who receive actual notice of the injunction by personal service or otherwise, from any ongoing and future violations of Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77e(a), 77e(c)], including but not limited to by delivering Grams to any person or entity or taking any other steps to effect any unregistered offer or sale of Grams; and

       (b) Prohibiting Defendants from destroying, altering, or concealing documents in their possession, custody, or control, including documents concerning the allegations in the Complaint or the assets or finances of Defendants; and

(2)    Pending adjudication of the relief described in paragraph (1) above, an order:

       (a) Temporarily restraining Defendants, and each of their respective agents, servants, employees, attorneys and other persons in active concert or participation with each of them who receive actual notice of the injunction by personal service or otherwise, from any ongoing and future violations of Sections 5(a) and 5(c) of the Securities Act, including but not limited to by delivering Grams to any person or entity or taking any other steps to effect any unregistered offer or sale of Grams;

       (b) Temporarily prohibiting Defendants from destroying, altering, or concealing documents in their possession, custody, or control, including documents concerning the allegations in the Complaint or the assets or finances of Defendants; and

       (c) Providing that the Commission may take expedited discovery and may effect service on Defendants by email and by email to their counsel in the United States in preparation for a hearing on this Order to Show Cause.

The Court has considered: (1) the Complaint filed by the Commission on October 11, 2019; (2) the Local Rule 6.1 Declaration of Jorge G. Tenreiro executed on October 11, 2019; (3) the Declaration of Daphna Waxman executed on October 11, 2019, and the exhibits thereto; and (4) the Commission's Memorandum of Law in Support of Its Emergency Application for an Order to Show Cause, Temporary Restraining Order, and Granting Expedited Discovery and Other Relief, dated October 11, 2019.

Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act and Rule 65 of the Federal Rules of Civil Procedure, has been made for the relief granted herein, for the following reasons:

1. It appears from the evidence presented that Defendants have engaged and/or are about to engage in unregistered offers and sales of securities in violation of Sections 5(a) and 5(c) of the Securities Act.

2. It appears from the evidence that Defendants have obtained $1.7 billion in proceeds from their unregistered offers and sales of securities known as "Grams," including $424.5 million from investors in the United States, and that Defendants are about to engage in additional unregistered offers and sales of Grams.

3. It appears that an order enjoining Defendants from taking steps to complete their unregistered offers and sales of Grams into the United States, including through the use of affiliate entities such as "TON Foundation," and prevent future unregistered offers and sales is necessary to preserve the *status quo* and to avoid irreparable harm to the public interest.

4. It appears that Defendants have refused to accept service of an administrative subpoena by the Commission, and that, therefore, an order prohibiting Defendants from destroying, altering, or concealing records of any kind, including documents concerning the allegations in the Complaint, is necessary to protect the integrity of this litigation.

5. Good and sufficient reasons have been shown why a procedure other than by notice of motion is necessary. It is therefore appropriate for the Court to issue this Order to Show Cause so that prompt service on Defendants can be made and to prevent Defendants and their agents and affiliates from making further unregistered offers and sales of securities into United States markets.

6. This Court has jurisdiction over the subject matter of this action and over Defendants, and venue properly lies in this District.

**NOW, THEREFORE,**

### I.

**IT IS HEREBY ORDERED** that Defendants show cause to this Court at __11:00__ a.m. on the __24th__ day of October, 2019, in Room __11D__ of the United States Courthouse, __500 Pearl St__, New York, New York, 10017 why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure and Section 20(b) of the Securities Act preliminarily enjoining Defendants and each of their respective agents, servants, employees, attorneys and other persons in active concert or participation with each of them who receive actual notice of the injunction by personal service or otherwise, from any ongoing and future violations of Sections 5(a) and 5(c) of the Securities Act, including but not limited to by delivering Grams to any person or entity or taking any other steps to effect any unregistered offer or sale of Grams.

*PKC*

### II.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendants, and each of their respective agents, servants, employees, attorneys and other persons in active concert or participation with each of them who receive actual notice of the injunction by personal service or otherwise, are temporarily enjoined and restrained from any ongoing and future violations of Sections 5(a) and 5(c) of the Securities Act, by:

    (a) without a registration statement in effect as to that security, making use of the means and instruments of transportation or communications in interstate commerce and of

> the mails to sell securities through the use or means of a prospectus or otherwise; and/or
>
> (b) making use of the means and instruments of transportation or communication in interstate commerce and of the mails to offer to sell or offer to buy, through the use of a prospectus or otherwise, securities as to which no registration statement has been filed;

including but not limited to by delivering Grams to any person or entity or taking any other steps to effect any unregistered offer or sale of Grams.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with any person described in (a), including without limitation TON Foundation and other entities now in existence or to be created acting in concert with Defendants to engage in the unregistered offering or sales of securities in violation of Sections 5(a) and 5(c) of the Securities Act.

**III.**

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendants are enjoined and restrained, and any person or entity acting at the direction or on behalf of either or both of them is enjoined and restrained, from destroying, altering, or concealing all documents, books, and records that are in the possession, custody, or control of Defendants, their respective agents, servants, employees, and attorneys, and those persons in active concert or participation with them, including documents that concern the allegations in the Complaint.

## IV.

**IT IS FURTHER ORDERED** that discovery is expedited as follows: pursuant to Rules 26, 30, 31, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), and without regard to the limitations of Federal Rules of Civil Procedure 30(a)(2), 30(d), 31(a)(2), and 33(a)(1):

(1) the Commission may take the depositions on ~~two (2)~~ three (3) calendar days' notice by email, facsimile or otherwise, of Defendants' representatives and of representatives of any United States purchasers of Grams; and /PKC

(2) the Commission may obtain the production of documents within ~~three~~ four (4) (3) days from service by email, facsimile or otherwise of a request or subpoena, from the Defendants or from any United States purchasers of Grams. /PKC

Service of any discovery requests, notices, or subpoenas may be made by in the manner provided in paragraph V below.

## V.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon Defendants on or before October 11, 2019, at 7pm, by personal delivery, ~~facsimile~~ and overnight courier, ~~international express mail, mail~~ to Defendants' attorney Colleen P. Mahoney, Esq., of Skadden, Arps, Slate, Meagher & Flom, LLP, at 1440 New York Avenue, NW Washington, DC 20005 ~~or~~ and by email to colleen.mahoney@skadden.com, and ~~or~~ to Defendants' principals by email at ceo@telegram.org or pavel@telegram.org. /PKC

## VI.

**IT IS FURTHER ORDERED** that Defendants shall ~~deliver~~ file on ECF with courtesy copy to Chambers any opposing papers in response to the Order to Show Cause no later than October 18, 2019, at 5:00 p.m. ~~Service shall~~ /PK

~~be made by that date and time by emailing the papers to~~ tenreiroj@sec.gov ~~and receiving~~ a reply email ~~confirming receipt or by sending the papers~~ by overnight courier service to the New York Regional Office of the Commission at Brookfield Place, 200 Vesey Street, Suite 400, New York, New York 10281, Attn: Jorge G. Tenreiro, or such other place as counsel for the Commission may direct in writing. The Commission shall have until October 22, 2019, at 5:00 p.m., to ~~serve~~ *file on ECF*, ~~by the most expeditious means available,~~ any reply papers upon Defendants or their counsel, if counsel shall have made an appearance in this action, *with courtesy copies to Chambers*.

PKC

_____
UNITED STATES DISTRICT JUDGE

Issued at:    1:45 p.m.
October 11, 2019
New York, New York

7