UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE COMMISSION, :
: 19 Civ. 9439 (PKC)
                Plaintiff, :
: **ECF Case**
        -against- :
: **Electronically Filed**
TELEGRAM GROUP INC. and TON ISSUER :
INC., :
:
                Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
EMERGENCY APPLICATION FOR PRELIMINARY INJUNCTION**

                                      SKADDEN, ARPS, SLATE,
                                       MEAGHER & FLOM LLP
                                      Four Times Square
                                      New York, New York 10036
                                      Phone: (212) 735-3000

                                      *Attorneys for Defendants*

Pursuant to this Court's Order dated October 11, 2019, Defendants Telegram Group Inc. and TON Issuer Inc (together, "Defendants" or "Telegram") respectfully submit this response in opposition to the emergency application of Plaintiff Securities and Exchange Commission ("SEC").  As explained below, Telegram has agreed to stipulate that it will not make any offers, sales or deliveries of its expected cryptocurrency, called "Grams," in order to maintain the status quo until this Court can resolve the legal issues at the heart of this matter. The SEC has refused to enter into such a stipulation and instead has insisted that Telegram consent to the entry of a preliminary injunction and also insists that Telegram, prior to October 24, (i) search for, collect and produce documents in response to 18 overly broad and burdensome document requests and (ii) produce witnesses for two full Rule 30(b)(6) depositions this week. Given these circumstances, it is apparent that the SEC is attempting to seize upon the Order to Show Cause, submitted by the SEC and entered *ex parte*, to steamroll Telegram into consenting to a preliminary injunction where there is no need.  The SEC's unreasonable and wholly unnecessary position has thus necessitated this filing two days in advance of Telegram's ordered deadline of October 18.

By way of background, the SEC's instant application is an "emergency" of its own making.  For the past 18 months, Telegram voluntarily engaged with, and solicited feedback from, the SEC regarding the development and planned launch of its decentralized blockchain platform (called the "TON Blockchain") and Grams, consistent with the SEC's publicly stated desire to engage with developers of digital asset technologies.[1]  To that end, Telegram produced

---

[1] *See* https://www.sec.gov/finhub ("[FinHub]" seeks to engage with FinTech communities across the country" and "is designed to make the SEC's FinTech work more accessible to innovators, entrepreneurs, and their advisers, and serves as a platform to inform the SEC's understanding of new financial technologies. FinHub is continuously interested in engagement.").

1

to the SEC thousands of pages of documents and communications with U.S. purchasers; submitted five detailed legal memoranda regarding the securities question at issue; participated in three in-person presentations during which it answered hundreds of questions and requested feedback; regularly engaged in email and telephone discussions regarding a wide range of topics relating to the TON Blockchain and Grams; and made modifications to the technology and operation of the TON Blockchain in response to the SEC's stated concerns.

Notwithstanding these time-consuming and extensive efforts, and despite the SEC knowing for 18 months that if the TON Blockchain did not launch by October 31, 2019, Telegram would be obligated under its agreements with private purchasers to return the funds it raised, the SEC (i) never requested that Telegram delay the launch of the TON Blockchain; (ii) never advised Telegram of its intention to seek injunctive relief; and (iii) waited until the eleventh hour to file an *ex parte* application to enjoin Telegram's launch.[2] And now, in an apparent effort to gain a strategic litigation advantage, the SEC has refused to enter into a stipulation that would achieve the same practical result as an injunction and permit the Court to resolve the underlying legal issues in this matter, and has continued to press for broad and burdensome "emergency discovery" despite the absence of any emergency.

Against this backdrop, the SEC's action hinges on a fundamentally flawed theory that Grams constitute a "security" subject to the U.S. securities laws — a theory that runs counter to longstanding Supreme Court precedent, the SEC's own views relating to other

---

Generally, a "blockchain platform," or "distributed ledger," is a peer-to-peer network that records and reflects all transactions on a viewable and unalterable system.

[2] On the same day but before the SEC instituted this action, Telegram informed the SEC that the launch was "most likely to occur on October 30" and that "Telegram will keep the Staff apprised on the precise timing of the launch date once it is known."

