# Exhibit A

| | |
|---|---|
| **From:** | Drylewski, Alexander C (NYC) |
| **Sent:** | Wednesday, October 16, 2019 1:18 PM |
| **To:** | Tenreiro, Jorge (tenreiroj@SEC.GOV); McGrath, Kevin (McGrathK@SEC.GOV) |
| **Cc:** | Musoff, Scott D (NYC); Malloy, Christopher P (NYC); Beatty, Andrew R (NYC) |
| **Subject:** | SEC v. Telegram, 19-cv-9439(PKC)(SDNY) |
| **Attachments:** | Stipulation and Proposed Order.pdf |

Hi Jorge and Kevin – as a follow up to our conversations this week, I'm attaching a draft stipulation and proposed order through which Telegram agrees not to offer, sell or distribute any Grams and will preserve relevant documents. We believe this agreement achieves every objective of the SEC's requested preliminary injunction, while preserving the status quo and all parties' rights without asking the Court to engage on the merits at this premature juncture. We hope that the SEC will reconsider its insistence that Defendants consent to entry of a preliminary injunction, which is obviated by the proposed agreement. We're also happy to discuss if you have any proposed edits to the language of the stipulation.

Separately, we'll be sending you later today responses and objections to the SEC's sixteen document requests dated October 11, 2019. We're available to meet and confer regarding these requests, which, as you know, implicate significant data privacy issues, among others. In light of Telegram's commitment not to offer, sell or distribute Grams and the parties' agreement to work together to set an expedited schedule in this matter, please confirm the SEC's agreement that the deadlines for emergency discovery are no longer necessary as we work through these issues.

Thank you,
Alex

**Alexander C. Drylewski**
**Skadden, Arps, Slate, Meagher & Flom LLP**
Four Times Square | New York | 10036-6522
T: 212.735.2129 | F: 917.777.2129
alexander.drylewski@skadden.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE COMMISSION :
: 19 Civ. 9439 (PKC)
                   Plaintiff, :
: **ECF Case**
       -against- :
: **Electronically Filed**
TELEGRAM GROUP INC. and TON ISSUER :
INC., : **STIPULATION AND**
: **[PROPOSED] ORDER**
                  Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on October 11, 2019, Plaintiff Securities and Exchange Commission ("SEC") instituted this action asserting claims against Defendants Telegram Group Inc. and TON Issuer Inc (together, "Defendants" or "Telegram") under Sections 5(a) and 5(c) of the Securities Act of 1933, and filed an ex parte Emergency Application For an Order to Show Cause, Temporary Restraining Order, and Order Granting Expedited Discovery and Other Relief;

        WHEREAS, on October 11, 2019, the Court entered an order for Defendants to show cause as to "why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure and Section 20(b) of the Securities Act preliminarily enjoining Defendants . . . from any ongoing and future violations of Sections 5(a) and 5(c) of the Securities Act, including but not limited to by delivering Grams to any person or entity or taking any other steps to effect any unregistered offer or sale of Grams" (ECF No. 6); and

        WHEREAS, Telegram has determined that it will not offer, sell or deliver any Grams for a period of at least five (5) months from the date of this Stipulation;

        NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, as follows:

(1) Plaintiff's request for a preliminary injunction is hereby withdrawn without prejudice;

(2) Absent further order of the Court or agreement of the parties, Defendants shall not offer, sell or deliver Grams to any person or entity for a period of five (5) months beginning on the date of this Stipulation, and shall provide thirty (30) calendar days' notice to the SEC before offering, selling, or delivering Grams to any person or entity following the five month period. For the avoidance of doubt, Defendants are in no way prohibited from continuing to take any steps to remain or become compliant with all relevant laws and regulations;

(3) Defendants shall provide the SEC with notice of any amendments to the purchase agreements relating to their contractual obligations to launch TON Blockchain;

(4) The parties shall not destroy, alter, or conceal any documents in their possession, custody, or control that are relevant to the allegations in the Complaint. The parties reserve all rights to challenge the scope of any discovery requested;

(5) The parties shall meet and confer and submit to the Court by no later than October 31, 2019, a proposed case management order, which shall include an expedited discovery schedule; and

(6) Defendants reserve all rights to seek relief from this Stipulation, in whole or in part, upon prior notice to the SEC. The parties expressly preserve all rights and defenses, including any defenses based on personal jurisdiction, none of which shall be deemed waived by entering into this Stipulation.

Dated: October [__], 2019
      New York, New York

| | |
|---|---|
| Jorge G. Tenreiro<br>Kevin McGrath<br>Securities and Exchange Commission<br>New York Regional Office<br>Brookfield Place<br>200 Vesey Street, Suite 400<br>New York, New York 10281<br>Phone: (212) 336-9145<br><br>*Attorneys for Plaintiff* | George A. Zimmerman<br>Scott D. Musoff<br>Christopher P. Malloy<br>Alexander C. Drylewski<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>Four Times Square<br>New York, New York 10036<br>Phone: (212) 735-3000<br><br>*Attorneys for Defendants* |

SO ORDERED:

_____
U.S.D.J.

New York, New York
_____, 2019