The Companies Law (as amended)

The Foundation Companies Law, 2017

MEMORANDUM OF ASSOCIATION

OF

# TON FOUNDATION[1]

a foundation company limited by guarantee



190 Elgin Avenue, George Town
Grand Cayman KY1-9001, Cayman Islands
T  +1 345 949 0100   F  +1 345 949 7886   www.walkersglobal.com

---

[1]  **NTD**: Legal name to be confirmed.

THE COMPANIES LAW (AS AMENDED)

THE FOUNDATION COMPANIES LAW, 2017

MEMORANDUM OF ASSOCIATION

OF

# TON FOUNDATION

1. The name of the foundation company is TON Foundation (the "**Foundation Company**").

2. The registered office of the Foundation Company will be situated at the offices of [●][2] being the offices of its secretary for the time being.

3. The Foundation Company is a company within the meaning of the Companies Law and a foundation company within the meaning of the Foundation Companies Law, 2017.

4. The objects for which the Foundation Company is established are:

    a. to promote and support the TON Blockchain and its decentralized platform, including management of the TON Reserve and the Incentives Pool; and

    b. to do all such things as in the opinion of the directors are or may be incidental or conducive to the above object.

    For purposes of this clause 4, (i) "**Grams**" means the native currency used on the TON Blockchain, (ii) "**Incentives Pool**" means the supply of Grams reserved for incentive payments to be made by the Foundation Company, (iii) "**TON Blockchain**" means the decentralized blockchain platform on which Grams serve as the native currency and (iv) "**TON Reserve**" means the supply of Grams reserved for sale by the Foundation Company and intended to act as a price dampener for Grams and limit the market impact of speculative trading.

5. The Foundation Company shall have and be capable of exercising all the functions of a natural person of full capacity irrespective of any question of corporate benefit, as provided by Section 27(2) of the Companies Law (2018 Revision).

---

[2] **NTD:** Note that secretarial services are required to be carried out by a licensed Cayman service provider. Walkers has offered to provide recommendations for registered office and secretary service providers in Cayman.

6   The Foundation Company may not carry on a business for which a licence is required under the Laws of the Cayman Islands unless duly licensed.

7   No portion of the income or property of the Foundation Company from whatever place or source shall be paid or transferred directly or indirectly by way of dividend, bonus or otherwise by way of distribution of profit to the members of the Foundation Company, as such, apart from authorised remuneration for services to the Foundation Company.

8   The liability of the members is limited.

9   The Foundation Company may cease to have members.[3]

10  Each person who is a member undertakes to contribute to the assets of the Foundation Company in the event of the Foundation Company being wound up during the time that the person is a member, or within one year afterwards, for payment of the debts and liabilities of the Foundation Company contracted before the time at which the person ceases to be a member, and the cost, charges and expenses of the winding-up of the Foundation Company, and for the adjustments of the rights of the contributories amongst themselves, such amounts as may be required, not exceeding the sum of one United States dollar (US$1.00).

11  If on the winding-up or dissolution of the Foundation Company there remain surplus assets after the satisfaction of its debts and liabilities, the same shall be applied or distributed under the articles of association of the Foundation Company and, subject thereto, shall be paid or transferred to such charitable objects as shall be decided by ordinary resolution of the Foundation Company.

12  This memorandum and the articles of association may be altered by special resolution, except that neither clause 7 nor clause 11 of this memorandum may be altered, and no other alteration may be made which is in any way inconsistent with clause 7 or clause 11.

---

[3]   **NTD:** Walkers will be the initial subscriber for incorporation purposes only, and by default will also be the first Member under Article 3.1. Once the Foundation Company is incorporated, Walkers will resign as a Member under Article 3.4. A Member is only required at the incorporation stage, and these Articles were drafted to contemplate the operation of the Foundation Company without any Members following Walkers's resignation as a Member.

Dated this [●] day of October 2019.

NAME, ADDRESS AND DESCRIPTION
OF SUBSCRIBER

[●][4]
[●]

                                        [●] as Authorised Signatory of WNL Limited

                                        Dated:  October [●], 2019

_____
Signature of Witness
Name:
Address:
Occupation:

---

[4] **NTD:** See Note 3 above.

