UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,           :
                                              :
                              Plaintiff,      :    19 Civ. 9439 (PKC)
                                              :
            - against -                       :    ECF Case
                                              :
TELEGRAM GROUP INC., and TON ISSUER INC.,     :
                                              :
                              Defendants,     :
                                              :
-------------------------------------------------------------------x

## DECLARATION OF KEVIN P. MCGRATH

I, Kevin P. McGrath, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am a member of the Bar of the State of New York.

2.  I am employed as a Senior Trial Counsel in the New York Regional Office of Plaintiff Securities and Exchange Commission (the "SEC"). I submit this declaration in support of the SEC's Motion for an Order to File Under Seal, and in Redacted Form on ECF, certain documents attached to the Declaration of SEC staff attorney Daphna Waxman (the "Sealing Motion").

3.  I am familiar with the facts and circumstances herein. I make this Declaration based upon (i) my personal knowledge, (ii) information and documents obtained by the SEC during its investigation of this matter, (iii) information provided to me by members of the staff of the SEC, and (iv) certain other documents that are described herein. Because the SEC submits this Declaration for the limited purpose of supporting the Sealing Motion, I have not set forth each and every fact that I know about this matter.

1

4.      On October 11, 2019, the SEC submitted to the Court certain documents in support of its Emergency Application for an Order to Show Cause, Temporary Restraining Order and Order Granting Expedited Discovery and Other Relief (the "Application"), including the Declaration of Daphna Waxman.

5.      Attached to the Waxman Declaration were Exhibits A through Z and AA through HH (the "Waxman Exhibits"). The Waxman Declaration stated that certain exhibits had been partially redacted for privacy and/or proprietary information reasons. The SEC provided the Court in Chambers with a binder containing unredacted copies of the Waxman Exhibits. The Court granted the Application and entered the requested temporary restraining order ("TRO") later on October 11, 2019.

6.      I submit this Declaration in support of the SEC's Motion for an Order permitting it to file under seal and in redacted form on ECF: (1) Exhibits L, M, N, R, S, Y, GG and HH (redacting investor names and certain investor identifying information) (the "Investor Information Exhibits"); and (2) Exhibits O, P, Q and AA (redacting an investor's name from Exhibits O, P and Q and certain proprietary information from all four exhibits) (the "Confidential Information Exhibits"), collectively the "Proposed Redacted Exhibits."

7.      Attached hereto as Exhibit L is a true and correct copy of Exhibit L to the Waxman Declaration and a proposed redacted version of Exhibit L for filing on ECF.[1]

8.      Attached hereto as Exhibit M is a true and correct copy of Exhibit M to the Waxman Declaration and a proposed redacted version of Exhibit M for filing on ECF.

---

[1] To avoid confusion, this Declaration will use the same Exhibit designation for a document as used in the Waxman Declaration.

2

9. Attached hereto as Exhibit N is a true and correct copy of Exhibit N to the Waxman Declaration and a proposed redacted version of Exhibit N for filing on ECF.

10. Attached hereto as Exhibit O is a true and correct copy of Exhibit O to the Waxman Declaration and a proposed redacted version of Exhibit O for filing on ECF.

11. Attached hereto as Exhibit P is a true and correct copy of Exhibit P to the Waxman Declaration and a proposed redacted version of Exhibit P for filing on ECF.

12. Attached hereto as Exhibit Q is a true and correct copy of Exhibit Q to the Waxman Declaration and a proposed redacted version of Exhibit Q for filing on ECF.

13. Attached hereto as Exhibit R is a true and correct copy of Exhibit R to the Waxman Declaration and a proposed redacted version of Exhibit R for filing on ECF.

14. Attached hereto as Exhibit S is a true and correct copy of Exhibit S to the Waxman Declaration and a proposed redacted version of Exhibit S for filing on ECF.

15. Attached hereto as Exhibit Y is a true and correct copy of Exhibit Y to the Waxman Declaration and a proposed redacted version of Exhibit Y for filing on ECF.

16. Attached hereto as Exhibit AA is a true and correct copy of Exhibit AA to the Waxman Declaration and a proposed redacted version of Exhibit AA for filing on ECF.

17. Attached hereto as Exhibit GG is a true and correct copy of Exhibit GG to the Waxman Declaration and a proposed redacted version of Exhibit GG for filing on ECF.

18. Attached hereto as Exhibit HH is a true and correct copy of Exhibit HH to the Waxman Declaration and a proposed redacted version of Exhibit HH for filing on ECF.

19. Exhibits O, P and Q were created by Entity A, a large American venture capital firm in the business of investing client capital pursuant to confidential and proprietary investment procedures and protocols. Entity A has advised the SEC that it considers its

decisions concerning how and why to invest capital to be its "secret sauce." Prior to the commencement of this lawsuit, Entity A provided documents concerning the Defendants to the SEC with confidentiality requests seeking to restrict the documents' use and access.

20. Counsel for Entity A has advised the SEC that, in Entity A's view, its proposed redacted portions of Exhibits O, P and Q contain "significant confidential and proprietary information;" that public disclosure of this information would deprive Entity A of an important business advantage in terms of how it analyzes and selects its investments; and that such public disclosure would materially harm Entity A's business operations and by extension the interests of its clients, including non-profit institutions.

21. Entity A has asked the SEC to seek redaction of certain information concerning Entity A's identity, and what it considers its unique evaluation of the Gram offering and its proprietary due diligence analysis on the ground that disclosure of such information could potentially harm its interests.

22. Coinbase is a cryptocurrency trading platform that describes itself as a place "to buy, sell, and manage your cryptocurrency portfolio." Coinbase has requested that the SEC seek to redact those portions of the document that were not specifically cited by the SEC in its moving papers on the ground that disclosure of what it considers its unique proprietary analysis could cause it undue commercial harm.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 23, 2019
New York, New York

_____
Kevin P. McGrath