

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE
200 VESEY STREET, ROOM 400
NEW YORK, NY 10281-1022

Jorge G. Tenreiro
WRITER'S DIRECT DIAL
TELEPHONE: (212) 336-9145
TenreiroJ@sec.gov

November 25, 2019

*The SEC's proposed motion to strike is preserved, until 14 days after the close of fact discovery, unless otherwise extended by Order of this Court. SO ORDERED*

/s/ [signature]
USDJ
11-26-19

<u>Via ECF</u>

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>SEC v. Telegram Group Inc. & TON Foundation Inc., No. 19 Civ. 9439 (PKC)</u>

Dear Judge Castel:

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this letter to request that it be permitted to file a motion to strike Defendants Telegram Group Inc. and TON Issuer Inc.'s ("Defendants") "void for vagueness/lack of notice" affirmative defense at the same time that the SEC files any motion for summary judgment it may file under Paragraph V(A) of this Court's Scheduling Order (D.E. 23) ("Order"), and beyond the time limits set forth by Fed. R. Civ. P. 12(f)(2) and 6(1)(C) for the filing of motions to strike. In the alternative, the SEC respectfully requests, pursuant to Rule 3(A) of this Court's Individual Practices, a pre-motion conference regarding the SEC's motion to strike. Other than the hearing set for February 18-19, 2020, there are no currently scheduled conferences before the Court.

The SEC filed the Complaint in this action on October 11, 2019 (D.E. 1). Defendants filed an Answer to the Complaint on November 12, 2019 (D.E. 37), where they asserted, among other defenses, the argument that "[a]s applied to Telegram's Private Placement [of Grams] and any future offers, sales or distributions of Grams, the definition of 'investment contract' is unconstitutionally vague . . ." Answer at 33 (¶ 46). This defense is meritless. The Supreme Court's seminal decision interpreting the term "investment contract," *SEC v. W.J. Howey & Co.*, 328 U.S. 293 (1946), has provided workable, clear guidance as to the meaning of the term for over seventy years. Accordingly, the Second Circuit long ago held that the term "investment contract" is not void for vagueness, "[i]n light of the many Supreme Court decisions defining and applying the term." *SEC v. Brigadoon Scotch Distrib. Co.*, 480 F.2d 1047, 1052 n.6 (2d Cir. 1973); *see also United States v. Zaslavskiy*, No. 17 Cr. 647 (RJD), 2018 WL 4346339, at *9 (E.D.N.Y. Sept. 11, 2018) (rejecting as applied "void for vagueness" challenge to application of "investment contract" to digital assets); *United States v. Bowdoin*, 770 F. Supp. 2d 142, 148 (D.D.C. 2011) ("The lineage of the term [investment contract] is too long and well-recognized for Mr. Bowdoin's 2011 claim of unconstitutional vagueness to stand."); *United States v. Farris*,

Hon. P. Kevin Castel  November 25, 2019
Page 2

614 F.2d 634, 642 (9th Cir. 1979) ("It is too late in the day more than 32 years after the Supreme Court's decision in [*Howey*] to say that the term 'security' is impermissibly vague.").

Fed. R. Civ. P. 12(f)(2) permits the Court to "strike from a pleading an insufficient defense," upon "motion made by a party . . . within 21 days after being served with the pleading." When a "defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim." *SEC v. KPMG, LLP*, 2003 WL 21976733, No. 03 Civ. 671 (DLC) at *2 (S.D.N.Y. Aug. 20, 2003); *see, e.g., SEC v. Am. Growth Funding II, LLC*, No. 16 Civ. 828 (KMW), 2017 WL 728701, at *1 (S.D.N.Y. Feb. 22, 2017) (adopting report and recommendation recommending that affirmative defense of unclean hands against the SEC be stricken, noting the "public interest . . . counsels in favor of allowing the SEC to investigate claims free from 'irrelevant, prolonged, and intrusive discovery.'").

In this case, however, given that the Court will consider the merits of the SEC's request for a preliminary injunction together with any additional motions the parties may file pursuant to the Order, judicial efficiency counsels in favor of permitting the SEC to file the proposed motion together with any other motions to be filed as permitted by the Order. In the alternative, should the Court wish the parties to brief and litigate the SEC's motion to strike in advance, the SEC respectfully requests a pre-motion conference at the Court's convenience.

We have met and conferred with counsel for Defendants regarding this request. During our meet and confer, counsel for Defendants indicated that they agreed that it would be preferable for the SEC to litigate its proposed motion to strike together with the SEC's upcoming motion for summary judgment. Defendants further proposed that the SEC not file a separate motion, but, instead, file the proposed motion to strike together with its summary judgment brief. I indicated to counsel for Defendants that this proposal was acceptable to the SEC, conditioned on Defendants not opposing that the SEC's brief in connection with these motions be permitted to be as long as 35 pages, subject to approval by the Court, notwithstanding this Court's Individual Practices to the contrary. Counsel for Defendants indicated that they would consider this proposal, but we have not yet come to agreement. Under an abundance of caution and, given the time limits imposed by Rules 6(1)(C) and 12(f)(2) of the Federal Rules of Civil Procedure, the SEC is submitting this letter to preserve its right to move to strike the insufficient "void for vagueness" defense.

Respectfully submitted

Jorge G. Tenreiro