UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE COMMISSION, :
                                    :   19 Civ. 9439 (PKC)
                        Plaintiff,  :
                                    :   **ECF Case**
            -against-               :
                                    :
TELEGRAM GROUP INC. and TON ISSUER  :
INC,                                :
                                    :
                        Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S NOTICE OF
DEPOSITION TO TELEGRAM GROUP INC. AND TON ISSUER INC**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and the Local

Civil Rules for the Southern District of New York ("Local Rules"), Defendants Telegram Group

Inc. and TON Issuer Inc (collectively, "Telegram" or "Defendants"), by and through their

undersigned counsel, hereby respond and object to the Notice of Deposition to Telegram Group

Inc. and Ton Issuer Inc, dated December 2, 2019 (the "Notice"), issued by Plaintiff Securities

and Exchange Commission ("Plaintiff" or the "SEC") in the above-captioned case ("Action").

**GENERAL OBJECTIONS**

The following General Objections are hereby incorporated into each of the

objections to specific topics as if they were set forth in full in the specific objection.  The

objections to specific topics are intended to amplify the General Objections and neither limit the

applicability of any of the General Objections nor waive any objections that may, in addition to

those set forth, be applicable to the specific topics.

1.      Defendants object to the Notice to the extent that the Notice, or the

Definitions related thereto, purport to impose any obligation on Defendants in excess of the

requirements set forth in the Federal Rules of Civil Procedure, the Local Rules or any other statute, rule or order applicable to the Action.

2.      Defendants object to the Notice to the extent that it seeks discovery of information protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable privilege, doctrine, rule, immunity or ground for non-production.  Nothing done in relation to the Notice is intended to or shall operate as a waiver by Defendants, intentionally or otherwise, of the attorney-client privilege, work-product doctrine or any other applicable privilege, doctrine, rule immunity or ground for non-production.

3.      Defendants object to the Notice to the extent it seeks information that is protected by foreign laws from searches, access, export or production, including, but not limited to, the requirements of the European Commission, national laws implementing the Directive on Privacy and Electronic Communications (2002/58/EC), the General Data Protection Regulation (2016/679), the United Kingdom's Data Protection Act 2018 or any other similar national privacy law, or that is otherwise protected from discovery or disclosure under any applicable order, rule, law or privileged (together, the "Protected Information").  To the extent that the Notice may be construed as seeking such Protected Information, Defendants claim and invoke all applicable protections available, including, but not limited to, those enumerated in this paragraph.  Any inadvertent production or disclosure of any Protected Information shall not be deemed a waiver of any right, privilege or immunity, or of any other ground for objecting to discovery with respect to such disclosure, or of Defendants' right to object at any time, including, but not limited to, during the course of the Action, to the use of such Protected Information.

2

4.       Defendants object to the Notice to the extent it seeks information that is beyond the jurisdictional reach of the SEC and is therefore irrelevant.

5.       Defendants object to the Notice to the extent it purports to require Defendants to disclose trade secrets, proprietary, confidential or sensitive business information or personal information concerning any employee or other individual.  Defendants will disclose such information only to the extent it is relevant to any claim or defense of a party to the Action and only pursuant to the Stipulation and Protective Order entered by the Court on November 12, 2019.

6.       Defendants object to the Notice to the extent in contains vague, ambiguous, undefined or argumentative terms, and to the extent that the Notice assumes disputed facts or legal conclusions in connection with the information requested.  Defendants hereby deny all such disputed facts and legal conclusions.

7.       Defendants object to the Notice to the extent that it purports to require Defendants to disclose information (i) already in Plaintiff's possession, custody or control; (ii) in the public domain; or (iii) available to Plaintiff from a more convenient, less burdensome or less costly source than Defendants, on the grounds that such topics are overbroad and unduly burdensome.

8.       Defendants object to the Notice to the extent that it purports to require Defendants to disclose information (i) not in Defendants' actual possession, custody or control; or (ii) created or held by any person or entity other than Defendants themselves, on grounds that such topics are overbroad and unduly burdensome.

9.     By responding and objecting to the Notice, Defendants in no way waive any rights or defenses in this Action, including, but not limited to, defenses based on personal jurisdiction, all of which are expressly preserved.

