# Exhibit 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE COMMISSION  :
                                    :   19 Civ. 9439 (PKC)
                        Plaintiff,  :
                                    :   **ECF Case**
             -against-              :
                                    :   **Electronically Filed**
TELEGRAM GROUP INC. and TON ISSUER  :
INC.,                               :
                                    :
                        Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Civil Rules for the Southern District of New York ("Local Rules"), Defendants Telegram Group Inc. ("Telegram") and TON Issuer Inc. ("TON" and collectively with Telegram, "Defendants") hereby respond and object to Plaintiff's Subpoena to Produce Documents, Information, or Objects (the "Subpoena") dated October 11, 2019 and propounded by the United States Securities and Exchange Commission ("Plaintiff") in the above-caption case (the "Action").

### General Responses and Objections

The following general objections are hereby incorporated into each of the objections to specific document requests as if they were set forth in full in the specific objection. The objections to specific requests are intended to amplify the general objections and neither limit the applicability of any of the general objections nor waive an objections that may, in addition to those set forth, be applicable to the specific requests.

1.      Defendants object to the Subpoena on the ground that it does not comply with Federal Rule of Civil Procedure 45(d)'s requirement that "[a] party or attorney responsible

for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Plaintiff's Subpoena does not provide a reasonable time within which to respond given the broad scope of its requests. Moreover, there is no need for discovery on the time frame set forth in the Subpoena based on Defendants' agreement not to offer, sell or deliver Grams for a period of at least five (5) months.

2.      Defendants object to the Subpoena to the extent that it seeks discovery of information or documents protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable privilege, doctrine, rule, immunity or ground for non-production. Nothing done in relation to the requests is intended to or shall operate as a waiver by Defendants, intentionally or otherwise, of the attorney-client privilege, work-product doctrine or any other applicable privilege, doctrine, rule, immunity or ground for non-production.

3.      Defendants object to the Subpoena to the extent that it seeks documents or information that is protected by foreign law from searches, access, export or production, including, but not limited to, the requirements of the European Commissions, national laws implementing the Directive on Privacy and Electronic Communications (2002/58/EC), the General Data Protection Regulation (2016/679), the United Kingdom's Data Protection Act 2018 or any other similar national privacy law, or that is otherwise protected from discovery or disclosure under any applicable order, rule, law or privilege (together, the "Protected Information"). To the extent that the Subpoena may be construed as seeking such Protected Information, Defendants claim and invoke all applicable protections available, including, but not limited to, those enumerated in this paragraph. Any inadvertent production or disclosure of any Protected Information shall not be deemed a waiver of any right, privilege or immunity, or of any other ground for objecting to discovery with respect to such disclosure, or of Defendants' right to

2

object at any time, including but not limited to, during the course of the Action, to the use of such Protected Information.

4.      Defendants object to the Subpoena to the extent it seeks documents or information that is beyond the jurisdictional reach of Plaintiff and are therefore irrelevant.

5.      Defendants object to the Subpoena, including the Definitions and Instructions, to the extent they purport to impose greater obligations on Defendants than those imposed by the Federal Rules of Civil Procedure, the Local Rules or any other applicable law or rule applicable to the Action.

6.      Defendants object to the Subpoena to the extent that the Subpoena purports to require Defendants to produce trade secrets, proprietary, confidential or sensitive business information or personal information concerning any employee or other individual. Defendants will produce such documents only to the extent that they are relevant to any claim or defense of a party to the Action, and only pursuant to the Protective Order to be agreed to by the parties and entered by the Court.

7.      Defendants object to the Subpoena to the extent that it contains vague, ambiguous, undefined or argumentative terms, and to the extent that that Subpoena assumes dispute facts or legal conclusions in connection with the information requested.  Defendants hereby deny all such disputed facts and legal conclusions.

8.      Defendants object to the Subpoena to the extent that the Subpoena purports to require the production of documents (i) already in Plaintiff's possession, custody or control; (ii) in the public domain; or (iii) available to Plaintiff from a more convenient, less burdensome or less costly source than Defendants, on the grounds that such requests are overbroad and unduly burdensome.

