<div style="text-align:center">

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

</div>

DIRECT DIAL
(212) 735-3792
DIRECT FAX
(917) 777-3792
EMAIL ADDRESS
CHRISTOPHER.MALLOY@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

January 9, 2020

**BY ECF AND HAND**
The Hon. P. Kevin Castel
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      RE:    *SEC v. Telegram Group Inc., et al.*, 19-cv-9439(PKC) (S.D.N.Y.)

Dear Judge Castel:

      Pursuant to Rule 1.A of Your Honor's Individual Practices and this Court's November 12, 2019 Order (ECF No. 36), we write on behalf of Defendants in the above-referenced action to respectfully request the filing under seal of Exhibit N to Plaintiff's January 2, 2020 Emergency Motion Letter (ECF No. 52) and Exhibit 1 to Defendants' January 3, 2020 Letter in response (ECF No. 55).

      Under *Lugosch v. Pyramid Co. v. Onondaga*, 435 F.3d 110, 115 (2d Cir. 2006), "[a] court must first determine whether the disputed materials are judicial documents." *Hanks v. Lincoln Life & Annuity Co. of N.Y.*, No. 16-cv-6399 (PKC), 2019 WL 1146377, at *1 (S.D.N.Y. Mar. 13, 2019) (Castel, J.). "If the item qualifies as a judicial document, the court will then weigh the competing interests of access" which involves "considering 'the degree of judicial reliance on the document in question and the relevance of the document's specific contents to the nature of the proceeding'" against "'the privacy interests of those resisting disclosure.'" *See id.* (citations omitted). In other words, the Court "determines the weight of the presumption" and then "'balance[s] competing considerations against it.'" *See Ello v. Singh*, 531 F. Supp. 2d 552, at 583. Here, Exhibits N and 1 are not judicial documents. Even if they were, they should only be given a low presumption of access, which is easily outweighed by the privacy interests involved.

      Plaintiff's motion to compel involves the production of (and testimony concerning) a singular type of document in a sea of discovery. (*See* ECF No. 55 at 2 (describing Defendants' extensive participation in discovery).) Exhibits N and 1

The Hon. P. Kevin Castel
January 9, 2020
Page 2

were attached to the letters concerning the motion to compel, making them at most "supporting documents relating to a discrete discovery issue," which "are not judicial documents." *See Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 163 (S.D.N.Y. 2003). "If the documents are deemed non-judicial, then there is no presumption of public access, and the movant need only make a baseline showing of good cause in order to justify the imposition of a protective order." *Ello*, 531 F. Supp. 2d at 583. Defendants have easily met this standard, as described below.

Even if the Court were to consider Exhibits N and 1 to be judicial documents, they should only be given the lowest weight of the presumption of access. Exhibits N and 1 have only been submitted in connection with a motion to compel. Thus, they have come before this Court not "from matters that directly affect an adjudication," but rather "solely to insure their irrelevance." *Lugosch*, 435 F.3d at 119 (citation omitted). That is, these documents were submitted to this Court only to determine if other documents are relevant and should be produced, as opposed, for example, to material submitted in support of a motion for summary judgment. As a result, they should be entitled to only a low presumption of access. *See Hanks*, 2019 WL 1146377 at *2 (finding low presumption of access where "the Court did not rely on the documents").

Regardless, any presumption of access would nonetheless be outweighed by the privacy concerns at issue. Exhibit N consists of Defendants' banking records. "[B]oth American courts and Congress have recognized the importance of protecting the confidentiality of banking records" as they "plainly contain information 'traditionally considered private rather than public.'" *Strauss v. Credit Lyonnais, S.A.*, No. 06-CV-702 (DLI)(MDG), 07-CV-914 (DLI)(MDG), 2011 WL 4736359, at *4 (E.D.N.Y. Oct. 6, 2011); *see also In re SunEdison, Inc. Sec. Litig.*, No. 16-md-2742 (PKC), 16-cv-7917 (PKC), 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019) ("Financial records of a wholly owned business . . . and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." (citation omitted)) (Castel, J.). Furthermore, counsel for Plaintiff has informed us that they do not oppose Defendant's request to seal Exhibit N. Therefore, Defendants respectfully request that the Court order that Exhibit N be filed under seal.

Similarly, Exhibit 1 is a memorandum Defendants prepared and provided to the Securities and Exchange Commission in connection with discussions and negotiations intended, in part, to avoid the commencement of this action. As such, the memorandum contains sensitive information akin to settlement discussions and should remain confidential. *See Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 11-CV-1209 (CSH), 2013 WL 4012772, at *8 (D. Conn. Aug. 5, 2013)

(granting motion to seal documents "contain[ing] details about confidential settlement discussions"). Therefore, Defendants respectfully request that the Court order that Exhibit 1 also be filed under seal.

Respectfully submitted,

Christopher P. Malloy

cc: All Counsel of record