UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : | |
| : | 19 Civ. 9439 (PKC) |
| Plaintiff, : | |
| : | **ECF Case** |
| -against- : | |
| : | **Electronically Filed** |
| TELEGRAM GROUP INC. and TON ISSUER : | |
| INC, : | |
| : | |
| Defendants. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### **DECLARATION OF EYTAN J. FISCH**

I, Eytan J. Fisch, declare under penalty of perjury that the following is true and correct:

1. I am a member of Skadden, Arps, Slate, Meagher & Flom LLP, attorneys for the Defendants in the above-captioned action (the "Action"). I am an attorney duly admitted to practice in the District of Columbia and the State of New York.

2. I respectfully submit this declaration in support of Defendants' opposition to Plaintiff's motion to compel (ECF No. 55) and pursuant to this Court's January 6, 2020, Order (ECF No. 58), relating to Plaintiff's request for certain banking records of Defendants (the "Records").

3. Since September 2019, I have overseen the process of reviewing and producing certain of Defendants' records in response to certain regulatory agency requests. Many of these records have also been produced in connection with the Action. This process has, among other things, included coordination with foreign counsel regarding analysis of local data privacy issues implicated by the review, and related analysis, processing, and production of records.

4. Attorneys at my firm have conducted a preliminary analysis of a subset of Records presently available to us, which has been reported to me and forms the basis for the analysis provided below.[1]

5. Based on the preliminary review of the Records, it appears that there are foreign persons identified in the Records and that transferring the Records to the U.S. for production in the Action may implicate applicable foreign data privacy laws and Defendants' compliance therewith. Preliminarily, ensuring that Defendants fully comply with their obligations under foreign data privacy laws would appear, from the subset of the Records reviewed, to require analysis of approximately 4,600 transactions, involving approximately 120 entities and approximately 650 individuals.

6. This analysis would, in our experience, include determining the jurisdiction of each of the approximately 770 entities or individuals identified in the Records, and the nature of the relationship with each, to assess the extent to which foreign data privacy laws may be implicated. Based on the preliminary review, our team was able to make a preliminary finding as to the jurisdiction of approximately 76 of these approximately 770 entities or individuals.

7. Those 76 entities or individuals for which we were able to make preliminary findings as to their jurisdiction appear to implicate 12 foreign jurisdictions for which certain data privacy analysis has already been performed in the context of our prior work and two foreign jurisdictions for which applicable data privacy analysis has not yet been performed. For the latter, and likely for other entities or individuals in jurisdictions we have not yet had analyzed, Defendants may need to engage local counsel to conduct legal analysis of related data privacy

---

[1] This analysis encompasses the three principal accounts used by Defendants during the relevant time period. We understand that there may be certain additional accounts, which we are still in the process of collecting.

issues.  After the jurisdiction of, and nature of the relationship with, each of the counterparties has been determined and, if required, local counsel has been consulted to determine how the counterparty data should be handled under relevant data privacy laws, further review would be required in order to apply any redactions that may be required to comply with such data privacy laws.  The review and redaction of the counterparty information would likely be conducted by a third-party consultant that specializes in such reviews.

8. Based on our experience with the above processes, as well as the current uncertainty regarding how many different jurisdictions may be identified through these processes and require new or additional data privacy legal analyses, we estimate that the full review, analysis, processing and production of the Records would require approximately 5-7 weeks to complete.

Executed on:  Washington, D.C.
January 9, 2020

_____
Eytan J. Fisch