# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-2129
DIRECT FAX
(917) 777-2129
EMAIL ADDRESS
ALEXANDER.DRYLEWSKI@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

January 9, 2020

**VIA ECF AND HAND DELIVERY**

The Hon. P. Kevin Castel
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      RE:    *SEC v. Telegram, et al*, No. 19-cv-9439(PKC)(S.D.N.Y.)

Dear Judge Castel:

      On behalf of Defendants, we write pursuant to the Court's January 6 Order (ECF 58) to submit the attached declaration of Eytan J. Fisch, setting forth an estimated schedule for the review of bank records requested by Plaintiff Securities and Exchange Commission ("Plaintiff" or "SEC") to ensure that any production of such records complies with foreign data privacy laws.

      Defendants respectfully submit that these time-consuming efforts are unnecessary in light of the narrow legal issues in this case, which do not involve any allegations of fraud or misrepresentations regarding how Defendants would use funds raised in the private placement. During the January 6 telephonic conference, Plaintiff's principal justification for seeking these records was that they might reveal whether certain payments were purportedly made by Telegram to third parties that Plaintiff contends have publicly committed to make efforts to develop the TON Blockchain. Whether such payments occurred is irrelevant under *Howey*, which asks whether a reasonable purchaser of Grams will expect to profit based on the essential managerial or entrepreneurial efforts of others. Because that test is *objective*, courts focus on what was said to investors. *Wadield v. Alaniz*, 569 F.3d 1015, 1021 (9th Cir. 2009) (courts "must focus [the] inquiry on what purchasers were offered or promised"); *SEC FinHub Framework for "Investment Contract" Analysis of Digital Assets* (Apr. 3, 2019) ("The inquiry [of reasonable expectations], therefore, is an objective one, focused on the transaction itself and the manner in which the digital asset is offered and sold."). Defendants' private bank

records simply do not bear on that question, nor do they reveal anything about what purchasers may expect or have been led to expect, by Telegram or anyone else.[1]

Respectfully submitted,

Alexander C. Drylewski

cc: All counsel of record (via ECF and email)

---

[1] Even if Plaintiff's speculation about undisclosed payments could justify the discovery sought, at most it would be of records of such payments to those specific third parties Plaintiff claims to have identified.