# Exhibit 11

**Rep Letter Questionnaire**

In connection with the Purchase Agreement for Grams (the "**Purchase Agreement**") proposed to be entered into among the undersigned purchaser (the "**Purchaser**"), TON Issuer Inc (the "**Issuer**") and Telegram Group Inc. (the "**Parent**"), the Purchaser must complete and execute this "**Rep Letter Questionnaire**" and deliver it to the Issuer and the Parent. The Purchaser must also execute and deliver to the Issuer and the Parent any Rep Letters requested hereunder (or such other information as the Issuer may request). Please note that certain of the Rep Letters may require additional supporting documentation. For example, natural persons who submit U.S. Rep Letters must also submit a letter from a specified third party verifying their status as an "accredited investor" (as defined in the rules and regulations under the U.S. Securities Act of 1933, as amended). Please refer to the relevant Rep Letter for any such required supporting documentation.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

1.  Please indicate whether the Purchaser is an entity or natural person:

    ☐ Natural Person
    ☐ Entity

2.  Please select each jurisdiction (and execute and deliver to the Issuer the Rep Letter(s) in the form of the relevant Appendix) (a) in which the Purchaser resides (if the Purchaser is a natural person), (b) in which the Purchaser was formed (if the Purchaser is an entity), (c) in which the Purchaser or its representative(s) received the offer to enter into the Purchase Agreement and/or purchase Grams and (d) in which the Purchaser or its representative(s) will place its buy order:

    ☐ United States (Appendix A) – Indicate the relevant U.S. state(s): _____
    ☐ European Economic Area (outside of the United Kingdom and Germany) (Appendix B)
    ☐ United Kingdom (Appendix C)
    ☐ Germany (Appendix D)
    ☐ Switzerland (Appendix E)
    ☐ Hong Kong (Appendix F)
    ☐ South Korea (Appendix G)
    ☐ Australia (Appendix H)
    ☐ Israel (Appendix I)
    ☐ Russia (Appendix J)
    ☐ Gibraltar (Appendix K)
    ☐ Monaco (Appendix L)
    ☐ Panama (Appendix M)
    ☐ Serbia (Appendix N)
    ☐ People's Republic of China (Appendix O)
    ☐ New Zealand (Appendix P)
    ☐ Egypt (Appendix Q)
    ☐ Other – Indicate the relevant jurisdiction(s): _____

3.  If the Purchaser is an entity, please indicate whether the Purchaser either (a) was formed for the purpose of entering into the Purchase Agreement and/or purchasing Grams or (b) has solicited investors or will solicit investors to participate in this investment directly or indirectly through an entity or otherwise:

    ☐ No – **By selecting this box, the Purchaser represents that the Purchaser will only enter into the Purchase Agreement and purchase Grams on its own behalf and not for the account or benefit of any other person.**

    ☐ Yes – **By selecting this box, the Purchaser agrees to complete and deliver to the Issuer this Rep Letter Questionnaire for each person that holds an equity or similar interest in the Purchaser (a "Purchaser Investor"). The Purchaser further agrees to deliver to the Issuer an executed version of any Rep Letter(s) required for each such Purchaser Investor. Any reference in this Rep Letter Questionnaire and in the applicable Rep Letters to the "Purchaser" shall be interpreted as a reference to such Purchaser Investor.**

[*Signature page follows*]

2

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

The undersigned Purchaser hereby represents and warrants to the Issuer and the Parent that each of its responses in this Rep Letter Questionnaire is true, accurate and not misleading as at the date hereof, and undertakes to notify the Issuer and the Parent in the event that any of its responses in this Rep Letter Questionnaire cease to be true, accurate or not misleading.

Legal Name
of Purchaser:     ………………………………………….


By:               ………………………………………….

Name:             ………………………………………….

Title:            ………………………………………….

Address:          ………………………………………….

                  ………………………………………….

Date:             ………………………………………….


