UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                                                       :

SECURITIES AND EXCHANGE COMMISSION,   :

                          Plaintiff,   :

                      vs.   :   Case No. 1:19-cv-09439-PKC

TELEGRAM GROUP INC. and TON ISSUER INC.,   :

                      Defendants.   :

---------------------------------------------------------------- X

# MEMORANDUM OF LAW OF THE CHAMBER OF DIGITAL COMMERCE IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

Lilya Tessler (*admitted pro hac vice*)
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5849
Email: ltessler@sidley.com

*Attorney for Amicus Curiae the Chamber of Digital Commerce*

January 21, 2020

The Chamber of Digital Commerce ("Chamber") respectfully submits this memorandum of law in support of its motion for leave to file a brief as *amicus curiae* in the above-captioned matter. A copy of the Chamber's proposed *amicus curiae* brief is attached as Exhibit A to the accompanying Declaration of Lilya Tessler.

## INTERESTS OF PROPOSED *AMICUS CURIAE*

The Chamber of Digital Commerce is a not-for-profit trade association formed in 2014 to promote the acceptance and use of digital assets and blockchain-based technologies. We represent more than 200 companies that are investing in and innovating with blockchain-based technologies, including global financial institutions, emerging technology companies, software developers, consultancies, investment firms, and law firms.[1] Our leadership team and Board of Advisors includes policy and legal experts, industry pioneers, and former regulators, including two former Chairs and a Commissioner of the U.S. Commodity Futures Trading Commission, and a former Commissioner of the U.S. Securities and Exchange Commission.

Through education, advocacy, and working closely with policymakers, regulatory agencies, and industry, the Chamber seeks to develop an environment that fosters responsible innovation, job creation, and investment. The Chamber's commitment to compliance is deeply rooted in our organization's culture and was one of the key purposes of our creation. Like all new technologies, blockchain has been abused by nefarious actors. The founding members of the Chamber came together to launch this organization to provide dedicated resources to work with government and address policy and regulatory considerations to ensure efficient and successful functioning of the market. One of the Chamber's first initiatives was the formation of the Blockchain Alliance, a

---

[1] This memorandum reflects the view of the Chamber and does not reflect the views of any individual member of the Chamber.

resource for law enforcement agencies.[2] In addition, our members provide cutting-edge analytics tools to help governments and businesses identify and mitigate risk of criminal activity and enable companies to alert law enforcement to such risks.[3] With respect to federal securities laws, the Chamber invests significant resources to promote industry compliance and provide education and technical assistance to policy makers. In 2017, when there was a significant spike in token distribution events, the Chamber launched the Token Alliance to issue a series of tools for industry and policy makers to make informed decisions when engaging in tokenized networks and applications.[4]

The Chamber's role in promoting the development of blockchain technology and digital assets gives it a strong interest in the central issue in this case: how the analysis of whether a transaction is an investment contract, and thus a "security," is applied to transactions involving digital assets. Although the Chamber does not have a view on whether the offer and sale of Grams is a securities transaction, the Chamber has an interest in ensuring that the legal framework applied to digital assets underlying an investment contract is clear and consistent. Maintaining this distinction is critical to developing a predictable legal environment through a technology-neutral precedent, which this Court has the power to do.

**ARGUMENT**

---

[2] The Blockchain Alliance provides education and technical assistance and hosts information sharing sessions to support law enforcement objectives. Today, there are more than 100 governmental and commercial members of the Blockchain Alliance worldwide, including the SEC's Division of Enforcement. The Blockchain Alliance's mission is to combat criminal use of blockchain technology. *See* BLOCKCHAIN ALLIANCE, https://blockchainalliance.org/ (last visited Jan. 2, 2020).

[3] One of the Chamber's members, Chainalysis, provided vital assistance to law enforcement in shutting down a child pornography website. *See* Chainanalysis Team, *Chainalysis in Action: DOJ Announces Shutdown of Largest Child Pornography Website,* CHAINALSYIS BLOG (Oct. 16, 2019), https://blog.chainalysis.com/reports/chainalysis-doj-welcome-to-video-shutdown.

[4] The Token Alliance is an initiative of the Chamber co-chaired by former SEC and CFTC regulators dedicated to fostering best practices for the responsible growth of tokenized networks and applications. *See Token Alliance,* CHAMBER OF DIGITAL COMMERCE, https://digitalchamber.org/initiatives/token-alliance/ (last visited Jan. 2, 2020) for resources devoted to appropriately growing the token economy.

2

"District courts have broad discretion in deciding whether to accept amicus briefs." *Jamaica Hosp. Med. Ctr., Inc. v. United Health Grp., Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008) (citation omitted). "An amicus brief should normally be allowed when … the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Automobile Club N.Y. Inc. v. Port Authority of N.Y. & N.J.,* No. 11-cv-6746-RJH, 2011 U.S. Distr. LEXIS 135391 *2 (S.D.N.Y. Nov. 22, 2011)(internal quotations omitted). "The court is most likely to grant leave to appear as an amicus curiae in cases involving matters of the public interest." *Andersen v. Leavitt*, No. 3-cv-6115-DRH-ARL, 2007 U.S. Dist. LEXIS 59108, *7 (E.D.N.Y. Aug. 13, 2007).

The Chamber respectfully requests the Court to grant leave to file an amicus curiae brief in this case. As demonstrated by the Chamber's Token Alliance initiative and leadership, the Chamber has extensive experience in addressing application of the securities laws to blockchain networks and digital assets. In addition, the Chamber occupies a unique position as representative of the blockchain technology industry which is not represented by the parties in this case. The parties necessarily focus their arguments on the facts in the case, while the Chamber's proposed brief sets forth the legal standard and implications of the Court's decision in setting a precedent for the entire industry. This Court has an opportunity to apply the federal securities laws to distinguish the subject of an investment contract (digital asset) with the securities transaction associated with it. Therefore, the Chamber believes its amicus curiae brief can be of assistance to the Court.

## CONCLUSION

For the foregoing reasons, the Chamber respectfully requests that this Court grant its motion for leave to file in this case the *amicus* brief attached as Exhibit A to the accompanying Declaration of Lilya Tessler.

Dated: New York, New York
January 21, 2020

Respectfully submitted,

By: /s/ Lilya Tessler
Lilya Tessler (*admitted pro hac vice*)
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5849
Email: ltessler@sidley.com

*Attorney for Amicus Curiae the Chamber of Digital Commerce*