UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> TELEGRAM GROUP INC., and TON ISSUER INC., <br><br> Defendants. | Civil Action No.: <br> 1:19-cv-09439 (PKC) |

### THE BLOCKCHAIN ASSOCIATION'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE*

PLEASE TAKE NOTICE that the Blockchain Association respectfully seeks leave to file the accompanying *amicus curiae* brief. The Blockchain Association makes the motion before the Honorable P. Kevin Castel, United States District Judge, at the United States Courthouse, Courtroom 11D, 500 Pearl Street, New York, New York 10007, at a date and time to be determined by the Court.

### INTERESTS OF PROPOSED *AMICUS CURIAE*

The Blockchain Association is a not-for-profit organization that seeks to improve public policy to help blockchain networks and users develop and prosper in the United States. The Blockchain Association seeks to educate policymakers, courts, and the public on how blockchain technology works and how regulatory clarity can bring about a more secure, competitive, and innovative digital marketplace. The Blockchain Association is committed to creating a partnership between industry and government to share knowledge, identify opportunities, and co-create a digital future with more transparency and security. This future holds immense promise for U.S. consumers, investors, and innovators; cryptocurrency—only one application of blockchain—is by

itself at least a $200 billion industry. Many other industries also stand to gain from reduced remittance fees, improved supply chains, and other advantages of the technology.

The Blockchain Association comprises 23 member companies, which themselves represent billions of dollars in value and thousands of employees in the U.S. Given this broad representation across the industry, individual members or their affiliates maintain varying contractual or business relationships with firms like Telegram, including involvement with the contracts and tokens at issue in this case. This brief, however, is submitted by the Blockchain Association itself, not by any individual members or their affiliates, and seeks to advance the Blockchain Association's overarching goal of clear and sensible regulatory policy, not the pecuniary interests or legal positions of any individual members or their affiliates.

## ARGUMENT

Because no rule governs the filing of amicus briefs in this court, district judges "have broad discretion in deciding whether to accept amicus briefs." *Jamaica Hosp. Med. Ctr., Inc. v. United Health Grp., Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008) (citation omitted). "The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties." *Citizens Against Casino Gambling v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) (citation omitted). An *amicus* brief should be allowed when "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J.); *see, e.g.*, *C&A Carbone, Inc. v. Cnty. of Rockland*, 08-cv-6459-ER, 2014 U.S. Dist. LEXIS 38658, at *12-15 (S.D.N.Y. Mar. 24, 2014) (granting motion for leave to file *amicus* brief of national trade associations representing various interests

within the recyclable materials market where *amici*'s brief provided "insights into the market for recyclables" and presented a discussion of how the county ordinance at issue treated recyclables).

The Blockchain Association believes that the Court's decision could have far-reaching effects throughout the blockchain industry. This Court's decision will be one of the first to analyze whether and when a particular "digital asset" is deemed a security—a hotly-debated question of critical importance for innovators, investors, users, and regulators alike. The Court's answers to these questions will influence companies' decisions about whether to introduce blockchain products, investors' decisions about whether to support this new technology, and innovators' decisions about whether to relocate abroad. The Blockchain Association respectfully requests that the Court consider the views of the blockchain industry, given the importance of this case to these innovators. Meanwhile, the Blockchain Association's brief would provide important information about the context of this case, such as the ongoing uncertainty about the application of the securities laws with respect to digital assets and the industry's efforts to develop—without regulatory guidance—contractual models to comply with those laws.

Telegram Group Inc. and Ton Issuer Inc. have consented to the filing of this brief. Counsel for the Blockchain conferred with counsel for the Securities and Exchange Commission, which indicated that it does not take a position on this motion at this time.

## CONCLUSION

For the foregoing reasons, the Blockchain Association respectfully requests that this Court grant its motion for leave to file the attached *amicus curiae* brief.

Dated:  January 21, 2020.

                                            Respectfully submitted,

                                            S/ *Keith Bradley*
                                            Keith Bradley
                                            Benjamin Beaton (*pro hac vice* pending)
                                            SQUIRE PATTON BOGGS (US) LLP
                                            2550 M Street, NW
                                            Washington, DC 20037
                                            Telephone: 202-457-6000
                                            keith.bradley@squirepb.com
                                            benjamin.beaton@squirepb.com

                                            *Counsel for the Blockchain Association*