

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE
200 VESEY STREET, ROOM 400
NEW YORK, NY 10281-1022

January 21, 2020

By Hand and ECF

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    SEC v. Telegram Group Inc. & TON Foundation Inc., No. 19 Civ. 9439 (PKC)

Dear Judge Castel:

      Pursuant to the Rules of this Court's Individual Practices, and this Court's Orders of December 20, 2019 (D.E. 51) and January 13, 2020 (D.E. 66) in the above-referenced case, Plaintiff Securities and Exchange Commission (the "SEC") respectfully submits courtesy copies of: (1) the SEC's Memorandum of Law in Further Support of its Application for a Preliminary Injunction and in Opposition to Defendants' Motion For Summary Judgment; (2) the Declaration of Ladan Stewart and Exhibits PX139-PX201 in support thereof; and (3) the SEC's Response and Counter-Statement to Defendants' Local Rule 56.1 Statement, in Opposition to Defendants' Motion for Summary Judgment. The SEC also respectfully requests the Court's approval of a proposed procedural matter, assented-to by Defendants, discussed below.

      All of the foregoing documents are being filed today on ECF except as follows:

- Exhibits PX145, PX146, PX147, PX148, PX150, PX151, PX152, PX169, PX194, PX195, and PX196 are not being filed on the public docket at this time. These documents have all been designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the producing parties.

- The information that identifies certain investors has been redacted from PX142, PX149, PX153, PX160, PX161, PX162, PX164, PX168, PX175, PX176, PX180, PX188, PX199, PX200 as well as from the Declaration of Ladan Stewart, pursuant to the SEC's application to seal investor identifying information (D.E. 28) ("Sealing Motion"). The SEC respectfully submits that this information should be redacted for the same reasons as those stated in the Sealing Motion.

The SEC also respectfully requests the Court's approval of a timeline for the parties in this action to give notice to third parties who have designated certain documents "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that the parties intend to file certain of those documents on the public docket. That notice would then trigger the seven-day deadline for the notified third parties to file applications to seal such documents pursuant to the Protective Order in this action. (D.E 36). Counsel for Defendants has agreed to the proposal set forth below.

We propose that the parties give notice to third parties on January 28, 2020, the day after the parties' final briefs are due as to the SEC's application for a preliminary injunction and the parties' cross-motions for summary judgment. That notice would inform third parties that the parties intend to file certain documents that the third parties have designated Confidential on the public docket and that they have until February 4, 2020, to file with the Court any application to seal their documents. We believe that this procedure, requiring the third parties to file only one motion, after the parties have identified all of the potentially Confidential documents referenced in the complete sets of briefs, will be more efficient for the third parties, the parties, and the Court than if the third parties were required to file multiple motions, one after each of the three rounds of briefing currently underway, addressing only a partial set of their potentially Confidential documents.

We are available to answer any questions that the Court may have regarding the foregoing.

Respectfully submitted,

/s/ Alison R. Levine
Alison R. Levine

cc:    Alexander Drylewski, Esq.
       Counsel for Defendants