UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION :

                Plaintiff,

      -against-

TELEGRAM GROUP, INC. and TON ISSUER
INC.,

                Defendants.
-----------------------------------------------------------------x

19 Civ. 9439 (PKC)

ECF Case

Electronically Filed

**DECLARATION OF [REDACTED] IN SUPPORT OF
MOTION TO SEAL CONFIDENTIAL DOCUMENT**

I, [REDACTED], declare as follows:

1. I am the Chief Financial Officer and Operating Partner at [REDACTED] ("Investor F").[1] I make this declaration based upon my personal knowledge in support of Investor F's concurrently filed Motion to Seal its Confidential Document.

2. Investor F is a venture fund. The venture business is substantially predicated on each firm's ability to evaluate opportunities and make corresponding investment decisions. Venture funds operate in a highly competitive market and our processes for evaluating opportunities and making final investment decisions are critical differentiators that separate us from our competition.

3. Our internal process for evaluating opportunities and making final investment decisions has been carefully honed over two decades based on our experience and expertise. This has come at a considerable expense to Investor F, including the salaries we pay our principals and employees

---

[1] The SEC previously filed a motion requesting an Order to file under seal and in redacted form on ECF materials reflecting investor names. (ECF No. 28.) This document continues to redact this information, and related identifying information. We respectfully submit that these redactions should be maintained for the reasons stated in the SEC's prior motion. Moreover, we were subsequently identified with the pseudonym "Investor F" in the Declaration of Ladan F. Stewart (ECF No. 81) ("Stewart Decl."). I will assume that pseudonym here for the Court's convenience and to avoid confusion.

1

to refine our internal process. We have implemented that internal process in part through our internal investment memorandum template, which is designed to allow a tightly controlled subset of our principals and employees to evaluate opportunities and make decisions based on various key factors and considerations.

4. We derive a distinct competitive advantage from our internal process and the structure of our internal investment memorandum template. We attribute our business success in part to having this process in place. Moreover, we have not shared our internal process or internal investment memorandum template with other investors or the public at large, and both the process and template remain our confidential business secrets.

5. If our internal process or internal investment memorandum template were to be publicly disclosed, then we would lose a competitive advantage in the market. Such disclosure would make it easier for competitors to attract capital away from us and/or make investments that we would have otherwise made. Disclosure would also give competitors fodder to disparage us as we compete for future deals.

6. We produced documents pertaining to Telegram to the Securities and Exchange Commission ("SEC") in response to a document request in October 2019. That production included a confidential copy of our internal investment memorandum for the Telegram deal, which was produced to the SEC with Bates numbers ▮▮▮_03845-▮▮▮_03849 ("Investment Memo"). We produced these documents pursuant to the Protective Order, and the Investment Memo in particular was produced with stamps that read "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and "FOIA CONFIDENTIAL TREATMENT REQUEST." The Investment Memo is confidential and is not known or shared outside of our business. I understand that our counsel has diligently and consistently communicated to SEC's counsel that the Investment Memo is highly

confidential and proprietary, and it should not be publicly disclosed. The Investment Memo was attached in redacted form as **PX31** to the Stewart Declaration.

7. The Investment Memo is based on the template described above and reflects our proprietary analysis of the Telegram deal, the cryptocurrency space, and related investment opportunities. The Investment Memo contains substantial work and analysis by our investment team pertaining to Telegram and the cryptocurrency market, and it applies our investment framework and analysis to the Telegram deal.

8. It would be difficult for our competitors to duplicate our investment process, the template of the Investment Memo, and our specific analysis of Telegram and the cryptocurrency space. Each venture fund takes its own approach and there are innumerable methodologies that could be used to evaluate a potential venture investment. Disclosure of the Investment Memo would allow other venture funds to emulate our investment approach, and to disparage us as we compete for future deals.

9. Therefore, we have taken precautions to guard the secrecy of the Investment Memo and the underlying template, including requiring our employees to sign non-disclosure agreements. We also tightly control who has access to these materials so that they are only made available to those principals and/or employees of Investor F who play a role in evaluating opportunities and/or making investment decisions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 22, 2020 in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.