# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : | |
| : | 19 Civ. 9439 (PKC) |
| Plaintiff, : | |
| : | **ECF Case** |
| -against- : | |
| : | |
| TELEGRAM GROUP INC. and TON ISSUER : | |
| INC., : | |
| : | |
| Defendants. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Civil Rules for the Southern District of New York ("Local Rules"), Defendants Telegram Group Inc. ("Telegram") and TON Issuer Inc. ("TON" and collectively with Telegram "Defendants"), by and through its undersigned attorneys, hereby requests that the United States Securities and Exchange Commission ("Plaintiff") produce for inspection and copying, within fourteen (14) days of service of these requests, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, the Documents and other items designated below, which are in Plaintiff's possession, custody or control.

## DEFINITIONS

The Uniform Definitions in Discovery Requests set forth in Local Rule 26.3 are incorporated as if fully set forth herein. In addition, the following definitions and instructions shall apply:

1. The term "Bitcoin" refers to the digital asset, token or coin connected to the bitcoin network, a peer-to-peer payment network.

2. The term "Complaint" shall mean Plaintiff's Complaint filed in the above-captioned case, dated October 11, 2019.

3. The term "Ether" shall refer to digital asset, token or coin connected to the Ethereum blockchain, a programmable network.

4. The term "Framework" shall mean the "Framework for 'Investment Contract' Analysis of Digital Assets," which was initially published by Plaintiff's Division of Corporation Finance on April 3, 2019, and is available at:

https://www.sec.gov/corpfin/framework-investment-contract-analysis-digital-assets.

5. The term "Grams" shall refer to the digital assets, tokens or coins at issue in the above-captioned case.

6. The term "Including" shall mean "including, but not limited to."

7. The term "Investigation" means the investigation and any fact gathering that occurred in connection thereto that was conducted by Plaintiff, or anyone acting on behalf of or cooperating with Plaintiff, Concerning the above-captioned case and/or preceding the filing of the Complaint.

8. "Private Placement" means the global private placement conducted by Defendants beginning in January 2018 pursuant to Rule 506(c) of Regulation D and/or Regulation S under the Securities Act of 1933.

9. "When Howey Met Gary (Plastic)" shall refer to William Hinman's remarks at the Yahoo Finance All Markets Summit: Crypto on June 14, 2018 and available at https://www.sec.gov/news/speech/speech-hinman-061418.

10. As used herein, and consistent with Local Rule 26.3(d), the singular includes the plural and vice versa; the words "and" and "or" should be both conjunctive and

disjunctive; the word "all" means "any and all" and the word "any" means "any and all"; the words "all" and "each" shall be construed as "all and each."

11. The term "you" or "your" shall refer to the party or parties on whom these requests for production are served and any other person or representative acting under that party's direction or control.

12. As used herein, the past tense shall include the present tense and vice versa.

## INSTRUCTIONS

1. You are instructed either to produce Documents as they are kept in the usual course of business or to produce Documents organized and labeled to correspond with the categories in this Request.

2. This Request shall be deemed continuing to the extent permitted by Federal Rule of Civil Procedure 26 so as to require further supplemental production in the event that Plaintiff obtains or discovers additional information or Documents between the time of the initial production and the time of trial.

3. Each request for Documents requires the production of all Documents described herein, including all drafts and non-identical copies.

4. In the event that any Document called for in this Request has been destroyed, lost, discarded or otherwise is not capable of being produced at the time that Documents are produced pursuant to this Request, you shall identify any such Document; identify any person who previously or currently has possession, control or custody of the Document; indicate the paragraph(s) of this Request to which such Document is related; and set

forth the circumstances under which the Document was destroyed or discarded, or explain why the Document is not capable of being produced.

       5.      Unless otherwise noted, each request pertains to the time period December 3, 2017 to the present.

       6.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, those portions of the Document subject to the claim of privilege shall be redacted from the Document and the rest of the Document shall be produced. If a privilege is asserted with regard to part of the material contained in a Document, You must clearly indicate the portions as to which privilege is claimed. When a Document has been redacted or altered in any fashion, You must identify as to each Document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alternation. Any redaction must be clearly visible on the redacted documents.

       7.      If no Documents exist that are a responsive to a particular request, you shall so state in writing.

## DOCUMENT REQUESTS

       1.      All Documents Concerning any analysis by Plaintiff of Grams or the Private Placement, Including any analysis under the Framework or under the ideas and subjects discussed in When Howey Met Gary (Plastic).

       2.      All Documents Concerning Plaintiff's analysis regarding whether to consider Bitcoin to be a security.

       3.      All Documents Concerning Plaintiff's analysis regarding whether to consider Ether to be a security.

4.  All Documents Concerning any comparison by Plaintiff of Grams to Bitcoin, Ether, or any other digital asset.

5.  All Documents obtained by Plaintiff informally or formally regarding the Private Placement or Grams, from any source, Including from the "person" referred to in ¶ 81 of the Complaint and the "United States-based investor" referred to in ¶ 93 of the Complaint.

6.  All Documents, Including electronic recordings, forms, reports, or summaries, interview transcripts, notes, summaries or memoranda created or kept by Plaintiff Concerning Defendants, Pavel Durov or Nikolai Durov, or otherwise in connection with the Investigation.

7.  All transcripts of Plaintiff's investigative testimonies and exhibits thereto Concerning Defendants, Pavel Durov or Nikolai Durov or otherwise in connection with the Investigation.

8.  All Documents Concerning the relief Plaintiff is seeking from Defendants in this action.

9.  All Documents Concerning Defendants, Pavel Durov or Nikolai Durov, Including Documents obtained from any the following: (i) any digital asset exchange, Including Coinbase, Poloniex, Bittrex, Huobi, Binance, Blackmoon Crypto or Liqui.io; (ii) any digital asset custodian, Including Coinbase, Coinbase Custody, Gram Vault, Anchor Labs or Anchorage Trust Company; (iii) any investor in the Private Placement; or (iv) from any other party.

10. All Communications regarding the Private Placement or Grams with any other U.S. agency, Including the Financial Crimes Enforcement Network ("FinCEN") of the United States Department of the Treasury; the United States Attorney's Office; the Federal

Bureau of Investigation; the United States Commodity Futures Trading Commission ("CFTC"); or any other governmental agency or enforcement body.

11. Any Documents or analysis by FinCEN or the CFTC regarding Grams, Including whether Grams should be considered money, currency or commodities.

12. All subpoenas or requests for documents or information issued by Plaintiff concerning Defendants, Pavel Durov or Nikolai Durov, Including subpoenas or requests for documents or information issued on or after October 11, 2019.

13. All Documents that Plaintiff relied upon in drafting the Complaint.

14. All Documents that Plaintiff may use to support its claims against Defendants.

Dated: New York, New York
October 21, 2019

/s/ Alexander C. Drylewski
George A. Zimmerman
Scott D. Musoff
Alexander C. Drylewski
Christopher P. Malloy
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Phone: (212) 735-3000

*Attorneys for Defendants*