# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

SECURITIES AND EXCHANGE COMMISSION, :
: 19 Civ. 9439 (PKC)
              Plaintiff, :
: **ECF Case**
       -against- :
:
TELEGRAM GROUP INC. and TON ISSUER :
INC, :
:
             Defendants. :

------------------------------------x

# DEFENDANTS' THIRD SET OF INTERROGATORIES TO THE SECURITIES AND EXCHANGE COMMISSION

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 33.3 of the Local Civil Rules for the Southern District of New York ("Local Rules"), Defendants Telegram Group Inc. and TON Issuer Inc (collectively, "Defendants"), by and through their undersigned attorneys, hereby request the United States Securities and Exchange Commission ("Plaintiff" or "SEC") to answer and return the following interrogatories, in accordance with the definitions and instructions contained herein, within fourteen (14) days of service, to the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036.

## DEFINITIONS

The Uniform Definitions in Discovery Requests set forth in Local Rule 26.3 are incorporated as if fully set forth herein. In addition, the following definitions and instructions shall apply:

    1.    The term "Including" shall mean "including, but not limited to."

2. "Private Placement" means the global private placement conducted by Defendants beginning in January 2018 pursuant to Rule 506(c) of Regulation D and/or Regulation S under the Securities Act of 1933.

3. "Private Placement Purchaser" means the individuals and/or entities who executed purchase agreements in connection with the Private Placement.

4. As used herein, and consistent with Local Rule 26.3(d), the singular includes the plural and vice versa; the words "and" and "or" should be both conjunctive and disjunctive; the word "all" means "any and all" and the word "any" means "any and all"; the words "all" and "each" shall be construed as "all and each."

5. The term "you" or "your" shall refer to the party or parties on whom these requests for production are served and any other person or representative acting under that party's direction or control.

6. As used herein, the past tense shall include the present tense and vice versa.

## **INSTRUCTIONS**

1. The response to each interrogatory shall include such knowledge or information as is within Plaintiff's possession, custody, or control, Including the possession, custody, or control of any attorneys or other persons directly or indirectly employed by, or connected with Plaintiff, or anyone acting on Plaintiff's behalf or otherwise subject to Plaintiff's control.

2. Where a claim of privilege is asserted in objecting to any interrogatory, provide all information falling within the interrogatory that is not privileged, and with respect to each item of information or Document that Plaintiff contends is privileged, separately describe

such information or Document in sufficient detail for identification and state the basis for the asserted privilege or other grounds of exclusion.

3. If, for reasons other than a claim of privilege, Plaintiff refuses to answer any interrogatory, Plaintiff should state the grounds upon which refusal is based, state whether there are any Documents in existence responsive to the interrogatory, and identify each such Document.

4. If Plaintiff is unable to respond fully to any interrogatory, Plaintiff is instructed to supply all available information and explain why such response is incomplete, what efforts have been undertaken to complete said response, and the source from which a complete answer may be ascertained.

5. These interrogatories shall be signed and sworn to by Plaintiff.

6. These interrogatories shall be deemed continuing so as to require supplemental responses in the event that Plaintiff discovers additional facts or Documents or learns of any additional witnesses between the time of its initial interrogatory responses and the time of trial.

## INTERROGATORIES

1. Provide the details of any analyses the SEC has performed on a blockchain platform's code and technology with regard to its functionality in determining whether the native digital currency for the blockchain platform was a security in closed investigations or determinations, Including the name of the blockchain platform on which the analyses were performed, the date of the analyses, and the identity of the individuals or entities who performed the analyses.

2. Provide the details of any security audits the SEC has performed on a blockchain platform's code and technology in determining whether the native digital currency for the blockchain platform was a security in closed investigations or determinations, Including the name of the blockchain platform on which the analyses were performed, the date of the analyses, and the identity of the individuals or entities who performed the analyses.

3. Provide a list of all Private Placement Purchasers from whom the SEC sought affidavits for use in this litigation.

4. Identify all tokens, digital assets, or digital currencies that the SEC has determined to be securities, including but not limited to the "ERC20 tokens that included securities" discussed in Paragraph 4 of *In the Matter of Zachary Coburn*, Securities Act Release No. 84553 (Nov. 8, 2018), *see also id.* ¶ 26, and describe in detail the basis for the SEC's determination that such tokens, digital assets, or digital currencies were securities.

Dated: New York, New York
January 23, 2020

/s/ *Alexander C. Drylewski*
George A. Zimmerman
Scott D. Musoff
Alexander C. Drylewski
Christopher P. Malloy
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Phone: (212) 735-3000

*Attorneys for Defendants*

4