

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE
200 VESEY STREET, ROOM 400
NEW YORK, NY 10281-1022



January 31, 2020

By email and fax

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    SEC v. Telegram Group Inc. & TON Foundation Inc., No. 19 Civ. 9439 (PKC)

Dear Judge Castel:

    Plaintiff Securities and Exchange Commission (the "SEC") and counsel for Defendants respectfully submit this letter jointly requesting the Court's approval to temporarily seal certain docket entries that contain quotations from documents that third-parties have designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and as to which certain third-parties have raised concerns with their public filing. The parties respectfully request that these docket entries be temporarily sealed until those third parties have the opportunity to submit any motions to seal on February 4, 2020, as previously authorized by the Court, and until the Court has an opportunity to rule on any such motions, if any.

    The Court has previously approved a process by which the parties have been permitted to delay filing any documents that have been designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" until after the designating party has received notice of the proposed filing and the opportunity to file a motion to seal and the Court has decided any such motion. These motions to seal, if any, are due on February 4, 2020.

    During the past several weeks, the parties have engaged in extensive briefing of various motions, including submitting detailed Statements and Counter-Statements of Undisputed Facts pursuant to Fed. R. Civ. P. Rule 56.1 ("56.1 Statements"). These filings cited to excerpts from various documents, including certain documents that were designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." When an excerpt from such a document was cited in a brief or 56.1 statement, the parties made every effort to redact the identity of the producing party to avoid any potential prejudice. Since these filings, however, several of the producing third-parties have raised concerns that redactions of identifying information may not be sufficient to protect their interests, particularly given the concerns brought to the Court's attention in the SEC's January 28, 2020 letter. These third-parties have asked the parties to in turn ask the Court

to temporarily seal these documents pending the Court's decision on their anticipated February 4, 2020 motions to seal.[1]

The parties are mindful of the presumption of public access to materials submitted in litigation. However, the parties respectfully submit that this temporary sealing of potentially confidential materials is the least harmful and most efficient means of preserving these third parties' privacy and confidentiality interests—and is consistent with the Court's prior Order permitting the parties to withhold from the public docket documents designated Confidential—until the Court has an opportunity to adjudicate the third-parties' claims. Should the interested parties file motions to seal certain portions of the 56.1 Statements, the parties will submit redacted versions thereof after February 4, 2020. Should the interested parties decide not to file motions to seal any portions of the 56.1 Statements, the parties will request that the docket entries be unsealed or will refile the 56.1 Statements themselves.

Accordingly, the parties respectfully request on behalf of the third-parties that the following docket entries be temporarily sealed pending the Court's adjudication of any motions to seal submitted on February 4, 2020: 43, 44, 95, 99, 114-1, 120. *OK*

We are available to answer any questions that the Court may have regarding the foregoing. We apologize for any inconvenience this may cause the Court or the Clerk's Office.

Respectfully submitted,

/s/ Kevin P. McGrath
Kevin P. McGrath

cc: Alexander Drylewski, Esq.
Counsel for Defendants

Application Granted.

So Ordered: _____
Hon. P. Kevin Castel, U.S.D.J.

1-31-20

---

[1] The SEC also notes that in refiling the documents referenced in its January 28, 2020 letter, it noticed that one originally filed document contained an inadvertent disclosure of the name of an investor. The SEC redacted that one-word reference from the refiled document so as not to compound any privacy concerns relating to the initial inadvertent disclosure.