**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- X
                                            :

**SECURITIES AND EXCHANGE**
**COMMISSION,**                            :

                 Plaintiff,        :          **19 Civ. 09439 (PKC)**

        v.                        :          **ECF Case**

**TELEGRAM GROUP INC. and TON**
**ISSUER INC.,**                        :

                 Defendant.      :

------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYM

### BACKGROUND

Investor Z is a non-party to this litigation that has cooperated with the Securities and Exchange Commission ("SEC")'s inquiry into and action against Defendants concerning their offering of digital-asset securities called "Grams." As part of this cooperation and pursuant to a Protective Order entered in this case, Investor Z produced documents, including internal emails and presentations (hereinafter, the "Confidential Materials"). The SEC intends to file certain of Investor Z's Confidential Materials which reference Investor Z have as exhibits to a declaration supporting its summary judgment and preliminary injunction motions. The SEC has currently redacted information concerning the identity of Investor Z, employees of Investor Z, and other information that would reveal the identity of Investor Z from certain documents that it intends to file on the public docket. One document revealing Investor Z's identity was inadvertently filed publicly by the SEC, an error that was corrected.

Investor Z now appears solely for the purpose of securing an order from this Court sealing in whole or in part documents that it understands will be filed on the public docket that include Investor Z's identifying information.   Investor Z's motion to seal and the memorandum accompanying that motion, which are being filed simultaneously with the motion to proceed under pseudonym, set forth why proprietary-information, privacy, and cooperation interests outweigh the presumption in favor of public access to the Confidential Materials.   Revealing Investor Z's identity on the docket in connection with its filing of the motion to seal would defeat the very purpose of that motion.   For the reasons set forth below, the Court should prevent that unnecessary harm and allow Investor Z to proceed under pseudonym for the purpose of moving to seal.

**ARGUMENT**

Although there is a general presumption of openness in the federal court system that disfavors anonymous litigation, persons will nevertheless be permitted to litigate under pseudonyms where substantial privacy interests are at stake.   *See*, *e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008).   A motion to proceed anonymously is entrusted to the discretion of the district court.   *Barth v. Kaye*, 178 F.R.D. 371, 376 (S.D.N.Y. 1998).

In this jurisdiction, factors commonly weighed in considering a party's motion to proceed under a pseudonym include the party's right to privacy and security, harm to the parties which would stem from falsification of  names, and the public interest in identification of litigants.   *See, e.g., Sealed Plaintiff*, 537 F.3d at 189–90.   Because Investor Z possesses a substantial privacy interest in proceeding under pseudonym, and because doing so will cause little or no harm to the parties or to the public, the Court should grant its motion to proceed under pseudonym.

First, non-party Investor Z seeks to appear in these proceedings for the limited purpose of protecting its identity from public disclosure.  As the memorandum in support of Investor Z's motion to seal explains, if the identity of Investor Z is revealed, the public would be able to identify Investor Z's proprietary information—including its investment strategy, financial information, and its network of contacts—in publicly filed documents, causing it significant economic harm.  The Court should allow Investor Z to proceed by pseudonym to protect its important confidentiality interests.  Indeed, forcing Investor Z to appear under its own name would cause it the very harm it seeks to prevent.

Second, the SEC has endeavored to protect Investor Z's identity thus far in the action, and no party to the action would be prejudiced by Investor Z's proceeding under a pseudonym. Investor Z does not seek to bring any claims against any party.  The SEC's papers do not purport to rely on the specific identities of Investor Z or its employees.  *See, e.g.,* Dkt. No. 79 at 7; Dkt. No. 80 at ¶¶ 154–171.  Where Investor Z would suffer significant damage from the publication of its identity, no party will suffer from its continued anonymity.

Third, disclosure of Investor Z's identity would not further the public's interest in the litigation.  Investor Z is an "innocent non-part[y]," *Sealed Plaintiff*, 537 F.3d at 189 (internal quotation marks and citation omitted), and its role in the underlying conduct giving rise to the action is peripheral.  Investor Z's identity is immaterial to this action and its revelation furthers no public interest.

Fourth, there is no alternative mechanism available that would protect Investor Z's identity from the public.  If the Court were to deny the motion, Investor Z's name would necessarily appear on the docket and become publicly available.  This, in turn, would allow members of the public to

connect the Confidential Materials with Investor Z.   Allowing Investor Z to proceed under pseudonym is the only way to protect its privacy interests here.

## CONCLUSION

For the reasons stated above, the Court should issue an order permitting Investor Z to proceed under pseudonym.

Dated: February 4, 2020                                   Respectfully submitted,


                                                          S/ Charles A. Brown
                                                          Charles A. Brown
                                                          *CBrown@goodwinlaw.com*
                                                          GOODWIN PROCTER LLP
                                                          The New York Times Building
                                                          620 Eighth Avenue
                                                          New York, NY 10018
                                                          Tel.: +1 212 813 8800
                                                          Fax: +1 212 355 3333

                                                          *Attorneys for Non-Party Investor Z*