# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SECURITIES AND EXCHANGE COMMISSION     :

                                          :    19 Civ. 9439 (PKC)
                        Plaintiff,    :

                                          :    **ECF Case**
             -against-    :

                                          :    **Electronically Filed**
TELEGRAM GROUP INC. and TON ISSUER    :
INC.,    :
                                          :
                      Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER

The parties to this Stipulation and [Proposed] Protective Order (the "Order") have agreed to the terms of this Order; it is therefore **ORDERED:**

**1.**     **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. The Order is also subject to the Local Rules of this District ("Local Rules") and the Federal Rules of Civil Procedure ("Rules") on matters of procedure and calculation of time periods.

**2.**     **Form and Timing of Designation.** A party, and any non-party producing documents in the above-captioned litigation ("Action"), may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document, to the extent practicable, in a manner that will not interfere with the legibility of the document and that will not permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER designation. Documents shall be designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents That May Be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any party to this Action, and any non-party, producing confidential information in response to requests for discovery in this Action ("Producing Party") shall have the right to designate any such information as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" upon making a good faith determination that the documents contain information protected from disclosure by federal or state statute or laws, or foreign data protection laws or other privacy obligations, or that should be protected from disclosure as confidential trade secrets, research, development, marketing, personal, financial, competitive, commercial, personal, private, or other sensitive commercial or personal information that is not publicly available, or Privacy Information defined in Paragraph 16 of this Order ("Confidential Information"). Confidential Information shall include Privacy Information, as defined below. Public records and other information or documents that are publicly available may not be designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

4. **Documents That May Not Be Designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."** The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall not apply to, and the restrictions and obligations set forth in this Order shall not apply to, any information or document that: (i) is already public knowledge or otherwise in the public domain; (ii) has become public knowledge or enters

2

the public domain other than as a result of disclosure by a receiving party, its employees, or agents in violation of this Order; or (iii) has come or shall come into a receiving party's legitimate possession independently of any Producing Party or person seeking to designate information or documents as confidential in this Action. Documents publicly filed with regulators, such as Plaintiff Securities and Exchange Commission ("Commission"), are not subject to this Stipulation and Order and do not constitute Confidential Information. Defendants reserve the right to designate as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" any Confidential Information previously produced by Defendants to the Commission for which Defendants requested confidential treatment. Defendants hereby designate the identities of investors in documents previously produced to the Commission as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and the Commission hereby reserves the right to challenge such designation under Paragraph 9 herein.

5. **Designation of Documents as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**." Documents shall be designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" as follows:

(a) In the case of documents containing Confidential Information, by placing thereon the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

(b) In the case of interrogatory responses containing Confidential Information, by placing the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on each page containing such responses.

(c) In the case of electronic data, where such data cannot be readily marked with the "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" legend in its native

3

format, by placing the appropriate legend in the filename or accompanying correspondence. If the receiving party wishes to disclose such data to any person to whom disclosure of Confidential Information is permitted by this Order, the receiving party shall mark each printed page containing such data with the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

    (d) In the case of depositions, by either (1) a statement to such effect on the record by a party or the Producing Party during the course of the deposition or (2) written notice to all counsel of record by a party or the Producing Party within thirty (30) days of receipt of the deposition transcript. With regard to depositions, the term "Producing Party" includes the deponent and any person or entity whose Confidential Information, as defined in Paragraph 3 of this Order, is disclosed in the deposition transcript. If the designation is made during the course of a deposition, the reporter attending the deposition shall write or stamp the word "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the relevant portions of the transcript. Designations made following review of the transcript shall be made by identifying in writing, within 30 days of receipt of the transcript by the Producing Party, the page and line numbers corresponding to the portions of testimony to be designated confidential. If no portion of a deposition transcript has been designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" thirty (30) days after receipt of the transcript, the entire transcript will be treated as non-confidential.

  6. **Redaction of Confidential Information.** Manner and Timing of Redactions: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Confidential Information specified in the below Subparagraphs 6(a)-(b) may be redacted by the Producing Party from the documents it produces in the following manner:

(a) For any matter the Producing Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity, the Producing Party shall mark each thing where matter has been redacted with a legend stating "REDACTED," and specify the basis for the redaction (e.g., privilege, confidential, etc.) as appropriate, or a comparable notice.

