UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION   :
: 19 Civ. 9439 (PKC)
        Plaintiff,   :
: ECF Case
   -against-   :
: Electronically Filed
TELEGRAM GROUP, INC. and TON ISSUER   :
INC.,   :
:
        Defendants.   :
---------------------------------------------------------------x

## DECLARATION OF ▓▓▓▓▓ IN SUPPORT OF MOTION TO SEAL CONFIDENTIAL DOCUMENT

I, ▓▓▓▓▓, declare as follows:

1. I am a ▓▓▓▓▓ at ▓▓▓▓▓ ("Investor G").[1]

I make this declaration based upon my personal knowledge in support of Investor G's concurrently filed Motion to Seal its Confidential Document. This declaration is also intended to support the sealing requests previously submitted by the Securities and Exchange Commission ("SEC") and Telegram Group Inc. ("Telegram") to allow the redaction of information that could identify Investor G as a participant in the Telegram deal.

### THE INVESTMENT MEMO

2. Investor G is a venture capital firm. Venture capital firms operate in a highly competitive market. Success in the venture business is predicated, in substantial part, on each firm's ability to evaluate opportunities and make corresponding investment decisions. Our processes for evaluating opportunities and making investment decisions separates us from our competition.

---

[1] The Declaration of Ladan F. Stewart (ECF No. 81) ("Stewart Decl.") identified us as "Investor G." For the Court's convenience and to avoid confusion that same pseudonym is used here.

3. We have been in operation for over a decade and have invested in hundreds of portfolio companies during that time. Each investment is accompanied by a sourcing, due diligence, and analysis process conducted by our partners and employees. Our internal process for evaluating opportunities and making final investment decisions has been carefully developed and honed over that time based on this extensive and unique experience and expertise. Our internal investment memorandum template (the "Investment Memo") is used to allow certain of our principals and employees to evaluate opportunities and make decisions based on various key factors and considerations. It is vital part of our sourcing, due diligence, and analysis process.

4. We attribute much of our business success to this sourcing, due diligence, and analysis process. Moreover, we have not shared our process or Investment Memo with other investors or the public at large, and both the sourcing, due diligence, and analysis process and Investment Memo remain our confidential business information.

5. If our sourcing, due diligence, and analysis process or Investment Memo were to be publicly disclosed, then we would lose a significant competitive advantage in the market. Such disclosure would make it easier for competitors to compete with us in a specific investment opportunity by giving them insight into our investment analysis and thesis, make investments that we would have otherwise made and/or attract capital away from us.

6. It would be difficult for our competitors to duplicate our sourcing, due diligence, and analysis process and the template of our Investment Memo. Each venture capital firm takes its own approach and there are innumerable methodologies that could be used to evaluate a potential venture investment. Each investor may consider different risks, financial or other information, projections, and other factors in evaluating a potential investment and/or may assign a different priority or weight to each such factor. The ability of our investment professionals to successfully

analyze and synthesize such information to form an investment thesis has been carefully developed over years of experience and memorialized in our Investment Memos. Disclosure of the Investment Memo would give other venture capital firms insights into our analysis and may allow other venture capital firms to emulate our investment approach.

7. We received a third party subpoena for documents from the SEC in October 2019. In response to that request, we produced, amongst other things, a confidential copy of our Investment Memo for the Telegram deal, which was produced to the SEC with Bates numbers ▮▮▮▮▮\_00373-▮▮▮▮▮\_00375 ("Investment Memo"). We produced these documents pursuant to the Protective Order, and the Investment Memo in particular was produced with stamps that read "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." I understand that our counsel has since followed up to remind the SEC that the Investment Memo is highly confidential and proprietary, and it should not be publicly disclosed.

8. The Investment Memo is based on the template described above and reflects our proprietary analysis of the Telegram deal, the cryptocurrency space, and related investment opportunities.

9. We treat our Investment Memos as confidential information and take the same precautions to guard the secrecy of our Investment Memos as we do all of our confidential and proprietary information. Moreover, each Investment Memo is made available only to those employees of Investor G who play a role in evaluating the applicable investment opportunity.

10. The Investment Memo was attached in redacted form as **Exhibit A to PX 7** to the Declaration of Ladan F. Stewart (ECF No. 81) ("Stewart Decl.").

11. If for some reason the Court declines to allow our Investment Memo to be filed under seal in its entirety, we would request an opportunity to redact any information that would allow

3

other venture capital firms to associate the memorandum with Investor G. However, such redactions would not adequately address the competitive harm we stand to suffer if the Investment Memo is made public, because even the structure of the document is confidential, proprietary, and trade secret.

### IDENTIFYING INFORMATION OF INVESTOR G

12. Through counsel, I understand that the SEC and Telegram have agreed to ask the Court to allow the redaction of any and all information that would identify Investor G as a participant in the Telegram deal. Specifically:

    a. The SEC is seeking to allow the redaction of identifying information in a declaration that I submitted to the SEC, which was attached as **PX7** to the Stewart Decl.

13. Our participation in the Telegram deal is confidential, as are the identities of any individuals and entities we spoke to about the Telegram deal. We generally do not disclose our confidential investments unless circumstances require disclosure and generally never disclose the identity or substance of discussions with third parties who we consult during the investment process, because disclosure would give our competition a window into our overall investment strategy.

14. Therefore, we support and advocate for the redaction of PX7 as outlined above. In order to keep our identity as a participant in the Telegram deal confidential, the following information would need to be redacted:

    a. The names and initials of our venture capital firm and our employees.

    b. The names of individuals and entities we spoke to about the Telegram deal.

c. The specific details of our participation in the Telegram deal, including dollar amounts and transaction dates.

d. Unique details about our venture capital firm, including the locations where we do business and the locations of our investor base.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 4, 2020 in ▓▓▓▓▓▓▓▓ , California.

