UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

        - against -

TELEGRAM GROUP INC. and TON ISSUER INC.

                   Defendants.
-----------------------------------------------------------------x

19 Civ. 09439 (PKC)

ECF Case

### NON-PARTY [REDACTED] MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL ITS CONFIDENTIAL DOCUMENTS

Non-Party [REDACTED] who is identified as Investor B in the SEC's Declaration of Ladan Stewart (ECF No. 81) hereby moves for an order sealing the documents lodged with the Court by the Plaintiff Securities and Exchange Commission as Exhibits D and E to the Declaration of Investor B (PX2) in support of the SEC's Motion for Summary Judgment (ECF No. 79). Exhibits D and E to Investor B's Declaration contain information and practices of Investor B that are proprietary and confidential. Investor B respectfully requests that an order be entered maintaining under seal these exhibits in their entirety in order to protect Investor B from competitive and commercial harm by the publication of its confidential business information.

The SEC previously filed a motion to seal and redact identifying investor information (ECF No. 28). As a result of this pending motion, identifying investor information is also redacted in this motion and supporting documents. Since the SEC previously identified the non-party movant here as Investor B, that nomenclature is also applied in this motion.

### I. FACTS

Non-party [REDACTED] is a venture capital investing family of funds. Declaration of

██████ filed herewith at ¶ 1 (hereinafter referred to as "Declaration of Investor B".) Venture funds like Investor B achieve success by employing investment strategies and processes that enable them to identify opportunities in the highly competitive venture capital business. *Id.* at ¶ 4. Investor B distinguishes itself from its competitors by its ability to identify industry sectors of need, formulate investment theses, keenly assess investments, and negotiate and market deal structures. *Id.*

Investor B's procedures for identifying opportunities and making profitable investments is its central proprietary competitive advantage and is documented in its investment memoranda. *Id.* at ¶ 6. Investor B takes steps to maintain the confidentiality of its proprietary information and the secrets of its investment memoranda. *Id.* at ¶ 7.

On October 30, 2019, Investor B produced Exhibits D and E in response to the SEC's document request in this litigation. *Id.* at ¶ 2 Exhibits D and E were subsequently referenced in the Declaration of Investor B which was provided to the SEC and filed in connection with its summary judgment motion as part of the Declaration of Ladan F. Stewart (ECF No. 81). In order to protect the identity of the investors, the Declaration of Investor B was redacted by the SEC to preserve confidential investor identifying information. However, the SEC's redactions were either incomplete or insufficient to protect the privacy of Investor B and multiple press reports have specified the names of multiple investors. Investor B's privacy has been compromised.

## II. LEGAL ARGUMENT

Pursuant to the directive of the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) confidential documents should be sealed where countervailing factors outweigh the presumption of public access to judicial documents, which include "the privacy interests of those resisting disclosure, such as trade secrets and sources of business information." *Dodona I, LLC v. Goldman, Sachs & Co., 119 F. Supp. 3d 152, 154*

(S.D.N.Y. 2015)("trading strategies, objectives and transactions" are confidential and not subject to the presumption of public access). In addition, Federal Rule of Civil Procedure 26(c) requires protecting a person from undue annoyance, embarrassment, or oppression. The application of these legal principles are explicitly heightened with respect to the privacy and proprietary interests of non-parties, such as Investor B here, which courts have held "carry great weight in the balancing of interests." *Dorsett v. Cty. Of Nassau*, 762 F. Supp. 2d 500, 521 (E.D.N.Y. 2011); *see also Doe v. City of New York*, No. 15-CV-117 (AJN), 2019 WL 4392533, at *2 (S.D.N.Y. 2019)("courts take the privacy rights of third-parties seriously.").

Exhibits D and E to the Declaration of Investor B fall squarely within the rubric of both valuable proprietary trade secrets and sensitive business information and procedures that should be sealed in their entirety.[1] They contain and address secret confidential information central to the core function of Investor B's business. Declaration of Investor B at ¶ 5; *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999)(trade secrets and "confidential research" are sealable); *In Re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 (S.D.N.Y. 2017)(information pertaining to critical competitive "strategy" sealed). The documents should be sealed in their entirety in light of the nature and degree of the impact of disclosure. Public disclosure of these documents will result in substantial injury to Investor B. Declaration of Investor B at ¶ 8. *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). This injury will aggravate and compound the injury already inflicted upon investors due to the previous insufficient redaction of identifying information.

Finally, sealing the investment memoranda and allowing limited redactions by the SEC to

---

[1] In addition, the substantive nature of the investment memoranda and their proprietary analysis have no relevance to the legal and factual little issues raised by the parties pending motions. As a consequence, these documents do not reach the level of important "judicial documents" subject to the presumption of public access. *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019); *see also Trump v. Deutsche Bank AG*, 940 F.3d 146, 152 (2d. Cir. 2019)(documents not relevant to issues on appeal are not "judicial documents.").

remaining exhibits, is a narrowly tailored approach that balances the interests of privacy and confidentiality of third parties and public access to judicial proceedings. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 at 120. In the alternative, if the Court decides against sealing some or all of the proprietary information of Investor B in Exhibits D and E, it is submitted that the Court should allow Investor B to work with the SEC to have them properly redacted.

## III. CONCLUSION

For the foregoing reasons, Investor B hereby request that the Court permanently seal Exhibits D and E to the Declaration of Investor B filed by the SEC as PX2 pursuant to the attached proposed order.


Dated: February 4, 2020

Respectfully submitted,

Patrick T. Murphy
Murphy Cooke Kobrick LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402

**Attorneys for Non-Party Investor B**