UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                  Plaintiff,<br><br>v.<br><br>TELEGRAM GROUP INC. and TON ISSUER INC.,<br><br>                  Defendants. | Case No. 1:19-cv-09439-PKC<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO SEAL CONFIDENTIAL DOCUMENT**

Non-party Investor X[1] respectfully moves for an Order to seal a document the Securities and Exchange Commission ("SEC") intends to file provisionally under seal with the Court as Exhibit PX32 in support of the SEC's Motion for Summary Judgement. (*See* ECF Nos. 78-80.) PX32 a confidential, internal memorandum Investor X prepared in connection with its decision to invest in Defendants Telegram Group Inc. and Ton Issuer Inc. (collectively, "Telegram"). To protect Investor X from competitive harm, Investor X requests that Exhibit PX32 be maintained under seal in its entirety, which is the only way to preserve Investor X's confidential commercial and financial information.

---

[1] For the reasons laid forth in Investor X's memorandum, and to avoid mooting the relief contemplated by the Court's January 23, 2020 memorandum endorsement (ECF No. 108), Investor X has anonymized and redacted identifying information in this motion and accompany supporting papers. However, Investor X will file under seal an unredacted version of its supporting Declaration that will identify Investor X. Investor X respectfully requests the Court grant Investor X's request to seal its supporting declaration when determining its request to seal exhibit PX32.

I.  **BACKGROUND**

Investor X is an investment fund that has invested in Telegram.  In January 2017, Investor X created a sensitive, internal investment memorandum that detailed its decision to invest in Telegram.  (Declaration of Investor X Representative in Support of Motion to Seal, or "Investor X Declaration," ¶3.)  This document revealed the result of Investor X's due diligence and research into the cryptocurrency market, the strategic reasons why Investor X chose to invest in Telegram, as well as the amount that Investor X invested.  (*Id* ¶¶5-6.)  This document was not shared outside of Investor X in the regular course of business, nor was the information in this document disclosed externally.  (*Id.* ¶4.)

On December 6, 2019, Investor X produced documents to the SEC in connection with this litigation.  Under the Stipulated Protective Order in this action, Investor X designated this investment memo as "Confidential" because it contains non-public "confidential trade secret[] . . . financial, competitive, [and] sensitive commercial" information.  (ECF No. 36 at 2.)  On January 28, 2020 the SEC informed Investor X that it would file Investor X's memorandum, labeled as exhibit PX32 in support of its Motion for Summary Judgment, provisionally under seal.  Pursuant to the Court's January 23, 2020 endorsement of the SEC's letter brief, Investor X had seven days to file a motion requesting sealing of this document.  (ECF No. 108.)

II.  **ARGUMENT**

A.  **PX32's Public Reveal Would Cause Competitive Harm to Investor X**

Courts are empowered to seal judicial documents where the sealing is "narrowly tailored" to the interests in question and "essential to preserve higher values." *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n. 1 (S.D.N.Y. 2017).  Upon a showing of "good cause," courts may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c).  And "good cause" is satisfied if

a "clearly defined and serious injury" would result from disclosure of the document. *Cohen v. Metro. Life Ins. Co.*, No. 00CIV.6112(LTS)(FM), 2003 WL 1563349, at *1 (S.D.N.Y. Mar. 26, 2003)

Courts routinely permit the sealing of documents that contain "sources of business information that might harm a litigant's competitive standing." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154-55 (S.D.N.Y. 2015) (citation omitted); *see, e.g.*, *In re Digital Music Antitrust Litig.*, 321 F.R.D. at 82 n. 1 (sealing confidential information relating to "competitive pricing" and "strategy"); *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-4394 (AJN), 2017 WL 1331288, at *11 (S.D.N.Y. Apr. 4, 2017) (sealing documents that revealed "the granular terms of private securities transactions involving non-parties").

Here, Investor X's investment memorandum contains "confidential research, development, or commercial information" directly within Rule 26's scope. *See* F.R.C.P. 26(c)(1)(G). The memorandum reveals the Investor X's investment criteria in the cryptocurrency space, the due diligence Investor X performed on Telegram, and Investor X's rationale for investing. (Investor X Decl. ¶¶5-6.) In addition, PX32 reveals sensitive financial information about the amount that Investor X invested and how Investor X structured its investment. (*Id.*)

Such competitive information is highly sensitive, and restriction of PX32 is warranted to avoid competitive harm to Investor X. The venture-capital space is highly competitive, and Investor X does not publicize its investment memorandum, and discusses its rationale behind selecting a company for investment internally. (*Id.* ¶3.) Similarly, Investor X does not regularly disclose financial information about its investments, including the amount it invested in Telegram or the financial structure of that deal. (*Id.*) The reveal of such investment strategies

would allow a competitor to undercut Investor X in pursuing similar investment opportunities in the future. (*Id.* ¶7.) The loss of a successful investment opportunity would be a significant lost opportunity and result in a financial injury to Investor X. (*Id.*) Moreover, the reveal of Investor X's analysis of the cryptocurrency space may also be used by other firms to unfairly compete with Investor X. Other cryptocurrency companies could also capitalize on Investor X's confidential information to unfairly disparage Investor X, which could result in a loss of goodwill and reputation for Investor X among future investment partners. (*Id.* ¶8.)

Finally, there is no practicable alternative to sealing the entirety of PX32. Investor X's investment strategy is sewn throughout the entire memorandum such that it would not be practicable to redact portions of the memorandum. And while redacting identifying information from the memorandum may prevent other investors from identifying Investor X, it would still risk competitive harm. Any unredacted, confidential business information that would be revealed may still enable a competitor to mimic Investor X's approach and prevent Investor X from securing future transactions. Accordingly, while Investor X appreciates the public's right to access public documents, Investor X respectively requests the entirety of PX32 be placed under seal.[2]

## III. CONCLUSION

For the foregoing reasons, Investor X respectfully requests that the Court grant its sealing request. Investor X attaches a Proposed Order to its motion herewith.

//

---

[2] However, if the Court is inclined to deny this motion to seal, then Investor X respectfully requests that the SEC (working in conjunction with Investor X) be allowed to redact any identifying information from PX32, including Investor X's name, the names of its employees, and other references throughout the document that would enable Investor X's competition to discern its identity.

1369608

Respectfully submitted,

KEKER, VAN NEST & PETERS LLP

Dated: February 4, 2020

By: *s/ Victor H. Yu*
KEKER, VAN NEST & PETERS LLP
VICTOR H. YU
vyu@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorney for Non-Party Investor X