UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>          v.<br><br>TELEGRAM GROUP INC. and TON ISSUER INC.,<br><br>                              Defendants. | Case No. 1:19-cv-09439-PKC<br><br>ECF Case<br><br><br>**REDACTED** |

### DECLARATION OF INVESTOR X REPRESENTATIVE IN SUPPORT OF MOTION TO SEAL CONFIDENTIAL DOCUMENT

I, _____, hereby declare and state:

1. I am over 18 years of age, and I submit this declaration on behalf of Non-party _____ ("Investor X") in connection with Investor X's Motion to Seal Confidential Document. Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge. If called upon as a witness, I would testify to these facts competently under oath.

2. I am the _____ at Investor X.

3. Investor X is a venture capital fund that has invested in Defendants Telegram Group Inc and Ton Issuer Inc. (collectively, "Telegram"). The venture business is predicated on each firm's ability to evaluate opportunities and make corresponding investment decisions. Venture funds operate in a highly-competitive market and are often in competition with each other to invest in the most promising early-stage companies.

4. Investor X is a successful investment fund; to facilitate that success, Investor X engages in extensive due diligence to evaluate each investment opportunity. Investor X does not publicly disclose details about its investment criteria or its rationale for investing in a company.

Moreover, Investor X does not release its internal investment memoranda or other investment-related documents to the public.

5. I understand that an Investor X memorandum may be filed in this litigation as "PX32." I am familiar with PX32. Investor X created this document in January 2017 as part of its evaluation of Telegram as a potential investment opportunity.

6. PX32 reveals highly confidential information. The document discloses Investor X's analysis of the crypto-asset market (sometimes referred to as the "cryptocurrency" market) writ large, and also summarizes key facts about Investor X's analysis of Telegram's position in that marketplace. PX32 also analyzes the pros and cons of investing in Telegram and the reasons why Investor X chose to invest. In addition, PX32 also reveals confidential information about the amount that Investor X invested in Telegram, and the financial structure of its investment.

7. If PX32 were publicly disclosed, Investor's X would suffer significant competitive harm. Our competitors would understand Investor X's strategic approach towards investments in the crypto-asset space, which would allow other investment firms to copy Investor X's strategy and make similar investments in other crypto-asset companies. Because of the competitive nature of the venture-capital space, Investor X may lose investments to its competitors that it would have made but for PX32's public disclosure. The loss of an investment would be a significant lost financial opportunity.

8. Moreover, because PX32 contains descriptions of Investor X's viewpoints on the crypto-asset space as well as specific entities and individuals in that space, its reveal may give our competitors information they could use to unfairly compete with Investor X in future deals. This could also result in a loss of goodwill for Investor X among potential investment partners, including future companies in which Investor X may invest.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 4, 2020.



1370128

Doc ID: bcb21f6ba949b08d2586c14aae021b4dee09c7f4