UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
: 
SECURITIES AND EXCHANGE :
COMMISSION, : **Filed Under Seal**
:
Plaintiff, :
: **19 Civ. 09439 (PKC)**
v. :
: **ECF Case**
TELEGRAM GROUP INC. and TON :
ISSUER INC., :
:
Defendant. :
:
------------------------------------------------------- X

# INVESTOR Z'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SEAL

Pursuant to this Court's January 22, 2020 Order (Dkt. No. 108) ("Sealing Order"), non-party, "Investor Z," respectfully moves for an order (1) permanently sealing the three documents described in Appendix A hereto from public disclosure, and directing that, if any of the documents are filed on the public docket, that they be filed with the redactions encompassed by Exhibits 1-A, 2-A, and 3-A hereto, and (2) requiring redaction of all information about non-party Investor Z's identity as a Grams purchaser, its financial information, its trade secrets, and the identity of proprietary contacts within its network that are critical to its business (hereinafter, the "Confidential Material") in any documents filed to date and any documents that may be filed on the public docket in the future, irrespective of the source of such documents.

The documents at issue in this motion, detailed further in Appendix A, consist of the following: <u>Request No. 1</u>: ███████████████████████████████

███████████████████████████████████

-1-

█████ one reference to Investor Z's name;[1] Request No. 2: a document that non-party Investor Z understands was submitted to the Court by the SEC under seal, containing Investor Z's Confidential Material, which the SEC now wishes to file on the public docket with proposed redactions that Investor Z agrees are appropriate; and Request No. 3: a document that non-party Investor Z understands was submitted to the Court by the SEC under seal, containing Investor Z's Confidential Material, which the SEC now wishes to file on the public docket with proposed redactions, but Investor Z believes the additional redactions reflected in Exhibit 3-A herewith are necessary to protect its Confidential Material.

Defendants assent to this motion. The SEC does not oppose redacting names and other information that may identify a Grams purchaser, but defers taking a position on this motion and any other proposed redactions until it has the opportunity to review this motion and supporting documents, and any other motions to seal that may be filed.

## INTRODUCTION

The SEC's case against Telegram is premised upon a desire to protect purchasers of Grams. Disclosure of sensitive information of non-party Investor Z—a third-party purchaser of Grams who complied with the SEC's requests for information with the expectation that such information would remain confidential—would directly undermine this goal and must be promptly and adequately addressed to prevent future harm.

Courts regularly protect confidential information of this nature when the privacy interests and other countervailing considerations defeat the presumption of public access to the information. *See Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 140 (2d Cir. 2013); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). This is

---

[1] ███████████████████████████████████████████████████

particularly true where, as here, the confidential information at issue is that of an "innocent third part[y]." *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (internal quotation marks and citation omitted).

Based on the foregoing and for reasons more fully explained herein, non-party Investor Z respectfully requests that this Court seal the identified Confidential Material in the manner set forth in Appendix A to this submission.

## BACKGROUND

As described in the declaration accompanying this submission (hereinafter "Decl."), non-party Investor Z is a venture capital firm whose business depends on its proprietary network. Decl. ¶¶ 2–4. Investor Z operates in a highly competitive market, and it distinguishes itself by its unique approach to analyzing and making investment and other strategic decisions, including through the utilization of proprietary contacts and business networks that facilitate its investment opportunities and decisions. *Id*. Investor Z considers its processes and the network it relies on for access to opportunities and making investment decisions and other strategic decisions—including the decision to purchase Grams—to be one of its most valuable and confidential business secrets. Decl. ¶ 4. Non-party Investor Z seeks to protect its internal processes and its network from public disclosure, because the publication of this information would damage its reputation and remove its competitive edge, making it easier for other venture firms to predict or preempt Investor Z's investment decisions and other strategic decisions. Decl. ¶¶ 5, 8.

### *Non-Party Investor Z's Voluntary Production of Documents*

Non-party Investor Z purchased Grams from Telegram. The SEC later contacted Investor Z, requesting its voluntary production of documents relating to its purchase. Investor Z complied with this request, producing documents to the SEC in response thereto. Decl. ¶ 6. These

documents contained sensitive confidential information and thus were produced with the designation CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, pursuant to the November 12, 2019 Protective Order entered in this case ("Protective Order"). *See* Dkt. No. 36.

The Protective Order provides that a party or non-party "may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words 'CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER' on the document" prior to or at the time of production. Dkt. No. 36, ¶ 2. It further provides that it is appropriate to designate materials as confidential under the Protective Order "upon making a good faith determination that the documents contain information…that should be protected from disclosure as confidential trade secrets, research, development, marketing, personal, financial, competitive, commercial, personal, private, or other sensitive commercial or personal information that is not publicly available[.]" *Id.* ¶ 3. The Protective Order provides for a specific process when a party wishes to file protected materials with the Court.

