**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\- X

SECURITIES AND EXCHANGE
COMMISSION,

            Plaintiff,

     v.

TELEGRAM GROUP INC. and TON
ISSUER INC.,

            Defendant.

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\- X

**REQUEST TO BE FILED**
**UNDER SEAL**

**19 Civ. 09439 (PKC)**

**ECF Case**

**DECLARATION OF** ███████████████ **IN SUPPORT OF**
**NON-PARTY INVESTOR Z'S MOTION TO SEAL**

I, ████████████ declare as follows:

1. I am the Operating Partner of non-party ████████████ referred to herein as "Investor Z." I make this declaration based on my personal knowledge in support of non-party Investor Z's motion to seal seeking to protect documents containing information about non-party Investor Z's identity, financials, and trade secrets (hereinafter, the "Confidential Materials").

2. Investor Z is a venture capital firm. Our business depends on our distinctive approach to investments. That approach distinguishes Investor Z in a highly competitive market.

3. That distinctive approach to investment has been developed over nearly a quarter century, and includes as a crucial component the key connections and networks we have established. The development of this network is the result of long and significant expenditures of human and material capital.

4. The analysis and commentary we solicit through our network of connections is crucial to being provided investment opportunities, our investment decisions, and other strategic

opportunities and decisions, including our decision to enter into the Purchase Agreement for Grams. Our network, and the information we gather and connections we make from it, are among our most valuable confidential proprietary business secrets, and we do not share them under any circumstances with the public or third parties. Our reputation for confidentiality and discretion among our network is critical to our business.

5.   If our internal process and/or our network were disclosed publicly, we would suffer significant competitive damage. The publication of our network contacts would make it easier for other investors and venture firms to predict and preempt our investment choices. It would also damage our reputation for discretion and discourage members of our network from sharing investment opportunities and frank and detailed investment analysis with us.

6.   On or around October 7, 2019, the Securities and Exchange Commission ("SEC") sent a letter to Investor Z seeking voluntary production of documents in connection with its investigation of Telegram's sale of Grams. In response to this request, Investor Z produced documents to the SEC, all of which it designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pursuant to the Stipulation and Protective Order entered by the court in the above-referenced case on November 12, 2019.

7.   It is my understanding that the SEC has proposed filing Investor Z's Confidential Materials on the public docket, with certain proposed redactions.

8.   The disclosure of our Confidential Materials poses a serious risk to our ability to compete, as described above. It is imperative that these Confidential Materials be protected in the manner set forth in our motion to seal. Without this protection, our proprietary network will be publicized, which would damage our reputation and allow our competitors to take advantage

ACTIVE/102199313.2

of our unique methods, predict our future investment choices, and successfully recruit investors away from us.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: February 4, 2020

