SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
212-735-3792
DIRECT FAX
917-777-3792
EMAIL ADDRESS
CHRISTOPHER.MALLOY@SKADDEN.COM

February 4, 2020

**By Hand and ECF**
The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE:     *SEC v. Telegram Group Inc., et al.*, 19-cv-9439 (PKC) (S.D.N.Y.)

Dear Judge Castel:

Pursuant to Rule 1.A of your Honor's Individual Practices, this Court's November 12, 2019 Order (ECF No. 36), this Court's January 23, 2020 Order (ECF No. 108) and this Court's January 31, 2020 Order (ECF No. 125), we write on behalf of Defendants in the above-referenced action to respectfully request the filing under seal and/or with redactions of certain documents filed in connection with the parties' motions for summary judgment (ECF Nos. 73, 81, 94, 95, 97, 122, 123) and Plaintiff's motion to strike (ECF Nos. 77, 124). As detailed below and in the accompanying appendix.

- With respect to documents included as exhibits to the parties' motions that partially reflect sensitive personal or confidential business information, Defendants requests that the documents be filed under seal

and on the public ECF docket with appropriate redactions.  As for documents that  have already been ECF filed with redactions, Defendants request that those redactions remain or that the documents be refiled with redactions conforming to the below.

- With respect to documents included as exhibits to the parties' motions that in their entirety contain sensitive personal or confidential business information that cannot be reasonably redacted, Defendants request that the documents be filed under seal and not filed on the public docket.

- With respect to the parties' Local 56.1 Statements and accompanying declarations that reflect information from any sealed exhibits, Defendants request that the documents be filed under seal and on the public docket with redactions conforming with the above exhibits.

Appendix A attached hereto delineates each document to be filed under seal and placed on the docket in redacted form or sealed in its entirety, and the specific reason for each request.  Defendants understand that Section 5 of Your Honor's Individual Practices were amended effective yesterday to require ECF filing under seal of any proposed sealed documents, with any proposed redactions highlighted, and, as to documents proposed to be filed with redactions, public filing of the document with the proposed redactions.  Given the volume of documents at issue, Defendants expect to make these supporting filings expeditiously and note that most of the documents at issue have already been filed on the public docket with the proposed redactions.

## I.      The *Lugosch* Framework

Under *Lugosch v. Pyramid Co. v. Onondaga*, 435 F.3d 110, 120 (2d. Cir. 2006), when determining whether documents should be filed under seal the court must balance the presumption of public access to the documents with competing considerations weighing against such access.  Although judicial documents, such as those submitted in connection with a motion for summary judgment, are presumed to have a qualified right of access, they may nevertheless be kept under seal "if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand" and the sealing order is "narrowly tailored" to achieve those aims.  *Id.* at 120.

Such higher values and countervailing factors include, amongst other things: (a) the privacy interests of innocent third parties, *see In re SunEdison, Inc. Securities Litigation*, No. 16-cv-7917, 2019 WL 126069, *1 (S.D.N.Y. Jan. 7, 2019) (Castel, J.) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)) ("The privacy

interests of 'innocent third parties . . . should weigh heavily' when balancing the presumption of disclosure."); (b) the business and financial interests of parties or non-parties, *see GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630 (S.D.N.Y. 2011) (Castel, J.) (sealing exhibits containing proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting); and (c) information that is traditionally considered private rather than public, such as banking records, *see Strauss v. Credit Lyonnais, S.A.*, No. 06-CV-702 (DLI) (MDG), 07-CV-914 (DLI) (MDG), 2011 WL 4736359, at *4 (E.D.N.Y. Oct. 6, 2011).

Here, as detailed below, the documents Defendants seek to file under seal and/or redact fall within these three categories.[1]

### A.     Documents Containing Personal and Private Information of Third Party Investors

Defendants request that documents containing personal and private information of third party investors be filed with narrowly tailored redactions. "The privacy interests of 'innocent third parties . . . should weigh heavily' when balancing the presumption of disclosure." *SunEdison*, 2019 WL 126069 at *1. Moreover, redaction of the identities and personal information of third parties is appropriate when, as here, such information has no bearing on the case. *See Cohen v. Gerson Lehrman Group, Inc.*, No. 09-Civ-4352 (PKC), 2011 WL 4336679, *2 (S.D.N.Y. Sep. 15, 2011) (Castel, J.) (redaction of client names and individual contact information appropriate where the clients' identities have no bearing on the case and the information is not at issue in the dispute).

