UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
           :
**SECURITIES AND EXCHANGE**   :
**COMMISSION,**   :       **FILED UNDER SEAL**
           :
       Plaintiff,   :
           :
    v.   :       **19 Civ. 09439 (PKC)**
           :
**TELEGRAM GROUP INC. and TON**   :       **ECF Case**
**ISSUER INC.,**   :
           :
       Defendant.   :
           :
------------------------------------------------------- X

## INVESTOR E'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO SEAL

## TABLE OF CONTENTS

**INTRODUCTION**……………………………………………………………………….2

**BACKGROUND**……………………………………………………………………….3

**ARGUMENT**………………………………………………………………………..8

**CONCLUSION**……………………………………………………...…………….11

Pursuant to this Court's January 22, 2020 Order (Dkt. No. 108) ("Sealing Order"), non-party, "Investor E," respectfully moves for an order to protect documents described in Appendix A hereto from public disclosure. The identified documents contain information about non-party Investor E's identity as a Grams purchaser, its financial information, its trade secrets, and the identity of proprietary contacts within its network that are critical to its business (hereinafter, the "Confidential Material").

The Confidential Material at issue falls into three categories: (1) ███████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████ (2) documents that we understand were submitted to the Court by the SEC under seal with proposed redactions, but where non-party Investor E seeks to expand the scope of the protection, either through additional redactions or by sealing the document in its entirety ("Non-Public Confidential Material"); and (3) documents filed by the parties to date, and going forward by any party, revealing Investor E's identity, including if that information is contained in documents produced by someone other than Investor E.

Through this motion, non-party Investor E seeks: (i) ███████████████

███████████████████████████████████████████████████████

████████████████████████████████ (ii) an order that the Confidential Material identified in Appendix A to this submission be protected from disclosure in the manner specified in each

────────────────────

████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████

Request, which either proposes redactions or requests that the document with withheld in full as to certain filed and to be filed documents.

Defendants assent to this motion. The SEC does not oppose redacting names and other information that may identify a Grams purchaser, but defers taking a position on this motion and any other proposed redactions until it has the opportunity to review this motion and supporting documents, and any other motions to seal that may be filed.

## INTRODUCTION

The SEC's case against Telegram is premised upon a desire to protect purchasers of Grams. The SEC's disclosure of sensitive information of Investor E—a third-party purchaser of Grams, and who complied with the SEC's requests for information with the expectation that such information would remain confidential—directly undermines this goal and must be promptly and adequately addressed to prevent further harm.

A significant portion of the harm to non-party Investor E ███████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

████████ Investor E respectfully asks this court to accept the broader redactions proposed in Appendix A and as enclosed as the "A" exhibits herewith (but excluding Exhibit 7-A which should be sealed entirely), ████████████████████████████████████████

████████████████████████████ Courts regularly protect confidential information of this nature when the privacy interests and other countervailing considerations defeat the presumption of public access to the information. *See Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 140 (2d Cir. 2013); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). This is particularly true where, as here, the confidential information at issue is that of an "innocent third part[y]." *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (internal quotation marks and citation omitted).

Based on the foregoing and for reasons more fully explained herein, non-party Investor E respectfully requests that this Court seal the identified Confidential Material in the manner set forth in Appendix A to this submission.

## **BACKGROUND**

As described in the Declaration accompanying this submission (hereinafter "Decl."), non-party Investor E is a venture capital firm whose business depends on its unique ability to evaluate investment opportunities. Decl. ¶ 2. Investor E operates in a highly competitive market, and it distinguishes itself by its distinctive and creative approach to analyzing and making investment decisions, including through the utilization of proprietary contacts and business networks that facilitate its investment decisions. Decl. ¶ 3. Investor E considers its processes for making investment decisions and other strategic decisions – including the decision to purchase Grams in this matter – to be its most valuable and confidential business secret. Decl. ¶ 4. Non-party Investor E seeks to protect its internal processes and its network from public disclosure, because the

publication of these methods would remove its competitive edge, making it easier for other venture firms to predict or preempt Investor E's investment and strategic decisions. Decl. ¶ 5.

