UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

     v.

TELEGRAM GROUP INC. and TON
ISSUER INC.,

        Defendant.

------------------------------------------------------- X

**REQUEST TO BE FILED UNDER SEAL**

19 Civ. 09439 (PKC)

ECF Case

**DECLARATION OF ███████ IN SUPPORT OF NON-PARTY ███████ MOTION TO SEAL**

I, ███████, declare as follows:

1. I am the Chief Financial Officer of non-party ███████████████████████. I make this declaration based on my personal knowledge in support of non-party ███████ motion to seal seeking to protect documents containing information about non-party ███████ identity, financials, and trade secrets (hereinafter, the "Confidential Materials").

2. ███████ is a venture capital firm. Our business depends on our unique ability to evaluate investment opportunities. ███████ operates in a highly competitive market, and it distinguishes itself by its distinctive and creative approach to analyzing and making investment decisions.

3. Our distinctive approach to investment, including the key connections and networks we have established, is the result of nearly a half-century of experience and success. The

development of our approach has come at a tangible cost to ▮▮▮▮▮▮, including through the compensation we pay to our Partners and other employees and staff.

4. Our internal process for analyzing and making investment decisions is critical to all our investment choices and other strategic decisions, including our decision to purchase Grams marketed by the defendants in this matter. That process is our most valuable confidential business secret, and we do not share it under any circumstances with the public or third parties.

5. If our internal process and/or our network were disclosed publicly, we would suffer significant competitive damage. The publication of our internal process would make it easier for other investors and venture firms to predict and preempt our investment choices. It would also damage our ability to recruit investment in our funds and to compete for deals.

6. The Securities and Exchange Commission ("SEC") identified ▮▮▮▮▮▮ as an entity likely to have information relevant to the present dispute. On or around February 5, 2018, the SEC sent a letter to ▮▮▮▮▮▮ seeking voluntary production of documents in connection with its investigation on Telegram's sale of Grams. In response to this request, ▮▮▮▮▮▮ produced hundreds of documents to the SEC through two separate productions—Volume 1 and Volume 2—which it labeled "FOIA Confidential Treatment Requested By ▮▮▮."

7. On or around October 7, 2019, the SEC sent a second letter to ▮▮▮▮▮▮ seeking further voluntary production of documents in connection with its investigation of Telegram. On October 11, 2019, before ▮▮▮▮▮▮ produced further documents, the SEC initiated this litigation. In or around mid to late October 2019, ▮▮▮▮▮▮ conveyed to the SEC that, in light of the litigation, it would not produce further documents to the SEC until a protective order was in place because it was important to ensure protection of its confidential information. The

SEC expressed that it understood ▮▮▮▮▮ confidentiality concerns and advised that it was in the process of negotiating a protective order with Defendants.

8. On November 8, 2019, the parties filed a proposed protective order with the Court (Dkt. No. 35) which was entered as an order on November 12, 2019 (Dkt. No. 36).

9. Soon after the Protective Order was entered, ▮▮▮▮▮ produced 400+ additional documents to the SEC which, pursuant to the procedures detailed in the protective order, it designated "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

10. In its November 14, 2019 production cover letter to the SEC, ▮▮▮▮▮ stated, "[a]s you know, ▮▮▮▮▮ previously produced documents responsive to the Request in response to the February 5, 2018 request for voluntary production of documents from the Staff ("Prior Request").… ▮▮▮▮▮ asks that the Staff treat all previously produced documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pursuant to the November 12, 2019 Protective Order entered in the above-referenced action. Should the Staff so require, ▮▮▮▮▮ is happy to reproduce Volumes 1 and 2 with the confidentiality designations branded on the documents pursuant to the Protective Order, to ensure appropriate treatment of those documents."  The SEC did not subsequently instruct ▮▮▮▮▮ that it needed to reproduce Volumes 1 and 2 with revised confidentiality branding to ensure adequate protection of those documents, nor did it advise that it would not abide by ▮▮▮▮▮ request to treat the pre-litigation productions as confidential under the Protective Order.

11. Thereafter, the SEC sought a declaration or, in the alternative, testimony from ▮▮▮▮▮ to use in connection with a summary judgment motion and motion for preliminary injunction that it intended to file in this case. Although ▮▮▮▮▮ agreed to provide the requested declaration, it had numerous discussions with the SEC regarding the import of

ensuring that its confidential information was not disclosed through such declaration and that such information would be redacted from the publicly filed version. The SEC expressed that it was sensitive to these concerns and would redact all information from the declaration that could identify ███████████ as the declarant and, if ███████████ desired additional redactions, it could file a motion to seal in accordance with the Protective Order. On January 13, 2020, ███████████ provided the SEC with the requested declaration.

12. I understand that the SEC has inadvertently filed certain of ███████████ Confidential Materials on the public docket. I also understand that the SEC has proposed filing additional Confidential Materials on the public docket, with proposed redactions that do not sufficiently shield ███████████ proprietary business information from public view.

13. The disclosure of our Confidential Materials poses a serious risk to our ability to compete, as described above. It is imperative that these Confidential Materials be protected in the manner set forth in our motion to seal. Without this protection, our proprietary internal processes will be publicized, which would allow our competitors to take advantage of our unique methods, predict our future investment choices, and successfully recruit investors away from us.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: February 3, 2020