UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>                     Plaintiff,<br><br>          - against –<br><br>TELEGRAM GROUP INC. and TON ISSUER<br>INC.,<br><br>                     Defendants. | 19 Civ. 9439 (PKC)<br><br>**ECF Case**<br><br>**Electronically Filed** |

### <u>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF NON-PARTY<br>JOHN HYMAN TO SEAL EXCERPTS OF DEPOSITION TRANSCRIPT</u>

Non-party John Hyman ("Mr. Hyman"), by and through his attorneys Quinn Emanuel

Urquhart & Sullivan, LLP, hereby moves, pursuant to Federal Rule of Civil Procedure 26(c)(1)

and the Stipulation and Protective Order entered in the above-captioned action on November 8,

2019 (the "Protective Order"), for a protective order sealing limited portions of the transcript of

his deposition taken on February 4, 2020 in the above-captioned case (the "Deposition

Transcript"), which are contained in Exhibit A to the Letter from the Securities and Exchange

Commission ("SEC") filed with the Court on February 10, 2020 (the "SEC Letter") (EFC Docket

No. 180)[1], for the following reasons:

### <u>BACKGROUND</u>

Mr. Hyman, a citizen of the United Kingdom, was the former Chief Investment Advisor

of Defendant Telegram Group Inc. ("Telegram"). On December 16, 2019, Plaintiff SEC filed an

application with the courts of the United Kingdom for an order directing Mr. Hyman to testify at

---

[1]   The SEC filed a public version of the SEC Letter at ECF Docket Number 181.

a deposition and produce evidence in the above-captioned action.  The application was granted on December 19, 2019, and Mr. Hyman was deposed in the United Kingdom on February 4, 2020.

On February 10, 2020, the SEC filed a letter asking that the Court consider certain additional evidence, based on Mr. Hyman's deposition testimony, in connection with the SEC's application for a preliminary injunction against Telegram. *See* ECF Dkt. No. 180.  The additional evidence was supported in the SEC Letter by citations to the Deposition Transcript, and attached as Exhibit A to the SEC Letter were excerpts from the Deposition Transcript. *See id.*

Certain limited portions of the Deposition Transcript excerpts attached as Exhibit A to the SEC Letter consist of private and sensitive information of non-parties to this litigation and are irrelevant to the issues relating to the SEC's preliminary injunction request against Telegram, and for the reasons set forth below, those portions should be sealed from the public.[2]

## ARGUMENT

Federal Rule of Civil Procedure 26(c)(1) provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including… requiring that a deposition be sealed and opened only on court order." "This rule 'confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" *U.S. Commodity Futures Trading*

---

[2]  The Protective Order in this case states that "no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed," and requires that any requests to seal be made by application to the court demonstrating that the standards for sealing have been met. *See* ECF Dkt. No. 36, ⁋ 8.

*Comm'n v. Parnon Energy, Inc.*, 593 Fed.Appx. 32, 36 (2d Cir. 2014) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

Second Circuit Courts engage in a three-step inquiry to determine whether information may be sealed from the public.  First, the Court determines whether the information should be designated as a "judicial document" subject to the right of public access.  In order to be designated a "judicial document," the document "must be relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F. 3d 110, 119 (2d Cir. 2006).

If the Court has determined that the document is relevant, then a presumption attaches that the document can be accessed by the public, and the Court proceeds to the second step, which is determining the weight of that presumption. *Id.* "The weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* "Courts have given various descriptions of the weight to be given to the presumption of access, ranging from an especially strong presumption requiring extraordinary circumstances to justify restrictions, to merely one of the interests that may bow before good reasons to deny the requested access." *U.S. v. Amodeo*, 71 F. 3d 1044, 1048 (2d Cir. 1995) (internal quotation marks and citations omitted).  Where testimony plays only a negligible role in the performance of Article III duties, the weight of the presumption of access is low and "amounts to little more than a prediction of public access absent a countervailing reason." *Id.* at 1050.

Once the weight of the presumption is determined, the Court must balance competing considerations against it. *Id.* One such competing interest is the privacy interest of a non-party to the litigation, and such privacy interests should weigh heavily in a court's balancing equation. *See*

*id.* (internal quotation marks and citations omitted); *SEC v. Waldman*, 17 Cv. 2088 (RMB), 2019 WL 1644965, at *2 (S.D.N.Y. Feb. 14, 2019) (the privacy interests of third parties should be weighed when determining whether to deny public access). Indeed, privacy interests are "a venerable common law exception to the presumption of access." *Amodeo*, 71 F. 3d at 1051.

