UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>- against –<br><br>TELEGRAM GROUP INC. and TON ISSUER INC.,<br><br>Defendants. | 19 Civ. 9439 (PKC)<br><br>**ECF Case**<br><br>**Electronically Filed** |

**AFFIDAVIT OF JOHN HYMAN IN SUPPORT OF MOTION OF NON-PARTY JOHN HYMAN TO SEAL EXCERPTS OF DEPOSITION TRANSCRIPT**

I, John Hyman, hereby declare and state:

1. I am over 18 years of age, and I submit this declaration in support of my motion to seal portions of the transcript from my deposition taken on February 4, 2020 that are contained in Exhibit A to the letter that the Securities and Exchange Commission ("SEC") filed with the Court on February 10, 2020 (see ECF Docket No. 181).

2. I make this affidavit of personal, firsthand knowledge, and, if called and sworn as a witness, I could and would testify competently thereto.

3. I am the former Chief Investment Advisor of Telegram Group Inc. ("Telegram"), the defendant in this case. I am not a party to this litigation.

4. On February 4, 2020, I was deposed in this case by plaintiff SEC in connection with my role at Telegram.

5. I understand that the SEC filed a letter with the Court on February 10, 2020 (ECF Dkt. No. 181), in which it made references to portions of my deposition testimony (the "SEC

1

Letter"). The SEC also attached as Exhibit A to the SEC Letter excerpts from my deposition transcript.

6. Certain portions of the excerpts attached as Exhibit A to the SEC Letter contain information that is private and sensitive, and as far as I understand, irrelevant to this litigation.

7. Namely, page 10 lines 1-17 of the deposition transcript contains information regarding my employment after Telegram. This information is private and sensitive and I do not believe it to have a bearing on this litigation.

8. Page 11 line 3 of the deposition transcript contains the identity of my colleague who introduced me to one of Telegram's fundraisers. She is also not a party to this litigation, and her identity is there private and I do not believe it to have a bearing on this litigation.

9. Page 124 lines 19-25 of the deposition transcript contains the amount of the capital contribution that I made to Gram Vault. As Gram Vault is a private company, this information is confidential and sensitive. My investment in Gram Vault also contains my private financial information, and again, I believe has no bearing on this litigation.

10. Finally, page 154 lines 17-22 of the deposition transcript contains the identity of another non-party to this litigation that invested in Telegram. The identity of this investor is confidential and private, and also irrelevant to this litigation.

11. In the SEC Letter, the SEC does not rely on any of this information. The information I seek to have sealed just happens to be on the same pages as the excerpts of the deposition transcript that it references.

12. Because this information is private and sensitive, and not relevant to this litigation, and because it comprises a small portion of the excerpts from the deposition transcript

that are attached as Exhibit A to the SEC Letter, I respectfully request that this Court keeps this information under seal.

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing affidavit are true.

Dated: February 15, 2020

_____<br>John Hyman