

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

February 18, 2020

Eva Ciko Carman
T +1 212 596 9039
eva.carman@ropesgray.com

**BY ECF**

The Honorable P. Kevin Castel
Daniel Patrick Moynihan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1412

Re:   **Securities and Exchange Commission v. Telegram Group Inc. and TON Issuer Inc. 19-cv-9439; Non-Party Investor H's Application to Seal**

Dear Judge Castel:

We write on behalf of non-party Investor H in reply to the SEC's February 13 omnibus response (ECF No. 190) to sealing applications filed by Investor H (ECF No. 138), other non-parties (ECF Nos. 106, 135, 140, 144, 149, 153), and Telegram (ECF No. 159).  The substance of the dispute between the SEC and Investor H pertains to certain redactions on one document:  PX8-A, which consists of Investor H's memorandum to its investment committee.[1]  Notably, the limited redactions Investor H seeks to apply to PX8-A are identical to the redactions the SEC affirmatively sought to seal on this same document earlier in this case.  *See* ECF No. 28 at 4 (arguing that sealing the redacted material is appropriate because the SEC did not cite any of the redacted material in its memorandum of law).  As was the case when the SEC filed its sealing application on October 23, 2019, it is still true that no party has cited or quoted any portion of the Proposed Redacted Material in PX8-A in any legal brief in this case.  For the reasons stated in Investor H's original sealing application (ECF No. 138) and below, Investor H believes the Proposed Redacted Material on PX8-A should be maintained under seal.

At a minimum, Investor H respectfully requests that the Court defer judgment on Investor H's sealing application until after the Court has ruled on the pending substantive motions so that the

---

[1] The SEC also challenges the redaction of a word used in a quote from an affidavit in the SEC's statement of facts (ECF No. 95 ¶ 157(d)) despite agreeing that the word should be redacted in the underlying affidavit itself (ECF No. 190, Exhibit A at 8-9) (agreeing to the redactions in the underlying affidavit, PX8 at ECF No. 138, but objecting to the corresponding redaction of the same word where the affidavit was quoted at ECF No. 95 ¶157(d)).

ROPES & GRAY LLP

- 2 -                                                                                                          February 18, 2020

Court can evaluate whether the Proposed Redacted Material in PX8-A played any role in the Court's exercise of its Article III authority.

## I.   The Legal Standard

As an initial matter, the SEC's omnibus opposition conflates the legal standard for sealing applications by parties and non-parties.  The SEC does not dispute that Investor H is a non-party to this case and the law is clear that a non-party's privacy interests are entitled to great weight.  *See, e.g.*, *Doe v. City of New York*, No. 15-cv-117, 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019); *Dorsett v. Cty. of Nassau*, 762 F. Supp. 2d 500, 521 (E.D.N.Y. 2011).  By filing an omnibus response to the sealing applications of both Defendants and the non-parties, the SEC blurs this significant distinction.  Indeed, only three of the cases cited by the SEC even address sealing requests by non-parties and none of those cases are helpful to the SEC's position here.

In addition, to the extent the SEC argues that every piece of paper is automatically a "judicial document" simply because it was filed by a party as an exhibit to a declaration that is nominally in support of or in opposition to summary judgment, that is not the law.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.").

For a more detailed recitation of the applicable legal standard, Investor H respectfully refers the Court to its original submission.  *See* ECF No. 138 at 2–5.

## II.   The SEC's Proposed Redactions Do Not Adequately Protect Investor H's Identity

The SEC agrees that Investor H's identity should be protected, at least at this phase of the case.  ECF No. 190 at 3.  *See, e.g., Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (hereinafter "*Dodona I*") (granting redactions to documents that show "identities of . . . third-parties' customers" including information showing "customer names, account numbers, and pricing information.").  However, the redactions unilaterally proposed by the SEC do not adequately accomplish even this agreed goal.  Indeed, courts routinely recognize that merely redacting a name may not be sufficient to preserve anonymity.  *See, e.g.*, *United States v. Silver*, No. 15-CR-93, 2016 WL 1572993, at *7 (S.D.N.Y. Apr. 14, 2016) (sealing information about the "nature and timeframe" of certain relationships that would "perhaps enabl[e] those familiar with the parties to identify the Jane Does"); *Chevron Corp. v. Donziger*, No. 11 CIV. 0691, 2013 WL 646399, at *13 (S.D.N.Y. Feb. 21, 2013) (agreeing that information that "indirectly" identifies Does can be sealed); *Doe v. City of New York*, 2019 WL 4392533, at *2 (approving sealing of information that "could expose the identities" of certain non-parties because "the Court will err on the side of caution to protect the interests of innocent third parties").  For example,

ROPES & GRAY LLP

- 3 -                                                                       February 18, 2020

certain proper names that represent key business relationships and interactions of Investor H are also not redacted in the SEC's proposal and could therefore identify Investor H to the public.[2]

### III. Investor H's Privacy Interests Outweigh Any Presumption of Public Access to the Proposed Redacted Material

#### A. The Proposed Redacted Material on PX8-A Is Not Relevant

As set forth in more detail in ECF No. 138, even assuming, *arguendo*, that PX8-A is a judicial document and that a *Lugosch* weighing test is appropriate, PX8-A's relevance to the pending motions is limited. The SEC does not dispute that the portions of PX8-A that Investor H seeks to redact are not quoted or cited in any legal brief filed by any party.[3] This is compelling evidence that the Proposed Redacted Material on PX8-A are not relevant to, or at least not important to, resolution of any pending motion.

