UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION :

                 Plaintiff,

      -against-

TELEGRAM GROUP, INC. and TON ISSUER INC.,

                 Defendants.
-----------------------------------------------------------------x

19 Civ. 9439 (PKC)

ECF Case

Electronically Filed

### DECLARATION OF ███████████ IN SUPPORT OF MOTION TO SEAL CONFIDENTIAL DOCUMENT

I, ███████████, declare as follows:

1. I am the Chief Financial Officer and Operating Partner at ███████████ ███████████ ("Investor F").[1] I make this declaration based upon my personal knowledge in support of Investor F's concurrently filed Motion to Seal its Confidential Document.

2. Investor F is a venture fund. Our business is substantially predicated on our ability to evaluate opportunities and make corresponding investment decisions. That evaluation process requires our personnel to have frank and open internal discussions about investment strategy—including by email—which may touch on the amount of our potential investments, the benefits and risks of certain investments, and how to handle technical issues that may be unique to certain opportunities. Venture funds like ours operate in a highly competitive market and these internal discussions about investment strategy are commercially sensitive.

---

[1] The SEC previously filed a motion requesting an Order to file under seal and in redacted form on ECF materials reflecting investor names. (ECF No. 28). This document continues to redact this information, and related identifying information. We respectfully submit these redactions should be maintained for the reasons stated in the SEC's prior motion. We were subsequently identified with the pseudonym "Investor F" in the Declaration of Ladan F. Stewart (ECF No. 81) ("Stewart Decl."). I will assume that pseudonym here for the Court's convenience and to avoid confusion.

3. We produced several confidential emails fitting this description to the Securities and Exchange Commission ("SEC") in response to a document request in October 2019, each of which relates to Investor F's participation in the Telegram deal at the heart of this action. That production included a confidential email produced to the SEC with Bates numbers ▮▮▮0004928-▮▮▮0004931, which the SEC attached as Exhibit B to the Letter of Jorge G. Tenreiro (ECF No. 181) regarding additional evidence in support of the SEC's Application for a Preliminary Injunction (ECF No. 98). I will refer to that confidential email as "Exhibit B" herein.

4. Exhibit B is a confidential and internal communication that was not shared outside of our business. In particular, Exhibit B reflects a lengthy and substantive internal discussion during November 2018 among Investor F personnel relating to the Telegram deal. Large sections of the email exchange reflect the type of confidential strategy discussion outlined above. For example:

   a. Exhibit B shows Investor F personnel analyzing whether we should participate as a validator on the Telegram network—a novel issue for venture funds in the age of cryptocurrency, which presents unique benefits and risks.

   b. Exhibit B also shows Investor F personnel analyzing how to handle custody of Grams, which cannot be stored in a traditional bank or brokerage account—another novel issue for venture funds in the age of cryptocurrency.

   c. Exhibit B also shows Investor F personnel analyzing how these challenges affect our decision to invest in the Telegram deal, including how to invest, how much to invest, and when to invest.

5. For these reasons, we produced a confidential copy of Exhibit B to the SEC pursuant to the protective order entered in this action (ECF No. 36) ("Protective Order"). Exhibit B was produced to the SEC with stamps that read "CONFIDENTIAL – SUBJECT TO PROTECTIVE

ORDER" and "FOIA CONFIDENTIAL TREATMENT REQUEST." I understand that our counsel has communicated to SEC's counsel that Exhibit B is highly confidential and commercially sensitive, and that it should not be publicly disclosed. Consistent with the Protective Order, the SEC did not file Exhibit B on the public docket.

6. The email discussion in Exhibit B has been kept confidential because Investor F personnel recognized that large sections of it contain information about our expertise and the strategy we chose to follow, which constitute valuable business secrets. If those confidential sections of Exhibit B were disclosed to Investor F's competitors, we would face competitive harm, because our competitors would come to know the specific strategy we followed in analyzing the Telegram deal, and how specific factors impacted our ultimate decision to invest. Our competitors could use that information against us in the context of future deals.

7. Redaction of Exhibit B is therefore necessary to protect Investor F's confidential business secrets. Attached as **Exhibit 1** hereto is a copy of Exhibit B with proposed redactions that are necessary to protect those business secrets, as outlined above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 18, 2020 in ███████████

220524900

3