UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,              :
                                                 :
                                  Plaintiff,    :   19 Civ. 09439 (PKC)
                                                 :
                    - against -            :   ECF Case
                                                 :
TELEGRAM GROUP INC. and TON ISSUER INC.          :
                                                 :
                                Defendants.   :
                                                 :
-------------------------------------------------------------------x

**NON-PARTY ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
REPLY IN FURTHER SUPPORT OF ITS MOTION
TO SEAL ITS CONFIDENTIAL DOCUMENT**

      The Securities and Exchange Commission's ("SEC") omnibus response to the recent motions to seal documents (ECF No. 190) ("Omnibus Response") contains important factual and legal mistakes and omissions as it relates to Investor F's motion to seal its proprietary investment memorandum (ECF. No. 105) ("Sealing Motion"). The Court should disregard the SEC's Omnibus Response and allow Investor F's confidential investment memorandum ("Investment Memo") to be filed under seal.

      First, the SEC applies the wrong legal standard by arguing that non-party Investor F's Investment Memo is not sufficiently "unique" or "novel" to warrant sealing protection. But the SEC's fixation on whether the Investment Memo is unique is misguided, without basis in law, and undercut by the very cases on which the SEC relies. Second, even if the SEC were correct that a non-party's information must be unique to warrant protection, the Investment Memo would meet that standard. As set forth in Investor F's Sealing Motion, the Investment Memo reflects Investor F's unique and proprietary analysis in two very different respects: (1) it contains Investor F's individualized analysis of the Telegram deal and the cryptocurrency space overall, and (2) it uses

a confidential and proprietary template which Investor F has carefully honed through substantial effort and expense. The SEC does not adequately address these issues, and indeed completely ignores the fact that the Investment Memo's template is a trade secret in its own right. Investor F's rights would not be adequately protected if only a small portion of the Investment Memo were redacted.

For these reasons and those stated in the Sealing Motion, Investor F respectfully requests that the Court grant its Sealing Motion and allow the proprietary Investment Memo to be sealed in its entirety.

## I. LEGAL STANDARD

In determining whether to seal documents, courts in this jurisdiction follow the standard set forth in *Lugosch v. Pyramid Co. of Onandaga*, 435 F.3d 110, 119–120 (2d Cir. 2006), which weighs the general presumption of public access to judicial documents against competing considerations in favor of sealing such documents. Importantly, countervailing factors, including the risk of disclosure of "trade secrets and sources of business information that might harm a litigant's competitive standing" should outweigh the general presumption of public access in many cases. *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154 (S.D.N.Y. 2015). Where, as here, disclosure would harm a party's "competitive standing" or otherwise cause "oppression, . . . undue burden, or expense," sealing is warranted. *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n. 1 (S.D.N.Y. 2017). Where the information in question "rise[s] to the level of trade secrets," sealing is appropriate; however, even confidential business secrets may appropriately be sealed. *See, e.g., In re Digital Music Antitrust Litig.*, 321 F.R.D. at 82 n. 1.

## II. ARGUMENT

### A. The SEC Misstates the Applicable Standard

In its Omnibus Response, the SEC argues that none of the non-party investment memoranda, including Investor F's Investment Memo, should be sealed because they do not "bring[] to bear unique investment algorithms or proprietarily derived investment formulas." (Omnibus Response at 4.) The SEC implicitly argues that Investor F's supposedly "standard investment analysis" does not warrant sealing because it is "not novel or surprising," and thus is not proprietary. (Omnibus Response at 4, 6.) This is not the applicable standard and the SEC's position is not supported by its own cases.

Indeed, the SEC relies upon *Dodona I*, *Digital Music*, and *GoSMiLE, Inc. v. Levine*, 769 F. Supp. 2d 630 (S.D.N.Y. 2011)—three cases in which courts actually allowed the sealing of information that was not necessarily unique or novel by the SEC's definition of those terms. In *Dodona I*, the court allowed the sealing of documents "concerning investment strategies," as well as customer names and pricing information. *Dodona I*, 119 F. Supp. 3d at 155. Similarly, in *Digital Music*, the court allowed the sealing of pricing strategies and market data. *Digital Music*, 321 F.R.D 82 n. 1. Finally, in *GoSMiLE*, the court allowed the sealing of "marketing strategies, product development, costs and budgeting." *GoSMiLE*, 769 F. Supp. 2d at 650. Contrary to the SEC's position, each of these cases allowed the sealing of internal analysis and strategy documents without considering whether the underlying information was unique, novel, or surprising. *See Dodona I*, 119 F. Supp. 3d at 155; *Digital Music*, 321 F.R.D 82 n. 1. Therefore, the SEC's own cases demonstrate that it may be appropriate to seal confidential documents even if they do not rise to the level of a trade secret.

