UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,             :
                                                :
                                    Plaintiff,  :      19 Civ. 09439 (PKC)
                                                :
            - against -                         :      ECF Case
                                                :
TELEGRAM GROUP INC. and TON ISSUER INC.         :
                                                : Defendants.
                                                :
                                                :
-------------------------------------------------------------------x

### REPLY MEMORANDUM OF LAW IN SUPPORT OF INVESTOR B'S MOTION TO SEAL

Non-Party Investor B submits this reply memorandum in response to the omnibus response of the SEC and Opposition to its Motion to Seal (ECF No. 190) ("SEC Opposition").

In a peculiar twist on its motto of being the "Investor's Advocate" the SEC opposes Investor B's Motion to Seal (ECF No. 142) and seeks to require the public disclosure of an third-party investor's confidential and proprietary investment memoranda. The SEC's argument lacks any specific factual rebuttal of the clear demonstration by Investor B that it will be harmed by disclosure, fails to engage in a meaningful or consistent analysis of the substance of the investment memos, and overstates, and in some instances ignores, the law governing the protection of third party confidential information under *Lugosch v. Pyramic Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

First, there is no attempt to address the specific factual showing that disclosure of Investor B's investment memos will lead to substantial commercial injury. Investor B's Motion to Seal at 3. Instead, the SEC resorts to the generalization that all of the various investment memos sought to be sealed are essentially similar and identical and, therefore, are not "novel or surprising." SEC Opposition at 4. Putting aside that this argument is impervious to rebuttal

since only the SEC has access to all of the purportedly similar investment memoranda, the SEC's attempt to view all the memos "collectively" cannot meet the standard of a meaningful weighing of the particular privacy rights of a third party in the "balancing equation" of determining whether to seal confidential information. *S.E.C. v. Waldman*, 2019 WL 1644965, at *2 (S.D.N.Y. Feb. 14, 2019).

Second, the SEC glosses over the substantive nature of the investment memos by attempting to characterize them as substantially being a summary of the publicly available offering documents from Telegram. SEC Opposition at 4. This is inaccurate and misleading. While the investment memos clearly, and necessarily, reference the factual aspects of the Telegram offering they include more than a simple recitation of this public information. The SEC's assertion also contradicts its position that the investment memos are "highly relevant evidence of these sophisticated investors' expectations of profits." *Id.* at 5. Nor is it supportable to claim that the investment analysis contained within the investment memos is not protectable since it fails to include "unique investment algorithms or proprietarily derived investment formulas." *Id* at 4. The law does not support such a narrow definition and Investor B's investor memoranda are precisely the type of "internal corporate documents that govern investment strategies" that is a recognized protectable privacy interest that overcomes the presumption of public disclosure. *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015).

The SEC also makes no mention of the heightened privacy interests of third parties, such as Investor B here. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (privacy interests of innocent third parties "weigh heavily" when balancing disclosure). Accordingly, the SEC's reliance on *Kulig v. Midland Funding, LLC*, 2014 WL 8060586 (S.D.N.Y. Aug. 13, 2014) is distinguishable in that it addresses the privacy interests of a defendant as opposed to a non-party. In the face of clearly demonstrated harm of the disclosure of the investment memos by

Investor B, there is no compelling reason for the Court to accept the SEC's attempt to dismiss this proprietary information as but "merely articulating the factors they considered in making an investment." SEC Opposition at 6.

For the foregoing reasons, Investor B respectfully requests that its Motion to Seal be granted.

Dated:  February 24, 2020

Respectfully submitted,

_____
Patrick T. Murphy
Murphy Cooke Kobrick LLP
177 Bovet Road, Suite 600
San Mateo, CA  94402

**Attorneys for Non-Party Investor B**