**From:** John Hyman [johnhyman2@icloud.com]
**Sent:** 01/02/2018 22:17:29
**To:** shyam@telegram.org
**Subject:** Telegram purchase

My documents
Had an issuer with scanner

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                                                TLGRM-006-00002131

PRIVATE & CONFIDENTIAL

## SCHEDULE 1
## ISSUER'S WARRANTIES AND PARENT'S WARRANTIES

Each of the Issuer and the Parent severally warrants to the Purchaser that:

1. it is validly incorporated, in existence and duly registered under the laws of its jurisdiction of incorporation;

2. the execution, delivery and performance by it of this Purchase Agreement is within its power and has been duly authorised by all necessary action on its part;

3. this Purchase Agreement will, when executed, constitute its legal, valid and binding obligation, enforceable against it in accordance with its terms, except as limited by bankruptcy, insolvency or other laws of general application relating to or affecting the enforcement of creditors' rights generally and general principles of equity;

4. to its knowledge, the performance and consummation of the transactions contemplated by this Purchase Agreement do not and will not:

    (a) violate any judgment, statute, rule or regulation applicable to it (assuming the accuracy of the Purchaser's Warranties);

    (b) result in the acceleration of any material contract to which it is a party or by which it is bound; or

    (c) result in the creation or imposition of any lien upon any of its material properties, assets or revenues or the suspension, forfeiture, or nonrenewal of any material permit, license or authorisation applicable to it, its business or operations; and

5. no consents or approvals are required by it in connection with the performance of this Purchase Agreement, other than its corporate approvals.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER    TLGRM-006-00002159

PRIVATE & CONFIDENTIAL

## SCHEDULE 2
## PURCHASER'S WARRANTIES

The Purchaser warrants to the Issuer and the Parent that:

1. if the Purchaser is an entity, the Purchaser is validly formed, in existence and duly registered under the laws of its jurisdiction of formation;

2. the Purchaser has the full legal capacity, power and authority to execute and deliver this Purchase Agreement and to perform its obligations hereunder;

3. this Purchase Agreement will, when executed, constitute a legal, valid and binding obligation of the Purchaser, enforceable against the Purchaser in accordance with its terms, except as limited by bankruptcy, insolvency or other laws of general application relating to or affecting the enforcement of creditors' rights generally and general principles of equity;

4. the entry into this Purchase Agreement and the consummation of the transactions contemplated thereby is lawful under the laws of the jurisdiction of the Purchaser's incorporation and the jurisdiction in which it operates (if different), and such purchase will not contravene any law, regulation or regulatory policy applicable to the Purchaser;

5. it has been advised that the investment contract represented by this Purchase Agreement is a security and that the offers and sales thereof have not been registered under any country's securities laws and, therefore, the investment contract represented by this Purchase Agreement cannot be resold except in compliance with each applicable country's laws;

6. the Purchaser is purchasing the Tokens for its own account and not with a view towards, or for resale in connection with, the sale or distribution thereof (*provided*, *however*, that by making the representations and warranties herein, except as set forth in this Purchase Agreement, the Purchaser does not agree to hold any of the Tokens for any minimum or other specific term and reserves the right to dispose of the Tokens at any time in accordance with applicable securities laws and the terms of this Purchase Agreement). The Purchaser does not presently have any agreement or understanding, directly or indirectly, with any Person to distribute any of the Tokens;

7. the Purchaser is a sophisticated party with sufficient knowledge and experience in financial and business matters to evaluate properly the merits and risks of entering into this Purchase Agreement, including the merits and risks associated with subscribing for Tokens. The Purchaser understands that its investment hereunder and in the Tokens involves a high degree of risk. The Purchaser has conducted its own analysis and made its own decision to enter into this Purchase Agreement and agree to purchase the Tokens and has obtained such independent advice (including accounting, legal and tax advice) in this regard as it deemed appropriate; and the Purchaser has not relied in such analysis or decision on any Person other than its own independent representatives. The Purchaser and its representatives have been afforded the opportunity to make inquiries of the Issuer and/or the Parent. The Purchaser can afford a complete loss of its investment hereunder, should such loss occur, and without any financial hardship, should such loss occur;

8. if the Purchaser is in the United States or is a U.S. Person (as such term is defined in Regulation S under the U.S. Securities Act), (i) the Purchaser has completed and delivered to the Issuer a Rep Letter in the form of Appendix A and (ii) the warranties contained in such Rep Letter are true, accurate and not misleading as at the date hereof;