2

cryptocurrencies, and common sense. Unlike other digital assets that were offered to the general public through so-called Initial Coin Offerings ("ICOs"), Telegram did not — and will never — offer any securities to the public through an ICO. Rather, Telegram entered into private purchase agreements with a limited number of highly sophisticated purchasers (the "Private Placement") that provided for the future payment of a currency (Grams) but only following the completion and launch of the TON Blockchain. Significantly, Telegram has already treated the Private Placement as a securities offering pursuant to valid exemptions to registration under the Securities Act of 1933. The Grams themselves, as distinct from the purchase contracts, will merely be a currency or commodity (like gold, silver or sugar) — not a "security" — once the TON Blockchain launches. As one SEC Director publicly opined, a digital currency "all by itself is not a security, just like [] orange groves [are] not."[3]

        Although the SEC's claims are without merit and Telegram stands ready to expeditiously litigate them, Telegram has elected to delay the launch of the TON Blockchain and any distribution of Grams while these and any other regulatory issues are resolved. To that end, Telegram communicated to the SEC that it will enter into the stipulation filed herewith (Drylewski Dec. Ex. A), through which Telegram agrees not to offer, sell or distribute any Grams until this Court has resolved the critical legal issue of whether Grams are "securities." Telegram also proposed that the parties negotiate an expedited schedule to resolve the case. (*Id.*) The SEC indicated that it was unwilling to enter into the stipulation and instead insisted that Telegram consent to the entry of a preliminary injunction order that is obviated by the stipulation. (*Id.* Ex. B.) The SEC has also served 18 emergency document requests (two of which were sent

---

[3] *See* William Hinman, *Digital Asset Transactions: When Howey Met Gary (Plastic)* (June 14, 2018); at *3, available at: https://www.sec.gov/news/speech/speech-hinman-061418.

after Telegram had already agreed to delay any offer of Grams) — which call for documents located abroad and implicate serious data privacy issues that will need to be fully analyzed and resolved — and two Rule 30(b)(6) depositions of Defendants this week. (*Id.* Ex. C.)

Telegram submits that there is no need for the Court to enter a preliminary injunction, which has the potential to be misconstrued by Telegram's private placement subscribers and the public in this highly-publicized matter, where Telegram has already voluntarily agreed not to engage in the very conduct that the SEC is seeking to enjoin. *See Kuklachev v. Gelfman*, 629 F. Supp. 2d 236, 252 (E.D.N.Y. 2008), aff'd, 361 F. App'x 161 (2d Cir. 2009) (denying preliminary injunction as to certain defendants because there was no reasonable expectation that the offending conduct would continue); *Federated Strategic Income Fund v. Mechala Grp. Jamaica Ltd.*, No. 99 CIV 10517 HB, 1999 WL 993648, at *4 n. 3 (S.D.N.Y. Nov. 2, 1999) (request for temporary restraining order "became moot" based on parties' agreement to expedited briefing schedule and stipulation regarding plaintiffs' tender of their notes by a certain date). For the same reasons, there is no need for the SEC's "emergency discovery," which cannot be completed in the time allotted and for which the SEC has not articulated any need in light of the above.

Telegram respectfully requests that the Court deny the SEC's request for a preliminary injunction and enter an order that maintains the status quo regarding the offer, sale or distribution of Grams; relieves Telegram of any obligation to produce documents or witnesses in response to the SEC's emergency requests prior to October 24; and directs the parties to submit an expedited case schedule to resolve the legal issues underpinning the SEC's claims. A proposed order is attached for the Court's consideration, which mirrors the terms of the

stipulation offered to the SEC and includes an additional provision regarding the SEC's emergency discovery requests. (Drylewski Dec. Ex. D.)

Telegram is prepared to address these and any other issues at the Court's convenience.[4]

Dated: New York, New York
October 16, 2019

    /s/ George A. Zimmerman
George A. Zimmerman
Scott D. Musoff
Alexander C. Drylewski
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Phone: (212) 735-3000

*Attorneys for Defendants*

---

[4] Telegram's submission is without prejudice to any and all rights and defenses in this action, which are expressly preserved, including but not limited to any defenses based on personal jurisdiction.

5