3

**THE COMPANIES LAW (AS AMENDED)**

**THE FOUNDATION COMPANIES LAW, 2017**

**ARTICLES OF ASSOCIATION**

**OF**

# TON FOUNDATION

**a foundation company limited by guarantee**



190 Elgin Avenue, George Town
Grand Cayman KY1-9001, Cayman Islands
T  +1 345 949 0100   F  +1 345 949 7886   www.walkersglobal.com

**TABLE OF CONTENTS**

1. INTERPRETATION ..................................................................................................... 1
2. PRELIMINARY .......................................................................................................... 2
3. MEMBERS .................................................................................................................. 3
4. DIRECTORS ............................................................................................................... 3
5. POWERS OF DIRECTORS ........................................................................................ 4
6. SUPERVISORS ........................................................................................................... 5
7. SECRETARY .............................................................................................................. 6
8. GENERAL MEETINGS .............................................................................................. 7
9. PROXIES ..................................................................................................................... 7
10. DIRECTORS MEETINGS .......................................................................................... 8
11. REGISTERS ................................................................................................................ 8
12. ACCOUNTS ................................................................................................................ 9
13. AUDITORS ................................................................................................................. 9
14. WINDING-UP ............................................................................................................. 9
15. INDEMNITY ............................................................................................................. 10
16. ALTERATION OF ARTICLES ................................................................................ 10

THE COMPANIES LAW (AS AMENDED)

THE FOUNDATION COMPANIES LAW, 2017

ARTICLES OF ASSOCIATION

OF

TON FOUNDATION

_____

**1.    INTERPRETATION**

1.1    In these Articles, unless the context requires otherwise:

"**Accumulated Funds**" means the fiat net proceeds of any Grams sold by the TON Reserve pursuant to Article 5, together with any interest or other earnings thereon;

"**Articles**" means these articles of association of the Foundation Company, as they may be amended from time to time;

"**Companies Law**" means the Companies Law (as amended) of the Cayman Islands;

"**Directors**" means the directors of the Foundation Company from time to time;

"**Foundation Law**" means the Foundation Companies Law, 2017 (as amended), the Companies Law applicable to foundation companies, and every statutory modification or re-enactment of it;

"**Gram Wallet**" means a light client that can run on mobile devices, and through which holders of Grams can store, send and receive Grams;

"**Grams**" means the native currency used on the TON Blockchain;

"**Incentives Pool**" means the supply of Grams reserved for incentive payments to be made by the Foundation Company (initially, 500,000,000.00000 Grams);

"**Laws**" means the Foundation Law, the Companies Law applicable to foundation companies, and every statutory modification or re-enactment of them;

"**Member**" means each person who subscribes to the memorandum of association or is admitted as a member pursuant to Article 3, and whose membership has not been terminated;

"**Ordinary Resolution**" means a resolution passed at a general meeting of the Foundation Company by a simple majority of votes cast in accordance with Article 8.2 or by a written resolution in writing under Article 8.7;

"**Reference Price**" means such price determined by calculating $p_n = 0.1 \times (1+10^{-9})^n$ USD, where "n" represents the number of Grams in circulation at the time of calculation (assuming that all Grams in the Incentives Pool are in circulation);

"**Secretary**" means any person appointed by the Directors to perform any of the duties of the secretary of the Foundation Company under Article 7;

"**Special Resolution**" means a resolution passed at a general meeting of the Foundation Company by not less than a two-thirds majority of votes cast in accordance with Article 8.2 or by a resolution in writing under Article 8.7;

"**Supervisor**"[5] means any of such persons appointed by the Directors to perform any of the duties of a supervisor of the Foundation Company under Article 6;

"**Telegram Messenger**" means the Telegram encrypted messaging application, launched in August 2013, that allows users to, among other items, broadcast messages and make voice calls;

"**TON Blockchain**" means the decentralized blockchain platform on which Grams serve as the native currency;

"**TON Reserve**" means the supply of Grams reserved for sale by the Foundation Company and intended to act as a price dampener for Grams and limit the market impact of speculative trading (initially, 1,409,628.10383 Grams);

"**written**" and "**in writing**" include all modes of representing or reproducing words in visible form.

1.2   Except as provided above, words and expressions defined or used in the Laws have the same meaning in these Articles.

**2.   PRELIMINARY**

2.1   The business of the Foundation Company may be commenced immediately upon registration pursuant to the Laws.

2.2   The Foundation Company may ratify any contract or other transaction entered into in its name or on its behalf prior to registration.

---

[5]  **NTD:** The Foundation Company is required to have at least one Supervisor (and only Supervisors are entitled to vote at General Meetings), but Directors can be appointed as Supervisors, thereby assuring that the Directors maintain control of matters voted on at General Meetings.

2.3 The preliminary expenses of incorporating the Foundation Company shall be paid by the Foundation Company, including any expenses concerning any contract or transaction ratified under Article 2.2.