## SPECIFIC OBJECTIONS TO DEFINITIONS

Without waiving or departing from the General Objections above, and specifically incorporating those objections in the Specific Responses and Objections below, the Defendants make the following specific objections to the Notice's Definitions and Instructions:

1.     Defendants object to each of the Instructions to the extent they seek to impose requirements beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules.  Defendants will comply with the requirements of the Federal Rules of Civil Procedure and the Local Rules.

2.     Defendants object to the Definition of "Initial Offering" because it assumes disputed facts and legal conclusions regarding the "offer and sale of Grams."  Grams did not exist during the "Relevant Period" and as such were not offered or sold, but rather the "Purchase Agreements" offered or sold the right to receive Grams in the future if the TON Blockchain is successfully launched.

3.     Defendants object to the Definition of "Initial Purchasers" because it assumes disputed facts and legal conclusions regarding "persons and entities that purchased approximately 2.9 billion Grams."  Grams did not exist during the "Relevant Period" and as such were not purchased, but rather persons and entities purchased the right to receive approximately 2.9 billion Grams through Purchase Agreements if the TON Blockchain is successfully launched.

4.     Defendants object to the Definition of "Applications" because it is vague, ambiguous, overbroad and seeks to impose burdens not contemplated by the Federal Rules of

Civil Procedure or the Local Rules by including "applications, programs, or services that may be used or that are intended to be used" within its scope.

## SPECIFIC RESPONSES AND OBJECTIONS

TOPIC NO. 1:

The identities, positions, locations and responsibilities of all employees, contractors, agents, and affiliates of Telegram, including but not limited to non-Telegram individuals, companies, or entities, that assisted, advised, or performed services in connection with the Initial Offering and the creation and development of the TON blockchain and any Applications during the Relevant Period.

RESPONSE TO TOPIC NO. 1:

Defendants object to this Topic on the grounds that it is overly broad, unduly burdensome, irrelevant and is not proportional to the needs of the case because it seeks the positions, locations and responsibilities of all Telegram employees, as well as third parties, that performed any tasks in connection with the Initial Offering, the TON blockchain or Applications. Defendants further object to this Topic on the grounds that there is a more convenient, practical and less burdensome source for this information.  Defendants further object to this Topic on the grounds that it is duplicative of Plaintiff's prior discovery requests, including Interrogatories Nos. 8-10.[1]

Subject to and without waiving its General Objections and specific objections set forth herein, Defendants will make a good faith effort to produce a representative to testify generally concerning the identities, positions and responsibilities of key Telegram employees involved in the TON Blockchain and/or Grams.

---

[1] References to certain Interrogatories are to those interrogatories propounded in Plaintiff's First Set of Interrogatories to Defendants, dated November 1, 2019.

TOPIC NO. 2:

The identity of all forms of communications used by Telegram employees in connection with any aspect of the Initial Offering and the creation and development of the TON blockchain and any Applications during the Relevant Period.

RESPONSE TO TOPIC NO. 2:

Defendants object to this Topic on the grounds that it is ambiguous, including its request that Defendants designate a corporate representative concerning "[t]he identity of all forms of communication."  Defendants further object to this Topic on the grounds that it is overly broad, unduly burdensome and is not proportional to the needs of the case, as it purports to require Defendants to prepare a corporate representative on the "identity of all forms of communication" used by all Telegram employees during the nearly three-year Relevant Period.

Subject to and without waiving its General Objections and specific objections set forth herein, Defendants will make a good faith effort to produce a representative to testify generally concerning Defendants' policies or procedures, if any, regarding the forms of communication used by Telegram employees involved in the TON Blockchain and/or Grams regarding the Private Placement and/or the development of the TON Blockchain.

TOPIC NO. 3:

The identities and locations of all third parties, including digital asset platforms, that Telegram communicated with regarding the listing or custody of Grams and any determinations made by such entities regarding the listing or custody of Grams.

RESPONSE TO TOPIC NO. 3:

Defendants object to this Topic on the grounds that it is overly broad, unduly burdensome, is not proportional to the needs of the case and seeks information that is not within Telegram's possession, custody and control because it requires Defendants to prepare a corporate representative to testify about the "identities and locations of all third parties" that Telegram

communicated with, as well as the "determinations" made by those third parties.  Defendants

further object to this Topic on the grounds that there is a more convenient, practical and less

burdensome source for this information.  Defendants further object to this Topic on the grounds

that it is duplicative of Plaintiff's prior discovery requests.

Defendants do not agree to designate a corporate representative for this Topic at

this time, but are willing to meet and confer to discuss Defendants' objections.