3

9.      Defendants object to the Subpoena to the extent that the Subpoena purports to require the production of documents (i) not in Defendant's actual possession, custody or control; or (ii) created or held by any person or entity other than Defendants, on the grounds that such requests are overbroad and unduly burdensome.

10.     Defendants object to the Subpoena to the extent that the Subpoena and its specific requests either are not limited by any time period on the grounds that such requests are overbroad, unduly burdensome, irrelevant and not proportionate to the needs of the Action. Subject to and without waiving that objection, Defendants are willing to meet and confer with respect to a reasonable time period for the requests.

11.     Defendants respond to the Subpoena based upon Defendants' current knowledge and documents and information presently available to Defendants that it has been able to identify through reasonable efforts.  In responding to the Subpoena, Defendants reserve, and expressly do not waive, the right to present or rely upon subsequently developed legal theories or additional information discovered, obtained or inadvertently omitted at this time.

12.     Defendants reserve the right to supplement or amend any of their responses to the Subpoena, and object to the admissibility of any document or information produced in response thereto.  Defendants submit these responses without conceding the relevancy, materiality, competency or admissibility of any document or information produced in response to the Subpoena.  Defendants also reserve the right to assert additional objections to the Subpoena, or any other requests for documents or information, if such additional objections become apparent in the future.

13.     Defendants' responses and objections are without prejudice to any of its rights and defenses in this action, all of which are expressly preserved.

14.     By providing these responses to the Subpoena, Defendants in no way waive any rights or defenses in this action, including but not limited to defenses based on personal jurisdiction, all of which are expressly preserved.

### Specific Objections to Definitions

Without waiving or departing from the objections above, and specifically incorporating those objections in the Specific Responses and Objections below, the Defendants make the following specific objections to the Subpoena's Definitions:

1.     Defendants object to the Definition of "Telegram" and "TON Issuer Inc." insofar as they extend to Defendant's "parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing," as they purport to require the production of documents from entities other than Defendants, including those that are not subject to personal jurisdiction (whether generally or with respect to the Subpoena), which were not themselves named in or served with the Subpoena, which are established and licensed in countries other than the United States and operate subject to the laws of such countries or which are or may be deemed to be separate legal entities for certain purposes, including all purposes relevant to these responses and objections. Defendants will only produce documents within the "possession, custody or control" of Telegram and TON within the meaning of the Federal Rules of Civil Procedure. Accordingly, Defendants will conduct a reasonable search and, subject to and without waiting its general and specific objections, produce responsive, non-privileged documents.

2.     Defendants object to Definition No. 6 because the term "Representative" is vague, ambiguous, overbroad and seeks to impose burdens not contemplated by the Federal

Rules of Civil Procedure or the Local Rules by including "any present or former family members, officers, executives, partners, joint-venturers, directors, trustees, employees, consultants, accountants, attorneys, agents, or any other representative acting or purporting to act on behalf of the Person" within its scope.

    3. Defendants object to Definition Nos. 5, 7, 8, 9, and 13 to the extent they purport to broaden the uniform definitions in Local Rule 26.3.  Defendants will interpret "Person," "Document," "Communication" and "Concerning" as set forth in Local Rule 26.3(c). Defendants will interpret "or," "and," "and/or," "each," "every," "any" and "all" as set forth in Local Rule 26.3(d).

    4. Defendants object to Definition No. 10 because the term "Agreement" is vague, ambiguous, overbroad and seeks to impose burdens not contemplated by the Federal Rules of Civil Procedure or the Local Rules by including "all Documents Concerning (i) any actual or contemplated Agreement among or between such parties, whether or not such Agreement included any other Person; (ii) the drafting or negotiation of any such Agreement; (iii) any actual or contemplated demand, request or application for any such Agreement, and any response thereto; and (iv) any actual or contemplated objection or refusal to enter into any such Agreement, and any response thereto" within its scope.