**Contact Person for Rep Letter Questionnaire:**


       <u>Name:</u>      _____


     <u>Email Address:</u>     _____


     <u>Phone Number:</u>     _____

3

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

## APPENDIX A

## UNITED STATES REP LETTER

TON Issuer Inc
Telegram Group Inc.
Via Email


In connection with the Purchase Agreement for Grams (the "**Purchase Agreement**") among the undersigned purchaser (the "**Purchaser**"), TON Issuer Inc (the "**Issuer**") and Telegram Group Inc. (the "**Parent**"), the Purchaser hereby represents and warrants to each of the Issuer and the Parent as of the date of this letter, the date of the Purchase Agreement and the Payment Date (as defined in the Purchase Agreement) as follows:

1.        The Purchaser is an "accredited investor" as such term is defined in Rule 501(a) of Regulation D ("**Regulation D**") promulgated by the United States Securities and Exchange Commission under the Securities Act of 1933, as amended (the "**U.S. Securities Act**"), because the Purchaser comes within ONE of the following categories at the time of entry into the Purchase Agreement.

**NOTE: THE PURCHASER SHOULD INITIAL BESIDE THE APPLICABLE CATEGORY:**

a.        _____   A bank (as defined in Section 3(a)(2) of the U.S. Securities Act, or a savings and loan association or other institution (as defined in Section 3(a)(5)(A) of the U.S. Securities Act), whether acting in its individual or fiduciary capacity.

b.        _____   A broker or dealer registered under Section 15 of the U.S. Securities Exchange Act of 1934, as amended.

c.        _____   An insurance company (as defined in Section 2(a)(13) of the U.S. Securities Act).

d.        _____   An investment company registered under the U.S. Investment Company Act of 1940, as amended.

e.        _____   A business development company (as defined in Section 2(a)(48) of the U.S. Investment Company Act of 1940, as amended).

f.        _____   A Small Business Investment Company (licensed by the United States Small Business Administration under Section 301(c) or (d) of the Small Business Investment Act of 1958, as amended).

g.        _____   An employee benefit plan with total assets of more than US$5,000,000, established and maintained by a state, a political subdivision of a state, or any agency or instrumentality of a state or its political subdivisions.

h.        _____   Any employee benefit plan within the meaning of U.S. Employee Retirement Income Security Act of 1974, as amended ("**ERISA**") if the investment decision is made by a plan fiduciary, as defined in Section 3(21) of ERISA, which is either a bank, savings and loan association, insurance company, or registered investment adviser, or if the employee benefit plan has total assets in excess of US$5,000,000 or, if a self-directed plan, with investment decisions made solely by persons that are accredited investors.

i.        _____   A private business development company (as defined in Section 202(a)(22) of the U.S. Investment Advisers Act of 1940, as amended).

4

                                        TLGRM-008-00004238

j.  \_\_\_\_\_  An organization described in Section 501(c)(3) of the U.S. Internal Revenue Code of 1986, as amended, not formed for the specific purpose of acquiring the securities offered, with total assets of more than US$5,000,000.

k.  \_\_\_\_\_  A corporation, Massachusetts or similar business trust, or partnership not formed for the specific purpose of acquiring the securities offered, with total assets of more than US$5,000,000.

l.  \_\_\_\_\_  Any director, executive officer or general partner of the issuer of the securities being offered or sold, or any director, executive officer or general partner of a general partner of that issuer.

m.  \_\_\_\_\_  A **natural person**\*\* whose individual net worth, or joint net worth with that person's spouse exceeds US$1,000,000.

n.  \_\_\_\_\_  A **natural person**\*\* who had an individual income in excess of US$200,000 in each of the two most recent years or joint income with that person's spouse in excess of US$300,000 in each of those years and has a reasonable expectation of reaching the same income level in the current year.

o.  \_\_\_\_\_  Any trust, with total assets in excess of US$5,000,000, not formed for the specific purpose of acquiring the securities offered, whose purchase is directed by a sophisticated person as described in rule 506(b)(2)(ii) under the U.S. Securities Act.

p.  \_\_\_\_\_  Any entity in which all of the equity owners are accredited investors. **If this category (p) is applicable to the Purchaser, each equity owner (or similar interest holder) of the Purchaser shall complete and submit to the Issuer a Rep Letter in the form of this Appendix A.**

---

**\*\* IF THE PURCHASER IS AN INDIVIDUAL WHO HAS INITIALED BESIDE CATEGORY (M) OR (N), SUCH PURCHASER SHALL SUBMIT TO THE ISSUER A VERIFICATION LETTER IN THE FORM ATTACHED AS SCHEDULE A TO THIS APPENDIX A, COMPLETED AND SIGNED BY ONE OF THE RELEVANT PROFESSIONALS IDENTIFIED IN SUCH LETTER.**