(b) For any matter that any party claims, in good faith, contains "Personally Identifiable Information," "Sensitive Private Data," or "Nonpublic Personal Information" as these terms are defined under federal, state or foreign data protection laws, the party shall mark each thing where matter has been redacted with a legend stating "REDACTED," and specify the basis for the redaction (e.g., data privacy) as appropriate, or a comparable notice. The right to challenge and the process for challenging redactions shall be the same as the right to challenge and the process for challenging the confidentiality designations of Discovery Material as set forth in Paragraph 9.

7. **Protection of Confidential Information.**

**(a) General Protections.** Subject to the exceptions provided in Paragraph 17 or any written agreement among or between Producing Parties and/or receiving parties, a receiving party may access or use materials that are disclosed or produced by a Producing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of or the enforcement of insurance rights with respect to, the Action. Except as provided in this Order or required by law, produced material may not be used for any other purpose, including, without limitation, any business or commercial purpose. Except as provided in this Order or required by law, Confidential Information may be disclosed only to the categories of persons and under the

5

conditions described in Paragraph 7(b). Following the termination of the Action, each receiving party must comply with the provisions of Paragraph 12 below.

Confidential Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location

The restrictions set out in this Order shall not apply to copies of documents or information contained in documents that any party obtained or obtains independently of documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Nothing in this Stipulation and Order shall prevent a party or a non-party that produces documents, data or information in any other form in this Action from disclosing its own Confidential Information which it has designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," as it deems appropriate.

**(b)** **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to any third person or entity except as set forth in Subparagraphs (1)-(9) below or as permitted by Paragraph 17. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER":

**(1)** **Counsel.** Counsel for the parties and counsel's employees and agents who have responsibility for the preparation (including discovery) and hearings in or trial of the Action, including paralegals and other support staff involved in this Action;

6

(2) **Parties.** Parties to this Action, including any party's officers, directors, employees, independent contractors, and interns;

(3) **The Court.** The Court and its support personnel;

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(5) **Consultants, Investigators, Independent Intermediaries, and Experts.** Consultants, investigators, experts, or any person engaged to provide specialized advice (hereinafter referred to collectively as "experts") employed or retained by the parties or counsel for the parties or appointed by the Court to assist in this proceeding, including the preparation and trial of this Action, but only after such persons or entities have completed the applicable individual or entity certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(6) **Outside Vendors.** Clerical, paralegal, and data processing personnel, not employed by the parties to this Action or by their counsel, involved in the production, reproduction, organizing, filing, coding, cataloguing, converting, storing, retrieving, or review of documents in this Action, to the extent reasonably necessary to assist a party to this Action or its counsel in this Action, but only after such persons or entities have completed the applicable individual or entity certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Non-parties with prior knowledge of documents.** Non-parties who are an author, addressee, other person indicated on the face of the document as having received a copy, or otherwise have prior knowledge of the facts disclosed in such documents, to the extent such knowledge was not obtained in violation of this Order;

7

(8) **Witnesses and Potential Witnesses.** Other persons (and their counsel) who counsel for a party in good faith believes may be called to testify at a hearing, trial, or deposition in this Action, provided such person has completed the individual certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(9) **Others by Consent.** Other persons only by written consent of the party, or non-party, who produced the information or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the individual certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c) **Control of Documents.** Each person who has access to documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. The recipient of any documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall maintain such information in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

If a receiving party discovers any loss of Confidential Information or a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential Information, the receiving party shall, as soon as practicable, but in any event, not longer than two (2) business days after discovery by counsel of such loss or breach: (a)

provide written notice to the Producing Party of such breach; (b) investigate and make reasonable efforts to remediate the effects of the breach, and provide the Producing Party with assurances reasonably satisfactory to the Producing Party that such breach shall not recur; (c) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach; (d) inform the person or persons to whom unauthorized disclosures were made of all terms of this Order; and (e) request such person or persons execute Exhibit A. The parties reserve the right to seek equitable relief, including specific performance, in the event of any unauthorized disclosure of Confidential Information. The receiving party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident. In any event, the receiving party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

**(d)** **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," if it does not already appear on the copy, to the extent reasonably possible. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents, provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the Confidential Information contained in those documents.