Unless otherwise ordered, the filing party "shall so advise the…non-party seven (7) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within three (3) days thereafter, the party or non-party whose confidential information is sought to be used may make an application to seal…indicating the portion or portions of the information it seeks to have sealed." *Id.* ¶ 8. With respect to the instant Motion, the Sealing Order superseded these timing requirements and provides that all non-parties have until February 4, 2020 to move to seal documents used by the parties to support their preliminary injunction and cross-summary judgment motions.

*Confidential Material*

████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████ This document is subject to Request No. 1 herein.

On January 28, 2020, the SEC notified non-party Investor Z that it intends to publicly file the two documents subject to Request No. 2 and Request No. 3 herein, which Investor Z designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that the SEC had relied upon in its Motion for Summary Judgment. The SEC previously provided these documents to the Court, but did not file them on the public docket. The SEC explained that it would "undertake to redact investor and business names before filing these documents" and that non-party Investor Z had until February 4, 2020 to move to seal all or a portion of any such documents pursuant to the procedure outlined in the Protective Order and the Sealing Order. On February 3, 2020, the SEC provided non-party Investor Z with copies of the its proposed redactions.

## ARGUMENT

Although there is strong presumption of the public's right to access court files and records, this presumption "is not absolute and can easily give way to 'privacy interests' or other considerations." *See Morning Mist Holdings Ltd.*, 714 F.3d at 140. Consequently, the decision whether information may be filed under seal is "one best left to the sound discretion of the trial

court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Non-party Investor Z respectfully requests that this Court exercise its discretion by granting this motion to seal the Confidential Material.

The Second Circuit recognizes that "privacy interests of innocent third parties [like Investor Z] should weigh heavily in a court's balancing equation. Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1050-51 (internal citations, quotations and alterations omitted); *see also Royal Park Invs. SA/NV v. Wells Fargo*, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018) (holding that redaction of third-party information was appropriate). Here, non-party Investor Z respectfully submits that this Court should protect non-party Investor Z's Confidential Material in the manner set forth in Appendix A for the following reasons:

*First,* the Court should grant the motion to seal non-party Investor Z's Confidential Material because the information fits into categories commonly recognized by courts of this District as warranting such protection. Investor Z is a venture capital firm whose success depends upon maintaining the confidentiality of its investors, its business networks, and its portfolio companies. Decl. ¶¶ 2–5. The Confidential Material identifies Investor Z as a Grams purchaser and describes in detail the information Investor Z gathered from its network as part of its analysis of the Grams purchase. These categories of information are properly protected as trade secrets. *See, e.g., Hardy v. Equitable Life Assurance Soc'y of United States*, 697 F. App'x 723, 725 (2d Cir. 2017) (Summary Order) ("trade secrets may be sufficient to defeat the presumption"); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) ("trade secrets" are "commonly sealed"); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152,

156 (S.D.N.Y. 2015) ("information concerning trading strategies, objectives and transactions . . . overcomes the presumption of public disclosure"). Public release of that information would cause non-party Investor Z irreparable harm. The Court should prevent this unnecessary and drastic harm to an innocent and cooperative third party. *See, e.g.*, *Dodona I, LLC*, 119 F. Supp. 3d at 156.

*Second,* Courts recognize the privacy interests of "innocent third parties" as a countervailing consideration that can overcome the presumption of access. *Doe v. City of New York*, No. 15-CV-117 (AJN), 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019). Investor Z is not a party to this action. Its decision to voluntarily comply with the SEC's requests should not result in harm that may flow from the inadvertent disclosure of its identity in connection with this litigation. The Court should grant the specific relief requested in Appendix A and order the SEC to implement comparable redactions if it plans to file public versions of other Confidential Material, irrespective of the source of the document. *See, e.g., Dodona I, LLC*, 119 F. Supp. 3d at 156 (approving "limited redactions" of, *inter alia*, identities of third parties in summary judgment record); *Kleftogiannis v. Inline Plastics Corp.*, No. 3:18-CV-1975 (VAB), 2019 WL 4244810, at *12 (D. Conn. Sept. 6, 2019) (finding proposed redactions of "non-party, non-management employees' names" in complaint to be "narrowly tailored to serve" employers' interests in maintaining integrity of internal investigation and protecting participants in investigation).