For documents falling in this category, Defendants proposed redactions would conceal only the names of investors and their identifying information, such as addresses, email addresses, phone numbers, and information of the like. The personal and private information of the third party investors, including their identities, have no bearing on the issues in this case and thus the presumption of access is low. *See In re SunEdison* at *2 (redactions proper where they consisted of the names of entities, which were not relevant to the decision and as such, presumption of access was low). Moreover, the privacy interests of these third party investors outweigh the interest in public access and Defendants' proposed redactions

---

[1]    In some instances, documents are also redacted pursuant to Federal Rule of Civil Procedure 5.2. This is noted where relevant in Appendix A.

are narrowly tailored to protect the interests of innocent third party investors.
*Lugosch*, 435 F.3d at 120.

Defendants further request that certain of the parties' Local 56.1 Statements
and accompanying declarations that reflect personal or confidential information from
the exhibits described above be filed under seal and placed on the public docket with
redactions conforming to those outlined in Category A.

B.      **Documents Containing Highly Confidential Financial and
        Business Information of Defendants and Third Party Investors**

Defendants further request that certain documents containing highly
confidential financial and business information of defendants and third party
investors be filed under seal either in their entirety or with appropriate redactions.

Filing documents under seal is appropriate when the public filing of a
document could harm the business and financial interests of parties or non-parties.
*See Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-4394
(AJN), 2018 WL 1750595, at *21 (S.D.N.Y. Apr. 11, 2018). "[T]rade secrets and
sources of business information that might harm a litigant's competitive standing"
are axiomatic categories of information that overcome the presumption of public
access. *Dodona I*, 119 F.Supp.3d at *154-157; *see also GoSMiLE, Inc. v. Dr.
Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630 (S.D.N.Y. 2011) (Castel, J.)
(sealing exhibits containing proprietary material concerning the defendants'
marketing strategies, product development, costs and budgeting).

Defendants request to file Exhibits PX 55 and PX 123 under seal and to place
them on the public docket with appropriate redactions. These documents contain the
future business plans and strategies of Defendants, the release of which could harm
Defendants' competitive standing. *See GoSMiLE, Inc. v. Dr. Jonathan Levine,
D.M.D. P.C.*, 769 F. Supp. 2d 630 (S.D.N.Y. 2011) (privacy interests of defendants
in protecting material concerning their marketing strategies, product development,
costs and budgeting outweighs the presumption of public access). Defendants'
interest in protecting this sensitive non-public information outweighs the
presumption of public access and Defendants proposed redactions are narrowly
tailored to protect that interest. *Lugosch*, 435 F.3d at 120.

Defendants also request to file exhibits PX 30, PX 31, PX 32, PX 33, PX 77,
PX 148, Exhibit E to PX 2, Exhibit A to PX 7, and Exhibit A to PX 8 under seal in
their entirety. These documents are highly confidential investment memoranda
belonging to third party investors and contain information concerning their business

and investment strategies.  The investors' interests in protecting this information outweighs the presumption of public access.  *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156-57 (S.D.N.Y. 2015) (third party "internal corporate documents that govern investment strategies, information regarding proprietary modeling assumptions, and more generally, customer names, account numbers, and pricing information" is the type of information that overcomes the presumption of public disclosure).  Moreover, disclosure of this information would harm the business and financial interests of innocent third parties and put them at a competitive disadvantage.  *Id.*; *see also Royal Park Investments*, 2018 WL 1750595, at *21.  Defendants understand that exhibits PX 31, Exhibit A to PX 7, Exhibit A to PX 8, are the subject of motions to seal filed by third parties (ECF Nos. 105, 138, 140).  Defendants defer to those motions for further information regarding the information contained within those documents.

Similarly, Defendants request to file PX 28, PX 194, and Exhibits A and B to PX 5 under seal and place them on the public docket with appropriate redactions.  These documents contain detailed discussions of third party investors' investment strategies which, if disclosed, would reveal confidential investment strategies and would harm the investors' business interests.  *See Dodona I*, 119 F. Supp. 3d at 156-57.  Defendants also understand that these documents are the subject of motions to be filed by third party investors.  Defendants refer to those motions for further information regarding the information contained in these documents and defer to their requested redactions.

Defendants further request that the parties' Local Rule 56.1 Statements and accompanying declarations that reflect confidential or sensitive information from the exhibits described above be filed under seal and placed on the public docket with redactions conforming to those outlined in Category B.

### C.    Banking Records

Finally, Defendants seek to file Exhibits PX 115 and PX 136 under seal in their entirety, both of which consist solely of confidential banking information.  Banking records are traditionally considered private information, rather than public, and thus the privacy interests in keeping banking details confidential far outweighs any presumption of access to this material.  *See Strauss*, 2011 WL 4736359, at *4.  Redactions are insufficient with regard to PX 115 and 136 because the documents solely contain the confidential banking information, thus redacting them would make the documents illegible.

**II.     Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court permit the documents detailed in Appendix A, attached hereto, to be filed under seal either in their entirety or with redactions as noted in Appendix A.


Respectfully submitted,

/s/ Christopher P. Malloy


cc:     All Counsel of Record (via ECF and email with enclosures)