### *Non-Party Investor E's Voluntary Production of Documents*

Non-party Investor E purchased Grams from Telegram. The SEC, after the purchase but prior to the filing of this lawsuit, twice contacted Investor E requesting its voluntary production of documents relating to its purchase. Investor E complied, producing documents to the SEC in response to each of these requests. Decl. ¶¶ 6-9. These materials were produced with an expectation that the documents would remain confidential, consistent with the Protective Order. *See* Dkt. No. 36.[3]

The Protective Order provides that a party or non-party "may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words 'CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER' on the document" prior to or at the time of production. *Id.* ¶ 2. It further provides that it is appropriate to designate materials as confidential under the Protective Order "upon making a good faith determination that the documents contain information…that should be protected from disclosure as confidential trade secrets, research, development, marketing, personal, financial, competitive, commercial, personal, private, or other sensitive commercial or personal information that is not publicly available[.]" *Id.* ¶ 3.

The Protective Order provides for a specific process when a party wishes to file protected

---

[3] Investor E's initial document productions were completed before any lawsuit had commenced. In the absence of a Protective Order, Investor E produced documents with the "FOIA Confidential Treatment Requested" designation, in order to preserve the confidentiality. Once the Protective Order was entered, Investor E made its subsequent productions with the "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." In a November 14, 2019 cover letter to the SEC accompanying a document production, non-party Investor E stated its intention and expectation that the documents that had been produced prior to the Protective Order be designated as "CONFIDENTIAL" under its terms and afforded the same protections. Decl. ¶ 10. The SEC recently confirmed it was aware of this request, and took actions to claw back the documents.

materials with the Court. Unless otherwise ordered, the filing party "shall so advise the...non-party seven (7) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within three (3) days thereafter, the party or non-party whose confidential information is sought to be used may make an application to seal...indicating the portion or portions of the information it seeks to have sealed." *Id.* ¶ 8.

The SEC requested that non-party Investor E submit a declaration that could be used in support of its motions in this case. Decl. ¶ 11. Before agreeing to provide the requested declaration, counsel for non-party Investor E had numerous discussions with the SEC regarding the importance of ensuring that its confidential information remained protected, and that any public version of the declaration would be appropriately redacted. The SEC expressed that it was sensitive to these concerns and would redact all information from the declaration that could identify non-party Investor E as the declarant. On January 13, 2020, non-party Investor E provided the SEC with the requested declaration.

On January 15, 2020, the SEC provided non-party Investor E with its proposed redacted version of the declaration for public filing, asking non-party Investor E to confirm if the proposed redactions were acceptable.





 Non-party Investor E requests the such reference be redacted from all other documents produced in this action that have been filed or may be filed in the future, whether or not such documents were produced by Investor E. *See* Request No. 8.

### *Non-Public Confidential Material*

On January 28, 2020, the SEC also identified for non-party Investor E certain documents designated as "Confidential – Subject to Protective Order" that the SEC relied upon in support of its Motion for Summary Judgment. The SEC previously provided these documents to the Court, but did not yet file them on the public docket.

The SEC explained that it would "undertake to redact investor and business names before filing these documents" and that non-party Investor E had until February 4, 2020 to move to seal all or a portion of any such documents pursuant to the procedure outlined in the Protective Order and the Court's rules. Non-Party Investor E included its requests for confidential treatment with

respect to these documents at Request Nos. 4-7.

## **ARGUMENT**

Although there is strong presumption of the public's right to access court files and records, this presumption "is not absolute and can easily give way to 'privacy interests' or other considerations." *See Morning Mist Holdings Ltd.*, 714 F.3d at 140. Consequently, the decision whether information may be filed under seal is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Non-party Investor E respectfully requests that this Court exercise its discretion by granting this motion to seal the Confidential Material.

The Second Circuit recognizes that "privacy interests of innocent third parties [like Investor E] should weigh heavily in a court's balancing equation. Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1050-51 (internal citations, quotations and alterations omitted); *see also Royal Park Invs. SA/NV v. Wells Fargo*, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018) (holding that redaction of third-party information was appropriate). Here, non-party Investor E respectfully submits that this Court should protect its Confidential Material in the manner set forth in Appendix A for the following reasons:

*First,* the Court should grant the motion to seal non-party Investor E's Confidential Material because the information fits into categories commonly-recognized by courts of this District as warranting such protection. Investor E is a venture capital firm whose success depends upon its internal process for analyzing and making investment choices and other strategic decisions, as well as maintaining the confidentiality of its investors, its business networks, and its