Mr. Hyman wishes to seal the following four narrowly tailored portions of the excerpts of his Deposition Transcript attached as Exhibit A to the SEC Letter: (1) testimony regarding his employment after Telegram (Dep. Tr., 10:1-17); (2) the identity of Mr. Hyman's colleague who introduced him to one of Telegram's fundraisers (Dep. Tr., 11:3); (3) the amount of the capital contribution that Mr. Hyman made to Gram Vault (Dep. Tr., 124:19-25); and (4) the identity of an investor in Telegram (Dep. Tr., 154:17-22). This information pertains to non-parties to the litigation, is private and sensitive in nature, and is irrelevant to the dispute at issue. *See* Affidavit of John Hyman in Support of Motion of Non-Party John Hyman to Seal Excerpts of Deposition Transcript, ¶¶ 6-12. Indeed, the SEC does not reference any of this information in its letter to the Court; it just happens to be on the same pages as the excerpts of the Deposition Transcript that the SEC does reference.[3]

Because this information bears little relevance to this litigation, the weight of the presumption of public access that attaches to it is low. Meanwhile, the competing interests that

---

[3] Although in alleging that certain third parties affiliated with Telegram represented that they would continue to work on the Telegram's blockchain, the SEC cites a portion of the Deposition Transcript that references the non-party colleague whose identity Mr. Hyman wants sealed—the actual identity of this individual is irrelevant to the SEC's argument. *See* SEC Letter, at 2. Similarly, in alleging that a number of large investors were committed to using Gram Vault, the SEC does make reference to the portion of the Deposition Transcript that identifies the investor in Telegram whose identity Mr. Hyman wants sealed, but again, the actual identity of the investor is irrelevant to the SEC's argument. *See id.* As for the other two portions of the Deposition Transcript excerpts that Mr. Hyman wants sealed, the SEC does not even cite to them in its letter.

the Court must balance against the presumption strongly favor keeping it under seal, as they relate to the private employment information of a non-party to the litigation, the personal and sensitive business information of the non-party, and the identities of two non-parties who have absolutely no connection with this litigation. Furthermore, as this information does not relate to the litigation, no benefit to the public is served by providing access.

Courts in this Circuit have routinely issued protective orders sealing irrelevant and private information pertaining to non-parties, especially where it was narrowly tailored, as it is here. *See Waldman*, 2019 WL 1644965, at *2 (granting limited redactions of portions of documents of non-parties that were not being relied upon in litigating summary judgment); *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, No. 14-CV-09764 (KPF)(SN), 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018) (holding that narrowly tailored redactions of sensitive business information of non-parties are appropriate); *Saint-Jean v. Emigrant Mortg. Co.*, 11-CV-2122 (SJ), 2016 WL 11430775, at *8 (E.D.N.Y. May 24, 2016) (ordering redaction of information of non-parties due to "significant privacy interests of non-parties" and lack of relevance of information to any issue in the litigation); *Cohen v. Gerson Lehrman Grp.*, No. 09 Civ. 4352(PKC), 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (redacting identities of non-party clients and experts because such identities are irrelevant to dispute); *In re Savitt/Adler Litig.*, No. 95-CV-1842 (RSP/DRH), 1997 WL 797511, at *4 (N.D.N.Y. Dec. 23, 1997 (granting redactions of names and employment histories of non-parties because they were "minimal and largely unrelated to the public interest"). Likewise, the Court here should seal these limited portions of the Deposition Transcript excerpts relating to non-party Mr. Hyman and two other non-parties.

## CONCLUSION

Wherefore,  Mr. Hyman requests that this Court seal the following portions of Exhibit A to the SEC Letter (ECF Docket No. 180): (1) Dep. Tr., 10:1-17; (2) Dep. Tr., 11:3; (3) Dep. Tr., 124:19-25; and (4) Dep. Tr., 154:17-22.

Dated:  February 17, 2020                                Respectfully submitted,

                                                         **QUINN EMANUEL URQUHART &
                                                         SULLIVAN, LLP**

                                                         By: _____
                                                             Serafina Concannon, Esq.
                                                             1300 I Street NW Suite 900
                                                             Washington, DC 20005
                                                             Telephone: (202) 538-8000
                                                             Fax: (202) 538-8100
                                                             serafinaconcannon@quinnemanuel.com

                                                             Toby Futter, Esq.
                                                             51 Madison Ave, 22nd Floor
                                                             New York, NY 10010
                                                             Telephone: (212) 849-7000
                                                             Fax: (212) 849-7100
                                                             tobyfutter@quinnemanuel.com
                                                             *Counsel to Non-Party John Hyman*

                                                             *Of Counsel*
                                                             Michael Liftik, Esq.
                                                             1300 I Street NW Suite 900
                                                             Washington, DC 20005
                                                             Telephone: (202) 538-8000
                                                             Fax: (202) 538-8100