Indeed, the SEC does not make any argument about how the Proposed Redacted Material on PX8-A is relevant to anything, and instead argues that PX8-A and five other investment memoranda from other investors are collectively relevant as a whole because they evidence that Investor H and other investors hoped to profit from their investments. ECF No. 190 at 5. Given that an employee of Investor H submitted an affidavit attesting to that very fact, ECF No. 81, PX8 at ¶ 11, PX8-A overall has, at most, duplicative relevance to the pending motions. Indeed, the SEC argues that all the investment memos by all the investors are, from their standpoint, "very similar", ECF No. 190 at 4, because the SEC is relying on them for the uncontroverted (and obvious) point that professional investors hoped to profit from their investments. Indeed, this is a point that Defendants do not contest. *See* ECF No. 93 at 2 ("[T]he SEC advocates at length for the unremarkable proposition that the Private Placement investors hoped to profit from their Purchase Agreements.

---

[2] It is challenging for Investor H to provide specific examples of how the unredacted text in the SEC's proposed version of PX8-A could be used to identify Investor H without also providing a roadmap for Investor H's competitors to identify Investor H if the SEC's position is adopted by the Court.

[3] The SEC alleges that it refers to "all these investor memoranda in connection with its pending motions, including citing directly to potions of them in its Rule 56.1 statements of facts and its briefs (*e.g.*, Reply Brief, Dkt. 113 at 8-9)." ECF No. 190 at n.4. While there is a single quote from PX8-A that appears in Defendants' response to the SEC's 56.1 statement and Defendants' response to the SEC's 56.1 counter-statement, ECF No. 95 at ¶ 163 and ECF No. 120 at ¶ 81, the SEC does not quote from PX8-A in any of its statements of facts or memoranda of law.

ROPES & GRAY LLP

- 4 -                                       February 18, 2020

Of course they did."). Quite simply, PX8-A has extremely limited relevance overall, and the Proposed Redacted Material has none.[4]

### B. The Redacted Portions of PX8-A Contain Highly Sensitive Proprietary Information

The SEC concedes that each of the non-party investors had different investment approaches, with some being "more granular than others" and some "engag[ing] in more substantial or wider ranging considerations." ECF No. 190 at 4. Nevertheless, the SEC argues that, with two limited exceptions, none of the investment memoranda contains any sensitive proprietary information because each contains an "analysis one would expect any sophisticated, diligent investor to engage in." *Id*.[5] Respectfully, the SEC is wrong. If professional investing were as straightforward and uniform as the SEC posits, all professional investors would make the same investments and obtain similar returns. That is clearly not the case. Indeed, the fact that many professional investors are apparently in agreement that their investment memoranda contain competitively-sensitive information that could be exploited if shared among each other is compelling evidence that there is competitively sensitive information contained in the investment memoranda (or at least in PX8-A). *See also New York v. Actavis*, No. 14 Civ. 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) ("[N]on-public strategies and financial information constitute 'confidential commercial information' . . . particularly where the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors.").

The SEC does not articulate any reason for its change in position with respect to the Proposed Redacted Material on PX8-A. *See* ECF No. 28 at 4. Instead, the SEC relies on clearly distinguishable cases to support its argument. For example, the SEC relies heavily on the decision in *Saks Inc. v. Attachmate Corp.*, No. 14-cv-4902, 2015 WL 1841136 (S.D.N.Y. Apr. 17, 2015). In contrast to Investor H's request here, the dispute as to confidentiality in *Saks* involved litigants, not third parties. In *Saks*, the defendant initially sought to conduct the litigation "entirely in secret" by submitting under seal its *full filings* without offering any reason why they should be considered

---

[4] The SEC also argues that an unspecified "substantial portion" of certain unspecified investment memoranda "essentially just summarize marketing material Telegram provided to them." ECF No. 190 at 4. It is unclear whether the SEC contends this is true for the Proposed Redacted Material on PX8-A (it is not) but, to the extent the SEC's argument is true with respect to other documents, it would further underscore that such documents have limited relevance (since they contain nothing unique) and would be an additional reason to grant sealing, not deny it.

[5] Even if the few investment memoranda that the SEC elected to provide to the Court happen to be similar, which Investor H cannot evaluate, they are not necessarily similar to the considerations by the other 170 investors who invested in Grams or the unknown number of other investors who considered but did not make an investment in Grams. The SEC's proposal would allow all of these other investors and the entire public to access PX8-A with virtually no redactions.