### B. The Investment Memo Qualifies as Both a Trade Secret and as Sensitive Business Information

The Investment Memo qualifies for protection because it is both a trade secret and sensitive business information. The SEC broadly suggests that the various investment memoranda prepared by the non-party Telegram investors are not unique or proprietary because they "consist of the type of . . . analysis one would expect any sophisticated, diligent investor to engage in." (Omnibus Response at 4.) That argument misses the point for multiple reasons.

First, as Investor F explained in the Sealing Motion, a venture fund's ability to analyze all available information and make corresponding investment decisions are what sets it apart from the competition. (Sealing Motion at 5.) Venture funds spend considerable resources on their internal investment analyses and take significant steps to maintain their confidentiality. (*Id*.) Here, the Investment Memo reflects Investor F's detailed analysis of the Telegram deal and the nascent cryptocurrency space. (*Id*.) That analysis necessarily required consideration and discussion of certain public information, but the way in which that public information was analyzed is the confidential business secret for which Investor F now seeks protection. Put differently, the Investment Memo is not merely a "summary" of public information (Omnibus Response at 7), but rather the sophisticated analysis of a particular investment opportunity by Investor F's internal professional team. This type of information qualifies for sealing protection. *See Dodona I*, 119 F. Supp. 3d at 155; *Digital Music*, 321 F.R.D 82 n. 1.

Second, the SEC completely ignores Investor F's argument that the *template* of the Investment Memo is itself a trade secret. Therefore, regardless of whether the specific analysis of the Telegram deal is proprietary or worthy of sealing, the overall format of the entire document requires protection. As Investor F explained in the Sealing Motion, it has spent considerable resources over two decades to develop its investment process which includes the template of the

4

Investment Memo. (Sealing Motion at 5.) Investor F has taken precautions to guard the secrecy of the template, including requiring its employees to sign non-disclosure agreements and tightly controlling who has access to it. (*Id*.) The template contains the factors that Investor F considers in evaluating an investment opportunity, as well as how those factors are structured within Investor F's overall analysis. (*Id*.) All of this goes to the heart of Investor F's business as a venture fund, and disclosure of the template would make it easier for competitors to attract capital away from Investor F and/or make investments that Investor F would have otherwise made. (*Id*.) *See Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-4394 (AJN), 2017 WL 1331288, at *11 (S.D.N.Y. Apr. 4, 2017) (granting request to seal information including the "terms of private securities transactions involving non-parties" based on the above trade secret factors). In its cursory treatment of Investor F's Investment Memo in the context of the Omnibus Response, the SEC fails to address these important points.

Put simply, the Investment Memo and particularly the template on which it is based are the secret sauce of Investor F's business. For the reasons stated in the Sealing Motion, the Investment Memo qualifies as both a trade secret and sensitive business information and it should be sealed in its entirety to protect Investor F from harm to its "competitive standing" and from "annoyance, embarrassment, oppression, or undue burden or expense." *Digital Music*, 321 F.R.D. at n. 1; Fed. R. Civ. P. 26(c).

### III. REDACTING INVESTOR IDENTITY IS NOT ADEQUATE

As the SEC has acknowledged, it made mistakes by filing certain protected information about the non-party investors on the public docket through what the SEC describes as "inadvertent redaction or metadata errors." (Omnibus Response at 7, n.6.) In order to protect Investor F against harm it may suffer as a result of the SEC's inadvertence, sealing the entire Investment Memo is

appropriate. Merely redacting Investor F's identifying information is not sufficient to protect its competitive standing.[1]

## IV. CONCLUSION

For the foregoing reasons, Investor F respectfully requests that the Court grant Investor F's Sealing Motion and allow for the Investment Memo to be filed under seal in its entirety.

Dated: New York, New York
February 24, 2020

Respectfully submitted,

*/s/ Philip M. Bowman*
Philip M. Bowman
COOLEY LLP
55 Hudson Yards
New York, NY  10001-2157
(212) 479-6000

*Attorneys for Non-Party Investor F*

---

[1] As Investor F explained in the Sealing Motion, this is not a situation where redaction can be used to adequately protect the producing party (which, in this case, is a non-party investor that has cooperated by producing confidential documents subject to a protective order). Sealing the entire document is the "narrowly tailored" approach. (Sealing Motion at 6.)