9. if the Purchaser is located or resident within the European Economic Area (but outside of the United Kingdom and Germany), (i) the Purchaser has completed and delivered to the Issuer a Rep

20

Letter in the form of Appendix B and (ii) the warranties contained in such Rep Letter are true, accurate and not misleading as at the date hereof;

10. if the Purchaser is located or resident in the United Kingdom, (i) the Purchaser has completed and delivered to the Issuer a Rep Letter in the form of Appendix C and (ii) the warranties contained in such Rep Letter are true, accurate and not misleading as at the date hereof;

11. if the Purchaser is located or resident within Germany, (i) the Purchaser has completed and delivered to the Issuer a Rep Letter in the form of Appendix D and (ii) the warranties contained in such Rep Letter are true, accurate and not misleading as at the date hereof;

12. if the Purchaser is located or resident within Switzerland, (i) the Purchaser has completed and delivered to the Issuer a Rep Letter in the form of Appendix E and (ii) the warranties contained in such Rep Letter are true, accurate and not misleading as at the date hereof;

13. if the Purchaser is located or resident within Hong Kong, (i) the Purchaser has completed and delivered to the Issuer a Rep Letter in the form of Appendix F and (ii) the warranties contained in such Rep Letter are true, accurate and not misleading as at the date hereof;

14. if the Purchaser is located or resident within South Korea, (i) the Purchaser has completed and delivered to the Issuer a Rep Letter in the form of Appendix G and (ii) the warranties contained in such Rep Letter are true, accurate and not misleading as at the date hereof;

15. if the Purchaser is located or resident within Australia, (i) the Purchaser has completed and delivered to the Issuer a Rep Letter in the form of Appendix H and (ii) the warranties contained in such Rep Letter are true, accurate and not misleading as at the date hereof;

16. if the Purchaser is located or resident within Israel, (i) the Purchaser has completed and delivered to the Issuer a Rep Letter in the form of Appendix I and (ii) the warranties contained in such Rep Letter are true, accurate and not misleading as at the date hereof;

17. if the Purchaser is located or resident within Russia, (i) the Purchaser has completed and delivered to the Issuer a Rep Letter in the form of Appendix J and (ii) the warranties contained in such Rep Letter are true, accurate and not misleading as at the date hereof;

18. if the Purchaser is not located or resident in the United States, the European Economic Area (including the United Kingdom and Germany), Switzerland, Hong Kong, South Korea, Australia, Israel or Russia and is not a U.S. Person (as such term is defined in Regulation S under the U.S. Securities Act), (i) the Purchaser has completed and delivered to the Issuer a Rep Letter in a form acceptable to the Issuer and (ii) the warranties contained in such Rep Letter are true, accurate and not misleading as at the date hereof;

19. subject to clause 6.2, the Purchaser is entering into this Purchase Agreement and purchasing Tokens on its own behalf and not for the benefit of any other person;

20. the Purchaser has completed and delivered to the Issuer a KYC Form and the information contained in such KYC Form is true, accurate and not misleading as at the date hereof;

21. to the extent required by applicable laws, the Purchaser is in compliance with all Money Laundering Laws;

22. neither the Purchaser, nor any person having a direct or indirect beneficial interest in the Purchaser or the Tokens to be acquired by the Purchaser, is a Sanctioned Person, or a child, spouse, parent or sibling of a Sanctioned Person;

23. the Purchaser will not use any Tokens, directly or indirectly, in connection with any transaction, dealing or activity in violation of Money Laundering Laws or Sanctions; and

21

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

TLGRM-006-00002161

24. none of the proceeds paid to the Issuer by the Purchaser have been derived in violation of applicable laws, including applicable Money Laundering Laws, counter terrorism laws, and laws relating to bribery or corruption.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER	TLGRM-006-00002162

**PRIVATE & CONFIDENTIAL**

    IN WITNESS WHEREOF, each of the undersigned has caused this Purchase Agreement to be duly executed this \_\_\_\_ day of _____, 2018.

**SIGNED** by ...................................................
for and on behalf of ............................., **as the Issuer**

....................................................
Authorised signatory

Address: ...............................................................

Telephone: ...............................................................
Fax: ...............................................................
Email: ...............................................................