## 3. MEMBERS[6]

3.1 The subscribers to the memorandum of association are the first Members of the Foundation Company.

3.2 Subject to these Articles, the Directors may, if so authorised by a Special Resolution of the Foundation Company, admit as a Member any person who has applied for membership in writing, and the terms of admission may restrict, enlarge or exclude any or all of the voting and other rights or powers of Members under these Articles, or provide for termination of membership at a specified time or in specified circumstances.

3.3 The Directors, by notice to the Foundation Company, or the Foundation Company by Special Resolution, may restrict or prohibit the subsequent admission of Members. If the restriction or prohibition is expressed to be irrevocable, it may not be altered or revoked, directly or through an alteration of these Articles.

3.4 A person's membership of the Foundation Company terminates:

   (a) if the person dies or, being a corporation or other entity, enters into winding up or is dissolved;

   (b) if the person resigns as a Member by notice to the Foundation Company. The resignation shall be effective immediately unless the notice states otherwise; or

   (c) as provided in the person's terms of admission as a Member.

3.5 It is not a condition of this Article 3 that the Foundation Company continues to have one or more Members.

3.6 The rights and powers of Members are not assignable and, except as permitted by these Articles or required by law, the rights or powers of a Member may not be exercised by any other person on behalf of the Member.

3.7 The rights and powers of Members are free of any duty.

## 4. DIRECTORS

4.1 The Foundation Company shall at all times have at least two Directors.

---

[6] **NTD:** Walkers will be the initial subscriber for incorporation purposes, and by default will also be the first Member under Article 3.1. Once the Foundation Company is incorporated, Walkers will resign as a member under Article 3.4(b) and the Foundation Company will cease to have Members. Note that Members are not a Cayman law requirement, and Article 3.5 allows the Foundation Company to not have Members.

4.2   The first Director(s) may be appointed by the subscribers to the memorandum.

4.3   A person ceases to be a Director if removed in accordance with Article 5.2 or:

   (a)   if the person dies or becomes bankrupt or, being a corporation or other entity, enters into winding up or is dissolved; or

   (b)   if the person resigns as a Director by notice to the Foundation Company. The resignation shall be effective immediately unless the notice states otherwise.

4.4   The Directors shall observe these Articles, and shall at all times act in the interests of the Foundation Company and its objects.

4.5   The Directors shall give to the general meeting (or the persons who have the right to attend the general meeting), or to the Supervisors at the request of the Supervisors, such reports, accounts, information and explanations concerning the business and affairs of the Foundation Company, and the discharge of the Directors' duties and the exercise of their powers, as may be required by written notice from the Supervisor or an Ordinary Resolution of the Foundation Company.

4.6   The duties of the Directors are owed to the Foundation Company only.

4.7   Directors' remuneration shall be at such rates and on such terms as may be determined by the Directors or by an Ordinary Resolution of the Foundation Company.

## 5.   POWERS OF DIRECTORS

5.1   The Directors shall have the following powers, each of which is described in more detail elsewhere in these Articles:

   (a)   the power to authorise the admission of Members, or to restrict or prohibit the admission of Members (see Article 3);

   (b)   the power to appoint or remove Supervisors, and settle their powers and duties (see Article 6);

   (c)   the exclusive right to bring matters to a vote at general meetings of the Foundation Company (see Article 8); and

   (d)   the power to cause the Foundation Company to be wound up (see Article 14).

5.2   The Directors shall the have power, exercisable by notice to the Foundation Company, at any time and from time to time, to appoint or remove Directors, either as a casual vacancy or as an additional Director.

5.3   Subject to the Laws, these Articles and to any resolutions passed in a general meeting, the business and affairs of the Foundation Company shall be managed by or under the control

of the Directors, who may exercise all powers of the Foundation Company, including, but not limited to, the following:

(a) the power to sell Grams held in the TON Reserve, in accordance and compliance with applicable law and provided that any such sale is at a price that equals or exceeds the then-applicable Reference Price;

(b) the power to distribute Grams held in the Incentives Pool to (i) users of Telegram Messenger as an incentive to download and use the Gram Wallet and (ii) third-party developers or contributors in accordance with the Foundation Company's objects;

(c) the power to distribute Accumulated Funds (i) for the payment of the Foundation Company's operating costs and expenses and (ii) as a reward for the promotion and support of technological innovations for the good of humanity, including, but not limited to, blockchain projects, artificial intelligence or other endeavours taken for the advancement of society, in each case as determined by the Directors in their sole and absolute discretion; and

(d) the power to issue and/or publish non-binding opinions and research results regarding the TON Blockchain's development and policy.

No resolution passed by the Foundation Company in a general meeting shall invalidate any prior act of the Directors that would have been valid if that resolution had not been passed.