TOPIC NO. 4:

How Telegram solicited potential and actual initial purchasers.

RESPONSE TO TOPIC NO. 4:

Defendants object to this Topic on the grounds that it is irrelevant and ambiguous,

including its use of the term "solicited."  Defendants further object to this Topic on the grounds

that it is duplicative of Plaintiff's prior discovery requests.

Subject to and without waiving its General Objections and specific objections set

forth herein, Defendants will make a good faith effort to produce a representative to testify

generally concerning Defendants' policies or procedures, if any, for soliciting potential and

actual purchasers in the Private Placement.

TOPIC NO. 5:

How Telegram determined the price of Grams for each stage of the Initial
Offering, the number of Grams sold in each stage, and the "Reference Price" of Grams at launch.

RESPONSE TO TOPIC NO. 5:

Defendants object to this Topic on the grounds that it is duplicative of Plaintiff's

prior discovery requests.  Defendants further object to this Topic on the grounds that there is a

more convenient, practical and less burdensome source for this information.  Defendants also

object to this Topic on the grounds that it is ambiguous, as it is unclear from the plain text of this Topic what information Plaintiff is seeking a Telegram corporate representative to testify about.

Subject to and without waiving its General Objections and specific objections set forth herein, Defendants will make a good faith effort to produce a representative to testify generally concerning Defendants' policies or procedures, if any, regarding the determination of the Reference Price for Grams.

TOPIC NO. 6:

The identities, locations and responsibilities of all persons who are responsible for the potential integration or actual integration of the TON Blockchain and Telegram Messenger.

RESPONSE TO TOPIC NO. 6:

Defendants object to this Topic on the grounds that it is duplicative of Plaintiff's prior discovery requests, including Interrogatory No. 9.  Defendants further object to this Topic on the grounds that there is a more convenient, practical and less burdensome source for this information.  Defendants also object to this Topic on the grounds that it ambiguous, overly broad, unduly burdensome and is not proportional to the needs of the case, including its request that Telegram designate a corporate representative to testify regarding "all persons . . . responsible" for a potential integration of the TON Blockchain and Telegram Messenger, which may never occur.

Defendants do not agree to designate a corporate representative for this Topic at this time, but are willing to meet and confer to discuss Defendants' objections.

TOPIC NO. 7:

All potential or actual integrations of the TON Blockchain and Telegram Messenger.

RESPONSE TO TOPIC NO. 7:

Defendants object to this Topic on the grounds that it is duplicative of Plaintiff's prior discovery requests.  Defendants further object to this Topic on the grounds that it ambiguous, overly broad, unduly burdensome and is not proportional to the needs of the case, including its request that Telegram designate a corporate representative to testify regarding "all potential or actual integrations of the TON Blockchain and Telegram Messenger."

Subject to and without waiving its General Objections and specific objections set forth herein, Defendants will make a good faith effort to produce a representative to testify generally concerning Defendants' policies or procedures, if any, regarding any potential or actual integration of TON Blockchain and Telegram Messenger.

TOPIC NO. 8:

The identities, locations and responsibilities of all persons who are or will be associated with the TON Foundation and all details regarding the TON Foundation's formation, governance, and responsibilities

RESPONSE TO TOPIC NO. 8:

Defendants object to this Topic on the grounds that it is vague, ambiguous, and duplicative of Plaintiff's prior discovery requests, including Interrogatory No. 10.  Defendants further object to this Topic on the grounds that there is a more convenient, practical and less burdensome source for this information.  Defendants also object to this Topic on the grounds that it is ambiguous, overly broad, unduly burdensome and is not proportional to the needs of the case, including its request that Telegram designate a corporate representative to testify regarding "all persons who . . . will be associated with the TON Foundation," which does not yet exist and may never exist.

Subject to and without waiving its General Objections and specific objections set forth herein, Defendants refer Plaintiff to their Response to Plaintiff's Interrogatories, including Interrogatory No. 10.

TOPIC NO. 9:

The makeup and purpose of the TON Reserve.

RESPONSE TO TOPIC NO. 9:

Defendants object to this Topic on the grounds that it is duplicative of Plaintiff's prior discovery requests. Defendants further object to this Topic on the grounds that it is vague and ambiguous, including its request that Telegram designate a corporate representative to testify concerning the "makeup" of the TON Reserve.