<u>**Specific Objections to Instructions**</u>

    Without waiving or departing from the objections above, and specifically incorporating those objections in the Specific Responses and Objections below, the Defendants make the following specific objections to the Subpoena's Instructions:

    1. Defendants object to each of the Instructions to the extent they seek to impose requirements beyond those imposed by the Federal Rules of Civil Procedure and the

Local Rules.  Defendants will comply with the requirements of the Federal Rules of Civil

Procedure and the Local Rules.

## **Specific Responses and Objections**

REQUEST NO. 1:

      All documents and communications concerning the trading or potential trading of Grams on any digital asset exchange, including, but not limited to, Coinbase, Poloniex, Bittrex, Huobi, Binance, Blackmoon Crypto, and Liquid.io.

RESPONSE TO REQUEST NO. 1:

      Defendants object to this request on the grounds that it is vague, ambiguous and

seeks documents and communications that are neither relevant to any claim or defense in the

Action nor proportional to the needs of the Action, including without limitation on the grounds

that Request No. 1 improperly requires Defendants to draw legal conclusions about what

constitutes a digital asset exchange.  Defendants also object to Request No. 1 to the extent that it

seeks the production of (1) documents or communications subject to the attorney-client privilege,

work-product doctrine or any other applicable privilege or protection and (2) documents or

communications in respect of which Defendants owe a duty of nondisclosure to a third party,

whether subject to a contractual duty or otherwise.

      Subject to and without waiving the foregoing objections, Defendants agree to

conduct a reasonable search for documents and communications responsive to this request.

REQUEST NO. 2:

      All documents and communications concerning any agreement or potential agreement to custody Grams with any digital asset exchange, including, but not limited to, Coinbase, Coinbase Custody, Gram Vault, Anchor Labs or Anchorage Trust Company.

RESPONSE TO REQUEST NO. 2:

Defendants object to this request on the grounds that it is vague, ambiguous and seeks documents and communications that are neither relevant to any claim or defense in the Action nor proportional to the needs of the Action, including without limitation on the grounds that Request No. 2 improperly requires Defendants to draw legal conclusions about what constitutes a digital asset exchange, custody with such, and a "potential agreement." Defendants also object to Request No. 2 to the extent that it seeks the production of (1) documents or communications subject to the attorney-client privilege, work-product doctrine or any other applicable privilege or protection and (2) documents or communications in respect of which Defendants owe a duty of nondisclosure to a third party, whether subject to a contractual duty or otherwise.

Subject to and without waiving the foregoing objections, Defendants agree to conduct a reasonable search for documents and communications responsive to this request.

REQUEST NO. 3:

All documents and communications with investors who entered into purchase agreements to buy Grams with Telegram Group Inc. and/or TON Issuer, Inc., including, but not limited to, any foreign purchaser or entity.

RESPONSE TO REQUEST NO. 3:

Defendants object to this request on the grounds that it is overly broad, unduly burdensome and seeks documents and communications that are neither relevant to any claim or defense in the Action nor proportional to the needs of the Action, including without limitation on the grounds that it seeks information regarding "foreign purchaser[s] or entit[ies]" beyond Plaintiff's scope of jurisdiction. Defendants also object to Request No. 3 to the extent that it seeks the production of (1) documents or communications subject to the attorney-client privilege,

work-product doctrine or any other applicable privilege or protection and (2) documents or communications in respect of which Defendants owe a duty of nondisclosure to a third party, whether subject to a contractual duty or otherwise.  Additionally, Defendants object to Request No. 3 on the grounds that is vague, ambiguous and requires Defendants to draw legal conclusions as to what constitutes a purchase agreement.

Defendants are willing to meet and confer with Plaintiff to determine appropriate limitations regarding the relevancy of the information sought.

REQUEST NO. 4:

All documents and communications concerning the accredited status of any purchasers of Grams, including any foreign individual or entity purchasers.