---

2.  The Purchaser acknowledges that (i) this security has not been registered under the U.S. Securities Act or under the securities laws of any state or other jurisdiction in the United States and (ii) this security is characterized as a "restricted security" under the U.S. federal securities laws because it is being acquired from the Issuer in a transaction not involving a public offering.  The Purchaser further acknowledges that this security is being offered, issued and sold to the Purchaser in reliance on specific exemptions from the registration requirements of the U.S. Securities Act and applicable state securities laws and that the Issuer is relying in part upon the truth and accuracy of, and the Purchaser's compliance with, the representations, warranties, agreements, acknowledgements and understandings of the Purchaser set forth herein and in the Purchase Agreement in order to determine the availability of such exemptions and the eligibility of the Purchaser to enter into the Purchase Agreement.

5

TLGRM-008-00004239

3.      The Purchaser is not subject to any of the "Bad Actor" disqualifications described in Rule 506(d)(1)(i) to (viii) of Regulation D under the U.S. Securities Act (a "**Disqualification Event**"), except for a Disqualification Event covered by Rule 506(d)(2) or (d)(3).


By:_____
*(Print Name of Purchaser)*

By:_____
          Name:
          Title:
          Date:

6

## SCHEDULE A TO APPENDIX A

**NOTE:** **The author of the letter should delete and replace all [bracketed] terms with the correct language. Otherwise, the form of this letter should remain substantially the same.**

**[DATE]**

TON Issuer Inc
Telegram Group Inc.
Via Email

To Whom It May Concern:

**[PURCHASER'S NAME]** (the "**Investor**") has requested that this letter be submitted in connection with the Investor's representation regarding the Investor's status as an "**accredited investor**" as defined in Rule 501(a) of Regulation D under the U.S. Securities Act of 1933, as amended ("**Regulation D**").

The author of this letter acknowledges that this letter shall constitute a written confirmation pursuant to Rule 506(c)(2)(ii)(C) of Regulation D.

The author of this letter hereby confirms the following:

- The author of this letter is **[CHECK ONE OF THE FOLLOWING]**:

    ☐ a registered broker-dealer;

    ☐ an investment adviser registered with the U.S. Securities and Exchange Commission;

    ☐ a licensed attorney in good standing in the jurisdiction in which the author is admitted to practice law; or

    ☐ a certified public accountant who is duly registered and in good standing under the laws of the place of the author's residence or principal office.

- The author of this letter has taken reasonable steps to verify that the Investor is an accredited investor within the prior three months; and

- The author of the letter has determined that the Investor is an accredited investor.

Sincerely,

**[AUTHOR'S SIGNATURE]**

**[AUTHOR'S NAME]**

7

APPENDIX B

**EUROPEAN ECONOMIC AREA**
**(OUTSIDE OF THE UNITED KINGDOM AND GERMANY) REP LETTER**

TON Issuer Inc
Telegram Group Inc.
Via Email


In connection with the Purchase Agreement for Grams (the "**Purchase Agreement**") among the undersigned purchaser (the "**Purchaser**"), TON Issuer Inc (the "**Issuer**") and Telegram Group Inc. (the "**Parent**"), the Purchaser hereby represents and warrants to each of the Issuer and the Parent as of the date of this letter, the date of the Purchase Agreement and the Payment Date (as defined in the Purchase Agreement) as follows:

1.      The Purchaser is a "qualified investor" within the meaning of Directive 2003/71/EC, as amended.


By:_____
*(Print Name of Purchaser)*

By:_____
          Name:
          Title:
          Date:

8

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                        TLGRM-008-00004242

## APPENDIX C

## UNITED KINGDOM REP LETTER

TON Issuer Inc
Telegram Group Inc.
Via Email


In connection with the Purchase Agreement for Grams (the "**Purchase Agreement**") among the undersigned purchaser (the "**Purchaser**"), TON Issuer Inc (the "**Issuer**") and Telegram Group Inc. (the "**Parent**"), the Purchaser hereby represents and warrants to each of the Issuer and the Parent as of the date of this letter, the date of the Purchase Agreement and the Payment Date (as defined in the Purchase Agreement) as follows:

1.      The Purchaser is:

      a.   an "investment professional" within the meaning of Article 19(5) of the Financial Services and Markets Act 2000 (Financial Promotion) Order 2005, as amended (the "**FPO**"); or

      b.   a high net worth company, a high net worth unincorporated association or the trustee of a high value trust  within the meaning of Article 49(2) of the FPO.