**(e)** **Inadvertent Production or Inadvertent Failures to Designate.** Any inadvertent production of privileged material or information subject to the work product doctrine shall not constitute or be deemed a waiver or forfeiture of any claim of any privileged or confidential information as provided in Federal Rule of Evidence 502, or entitle the receiving party to any additional information regarding the material or its subject matter. Nothing in this Order is intended to alter, and this Order shall be interpreted consistent with, Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5).

If a Producing Party discovers that it produced Confidential Information that was not designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," the Producing Party may promptly notify all parties, in writing, of the error and identify (by production number) the affected material and its new designation. Thereafter, the material so designated will be treated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" in conformity with the new designation. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each receiving party reflecting the change in designation. The receiving party shall make reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material. If corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," does not waive the Producing Party's right to secure protection under this Order for such material.

**8.** **Filing of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" Documents under Seal.** Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or

10

portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006), and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's, or a non-party's confidential information shall so advise the opposing party or non-party seven (7) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within three (3) days thereafter, the party or non-party whose confidential information is sought to be used may make an application to seal in accordance with this paragraph and Paragraph 1 of this Order, indicating the portion or portions of the information it seeks to have sealed. In the event the Court has not ruled on such application by a filing deadline, the parties agree to file the documents in question under seal pending a ruling by the Court. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

9.      **Challenges by a Party to Designation as Confidential.** Any "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation is subject to challenge by any party or nonparty with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer with the designating party or non-party in a good faith effort to resolve the objection by agreement. If agreement is reached waiving the "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation as to any

11

documents subject to the objection, the designating party or non-party shall notify all parties of the nature of the agreement and specify the covered documents.

10. **Action by the Court.** Applications to the Court for an order relating to any documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be by motion under the applicable Rules. Nothing in this Order or any action or agreement of a party or non-party under this Order limits the Court's power to issue any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

11. **Use of Confidential Documents or Information in this Action.** The provisions of this Order shall not be construed as preventing the use or disclosure of any information in any motion, hearing, or trial held in this Action, or any appeal therefrom. In the event that any material previously designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" becomes public in a legal proceeding, that material will no longer be afforded confidential treatment under this Order. If a party intends to present at a hearing or trial "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" documents or information derived therefrom, such party shall provide seven (7) days notice to the other party or producing non-party by identifying the documents or information at issue as specifically as possible *(i.e.,* by Bates number, page range, deposition transcript lines, etc.).

12. **Obligations on Conclusion of Litigation.**

    **(a)** **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)** **Return of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in Paragraph 7(d), shall be returned to the producing party or non-party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the producing party or non-party agrees to destruction in lieu of return; (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy all such documents that are reasonably accessible to the party (for instance, documents housed on system backup tapes maintained for disaster recovery would not be considered reasonably accessible and therefore would not need to be destroyed under this provision); or (4) with regard to any documents in the possession of the Commission, the Commission or its staff determines that it needs to retain such documents to fulfill its record-keeping obligations as required by law. Counsel for each defendant may also retain an archival copy of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" documents, provided that same are treated and protected as contemplated by this Order, and that such documents are not to be used for any non-archival purpose.

**(c)** **Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this

13

Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" documents.

   **(d)**   **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

   **13.**   **Order Subject to Modification.** This Order shall be subject to modification by the Court *sua sponte* or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and any other applicable Rules or Orders.

   **14.**   **Limited Protection.** Documents not designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" but produced to the Commission by any person or entity and bearing the language "Requests That These Documents Be Accorded Confidential Treatment" or "Confidential Treatment Requested By," shall be used by any defendant solely for use in connection with this Action. Such documents are not, however, subject to the other restrictions imposed upon those documents designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

   **15.**   **Producing Non-Parties.** Except as expressly provided herein, this Order does not expand, create, limit or otherwise alter any rights any non-party may have to seek relief from the Court under the Federal Rules of Civil Procedure ("FRCP") (including FRCP 26(c)), the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, this Court's Individual Rules of Practice or applicable case law to seek to protect

14

information designated confidential after receiving notice from a party of that party's intended filing. Further, except as expressly provided herein, this Order does not expand, create, limit or otherwise alter the rights any party may have under the foregoing provisions to oppose any non-party request for relief on any ground.