*Third,* this Court should consider how disclosure of the Confidential Material may quell non-parties from voluntarily assisting with investigations in the future. Indeed, "[o]fficials with law enforcement responsibilities may be heavily reliant upon the voluntary cooperation of persons who may want or need confidentiality," and permitting the exposure of the identity of those persons can chill cooperation. *Amodeo*, 71 F.3d at 1050. Accordingly, "[i]f release is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that

effect should be weighed against the presumption of access." *Id.*; *see also Doe*, 2019 WL 4392533, at *2 ("concerns that disclosing the identities of cooperators could hinder law enforcement are also relevant" to the disclosure analysis). Here, much of the Confidential Material was provided voluntarily by non-party Investor Z to the SEC in connection with the SEC's investigation of and lawsuit against Telegram. Non-party Investor Z provided this Confidential Material to the SEC with the expectation and understanding that it would be treated accordingly pursuant to the Protective Order. Without such assurances and safeguards to ensure confidentiality of the Confidential Material, it is unlikely that non-party Investor Z would have voluntarily produced its sensitive documents to the SEC or voluntarily submitted a declaration to the SEC for use in its Motion for Summary Judgment. And disclosing the Confidential Material will likely deter non-party Investor Z and other similarly situated non-party entities or individuals from cooperating in this case and in future SEC enforcement proceedings.

## **CONCLUSION**

For the reasons stated above, non-party Investor Z respectfully requests that the Court exercise its discretion in granting this motion to seal the Confidential Material. This is necessary to ensure that the Confidential Material is protected from public disclosure in the context of the pending litigation, including not referring to non-party Investor Z or to any of its current or former employees by name during the upcoming February 18 and February 19, 2020 hearings.

Dated: February 4, 2020              Respectfully submitted,

S/ Charles A. Brown
Charles A. Brown
*CBrown@goodwinlaw.com*
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: +1 212 813 8800
Fax: +1 212 355 3333

*Attorneys for Non-Party Investor Z*

# APPENDIX A

## Requested Treatment of Confidential Material

| Request No. | Description | Requested Relief | Basis for Seeking Protection |
|---|---|---|---|
| 1 | Email ███████████████ | ███████████████ attached hereto as **Exhibit 1-A**.<br><br>This is also a broader request for an order that the Court shall seal Investor Z's identity and other Confidential Material in any documents filed by the parties to date and going forward, even if that information is contained in documents produced by someone other than Investor Z. The aforementioned document ███████ was produced by the Defendants in this action, but contains Investor Z's Confidential Materials. | ███████████████ For the Court's convenience, attached as **Exhibit 1-B** is the SEC's original proposed redactions (in black), with non-party Investor E's additional proposed redaction (in highlights).<br><br>It is imperative that the SEC take adequate measures to protect non-party Investor Z's Confidential Material, including the identity of non-party Investor Z and its employees. This applies to documents produced by the SEC, Telegram or any other party or non-party. |
| 2 | Email attached as Exhibit PX150 to the Declaration of Ladan F. Stewart in Support of the SEC's Opposition to Defendants' Motion for Summary Judgment and in Further Support of Plaintiff's Application for a Preliminary Injunction, | An order that the SEC shall utilize the proposed redactions in the attached **Exhibit 2-A**, containing identical redactions as those proposed by the SEC, for any public filing of this document. | This document is not yet available on the public docket, but the SEC indicated that it will be filing it publicly after redacting personal identifying information. Non-party Investor Z received the SEC's proposed redactions on February 3, 2020, and agrees that they are appropriate.<br><br>This is an email among non-party Investor Z and Telegram personnel, discussing the Telegram Open Network ("TON") private placement in which Investor Z had expressed interest. Non-party Investor Z requests that the identifying information of its personnel be redacted, as set forth |

| Request No. | Description | Requested Relief | Basis for Seeking Protection |
|---|---|---|---|
| | filed January 29, 2020. (Dkt. No. 123). | | in the version attached as **Exhibit 2-A**.<br><br>For the Court's convenience, attached as **Exhibit 2-B** is the SEC's original proposed redactions to which Investor Z concurs, in highlights. |
| 3 | Email attached as Exhibit PX194 to the Declaration of Ladan F. Stewart in Support of the SEC's Opposition to Defendants' Motion for Summary Judgment and in Further Support of Plaintiff's Application for a Preliminary Injunction, filed January 29, 2020. (Dkt. No. 123). | An order that the SEC shall utilize the proposed redactions in the attached **Exhibit 3-A** for any public filing of this document. | This document is not yet available on the public docket, but the SEC indicated that it will be filing it publicly after redacting personal identifying information. Non-party Investor Z received the SEC's proposed redactions on February 3, 2020, and agrees that they are appropriate.<br><br>This is an email among Investor Z personnel and other non-party investors that form part of its network. The discussions in the email contain detailed assessments of the Grams purchase. As set forth in the declaration in support of this motion, Investor Z considers the information it gathers from its network to be valuable proprietary information. *See* Decl. ¶ 4. Accordingly, non-party Investor Z respectfully requests that this information be redacted as set forth in **Exhibit 3-A.**<br><br>For the Court's convenience, attached as **Exhibit 3-B** is the SEC's original proposed redactions (in black), with non-party Investor E's additional proposed redaction (in highlights). |