8

portfolio companies. Decl. ¶¶ 2–5. The Confidential Material describes in detail the process by which non-party Investor E decided to purchase Grams, including, *inter alia*, the analytical methods Investor E employed, the relationship between the purchase and Investor E's internal decision-making process; the organizational structure of its decision-making process; various concerns with the Grams purchase; and the amount it ultimately spent to purchase the Grams. These categories of information are properly protected as trade secrets. *See, e.g., Hardy v. Equitable Life Assurance Soc'y of United States*, 697 F. App'x 723, 725 (2d Cir. 2017) (Summary Order) ("trade secrets may be sufficient to defeat the presumption"); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) ("trade secrets" are "commonly sealed"); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) ("information concerning [] trading strategies, objectives and transactions . . . overcomes the presumption of public disclosure"). Public release of that information would cause non-party Investor E irreparable harm. The Court should prevent this unnecessary and drastic harm to an innocent and cooperative third party. *See, e.g., Dodona I, LLC*, 119 F. Supp. 3d at 156.

*Second,* Courts recognize the privacy interests of "innocent third parties" as a countervailing consideration that can overcome the presumption of access. *Doe v. City of New York*, No. 15-CV-117 (AJN), 2019 WL 4392533, at \*2 (S.D.N.Y. Sept. 13, 2019). Investor E is not a party to this action. Its decision to voluntarily comply with the SEC's requests should not result in harm █████████████████████████████████████████████

███████████

█████████ non-party Investor E respectfully submits that this Court should grant this motion in order to ensure that non-party Investor E's privacy interests are adequately protected going forward. At a minimum, the Court should grant the specific relief requested in Appendix A,

including ordering the SEC to implement comparable redactions if it plans to file public versions

of other Confidential Material. *See, e.g., Dodona I, LLC*, 119 F. Supp. 3d at 156 (approving

"limited redactions" of, *inter alia*, identities of third parties in summary judgment record);

*Kleftogiannis v. Inline Plastics Corp.*, No. 3:18-CV-1975 (VAB), 2019 WL 4244810, at *12 (D.

Conn. Sept. 6, 2019) (finding proposed redactions of "non-party, non-management employees'

names" in complaint to be "narrowly tailored to serve" employers' interests in maintaining

integrity of internal investigation and protecting participants in investigation).

    *Third,* this Court should consider how ███████████████████████████

███████ may quell non-parties from voluntarily assisting with investigations in the future.

Indeed, "[o]fficials with law enforcement responsibilities may be heavily reliant upon the

voluntary cooperation of persons who may want or need confidentiality," and permitting the

exposure of the identity of those persons can chill cooperation. *Amodeo*, 71 F.3d at 1050.

Accordingly, "[i]f release is likely to cause persons in the particular or future cases to resist

involvement where cooperation is desirable, that effect should be weighed against the presumption

of access." *Id.*; *see also Doe*, 2019 WL 4392533, at *2 ("concerns that disclosing the identities of

cooperators could hinder law enforcement are also relevant" to the disclosure analysis). Here,

much of the Confidential Material was provided voluntarily by non-party Investor E to the SEC in

connection with the SEC's investigation of and lawsuit against Telegram. Non-party Investor E

provided this Confidential Material to the SEC with the expectation and understanding that it

would be kept confidential from the public, consistent with the Protective Order in this case.

Without such assurances and safeguards to ensure confidentiality of the Confidential Material, it

is unlikely that non-party Investor E would have voluntarily produced its sensitive documents to

the SEC, or consented to the submission of a declaration to the SEC for use in its Motion for

Summary Judgment. And disclosing the Confidential Material will likely deter non-party Investor E—and other similarly situated non-party entities or individuals—from cooperating in this case and in future SEC enforcement proceedings.

*Fourth,* the redactions requested by non-party Investor E must be considered in light of



Consequently, information about the company that might not otherwise be self-identifying must be viewed in this context, ████████████████████████████████

████████████████████████████████ Consequently, this Court should accept the additional redactions proposed by non-Party Investor E as necessary to protect its privacy interests, and prevent the public from connecting it with confidential information.

## CONCLUSION

For the reasons stated above, non-party Investor E respectfully requests that the Court

████████████████████████████████████████████████████

exercise its discretion in granting this motion to seal the Confidential Material as requested in Appendix A. This is necessary to ensure that the Confidential Material is protected from public disclosure in the context of the pending litigation, including not referring to non-party Investor E or to any of its current or former employees by name during the upcoming February 18th and 19th, 2020 hearings.