ROPES & GRAY LLP

- 5 -                                            February 18, 2020

trade secret. *Id.* at *15. By contrast, Investor H seeks the sealing of narrow portions of its proprietary investment memorandum with a supporting application that explains why the revelation of that discrete information would cause harm. *See* ECF. No. 138. The information Investor H seeks to seal—the distillation of its proprietary investment thesis, its research and diligence, and a roadmap to its analysis of potential investments—stands in sharp contrast to the compliance policies, information about settlement offers, and discussions about the resolution of the case that the defendants sought to keep under seal in *Saks*. There, unlike here, the court noted that the information at issue was "not a pattern or device of any sort. And it [was] not a compilation of information, or research or development." *Saks*, 2015 WL 1841136, at *17. Here, in contrast, Investor H seeks to keep confidential select portions of its investment memo that provide a blueprint for how it evaluates investments in the competitive field of money management.

The only three cases that the SEC cites that involve sealing applications by non-parties do not support the SEC's position here. First, the decision in *Newsday LLC v. Cty. of Nassau* supports Investor H's position. 730 F.3d 156 (2d Cir. 2013). The *Newsday* court granted a non-party's request to seal portions of a document, explaining that "it would be absurd" to conclude that a court must place the entirety of a "lengthy, sensitive document" into the public record where it contained "confidential material" that was "not at issue in the [court] proceeding."[6] *Id*. at 167. The SEC cites *United States v. Avenatti* for the uncontroversial position that, in evaluating a sealing application, the Court should consider whether the information sought to be sealed is already public. No. 19-cr-373, 2020 WL 70952, at *6 (S.D.N.Y. Jan. 6, 2020). The SEC does not argue, however, that the Proposed Redacted Material on PX8-A is already public. Finally, the SEC cites *Salomon Smith Barney, Inc. v. HBO & Co.*, which holds that sealing is appropriate when a non-party makes "some showing that the disclosure of the information in question would cause some harm, either to the disclosing party or someone else." No. 98 Civ. 8721, 2001 WL 225040, at *3 (S.D.N.Y. Mar. 7, 2001). As explained in ECF No. 138 and herein, Investor H clearly meets this test.

On the other hand, the SEC's attempt to distinguish the myriad cases supporting sealing here are not persuasive. For example, the SEC concedes that the court in *Dodona I* approved the sealing of a non-party's "internal corporate documents concerning ***investment strategies***, information regarding proprietary modeling assumptions, customer names, and pricing information." ECF No. 190 at 5. The SEC then argues that *Dodona I* is distinguishable because the investor memoranda at issue here "do not disclose proprietary models, formulas, or pricing information." *Id*. However, by the SEC's own admission, *Dodona I* holds that sealing is appropriate for documents containing "investment strategies", which is indisputably the case here. *Dodona I* at 155 (sealing is appropriate for information containing "trading strategies, objectives and transactions"). Likewise, the SEC

---

[6] The *Newsday* court rejected a request to seal portions of a court transcript since the court concluded that the hearing transcript did not disclose confidential information. *Newsday*, 730 F.3d at 165–66. This holding is inapposite as Investor H does not seek to seal any hearing transcript or, indeed, any information that was cited or quoted in any party's legal briefs.

ROPES & GRAY LLP

- 6 -                                                    February 18, 2020

seeks to distinguish *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64 (S.D.N.Y. 2017) based solely on a conclusory statement that *Digital Music* involved "actual proprietary information." ECF No. 190 at 6. And the SEC's attempt to distinguish *GoSMiLE, Inc. v. Levine*, 769 F. Supp. 2d 630 (S.D.N.Y. 2011) is to argue that the information the Court approved sealing in that case was "highly proprietary." ECF No. 190 at 6. In fact, the "highly proprietary material" in *GoSMiLE* consisted of information "concerning the defendants' marketing strategies, product development, costs and budgeting" and the "actual proprietary information at issue" in *Digital Music* consisted of pricing strategies and competitive market data. *Digital Music*, 321 F.R.D. at 82, n.1 (S.D.N.Y. 2017). The information Investor H seeks to seal is substantially the same as that in *Dodona I*, *GoSMiLE*, and *Digital Music*: investment strategies and internal analysis about other potential investments which would reveal key information to the market about how Investor H approaches potential investments.

Notably, the SEC concedes elsewhere in its letter that a one-paragraph description of an "investment thesis" contained in Investor F's investment memorandum is appropriately sealed, ECF No. 190 at 7, but offers no explanation why, for example, the one paragraph description under the literal heading "Investment Thesis" in PX8-A is not entitled to the same protection.[7]

Finally, the need to protect the proprietary information of the non-parties is not obviated by the fact that they are, at least for now, being identified anonymously. This is particularly true given that their identities could become known, especially with the benefit of the clues available from the parties' redaction and metadata filing mistakes in this case to date.[8]

\*     \*     \*

For the foregoing reasons, non-party Investor H respectfully requests that the Court grant its application to seal the Proposed Redacted Material as identified in the exhibits submitted in connection with ECF No. 138.

Respectfully submitted,

/s/ Eva Ciko Carman
Eva Ciko Carman

---

[7] Investor H has not seen the documents submitted by Investor F so is unable to assess or articulate to the Court specific similarities beyond what is disclosed in the SEC's letter-brief.

[8] As the SEC acknowledges, it has filed several documents with what it describes as "inadvertent redaction or metadata errors." ECF No. 190 at 7, n.6.