23

SIGNED by .................................................
for and on behalf of **TELEGRAM GROUP INC.**

.................................................
Authorised signatory

Address:  Geneva Place
          Waterfront Drive
          P.O. Box 3469
          Road Town
          Tortola
          British Virgin Islands

Telephone: .................................................

Fax: .................................................

Email: .................................................

24

PRIVATE & CONFIDENTIAL

SIGNED by ............ John Hyman
for and on behalf of John Hyman, as the Purchaser       ym
                                                  Authorised signatory

Purchase Amount: US d 500,000

Address: [REDACTED]

Telephone: [REDACTED]

Fax:
Email: johhyma2 icud.cm

25

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

PRIVATE & CONFIDENTIAL

## APPENDIX A

### UNITED STATES REP LETTER

1. The Purchaser is an "accredited investor" as such term is defined in Rule 501(a) of Regulation D ("Regulation D") promulgated by the United States Securities and Exchange Commission under the Securities Act of 1933, as amended (the "U.S. Securities Act") because the Purchaser comes within any of the following categories at the time of entry into the Purchase Agreement.

**NOTE: THE PURCHASER SHOULD INITIAL BESIDE THE CATEGORIES BELOW APPLICABLE TO IT. ALL MONETARY REFERENCES BELOW ARE IN UNITED STATES DOLLARS.**

a. _____ A bank (as defined in Section 3(a)(2) of the U.S. Securities Act, or a savings and loan association or other institution (as defined in Section 3(a)(5)(A) of the U.S. Securities Act), whether acting in its individual or fiduciary capacity.

b. _____ A broker or dealer registered under Section 15 of the U.S. Securities Exchange Act of 1934, as amended.

c. _____ An insurance company (as defined in Section 2(a)(13) of the U.S. Securities Act).

d. _____ An investment company registered under the U.S. Investment Company Act of 1940, as amended.

e. _____ A business development company (as defined in Section 2(a)(48) of the U.S. Investment Company Act of 1940, as amended).

f. _____ A Small Business Investment Company (licensed by the United States Small Business Administration under Section 301(c) or (d) of the Small Business Investment Act of 1958, as amended).

g. _____ An employee benefit plan with total assets of more than US$5,000,000, established and maintained by a state, a political subdivision of a state, or any agency or instrumentality of a state or its political subdivisions.

h. _____ Any employee benefit plan within the meaning of U.S. Employee Retirement Income Security Act of 1974, as amended ("**ERISA**") if the investment decision is made by a plan fiduciary, as defined in Section 3(21) of ERISA, which is either a bank, savings and loan association, insurance company, or registered investment adviser, or if the employee benefit plan has total assets in excess of US$5,000,000 or, if a self-directed plan, with investment decisions made solely by persons that are accredited investors.

i. _____ A private business development company (as defined in Section 202(a)(22) of the U.S. Investment Advisers Act of 1940, as amended).

j. _____ An organization described in Section 501(c)(3) of the U.S. Internal Revenue Code of 1986, as amended, not formed for the specific purpose of acquiring the securities offered, with total assets of more than US$5,000,000.

k. _____ A corporation, Massachusetts or similar business trust, or partnership not formed for the specific purpose of acquiring the securities offered, with total assets of more than US$5,000,000.

l. _____ Any director, executive officer or general partner of the issuer of the securities being offered or sold, or any director, executive officer or general partner of a general partner of that issuer.

m. _____ A **natural person**\*\* whose individual net worth, or joint net worth with that person's spouse, at the time of the Distribution exceeds US$1,000,000.

26

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          TLGRM-006-00002166

PRIVATE & CONFIDENTIAL

n. _____ A **natural person\*\*** who had an individual income in excess of US$200,000 in each of the two most recent years or joint income with that person's spouse in excess of US$300,000 in each of those years and has a reasonable expectation of reaching the same income level in the current year.

o. _____ Any trust, with total assets in excess of US$5,000,000, not formed for the specific purpose of acquiring the securities offered, whose purchase is directed by a sophisticated person as described in rule 506(b)(2)(ii) under the U.S. Securities Act.

p. _____ Any entity in which all of the equity owners are accredited investors. **If only this category (p) is applicable to the Purchaser (i.e., not any of the preceding categories (a) through (o)), please have each equity owner also complete and deliver to the Issuer a Rep Letter in the form of this Appendix A.**