**6.    SUPERVISORS**

6.1    The Directors have the power, exercisable by Directors' resolution, to appoint or remove Supervisors to supervise the management of the Foundation Company.

6.2    The Directors' resolution appointing a Supervisor may:

(a) restrict, enlarge or exclude any or all of the voting and other rights or powers of Supervisors under these Articles;

(b) impose any supervisory or other duty or disability, grant a related exculpation, and waive conflicting interests or duties;

(c) give the Supervisor rights to remuneration or indemnity by the Foundation Company; and

(d) provide for the termination of the Supervisor's appointment at a specified time or in specified circumstances.

6.3    A person ceases to be a Supervisor:

    (a)    if the person dies or becomes bankrupt or, being a corporation or other entity, enters into winding up or is dissolved;

    (b)    if the person resigns as a Supervisor by notice to the Foundation Company. The resignation shall be effective immediately unless the notice states otherwise;

    (c)    as provided in the person's terms of appointment as a Supervisor; or

    (d)    if removed by the Directors.

6.4    A Supervisor:

    (a)    may require access during normal working hours to the files, books, accounts and records of the Foundation Company;

    (b)    may by notice to the Foundation Company call for such reports, accounts, information and explanations from the Directors as to the administration of the Foundation Company as are described in the notice (see Articles 4 and 12);

    (c)    has the right to receive notice of, and attend and vote at, general meetings; and

    (d)    shall observe these Articles.

6.5    The powers granted to a Supervisor under these Articles may only be exercised in the interests of the Foundation Company and its objects.

6.6    Any duties of a Supervisor are owed to the Foundation Company only.

## 7. SECRETARY

7.1    The first Secretary is [●][7]

7.2    The Directors may appoint and remove the Secretary or an assistant Secretary, provided that there shall at all times be a qualified person as defined in the Foundation Law appointed as the Secretary, and no Secretary shall cease to hold office until a qualified person has been appointed in the Secretary's place and the Registrar has been notified.

7.3    The remuneration of the Secretary shall be at such rate and on such terms as agreed in writing by the Directors.

7.4    The Secretary shall at all times comply with the requirements of regulatory laws as defined in section 2 of the Companies Law and shall be entitled to receive from the

---

[7] **NTD:** To be confirmed. Note that secretarial services are required to be carried out by a licensed Cayman service provider. Walkers has offered to provide recommendations for registered office and secretary service providers in Cayman.

Foundation Company and any interested person such information as the Secretary may reasonably require for such compliance.

7.5    Section 16 of the Foundation Law shall be observed.

**8.    GENERAL MEETINGS**

8.1    The Secretary shall convene a general meeting at the time and place appointed by the Secretary after consultation with the Directors when required to do so by written requisition of:

(a)    the Supervisors; or

(b)    the Directors.

8.2    The Supervisors and any Interested Person shall have the right to receive notice of, and to attend and have one vote each at, general meetings.

8.3    General meetings shall be convened by not less than 21 days' notice (exclusive of the day notice was served) to everyone entitled to attend, unless all persons entitled to attend agree to short notice (or no notice). The notice shall state the place, day and hour of the meeting and the general nature of the business to be transacted.

8.4    The accidental omission to give notice of a general meeting to any person so entitled or the non-receipt of a notice of a meeting shall not invalidate the proceedings at that meeting.

8.5    No business shall be transacted at a general meeting unless a quorum is present in person or by proxy when the meeting proceeds to business. The quorum is a majority of the persons entitled to attend. The Directors shall have the exclusive right to bring matters to a vote at a general meeting.

8.6    At any general meeting of the Foundation Company, unless the Foundation Law or these Articles otherwise provide, every motion proposed shall be decided by Ordinary Resolution of those present in person or by proxy and entitled to vote.

8.7    A resolution in writing signed by all persons for the time being entitled to vote at general meetings shall be as valid and effective as if the same had been passed at a general meeting of the Foundation Company duly convened and held.

8.8    A general meeting may be held, and any person may participate in a meeting, by means of a telephone conference or similar communications equipment by means of which all persons participating in the meeting are capable of hearing each other, and such participation shall be deemed to constitute presence in person at the meeting.

**9.    PROXIES**

9.1 Any person entitled to attend and vote at a general meeting of the Foundation Company may by written instrument under hand, or if the appointor is a corporation or other entity, either under the corporation's or other entity's seal or under the hand of an officer or attorney duly authorised, appoint a proxy to represent at the general meeting of the Foundation Company.