Subject to and without waiving its General Objections and specific objections set forth herein, Defendants refer Plaintiff to their numerous previous submissions on this issue, including but not limited to their Response to Plaintiff's Interrogatories, including Interrogatory No. 16.

TOPIC NO. 10:

The identities, positions, locations and roles of any persons, companies or entities that Defendants communicated with concerning sales or resales of Grams after the close of the Initial Offering.

RESPONSE TO TOPIC NO. 10:

Defendants object to this Topic on the grounds that it is irrelevant and duplicative of Plaintiff's prior discovery requests, including Interrogatory No. 12. Defendants further object to this Topic on the grounds that there is a more convenient, practical and less burdensome source for this information. Defendants also object to this Topic on the grounds that it is ambiguous, overly broad, unduly burdensome and is not proportional to the needs of the case,

10

including its request that Telegram designate a corporate representative to testify regarding the "positions, locations and roles" of third parties, which are not within Telegram's possession, custody or control.

Defendants do not agree to designate a corporate representative for this Topic at this time, but are willing to meet and confer to discuss Defendants' objections.

TOPIC NO. 11:

A description of the status of development of the TON Blockchain at various times, including on October 31, 2019, at present, and the anticipated stage at launch.

RESPONSE TO TOPIC NO. 11:

Defendants object to this Topic on the grounds that there is a more convenient, practical and less burdensome source for this information.  Defendants further object to this Topic on the grounds that it is ambiguous, overly broad, unduly burdensome and is not proportional to the needs of the case, including its request that Telegram designate a corporate representative to provide a general "description" of the status of development of the TON Blockchain at "various times," with no further detail.

Subject to and without waiving its General Objections and specific objections set forth herein, Defendants will make a good faith effort to produce a representative to testify generally concerning the status of development of the TON Blockchain as of October 31, 2019, at present, and as anticipated at the time of expected launch.

TOPIC NO. 12:

A description of the development of all Applications, whether developed by Telegram or by any other persons or entities.

11

RESPONSE TO TOPIC NO. 12:

Defendants object to this Topic on the grounds that it is duplicative of Plaintiff's prior discovery requests, including Interrogatory No. 5.  Defendants further object to this Topic on the grounds that there is a more convenient, practical and less burdensome source for this information.  Defendants also object to this Topic on the grounds that it is ambiguous, overly broad, unduly burdensome and is not proportional to the needs of the case, including its request that Telegram designate a corporate representative to testify about a general "description" of the development of all Applications, including those by third parties which is not within Defendants' possession, custody or control.

Subject to and without waiving its General Objections and specific objections set forth herein, Defendants refer Plaintiff to their Responses to Plaintiff's Interrogatories, including Interrogatory No. 5.

TOPIC NO. 13:

Telegram's plans to develop additional uses for Grams and/or Applications before and after Grams' launch.

RESPONSE TO TOPIC NO. 13:

Defendants object to this Topic on the grounds that it is duplicative of Plaintiff's prior discovery requests.

Subject to and without waiving its General Objections and specific objections set forth herein, Defendants will make a good faith effort to produce a representative to testify generally concerning Defendants' policies and procedures, if any, regarding Telegram's development of potential uses for Grams and/or decentralized applications.

TOPIC NO. 14:

All current actual uses of Grams and all contemplated uses for Grams at the time of their anticipated launch.

RESPONSE TO TOPIC NO. 14:

Defendants object to this Topic on the grounds that it is duplicative of Plaintiff's prior discovery requests, including Interrogatory No. 2.  Defendants further object to this Topic on the grounds that there is a more convenient, practical and less burdensome source for this information.  Defendants also object to this Topic on the grounds that it is ambiguous, overly broad, unduly burdensome and is not proportional to the needs of the case, including its request that Defendants prepare a corporate representative to testify about the "[a]ll current actual uses of Grams" when Grams have not yet been distributed.

Subject to and without waiving its General Objections and specific objections set forth herein, Defendants refer Plaintiff to their Responses to Plaintiff's Interrogatories, including Interrogatory No. 2.

TOPIC NO. 15:

How incentive payments using Grams will be programmed into the TON Blockchain, including the determination of the allocation of incentive payments, including plans for fixing or adjusting any such payments.

RESPONSE TO TOPIC NO. 15:

Defendants object to this Topic on the grounds that it is duplicative of Plaintiff's prior discovery requests, including Interrogatory No. 15.  Defendants further object to this Topic on the grounds that there is a more convenient, practical and less burdensome source for this information.