RESPONSE TO REQUEST NO. 4:

Defendants object to this request on the grounds that it is overly broad, unduly burdensome and seeks documents and communications that are neither relevant to any claim or defense in the Action nor proportional to the needs of the Action, including without limitation on the grounds that it seeks information regarding "foreign individual[s] or entity purchaser[s]" beyond Plaintiff's scope of jurisdiction.  Defendants also object to Request No. 4 as requiring the production of documents not in Defendants' actual possession, custody or control or available to Plaintiff from a more convenient, less burdensome or less costly source than Defendants as Defendants are not responsible for accrediting purchasers of Grams.

Defendants are willing to meet and confer with Plaintiff to determine appropriate limitations regarding the relevancy of the information sought.

REQUEST NO. 5:

All documents and communications concerning the development or potential development of any application(s) on the TON Blockchain by any entity.

RESPONSE TO REQUEST NO. 5:

       Defendants object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks documents and communications that are neither relevant to any claim or defense in the Action nor proportional to the needs of the Action, including without limitation on the grounds that it seeks information "concerning the development or *potential* development of *any* application(s) on the TON Blockchain by *any* entity." Additionally, Defendants object to Request No. 5 to the extent that it seeks the production of (1) documents or communications subject to the attorney-client privilege, work-product doctrine or any other applicable privilege or protection and (2) documents or communications in respect of which Defendants owe a duty of nondisclosure to a third party, whether subject to a contractual duty or otherwise.

       Subject to and without waiving the foregoing objections, Defendants agree to conduct a reasonable search for documents and communications responsive to this request.

REQUEST NO. 6:

       All documents and communications with TON Labs and/or Alexander Filatov.

RESPONSE TO REQUEST NO. 6:

       Defendants object to this request on the grounds that it is overly broad, unduly burdensome and seeks documents and communications that are neither relevant to any claim or defense in the Action nor proportional to the needs of the Action, including without limitation on the grounds that it seeks "[a]ll documents and communications" with an entity and an individual with no limitations whatsoever and no relevant connection to the scope of the Action. Additionally, Defendants object to Request No. 6 to the extent that it seeks the production of (1) documents or communications subject to the attorney-client privilege, work-product doctrine or

any other applicable privilege or protection and (2) documents or communications in respect of which Defendants owe a duty of nondisclosure to a third party, whether subject to a contractual duty or otherwise.

Defendants are willing to meet and confer with Plaintiff to determine appropriate limitations regarding the relevancy of the information sought.

REQUEST NO. 7:

All marketing or promotional materials disseminated by Telegram Group Inc. or TON Issuer, Inc., or any agent or affiliated entity, in connection with the distribution, offer or sale of Grams.

RESPONSE TO REQUEST NO. 7:

Defendants object to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, including without limitation on the grounds that improperly requires Defendants to draw legal conclusions about what constitutes "marketing or promotional materials." Defendants also object to Request No. 7 as requiring the production of documents not in Defendants' actual possession, custody or control or available to Plaintiff from a more convenient, less burdensome or less costly source than Defendants as it calls for materials disseminated by "agent[s]" or "entit[ies]" other than Defendants.

Subject to and without waiving the foregoing objections, Defendants agree to conduct a reasonable search for documents and communications responsive to this request.

REQUEST NO. 8:

A complete and updated list of all individuals and entities that purchased Grams from Telegram or any agent or affiliated entity, including, but not limited to, any foreign individual or entity purchasers. For each individual or entity identified in this item, documents sufficient to identify the following: name of the purchaser and if an entity, the name of that entity's equity owners; the number of tokens purchased; the price paid per token; the date of the purchase; date of receipt; and the terms or conditions placed on the Grams purchased (if any).