2.      The Purchaser is a "qualified investor" within the meaning of Directive 2003/71/EC, as amended.


By:_____
*(Print Name of Purchaser)*

By:_____
           Name:
           Title:
           Date:

9

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

TLGRM-008-00004243

# APPENDIX D

## GERMANY REP LETTER

TON Issuer Inc
Telegram Group Inc.
Via Email


   In connection with the Purchase Agreement for Grams (the "**Purchase Agreement**") among the undersigned purchaser (the "**Purchaser**"), TON Issuer Inc (the "**Issuer**") and Telegram Group Inc. (the "**Parent**"), the Purchaser hereby represents and warrants to each of the Issuer and the Parent as of the date of this letter, the date of the Purchase Agreement and the Payment Date (as defined in the Purchase Agreement) as follows:

1.  The Purchaser is a "qualified investor" within the meaning of Directive 2003/71/EC, as amended, and it professionally or commercially purchases or sells securities or investment products (*Vermögensanlagen*) within the meaning of the German Investment Product Act (*Vermögensanlagengesetz*) for its own account or for the account of others.


       By:_____
       *(Print Name of Purchaser)*

       By:_____
         Name:
         Title:
         Date:

10

## APPENDIX E

## SWITZERLAND REP LETTER

TON Issuer Inc
Telegram Group Inc.
Via Email


In connection with the Purchase Agreement for Grams (the "**Purchase Agreement**") among the undersigned purchaser (the "**Purchaser**"), TON Issuer Inc (the "**Issuer**") and Telegram Group Inc. (the "**Parent**"), the Purchaser hereby represents and warrants to each of the Issuer and the Parent as of the date of this letter, the date of the Purchase Agreement and the Payment Date (as defined in the Purchase Agreement) as follows:

1.      The Purchaser is a "qualified investor" within the meaning of the Swiss Collective Investment Schemes Act of June 23, 2006, as amended, its implementing ordinance and regulatory guidance.


By:_____
*(Print Name of Purchaser)*

By:_____
          Name:
          Title:
          Date:

11

## APPENDIX F

## HONG KONG REP LETTER

TON Issuer Inc
Telegram Group Inc.
Via Email


In connection with the Purchase Agreement for Grams (the "**Purchase Agreement**") among the undersigned purchaser (the "**Purchaser**"), TON Issuer Inc (the "**Issuer**") and Telegram Group Inc. (the "**Parent**"), the Purchaser hereby represents and warrants to each of the Issuer and the Parent as of the date of this letter, the date of the Purchase Agreement and the Payment Date (as defined in the Purchase Agreement) as follows:

1.       The Purchaser is a professional investor (as such term is defined in Part 1 of Schedule 1 to the Securities and Futures Ordinance (Cap. 571 of the Laws of Hong Kong)).


By:_____
*(Print Name of Purchaser)*

By:_____
          Name:
          Title:
          Date:

12

## APPENDIX G

## SOUTH KOREA REP LETTER

TON Issuer Inc
Telegram Group Inc.
Via Email


      In connection with the Purchase Agreement for Grams (the "**Purchase Agreement**") among the undersigned purchaser (the "**Purchaser**"), TON Issuer Inc (the "**Issuer**") and Telegram Group Inc. (the "**Parent**"), the Purchaser hereby represents and warrants to each of the Issuer and the Parent as of the date of this letter, the date of the Purchase Agreement and the Payment Date (as defined in the Purchase Agreement) as follows:

1.      The Purchaser is an "investment professional" within the meaning of Article 11(1) of the Enforcement Decree of the Financial Investment Services and Capital Markets Act of South Korea.


By:_____
*(Print Name of Purchaser)*

By:_____
               Name:
               Title:
               Date:

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER      TLGRM-008-00004247

## APPENDIX H

## AUSTRALIA REP LETTER

TON Issuer Inc
Telegram Group Inc.
Via Email

      In connection with the Purchase Agreement for Grams (the "**Purchase Agreement**") among the undersigned purchaser (the "**Purchaser**"), TON Issuer Inc (the "**Issuer**") and Telegram Group Inc. (the "**Parent**"), the Purchaser hereby represents and warrants to each of the Issuer and the Parent as of the date of this letter, the date of the Purchase Agreement and the Payment Date (as defined in the Purchase Agreement) as follows:

1.      The Purchaser is a "sophisticated investor" or a "professional investor" and a "wholesale client" (and not a "retail client") as defined under the *Corporations Act* (Cth) 2001 in relation to whom a disclosure document or product disclosure statement is not required.