16. **Privacy Information.** The term "Privacy Information" shall mean documents containing an individual's social security number or taxpayer identification number (other than only the last four digits thereof), an individual's birth date (other than only the year of the individual's birth), the name of an individual known to be a minor (other than only the minor's initials), a financial account number (other than only the last four digits thereof), "Personal Data," "Personally Identifiable Information," "Sensitive Private Data," or "Nonpublic Personal Information" as these terms are defined under federal, state or foreign data protection laws, including without limitation the General Data Protection Regulation (EU) 2016/679 (the "GDPR"), or any information that a party or non-party believes in good faith to be subject to non-US data protection laws, regardless of whether such information has been designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." With regard to Privacy Information that any party has obtained in this case through production of documents, other discovery, or otherwise under Rule 26(a), that party will not disclose or use such Privacy Information other than as provided in this Order. The Commission represents that it has adequate safeguards in place to secure and protect Privacy Information of U.S. and non-U.S. persons, and also adheres to the Fair Information Practice Principles. *See* https://www.sec.gov/privacy.htm and 17 C.F.R. Subpart H-Regulations Pertaining to the Privacy of Individuals and Systems of Records Maintained by the Commission.

15

Additionally, the Commission has signed the IOSCO Administrative Arrangement ("AA") for the transfer of personal data between European Economic Area ("EEA") and non-EEA authorities. *See* https://www.sec.gov/files/Administrative_Arrangement.pdf; *see also* https://www.iosco.org/about/?subsection=administrative_arrangement. The AA allows signatory authorities to share personal data that would otherwise be restricted under the GDPR. As an AA signatory, the Commission has affirmed that it: recognizes the importance of the protection of personal data; has a robust data protection regime in place; and is committed to the safeguards set out in the AA.

17. **Disclosures Required or Permitted by Law.** Notwithstanding any other provisions contained herein but without prejudice to Paragraph 16, this Order does not limit or restrict either party from using or disclosing any materials to the extent otherwise required by law or permitted under Sections 21(a)(2), 24(c) and 24(f) of the Securities Exchange Act of 1934 and Rule 24c-1, promulgated thereunder, subject to the limitations and restrictions therein, provided any recipient has completed the individual certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

18. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by the parties or any producing non-party is subject to protection under Rule 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

16

Case 1:19-cv-09439-PKC Document 135-1 Filed 02/04/20 Page 18 of 19
Case 1:19-cv-09439-PKC Document 36-1 Filed 11/12/19 Page 17 of 18
Case 1:19-cv-09439-PKC Document 35 Filed 11/08/19 Page 17 of 18

19. **No Admission.** Nothing in this Order operates to create an admission by any party that any material disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all material disclosed, in accordance with applicable law and Court rules.

20. **Persons Bound.** This Order shall take effect when entered and shall be binding upon the parties, their counsel, and persons made subject to this Order by its terms, including any non-parties who produce documents subject to and with notice of this Order and any future party to this Action.

**STIPULATED AND AGREED BY.**

Dated:

Jorge G. Tenreiro
Kevin McGrath
Ladan Stewart
SECURITIES AND EXCHANGE
COMMISSION
200 Vesey Street, Suite 400
New York, New York 10281
Phone: (212) 336-9145 (Tenreiro)

*Attorneys for Plaintiff*

George A. Zimmerman
Scott D. Musoff
Christopher P. Malloy
Alexander C. Drylewski
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Phone: (212) 735-3000

*Attorneys for Defendants*

**SO ORDERED.**

P. Kevin Castel
United States District Judge
11/12/2019

**UNITED STATES DISTRICT COURT**

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION : | |
| : | 19 Civ. 9439 (PKC) |
| Plaintiff, : | |
| : | **ECF Case** |
| -against- : | |
| : | **Electronically Filed** |
| TELEGRAM GROUP INC. and TON ISSUER : | |
| INC., : | |
| : | |
| Defendants. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ATTACHMENT A FOR INDIVIDUALS:
ACKNOWLEDGMENT OF UNDERSTANDING
AND AGREEMENT TO BE BOUND**

1. I have reviewed the attached Stipulation and Protective Order.

2. By my signature below, I agree to the terms of the Stipulation and Protective Order.


By  _____
    (Print Name)

    _____
    (Signature)

    _____
    (Date)

    Dated: _____