Non-party Investor E further requests that the unredacted version of this motion (including the accompanying declaration) and exhibits lodged herewith remain under seal for the reasons set

11

forth herein, ████████████████████████████████████████████████

████████████████████████

Dated: February 4, 2020                    Respectfully submitted,

                                           S/ Charles A. Brown
                                           Charles A. Brown
                                           *CBrown@goodwinlaw.com*
                                           GOODWIN PROCTER LLP
                                           The New York Times Building
                                           620 Eighth Avenue
                                           New York, NY 10018
                                           Tel.: +1 212 813 8800
                                           Fax: +1 212 355 3333

                                           *Attorneys for Non-Party Investor E*

# APPENDIX A

## Requested Treatment of Confidential Material

| Request No. | Category | Description | Requested Relief | Basis for Seeking Protection |
|---|---|---|---|---|
| 1 | ███ | The declaration of non-party Investor E ███ ████ ███████ ██████ | ████████ attached hereto as **Exhibit 1-A**. | ████████████████ ███████████████ For the Court's convenience, attached as **Exhibit 1-B** is the SEC's original proposed redactions (in black), with non-party Investor E's additional proposed redactions (in highlights). The document identifies non-party Investor E as a Grams purchaser and describes non-party Investor E's analysis supporting its decision to purchase Grams and the amount spent to purchase the Grams, which are highly sensitive trade secrets. ███████████████ |

| Request No. | Category | Description | Requested Relief | Basis for Seeking Protection |
|---|---|---|---|---|
| 2 | ███████ | Email ███ ██████ | ████████ attached hereto as **Exhibit 2-A.** | ████████ attached at **Exhibit 2-B.** This is an email between employees of non-party Investor E and Telegram containing discussions about a potential purchase of Grams. It contains information that identifies non-party Investor E and other non-party proprietary business contacts within Investor E's network. This is highly sensitive information which could cause significant harm to non-party Investor E it if publicly revealed. |

| Request No. | Category | Description | Requested Relief | Basis for Seeking Protection |
|---|---|---|---|---|
| 3 | ███ | ████ attached hereto as **Exhibit 3-A.** ████ | ████ attached at **Exhibit 3-B**. These exhibits contain copies of the same email between employees of non-party Investor E and Telegram confirming Investor E's Grams allocation and purchase price/amount. Non-party Investor E's identity as a potential Grams purchaser is highly sensitive information. ████ |

| Request No. | Category | Description | Requested Relief | Basis for Seeking Protection |
|---|---|---|---|---|
| 4 | Non-Public Confidential Material | An email attached as Exhibit A to the Declaration of non-party Investor E, dated January 13, 2020, ██████ ████████████ ████████ | An order that the SEC shall utilize the proposed redactions in the attached **Exhibit 4-A** for any public filing of this document. | This document is not yet available on the public docket, but the SEC indicated that they will be filing it publicly after redacting personal identifying information and provided non-party Investor E with their proposed redactions. Non-party Investor E agrees with the SEC's proposed redactions, but believes additional redactions are required. For the Court's convenience, attached at **Exhibit 4-B** is the SEC's original proposed redactions (in black), with non-party Investor E's additional proposed redactions (in highlights). This is an email among non-party Investor E employees, describing the company's analysis in support of its decision to purchase Grams and the amount it intended to spend to purchase the Grams, which are highly sensitive trade secrets. Non-party Investor E requests that this document be protected with additional redactions, beyond those proposed by the SEC, because it contains and reflects extremely sensitive information, trade secrets and proprietary information of Investor E. This additional protection is particularly appropriate under these circumstances, ██████████ ████████████████████████████ ████████████████████████████ The confidential information reflected in the attached email ██ ████████████████████████████ |