**\*\* IF THE PURCHASER IS AN INDIVIDUAL WHO HAS INITIALED BESIDE CATEGORIES (M) OR (N), SUCH PURCHASER SHALL PROVIDE THE ADDITIONAL DOCUMENTATION SET FORTH IN SCHEDULE A HERETO.**

2. The Purchaser acknowledges that (i) this security has not been registered under the U.S. Securities Act or under the securities laws of any state or other jurisdiction in the United States and (ii) this security is characterized as a "restricted security" under the U.S. federal securities laws because it is being acquired from the Issuer in a transaction not involving a public offering. The Purchaser further acknowledges that this security is being offered, issued and sold to the Purchaser in reliance on specific exemptions from the registration requirements of the U.S. Securities Act and applicable state securities laws and that the Issuer is relying in part upon the truth and accuracy of, and the Purchaser's compliance with, the representations, warranties, agreements, acknowledgements and understandings of the Purchaser set forth herein in order to determine the availability of such exemptions and the eligibility of the Purchaser to enter into the Purchase Agreement.

3. The Purchaser is not subject to any of the "Bad Actor" disqualifications described in Rule 506(d)(1)(i) to (viii) under the U.S. Securities Act (a "Disqualification Event"), except for a Disqualification Event covered by Rule 506(d)(2) or (d)(3).

By: _____
*(Print Name of Purchaser)*

By: _____
Name:
Title:

27

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

TLGRM-006-00002167

PRIVATE & CONFIDENTIAL

## SCHEDULE A TO APPENDIX A

### LIST OF DOCUMENTATION REQUIRED TO BE PROVIDED BY U.S. INDIVIDUAL ACCREDITED INVESTORS
*(to be completed only if you are an individual)*

### (ALL INFORMATION HEREIN WILL BE TREATED CONFIDENTIALLY)

In connection with the execution of the Purchase Agreement, the Purchaser, who is an Individual Accredited Investor and who has checked item (M) or (N) from the Accredited Investor definition in the United States Rep Letter, shall provide one or more items from the categories below confirming its status as an Accredited Investor. When submitting the documentation, include this list and check all that apply. References to "Accredited Investor" in this Schedule refer to "accredited investor" as defined by Rule 501(a) of Regulation D under the U.S. Securities Act of 1933, as amended.

**(A) Proof of accredited investor status on the basis of net worth (to be provided if you checked item (M) from the Accredited Investor definition in the United States Rep Letter):**

- [ ] one or more of the types of documentation listed below with respect to assets and with respect to liabilities; and

- [ ] written representation from the Purchaser that all liabilities necessary to make a determination of net worth have been disclosed:

    **(1) with respect to assets**, one or more of the following types of documentation dated within the prior three months:

    - [ ] bank statements,
    - [ ] brokerage statements,
    - [ ] other statements of securities holdings,
    - [ ] certificates of deposit,
    - [ ] tax assessments issued by independent third parties, and
    - [ ] appraisal reports issued by independent third parties; and

        **(2) with respect to liabilities:**

    - [ ] a consumer report from at least one of the nationwide (U.S. only) consumer reporting agencies dated within the prior three months;

OR

**(B) Proof of accredited investor status on the basis of income (to be provided if you checked item (N) from the Accredited Investor definition in the United States Rep Letter):**

- [ ] any Internal Revenue Service form that reports the Purchaser's income for the two most recent years (including, but not limited to, Form W-2, Form 1099, Schedule K-1 to Form 1065, and Form 1040); and

- [ ] a written representation from the Purchaser that he or she has a reasonable expectation of reaching the income level necessary to qualify as an accredited investor during the current year;

28

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
TLGRM-006-00002168

**PRIVATE & CONFIDENTIAL**

OR

**(C) Written confirmation** from one of the following persons or entities that such person or entity has taken reasonable steps to verify that the Purchaser is an accredited investor <u>within the prior three months</u> and has determined that such Purchaser is an accredited investor:

- [ ] a registered broker-dealer;
- [ ] an investment adviser registered with the U.S. Securities and Exchange Commission;
- [ ] a licensed attorney who is in good standing under the laws of the jurisdictions in which he or she is admitted to practice law; <u>or</u>
- [ ] a certified public accountant who is duly registered and in good standing under the laws of the place of his or her residence or principal office.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                      TLGRM-006-00002169