9.2 The instrument appointing a proxy may be in any usual or common form or as otherwise acceptable to the chairman of the meeting for which the instrument is first presented.

## 10. DIRECTORS MEETINGS

10.1 Except as otherwise provided by these Articles, the Directors shall meet together for the despatch of business, convening, adjourning and otherwise regulating their meetings as they think fit. Questions arising at any meeting shall be decided by a majority of votes of the Directors present. Each Director shall have one vote. In case of an equality of votes, the chairperson of the meeting shall have a second or casting vote.

10.2 The Secretary shall, on the written requisition of a Director at any time, summon a meeting of the Directors by at least five days' notice (exclusive of the day on which the notice is served) in writing to every Director specifying the place, the day and the hour of the meeting and the general nature of the business to be transacted unless notice is waived by all the Directors either at, before or after the meeting is held.

10.3 The quorum necessary for the transaction of the business of the Directors may be fixed by Ordinary Resolution of the Foundation Company and unless so fixed, if there be two or more Directors the quorum shall be two, and if there be one Director the quorum shall be one.

10.4 Minutes of all meetings of the Directors shall be signed by the chairperson of the meeting or the next succeeding meeting and a copy of the minutes shall be circulated to all Directors and the Secretary within fourteen days after the meeting and in any event before the next scheduled meeting.

10.5 A resolution in writing signed by all the Directors for the time being shall be as valid and effectual as if it had been passed at a meeting of the Directors duly convened.

10.6 A meeting of the Directors may be held, and any Director may participate in a meeting, by means of a telephone conference or similar communications equipment by means of which all persons participating in the meeting are capable of hearing each other, and such participation shall be deemed to constitute presence in person at the meeting.

## 11. REGISTERS

11.1 In addition to the registers required to be maintained under the Laws, the Foundation Company shall maintain a register of interested persons at its registered office which shall, *inter alia*, record:

8

    (a)    the date upon which a person first became an Interested Person, and upon which he ceased to be an interested person;

    (b)    the name of the currently designated representative of such interested person in the case of a corporate Member; and

    (c)    the address of the interested person in the Cayman Islands for service of notices.

## 12. ACCOUNTS

12.1    The Directors shall cause proper books of account to be kept for:

    (a)    all funds received, expended or distributed by the Foundation Company and the matters in respect of which the receipt or expenditure takes place; and

    (b)    the assets and liabilities of the Foundation Company,

and proper books of account shall not be deemed to be kept if there are not kept such books as are necessary to give a true and fair view of the state of the Foundation Company's affairs and to explain its transactions. Such books shall be kept at the registered office or such other place as may be determined by Special Resolution of the Foundation Company.

12.2    The books of account shall be open at any time in ordinary business hours to inspection by a Supervisor and any other person to whom a right of access has been granted pursuant to these Articles.

12.3    By notice to the Foundation Company, a Supervisor may call for such reports, accounts, information and explanations from the Directors as to the administration of the Foundation Company as are described in the notice.

## 13. AUDITORS

13.1    The Foundation Company may by Ordinary Resolution at any time appoint or replace an auditor or auditors of the Foundation Company. The remuneration of an auditor shall be fixed by Ordinary Resolution.

13.2    Every auditor shall have a right of access at all times in ordinary business hours to the books of account of the Foundation Company and shall be entitled to require from the Directors and officers of the Foundation Company such information and explanation, and access to vouchers and other documents, as the auditor considers necessary for the performance of the auditor's duties.

## 14. WINDING-UP

14.1    The Foundation Company shall be wound-up by Directors' resolution declaring that it is to be wound up. The person designated in the Directors' resolution shall be the liquidator,

or if no liquidator is so appointed, then the Directors or such person as they shall appoint shall be the liquidator.

14.2  Members and Supervisors as such have no power or authority to wind up the Foundation Company or petition the Court to wind up the Foundation Company, except in the case of insolvency or for the purposes of a *bona fide* reorganisation intended to enable the Foundation Company to carry out its objects more efficiently.

**15.   INDEMNITY**

15.1  The Directors, Supervisors, Secretary and other officers of the Foundation Company shall not be liable for and shall be indemnified out of the assets of the Foundation Company from and against all actions, proceedings, costs, charges, losses, damages and expenses which they or any of them would otherwise be liable for or shall or may incur or sustain by reason of any act done or omitted in or about the execution of their duties in their respective offices, except such as they shall incur or sustain by or through their own wilful neglect or default.

**16.   ALTERATION OF ARTICLES**

16.1  Subject to provisions of the constitution restricting alterations, these Articles may be altered by the Directors by notice to the Foundation Company or by Special Resolution of the Foundation Company.