Subject to and without waiving its General Objections and specific objections set forth herein, Defendants refer Plaintiff to their numerous submissions on this Topic, including but not limited to their Responses to Plaintiff's Interrogatories, including Interrogatory No. 15.

TOPIC NO. 16:

How TON Foundation or any other entity or person will facilitate the price stability of Grams or the utility of Grams as a medium of exchange, including the contours of their "price stabilization" role, under what circumstances they will buy and/or sell Grams, and whether these purchases and/or sales will be automated and, if so, by what means.

RESPONSE TO TOPIC NO. 16:

Defendants object to this Topic on the grounds that it is duplicative of Plaintiff's prior discovery requests, including Interrogatory No. 16. Defendants further object to this Topic on the grounds that there is a more convenient, practical and less burdensome source for this information. Defendants further object to this Topic on the grounds that it is ambiguous, overly broad, unduly burdensome and is not proportional to the needs of the case, including its request that Defendants prepare a corporate representative to testify concerning (i) the TON Foundation, which does not and may never exist; and (ii) how "any other entity or person will facilitate the price stability of Grams or the utility of Grams as a medium of exchange," which is substantially overbroad and seeks information concerning third parties, which are not within Defendants possession, custody or control.

Subject to and without waiving its General Objections and specific objections set forth herein, Defendants refer Plaintiff to their numerous submissions on this Topic, including but not limited to their Responses to Plaintiff's Interrogatories, including Interrogatory No. 16.

TOPIC NO. 17:

The amounts of Grams that will be held by Pavel and Nikolai Durov and by any Telegram employees or other persons or entities controlled by or associated with Telegram upon the launch of Grams.

RESPONSE TO TOPIC NO. 17:

Defendants object to this Topic on the grounds that it is duplicative of Plaintiff's prior discovery requests, including Interrogatory No. 18.  Defendants further object to this Topic on the grounds that there is a more convenient, practical and less burdensome source for this information.  Defendants also object to this Topic on the grounds that it is ambiguous, overly broad, unduly burdensome and is not proportional to the needs of the case, including its request that Defendants prepare a corporate representative to testify concerning entities "associated" with Telegram.

Subject to and without waiving its General Objections and specific objections set forth herein, Defendants refer Plaintiff to their numerous submissions on this Topic, including but not limited to their Responses to Plaintiff's Interrogatories, including Interrogatory No. 18.

TOPIC NO. 18:

How Telegram determined the terms reflected in each of the Purchase Agreements, including terms regarding any lock-ups of Grams.

RESPONSE TO TOPIC NO. 18:

Defendants object to this Topic on the grounds that it seeks information protected by the attorney-client privilege or attorney work product doctrine.  Defendants further object to this Topic on the grounds that it is ambiguous, overly broad, unduly burdensome, irrelevant, and is not proportional to the needs of the case, including its request that Defendants prepare a corporate representative to testify concerning all of the terms in each of the Purchase Agreements.

Defendants do not agree to designate a corporate representative for this Topic at this time, but are willing to meet and confer to discuss Defendants' objections.

TOPIC NO. 19:

As stated in Telegram's answer to the Commission's Complaint, Telegram's "good faith belief that its Private Placement and TON Blockchain project was compliant with U.S. securities laws."

RESPONSE TO TOPIC NO. 19:

Defendants object to this Topic on the grounds that it is ambiguous, overly broad, unduly burdensome, irrelevant, and  is not proportional to the needs of the case.  Defendants further object to this Topic to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Defendants do not agree to designate a corporate representative for this Topic at this time, but are willing to meet and confer to discuss Defendants' objections.

TOPIC NO. 20:

Telegram's efforts to contact the U.S. Securities and Exchange Commission prior to the Initial Offering.

RESPONSE TO TOPIC NO. 20:

Defendants object to this Topic on the grounds that it seeks information protected by the attorney-client privilege or attorney work product doctrine.  Defendants further object to this Topic on the grounds that it is irrelevant and that there is a more convenient, practical and less burdensome source for this information, such as Plaintiff's own files.

Defendants do not agree to designate a corporate representative for this Topic at this time, but are willing to meet and confer to discuss Defendants' objections.

TOPIC NO. 21:

The steps Telegram took to determine whether any Initial Purchaser of Grams were acquiring or had acquired Grams for him, her, or itself, or for other persons.