RESPONSE TO REQUEST NO. 8:

Defendants object to this request on the grounds that it seeks Protected Information.  Defendants also object to Request No. 8 on the grounds that it is overly broad, unduly burdensome and seeks documents and communications that are neither relevant to any claim or defense in the Action nor proportional to the needs of the Action, including without limitation on the grounds that it seeks information regarding "foreign individual[s] or entity purchaser[s]" beyond Plaintiff's scope of jurisdiction.  Additionally, Defendants object to Request No. 8 as requiring the production of documents not in Defendants' actual possession, custody or control or available to Plaintiff from a more convenient, less burdensome or less costly source than Defendants as it calls for materials already in Plaintiff's possession, custody or control.

Defendants are willing to meet and confer with Plaintiff to determine appropriate limitations regarding the relevancy of the information sought.

REQUEST NO. 9:

Documents sufficient to provide an accurate accounting of the funds raised by the sale of Grams, and the current status of these funds, including, but not limited to, financial records reflecting the current amount of the funds, and the use to which any funds were put.

RESPONSE TO REQUEST NO. 9:

Defendants object to this request on the grounds that it is overly broad, unduly burdensome and seeks documents and communications that are neither relevant to any claim or defense in the Action nor proportional to the needs of the Action, including without limitation on the grounds that it seeks financial records reflecting information beyond the scope of the issues in the Action.

Defendants are willing to meet and confer with Plaintiff to determine appropriate limitations regarding the relevancy of the information sought.

REQUEST NO. 10:

All documents and communications concerning Grams Vault and/or Sergey Vasin.

RESPONSE TO REQUEST NO. 10:

Defendants object to this request on the grounds that it is overly broad, unduly burdensome and seeks documents and communications that are neither relevant to any claim or defense in the Action nor proportional to the needs of the Action, including without limitation on the grounds that it seeks "[a]ll documents and communications" concerning an entity and an individual with no limitations whatsoever and no relevant connection to the scope of the Action. Additionally, Defendants object to Request No. 10 to the extent that it seeks the production of (1) documents or communications subject to the attorney-client privilege, work-product doctrine or any other applicable privilege or protection and (2) documents or communications in respect of which Defendants owe a duty of nondisclosure to a third party, whether subject to a contractual duty or otherwise.

Defendants are willing to meet and confer with Plaintiff to determine appropriate limitations regarding the relevancy of the information sought.

REQUEST NO. 11:

All documents and communications concerning Blackmoon Crypto and/or Oleg Seydak.

RESPONSE TO REQUEST NO. 11:

Defendants object to this request on the grounds that it is overly broad, unduly burdensome and seeks documents and communications that are neither relevant to any claim or

defense in the Action nor proportional to the needs of the Action, including without limitation on the grounds that it seeks "[a]ll documents and communications" concerning an entity and an individual with no limitations whatsoever and no relevant connection to the scope of the Action. Additionally, Defendants object to Request No. 11 to the extent that it seeks the production of (1) documents or communications subject to the attorney-client privilege, work-product doctrine or any other applicable privilege or protection and (2) documents or communications in respect of which Defendants owe a duty of nondisclosure to a third party, whether subject to a contractual duty or otherwise.

Defendants are willing to meet and confer with Plaintiff to determine appropriate limitations regarding the relevancy of the information sought.

REQUEST NO. 12:

All documents and communications concerning Blackmoon Financial Group.

RESPONSE TO REQUEST NO. 12:

Defendants object to this request on the grounds that it is overly broad, unduly burdensome and seeks documents and communications that are neither relevant to any claim or defense in the Action nor proportional to the needs of the Action, including without limitation on the grounds that it seeks "[a]ll documents and communications" concerning an entity with no limitations whatsoever and no relevant connection to the scope of the Action.  Additionally, Defendants object to Request No. 12 to the extent that it seeks the production of (1) documents or communications subject to the attorney-client privilege, work-product doctrine or any other applicable privilege or protection and (2) documents or communications in respect of which Defendants owe a duty of nondisclosure to a third party, whether subject to a contractual duty or otherwise.

Defendants are willing to meet and confer with Plaintiff to determine appropriate limitations regarding the relevancy of the information sought.