By:_____
*(Print Name of Purchaser)*

By:_____
                Name:
                Title:
                Date:

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER        TLGRM-008-00004248

APPENDIX I

ISRAEL REP LETTER

TON Issuer Inc
Telegram Group Inc.
Via Email

       In connection with the Purchase Agreement for Grams (the "**Purchase Agreement**") among the undersigned purchaser (the "**Purchaser**"), TON Issuer Inc (the "**Issuer**") and Telegram Group Inc. (the "**Parent**"), the Purchaser hereby represents and warrants to each of the Issuer and the Parent as of the date of this letter, the date of the Purchase Agreement and the Payment Date (as defined in the Purchase Agreement) as follows:

1.      the category or categories marked and signed below are true, correct and complete in all respects. The Purchaser consents to being treated as a "Qualified Investor" under the Israeli Securities Law, 5728-1968 (the "**Securities Law**") and acknowledges that the Issuer is relying in part upon the truth and accuracy of, and the Purchaser's compliance with, the representations, warranties, agreements, acknowledgements and understandings of the Purchaser set forth herein in order to determine the availability of exemptions under the Securities Law and the eligibility of the Purchaser to enter into the Purchase Agreement. The Purchaser is aware of the legal consequences of the foregoing.

**NOTE:  THE PURCHASER SHOULD INITIAL BESIDE THE CATEGORIES BELOW THAT ARE APPLICABLE TO IT.**

1.    _____ A fund for joint investments in trust (i.e., mutual fund), as such term is defined in the Law for Joint Investments in Trust, 5754-1994, or a management company thereof;

2.    _____ A provident fund as defined in Law for Oversight of Financial Services (Provident Funds), 5765-2005, or a management company of such a fund;

3.    _____ An insurer, as defined in the Law for Oversight of Insurance, 5741-1981;

4.    _____ A banking entity or satellite entity, as such terms are defined in the Banking Law (Licensing), 5741-1981, other than a joint services company, purchasing for its own account or for the account of clients that are investors of the type listed in Section 15A(b) of the Securities Law [**NOTE: Any bank that purchases units on behalf of a client or other third party must obtain a copy of this form signed by such person**];

5.    _____ a portfolio manager, as such term is defined in Section 8(b) of the Israeli Law for the Regulation of Investment Advice, Investment Marketing and Portfolio Management, 5755-1995, purchasing for its own account or for the account of clients that are investors of the type listed in Section 15A(b) of the Securities Law [**NOTE: Any portfolio manager that purchases units on behalf of a client or other third party must obtain a copy of this form signed by such person**];

6.    _____ A company that is licensed as an investment advisor or investment marketer, as such terms are defined in Section 7(c) of the Law for the Regulation of Investment Advisors and Portfolio Managers, 5755-1995, purchasing for its own account;

7.    _____ A company that is a member of the Tel Aviv Stock Exchange, purchasing for its own account or for the account of clients that are investors of the type listed in Section 15A(b) of the

15

Securities Law **[NOTE: Any stock exchange member that purchases units on behalf of a client or other third party must obtain a copy of this form signed by such person]**;

8. _____ An underwriter fulfilling the conditions of Section 56(c) of the Securities Law, 5728-1968, purchasing for its own account;

9. _____ A venture capital fund (defined as an entity primarily involved in investments in companies which, at the time of investment, (i) are primarily engaged in research and development or manufacture of new technological products or processes and (ii) involve above-average risk);

10. _____ An entity in which all of the equity owners meet one or more of the above criteria;

11. _____ An entity with shareholder's equity exceeding NIS 50 million, not formed specifically for the purpose of acquiring shares in the issuer of the relevant securities ("Large Companies") **[NOTE: If this category is marked, the Purchaser should attach an attorney or CPA confirmation dated no earlier than 3 months prior to the offer or other evidence satisfactory to the Issuer].**