| Request No. | Category | Description | Requested Relief | Basis for Seeking Protection |
|---|---|---|---|---|
| 5 | Non-Public Confidential Material | An email attached as Exhibit B to the Declaration of non-party Investor E, dated January 13, 2020, ██████ ████████ ████████ ███████ | An order that the SEC shall utilize the proposed redactions in the attached **Exhibit 5-A** for any public filing of this document. | This document is not yet available on the public docket, but the SEC indicated that they will be filing it publicly after redacting personal identifying information and provided non-party Investor E with their proposed redactions. Non-party Investor E agrees with the SEC's proposed redactions, but believes additional redactions are required. For the Court's convenience, attached at **Exhibit 5-B** is the SEC's original proposed redactions (in black), with non-party Investor E's additional proposed redactions (in highlights). <br><br> This is an email among non-party Investor E employees, describing and reflecting non-party Investor E's analysis for its decision to purchase Grams, which is a highly sensitive trade secret. The SEC proposed redactions to certain portions of this email, and non-party Investor E agrees that the SEC's redactions of identifying information are necessary and appropriate and further requests additional redactions reflected in highlights on Exhibit 5-B. <br><br> This additional protection is particularly appropriate under these circumstances, ██████ ███████████████████████████ ████████████████████████████ ████████████ The confidential information reflected in the attached email ███████████████████ ████████████████████████ |

| Request No. | Category | Description | Requested Relief | Basis for Seeking Protection |
|---|---|---|---|---|
| 6 | Non-Public Confidential Material | Email attached as exhibit PX28 to the Declaration of Ladan Stewart in Support of the SEC's Motion for Summary Judgment (Docket Nos. 81 (filed Jan. 15, 2020); 122 (filed Jan. 29, 2020)). | An order the SEC shall utilize the proposed redactions in the attached **Exhibit 6-A** for any public filing of this document. | This document is not yet available on the public docket, but the SEC indicated that they will be filing it publicly after redacting personal identifying information and provided non-party Investor E with their proposed redactions. Non-party Investor E agrees with the SEC's proposed redactions, but believes additional redactions are required. For the Court's convenience, attached hereto at **Exhibit 6-B** is the SEC's original proposed redactions (in black), with non-party Investor E's additional proposed redactions (in highlights).<br><br>This is an email among non-party Investor E and Telegram personnel, where Investor E asked detailed due diligence questions to facilitate the company's analysis in support of its decision to purchase Grams, which is competitively sensitive business information.<br><br>Non-party Investor E requests that this document be protected with additional redactions, beyond those proposed by the SEC, because it contains and reflects extremely sensitive information, trade secrets and proprietary information of non-party Investor E. |

| Request No. | Category | Description | Requested Relief | Basis for Seeking Protection |
|---|---|---|---|---|
| 7 | Non-Public Confidential Material | Email attached as exhibit PX148 to the Declaration of Ladan Stewart in Support of the SEC's Motion for Summary Judgment (Docket Nos. 81 (filed Jan. 15, 2020); 122 (filed Jan. 29, 2020)). | An order that the entire document shall remain under seal. A copy of the document in unredacted form with the SEC's proposed redactions in highlights is attached for the Court's reference as **Exhibit 7-A.** | This document is not yet available on the public docket, but the SEC indicated that they will be filing it publicly after redacting personal identifying information and provided non-party Investor E with their proposed redactions.  Non-party Investor E agrees with the SEC's proposed redactions, but believes this entire document is Confidential Material and it should be withheld in full.  For the Court's convenience, attached as **Exhibit 7-B** is the SEC's proposed redacted version of this document.

This is an email among non-party Investor E employees, filed under seal by the SEC, describing non-party Investor E's analysis for its decision to purchase Grams and decision-making process, which are highly sensitive trade secrets. Non-party Investor E requests that this document be sealed in full because it contains and reflects extremely sensitive information, trade secrets and proprietary information of non-party Investor E.  This is particularly necessary in light of the fact that ▮▮▮▮▮▮▮ |

| Request No. | Category | Description | Requested Relief | Basis for Seeking Protection |
|---|---|---|---|---|
| 8 | ███████ ███ | ██████████ ██████████ | ██████████████ ████████████ ████████ attached hereto as **Exhibit 8-A.** <br><br> This is also a broader request for an order that the Court shall seal Investor E's identity and other Confidential Materials in any documents filed by the parties to date and going forward, even if that information is contained in documents produced by someone other than Investor E. The aforementioned document ████ ████████ was produced by the SEC in this action, but contains Investor E's Confidential Materials. | ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████ For the Court's convenience, attached as **Exhibit 8-B** is the SEC's original proposed redactions (in black), with non-party Investor E's additional proposed redactions (in highlights). <br><br> It is imperative that the SEC take adequate measures to protect non-party Investor E's Confidential Material, including the identity of non-party Investor E and its employees. This applies to documents produced by the SEC, Telegram or any other party or non-party. |