RESPONSE TO TOPIC NO. 21:

Defendants object to this Topic on the grounds that it is duplicative of Plaintiff's prior discovery requests, including Interrogatory No. 7.  Defendants further object to this Topic on the grounds that there is a more convenient, practical and less burdensome source for this information.  Defendants further object to this Topic on the grounds that it seeks information protected by the attorney-client privilege or attorney work product doctrine.  Defendants also object to this Topic on the grounds that it is ambiguous, overly broad, unduly burdensome and is not proportional to the needs of the case, including its request that Defendants prepare a corporate representative to testify about the "Initial Purchasers of Grams" when Grams have not yet been distributed.

Subject to and without waiving its General Objections and specific objections set forth herein, Defendants refer Plaintiff to their Responses to Plaintiff's Interrogatories, including Interrogatory No. 7.

TOPIC NO. 22:

Telegram's knowledge of any person's, including Initial Purchasers', intention to resell Grams or to use Grams to purchase goods and services, and the source of the information.

RESPONSE TO TOPIC NO. 22:

Defendants object to this Topic on the grounds that it is duplicative of Plaintiff's prior discovery requests.  Defendants further object to this Topic on the grounds that there is a more convenient, practical and less burdensome source for this information.  Defendants also object to this Topic on the grounds that it is ambiguous, overly broad, unduly burdensome and is not proportional to the needs of the case, including its request that Defendants prepare a corporate representative to testify about the resale of Grams or use of Grams to purchase goods and services when Grams have not yet been distributed.

Subject to and without waiving its General Objections and specific objections set forth herein, Defendants refer Plaintiff to their Responses to Plaintiff's Interrogatories, including Interrogatories Nos. 7 and 12.

TOPIC NO. 23:

The information about Telegram and Messenger that Telegram disclosed to potential Initial Purchasers and that it intends to disclose to secondary market purchasers of Grams.

RESPONSE TO TOPIC NO. 23:

Defendants object to this Topic on the grounds that it is duplicative of Plaintiff's prior discovery requests.  Defendants further object to this Topic on the grounds that there is a more convenient, practical and less burdensome source for this information.  Defendants also object to this Topic on the grounds that it is ambiguous, overly broad, unduly burdensome, irrelevant and is not proportional to the needs of the case, including its request that Defendants prepare a corporate representative to testify broadly about the information Telegram "intends to disclose to secondary market purchasers of Grams."

Defendants do not agree to designate a corporate representative to testify concerning the information that Telegram "intends to disclose to secondary market purchasers of Grams," but are willing to meet and confer to discuss Defendants' objections.

TOPIC NO. 24:

The preparation of Technical White Papers and other documents regarding the existence, plans, and status of the TON Blockchain.

RESPONSE TO TOPIC NO. 24:

Defendants object to this Topic on the grounds that it is ambiguous, overly broad, unduly burdensome, irrelevant and is not proportional to the needs of the case, including its

request that Defendants prepare a corporate representative to testify about the "preparation" of the Technical White Papers and "other documents," without any additional detail.

Defendants will make a good faith effort to produce a representative to testify generally concerning Defendants' policies and procedures, if any, regarding the preparation of the TON White Papers and offering materials for the Private Placement.

TOPIC NO. 25:

Any analysis Telegram has undertaken regarding the expected demand for Grams at launch and the market price of Grams after launch.

RESPONSE TO TOPIC NO. 25:

Defendants further object to this Topic on the grounds that there is a more convenient, practical and less burdensome source for this information. Defendants further object to this Topic on the grounds that it is ambiguous, overly broad, unduly burdensome, irrelevant and is not proportional to the needs of the case, including its request that Defendants prepare a corporate representative to testify about "[a]ny analysis" Telegram has conducted without limitation.

Subject to and without waiving its General Objections and specific objections set forth herein, Defendants will make a good faith effort to produce a representative to testify generally concerning Defendants' policies and procedures, if any, regarding any formal analyses that Telegram may have performed regarding the expected demand and market price of Grams following the launch of the TON Blockchain.

TOPIC NO. 26:

Telegram's specific expenditures related to its development of TON Blockchain at various stages of its development, including up to October 31, 2019, at present, and expected future expenditures, including payments to non-Telegram employees.