REQUEST NO. 13:

All documents and communications concerning any unauthorized secondary trading of Grams.

RESPONSE TO REQUEST NO. 13:

Defendants object to this request on the grounds that it is vague, ambiguous and seeks documents and communications that are neither relevant to any claim or defense in the Action nor proportional to the needs of the Action, including without limitation on the grounds that Request No. 13 improperly requires Defendants to draw legal conclusions about what constitutes "unauthorized secondary trading." Defendants also object to Request No. 13 as requiring the production of documents not in Defendants' actual possession, custody or control or available to Plaintiff from a more convenient, less burdensome or less costly source than Defendants as Defendants are not involved in any "unauthorized secondary trading of Grams." Defendants further object to this request on the ground that Grams do not exist yet and thus it is unclear how there can be "unauthorized secondary trading of Grams."

REQUEST NO. 14:

All documents and communications relating to any steps Telegram took to ensure that purchasers of Grams were not purchasing them with view to resell them or were not otherwise acting as underwriters as that term is used in Section 2(a)(11) of the Securities Act of 1933.

RESPONSE TO REQUEST NO. 14:

Defendants object to this request on the grounds that it is vague, ambiguous and seeks documents and communications that are neither relevant to any claim or defense in the Action nor proportional to the needs of the Action, including without limitation on the grounds

15

that Request No. 14 improperly requires Defendants to draw legal conclusions about the

classification of "underwriters as that term is used in Section 2(a)(11) of the Securities Act of

1933." Defendants also object to Request No. 14 to the extent that it seeks the production of (1)

documents or communications subject to the attorney-client privilege, work-product doctrine or

any other applicable privilege or protection and (2) documents or communications in respect of

which Defendants owe a duty of nondisclosure to a third party, whether subject to a contractual

duty or otherwise.

Defendants are willing to meet and confer with Plaintiff to determine appropriate

limitations regarding the relevancy of the information sought.

REQUEST NO. 15:

Documents sufficient to identify a list of all current possible uses of Grams on the

Telephone Open Network.

RESPONSE TO REQUEST NO. 15:

Defendants object to this request on the grounds that it is vague, ambiguous,

overly broad, unduly burdensome and seeks documents that are neither relevant to any claim or

defense in the Action nor proportional to the needs of the Action, including without limitation on

the grounds that "all current possible uses of Grams on the Telephone Open Network" calls for a

boundless set of "possible uses." Defendants further object to the phrase "Telephone Open

Network," which is vague and ambiguous.

Defendants are willing to meet and confer with Plaintiff to determine appropriate

limitations regarding the relevancy of the information sought.

REQUEST NO. 16:

All documents and communications relating to any steps Telegram took to ensure

that purchasers of Grams were purchasing with view to use the Grams.

16

RESPONSE TO REQUEST NO. 16:

        In addition to the General Objections, Specific Objections to Definitions and

Specific Objections to Instructions above, Defendants object to this request on the grounds that it

is overly broad and unduly burdensome, including without limitation on the grounds that it is

duplicative with Request No. 14 above.  Defendants also object to Request No. 16 to the extent

that it seeks the production of (1) documents or communications subject to the attorney-client

privilege, work-product doctrine or any other applicable privilege or protection and (2)

documents or communications in respect of which Defendants owe a duty of nondisclosure to a

third party, whether subject to a contractual duty or otherwise.

        Defendants are willing to meet and confer with Plaintiff to determine appropriate

limitations regarding the relevancy of the information sought.

Dated:   New York, New York
          October 18, 2019

                         /s/ Alexander C. Drylewski
                        Scott D. Musoff
                        Alexander C. Drylewski
                        Christopher P. Malloy
                        Andrew R. Beatty
                        SKADDEN, ARPS, SLATE,
                         MEAGHER & FLOM LLP
                        Four Times Square
                        New York, New York 10036
                        Phone:  (212) 735-3000

                        *Attorneys for Defendants*

17