12. _____ An individual who meets one of the following conditions:

   a. the total value of Liquid Assets[1] owned by the individual exceeds NIS8 million **[NOTE: If this category is marked, the Purchaser should attach an attorney or CPA confirmation dated no earlier than 3 months prior to the offer or other evidence satisfactory to the Issuer]**;

   b. the individual's income in each of the past two years exceeds NIS 1.2 million; or the income of such individual's Family Unit[2] exceeds NIS 1.8 million [NOTE: If this category is marked, the Purchaser should attach an attorney or CPA confirmation dated no earlier than 3 months prior to the offer or other evidence satisfactory to the Issuer]; and

   c. the individual's total Liquid Assets exceeds NIS 5 million and his/her income in each of the last two years exceeds NIS 600,000 or the income of such individual's Family Unit exceeds NIS 900,000 **[NOTE: If this category is marked, the Purchaser should attach an attorney or CPA confirmation dated no earlier than 3 months prior to the offer or other evidence satisfactory to the Issuer].**


By:_____
*(Print Name of Purchaser)*

By:_____
      Name:
      Title:
      Date:

---

[1] "Liquid Assets" – cash, deposits, financial assets (as defined in the Law for the Regulation of Investment Advice, Investment Marketing and Investment Portfolio Management – 1995), and other traded securities.

[2] "Family Unit" – an individual and the family members who are living with him/her or who are financially supporting each other.

16

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

**APPENDIX J**

**RUSSIA REP LETTER**

TON Issuer Inc
Telegram Group Inc.
Via Email


      In connection with the Purchase Agreement for Grams (the "**Purchase Agreement**") among the undersigned purchaser (the "**Purchaser**"), TON Issuer Inc (the "**Issuer**") and Telegram Group Inc. (the "**Parent**"), the Purchaser hereby represents and warrants to each of the Issuer and the Parent as of the date of this letter, the date of the Purchase Agreement and the Payment Date (as defined in the Purchase Agreement) as follows:

1.     The Purchaser certifies that (i) it is a "qualified investor" within the meaning of the Federal Law of the Russian Federation "On Securities Market" No. 39-FZ dated April 22, 1996, as amended, (ii) the execution and performance by it of the Purchase Agreement does not violate applicable laws of the Russian Federation and (iii) in making any payments under the Purchase Agreement, it has complied or will comply with the requirements of all applicable laws of the Russian Federation, including with respect to foreign currency transactions. The Purchaser acknowledges that the Issuer is relying in part upon the truth and accuracy of, and the Purchaser's compliance with, the representations, warranties, agreements, acknowledgements and understandings of the Purchaser set forth herein in order to determine the eligibility of the Purchaser to enter into the Purchase Agreement. The Purchaser is aware of the legal consequences of the foregoing.

2.     [*If the Purchaser is a natural person:*] The undersigned Purchaser, [*last name, first name, patronymic, address, identity document number, date of ID document issuance and issuing authority*], hereby grants his consent for the processing of his or her personal data (last name, first name, patronymic, place of residence, TIN, identity document number, date of ID document issuance and issuing authority) to the Issuer and any affiliate of the Issuer. Actions related to personal data processing by aforementioned operators include: data collection, recording, systematization, accumulation, storing, improvement (updating, amending), retrieval, blocking, deletion and destruction. The Purchaser's personal data may be processed whether with or without the use of automated information systems to the extent necessary for personal data processing. This consent for personal data processing shall be valid without limitation until it is revoked by the Purchaser by a written notice sent to the Issuer to the address specified in the Purchase Agreement, or for such earlier term as may be mandated by imperative provisions of applicable laws of the Russian Federation.


By:_____
*(Print Name of Purchaser)*

By:_____
        Name:
        Title:
        Date:

17

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER        TLGRM-008-00004251

**APPENDIX K**

**GIBRALTAR REP LETTER**

TON Issuer Inc
Telegram Group Inc.
Via Email


In connection with the Purchase Agreement for Grams (the "**Purchase Agreement**") among the undersigned purchaser (the "**Purchaser**"), TON Issuer Inc (the "**Issuer**") and Telegram Group Inc. (the "**Parent**"), the Purchaser hereby represents and warrants to each of the Issuer and the Parent as of the date of this letter, the date of the Purchase Agreement and the Payment Date (as defined in the Purchase Agreement) as follows:

1.      The Purchaser is a "qualified investor" as such term is defined in the Prospectuses Act 2005 of Gibraltar (as amended) and in Directive 2003/71/EC. The Purchaser is a "professional client" as such term is defined in the Financial Services (Markets in Financial Instruments) Act 2006 of Gibraltar.