RESPONSE TO TOPIC NO. 26:

        Defendants object to this Topic on the grounds that there is a more convenient, practical and less burdensome source for this information.  Defendants further object to this Topic on the grounds that it is ambiguous, overly broad, unduly burdensome, irrelevant and is not proportional to the needs of the case, including its request that Telegram designate a corporate representative to provide "specific expenditures" and "expected future expenditures" related to the development of the TON Blockchain at "various times," with no further detail.

        Defendants do not agree to designate a corporate representative for this Topic at this time, but are willing to meet and confer to discuss Defendants' objections.

TOPIC NO. 27:

        The expected amount of funds remaining from the Initial Offering after the launch, the expected use of those funds, and what persons or entity will decide how that money is allocated.

RESPONSE TO TOPIC NO. 27:

        Defendants object to this Topic on the grounds that there is a more convenient, practical and less burdensome source for this information.  Defendants further object to this Topic on the grounds that it is ambiguous, overly broad, unduly burdensome, irrelevant and is not proportional to the needs of the case, including its request that Telegram designate a corporate representative to provide the "expected amount of funds remaining" after the launch of the TON Blockchain, which has not yet occurred and will not occur while this litigation is pending.

        Defendants do not agree to designate a corporate representative for this Topic at this time, but are willing to meet and confer to discuss Defendants' objections.

TOPIC NO. 28:

Telegram's plans to distribute, allocate, or sell Grams upon launch—including how many free Grams will be distributed and to whom, and what will be done with the remainder of the Grams.

RESPONSE TO TOPIC NO. 28:

Defendants object to this Topic on the grounds that it is duplicative of Plaintiff's prior discovery requests, including Interrogatory No. 6. Defendants further object to this Topic on the grounds that there is a more convenient, practical and less burdensome source for this information. Defendants further object to this Topic on the grounds that it is ambiguous, overly broad, unduly burdensome and is not proportional to the needs of the case, including its request that Defendants prepare a corporate representative to testify about the distribution, allocation or sale of Grams upon launch when the TON Blockchain has not yet launched and Defendants have reserved and continue to reserve all rights to change, modify or eliminate the distribution, allocation or sale of Grams upon launch.

Subject to and without waiving its General Objections and specific objections set forth herein, Defendants will make a good faith effort to produce a representative to testify generally concerning Defendants' policies, procedures or plans, if any, regarding Telegram's efforts to distribute, allocate, or sell Grams upon launch of the TON Blockchain.

TOPIC NO. 29:

The steps Telegram has and is taking to comply with the Subpoenas and Plaintiff's other discovery requests.

RESPONSE TO TOPIC NO. 29:

Defendants object to this Topic on the grounds that it seeks information protected by the attorney-client privilege or attorney work product doctrine. Defendants further object to this Topic on the grounds that it is overly broad, unduly burdensome and is not proportional to

the needs of the case, as there is no indication that Defendants have not complied with their discovery obligations in this Action.

Defendants do not agree to designate a corporate representative for this Topic at this time, but are willing to meet and confer to discuss Defendants' objections.

TOPIC NO. 30:

Telegram's document, email, voicemail and other communications media retention policy.

RESPONSE TO TOPIC NO. 30:

Defendants object to this Topic on the grounds that it seeks information protected by the attorney-client privilege or attorney work product doctrine.  Defendants further object to this Topic on the grounds that it is overly broad, unduly burdensome and is not proportional to the needs of the case, as there is no indication that Defendants have not complied with their discovery obligations in this Action.

Defendants will make a good faith effort to produce a representative to testify generally concerning Defendants' policies or procedures, if any, regarding Telegram's media retention.

TOPIC NO. 31:

The authentication of documents produced by Telegram in response to Plaintiff's Subpoenas.

RESPONSE TO TOPIC NO. 31:

Defendants object to this Topic on the grounds that it seeks information protected by the attorney-client privilege or attorney work product doctrine.  Defendants further object to this Topic on the grounds that it is overly broad, unduly burdensome and is not proportional to

the needs of the case, as there is no indication that Defendants have not complied with its

discovery obligations in this Action.

Defendants do not agree to designate a corporate representative for this Topic at

this time, but are willing to meet and confer to discuss Defendants' objections.


Dated:   New York, New York
December 14, 2019

    /s/ Alexander C. Drylewski
George A. Zimmerman
Scott D. Musoff
Alexander C. Drylewski
Christopher P. Malloy
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Phone:  (212) 735-3000

*Attorneys for Defendants*