2.      The Purchaser has not requested "non professional treatment" within the meaning of Schedule 2 of the Financial Services (Markets in Financial Instruments) Act 2006 of Gibraltar.


By:_____
*(Print Name of Purchaser)*

By:_____
          Name:
          Title:
          Date:

18

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          TLGRM-008-00004252

## APPENDIX L

## MONACO REP LETTER

TON Issuer Inc
Telegram Group Inc.
Via Email


In connection with the Purchase Agreement for Grams (the "**Purchase Agreement**") among the undersigned purchaser (the "**Purchaser**"), TON Issuer Inc (the "**Issuer**") and Telegram Group Inc. (the "**Parent**"), the Purchaser hereby represents and warrants to each of the Issuer and the Parent as of the date of this letter, the date of the Purchase Agreement and the Payment Date (as defined in the Purchase Agreement) as follows:

The Purchaser recognizes that it has asked and authorized the Issuer and the Parent to provide the Purchaser with information and/or contracts and any other documentation related to the Issuer's intention to create and issue Tokens and to develop and launch the TON Network.

The Purchaser recognizes in particular that it has asked and authorized the Issuer and the Parent to provide the Purchaser with (i) the Stage A Primer dated 21 February 2018 and the documents attached as appendices thereto, (ii) an unsigned copy of the Purchase Agreement for Grams and (iii) any required KYC forms.

The Purchaser hereby confirms that the conclusion of the Purchase Agreement for Grams is not the result of any marketing, solicitation or offering activities conducted by the Issuer or the Parent in Monaco.

Les auteurs de la présente reconnaissent être à même de prendre connaissance en langue anglaise des documents suivants et renoncent expressément à une traduction française:

- Le Pre-Sale Primer en date du 21 février 2018, ainsi que ses annexes;

- La version non signée du Purchase Agreement for Grams;

- Le cas échéant, le KYC form


By:_____
*(Print Name of Purchaser)*

By:_____
                Name:
                Title:
                Date:

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                TLGRM-008-00004253

## APPENDIX M

## PANAMA REP LETTER

TON Issuer Inc
Telegram Group Inc.
Via Email


In connection with the Purchase Agreement for Grams (the "**Purchase Agreement**") among the undersigned purchaser (the "**Purchaser**"), TON Issuer Inc (the "**Issuer**") and Telegram Group Inc. (the "**Parent**"), the Purchaser hereby represents and warrants to each of the Issuer and the Parent as of the date of this letter, the date of the Purchase Agreement and the Payment Date (as defined in the Purchase Agreement) as follows:

1.      The Purchaser is an "institutional investor" as defined under the Decree-Law 1 of 1999 and Accord 1 of 2001, both as amended, in relation to whom the registration of the securities to be offered and sold is not required. Pursuant to the foregoing, the Purchaser (i) is a legal entity, validly formed and in existence, (ii) has participated, on a regular basis, in at least the previous two years, in the administration of investments substantially similar to those set forth in this Purchase Agreement, (iii) has a net worth of at least one million dollars, (iv) has key executives or, a majority of its directors and officers, that have at least two years of experience in the regular administration of investments and (v) does not require the protection of the provisions set forth in the securities laws of the Republic of Panama.

2.      The Purchaser acknowledges that the securities have not been registered under the Panamanian securities laws and regulations and may not be offered or sold within Panama except pursuant to an exemption from, or in transactions not subject to, the registration requirements of the Panamanian securities laws and regulations.


By:_____
*(Print Name of Purchaser)*

By:_____
                Name:
                Title:
                Date:


20

**APPENDIX N**

**SERBIA REP LETTER**

TON Issuer Inc
Telegram Group Inc.
Via Email


In connection with the Purchase Agreement for Grams (the "**Purchase Agreement**") among the undersigned purchaser (the "**Purchaser**"), TON Issuer Inc (the "**Issuer**") and Telegram Group Inc. (the "**Parent**"), the Purchaser hereby represents and warrants to each of the Issuer and the Parent as of the date of this letter, the date of the Purchase Agreement and the Payment Date (as defined in the Purchase Agreement) as follows:

The Purchaser certifies that its payments under the Purchase Agreement will comply with all applicable laws of Serbia with respect to foreign currency transactions.


By:_____
    *(Print Name of Purchaser)*

By:_____
        Name:
        Title:
        Date:

21

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                    TLGRM-008-00004255

## APPENDIX O

## PEOPLE'S REPUBLIC OF CHINA REP LETTER

TON Issuer Inc
Telegram Group Inc.
Via Email


In connection with the Purchase Agreement for Grams (the "**Purchase Agreement**") among the undersigned purchaser (the "**Purchaser**"), TON Issuer Inc (the "**Issuer**") and Telegram Group Inc. (the "**Parent**"), the Purchaser hereby represents and warrants to each of the Issuer and the Parent as of the date of this letter, the date of the Purchase Agreement and the Payment Date (as defined in the Purchase Agreement) as follows:

1.      The fiat currency used by the Purchaser under the Purchase Agreement to purchase the Tokens is legally owned by the Purchaser and not raised from any other parties.

2.      In respect of the transaction contemplated by the Purchase Agreement, the Purchaser has not obtained any access to the relevant transaction information in a press release, conference, advertisement, announcement, professional or trade publication or marketing materials within the People's Republic of China.


By:_____
*(Print Name of Purchaser)*

By:_____
        Name:
        Title:
        Date:

22

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                    TLGRM-008-00004256

## APPENDIX P

## NEW ZEALAND REP LETTER

TON Issuer Inc
Telegram Group Inc.
Via Email

---

**Warning**

New Zealand law normally requires people who offer financial products to give information to investors before they invest.  This information is designed to help investors make an informed decision.

If you are a wholesale investor, the usual rules do not apply to offers of financial products made to you.  As a result, you may not receive a complete and balanced set of information.  You will also have fewer other legal protections for these investments.

Ask questions, read all documents carefully, and seek independent financial advice before committing yourself.

**Offence**

It is an offence to give a certificate knowing that it is false or misleading in a material particular.  The offence has a penalty of a fine in New Zealand not exceeding $50,000.

---

In connection with the Purchase Agreement for Grams (the "**Purchase Agreement**") among the undersigned purchaser (the "**Purchaser**"), TON Issuer Inc (the "**Issuer**") and Telegram Group Inc. (the "**Parent**"), the Purchaser hereby represents and warrants to each of the Issuer and the Parent as of the date of this letter, the date of the Purchase Agreement and the Payment Date (as defined in the Purchase Agreement) as follows:

1.      The Purchaser is a "wholesale investor" as that term is defined in clauses 3(2)(a), (c) or (d) of Schedule 1 to the Financial Markets Conduct Act 2013 of New Zealand ("**FMC Act**"), being a person who is **[Select which category applies]**:

☐ an "investment business";

☐ "large"; or

☐ a "government agency",

in each case as defined in Schedule 1 to the FMC Act.

2.      The Purchaser is a wholesale investor of the category specified above on the following grounds:

---

23

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

TLGRM-008-00004257

3.      The Purchaser understands the consequences of certifying itself to be a wholesale investor.

By:_____
*(Print Name of Purchaser)*

By:_____
        Name:
        Title:
        Date:

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER        TLGRM-008-00004258

## APPENDIX Q

## EGYPT REP LETTER

TON Issuer Inc
Telegram Group Inc.
Via Email

In connection with the Purchase Agreement for Grams (the "**Purchase Agreement**") among the undersigned purchaser (the "**Purchaser**"), TON Issuer Inc (the "**Issuer**") and Telegram Group Inc. (the "**Parent**"), the Purchaser hereby represents and warrants to each of the Issuer and the Parent as of the date of this letter, the date of the Purchase Agreement and the Payment Date (as defined in the Purchase Agreement) as follows:

The Purchaser has made appropriate enquiries and has full knowledge of the nature, rights and obligations arising out of the transactions contemplated under the Purchase Agreement and of the rights and obligations applicable to it under the laws of the Arab Republic of Egypt, and will not make any offerings, disposals, investments or otherwise transact with regard to the Tokens (as defined in the Purchase Agreement), in case such offering, disposal, investment or other transaction is in contravention to the laws, regulations, governmental circulars and decrees of the Arab Republic of Egypt.

By:_____
*(Print Name of Purchaser)*

By:_____
      Name:
      Title:
      Date:

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

TLGRM-008-00004259