Case 1:19-cv-09439-PKC   Document 233   Filed 03/31/20   Page 1 of 1



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE
200 VESEY STREET, ROOM 400
NEW YORK, NY 10281-1022

Jorge G. Tenreiro
TELEPHONE:  (212) 336-9145
TenreiroJ@sec.gov

March 31, 2020

<u>Via ECF and Facsimile</u>
Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY  10007

Re:  <u>SEC v. Telegram Group Inc. & TON Issuer Inc.</u>, No. 19 Civ. 9439 (PKC)

Dear Judge Castel:

Telegram's latest submission—inviting further warring about matters not previously before the Court—exemplifies why courts do not permit litigants to "assert new arguments or claims which were not before the court on the original motion." <u>Siino v. Bd. of Trust. of the N.Y. City Teachers' Ret. Sys.</u>, No. 08 Civ. 4529, 2009 WL 734076, at *2 (S.D.N.Y. Mar. 13, 2009) (Castel, J.).[1]  In any event, as Telegram recognizes, the Court prohibited "the delivery of Grams to the Initial Purchasers," which it defined as <u>all</u> "175 entities and high net worth individuals" to whom Telegram sold Grams.  Order at 7, 43.  It relatedly concluded that the SEC had shown substantial evidence that the entirety of the offering was a scheme intended to "reach the public at large."  <u>Id.</u> at 40.  This, together with the unambiguous evidence of resale efforts into the United States including by foreign underwriters, more than suffices to satisfy <u>Morrison</u> at this stage of the case.  <u>See, e.g.</u>, <u>Myun-Uk Choi v. Tower Research Capital LLC</u>, 890 F.3d 60, 66 (2d Cir. 2018) (explaining that a "plausible allegation" of a domestic transaction was "a sufficient basis to resolve the extraterritoriality question").  No of this unambiguous order is required, and none is warranted for the reasons set forth in the SEC's Application and letter of March 30 (Dkt. 230).

The SEC respectfully submits that Telegram's request should be summarily denied.  Alternatively, the SEC is prepared to submit full legal and evidentiary briefing on these questions at the Court's request.

Respectfully submitted,

_____
Jorge G. Tenreiro

---

[1]  Telegram's citation to Fed. R. Civ. P. 62 is misplaced.  Rule 62 grants district courts authority to <u>preserve the status quo</u> by protecting its orders pending an interlocutory appeal.  However, "once a notice of appeal has been filed, a district court . . . may not 'adjudicate substantial rights directly involved in the appeal.'"  <u>Int'l Ass'n of Machinists & Aerospace Workers, AFL–CIO v. E. Air Lines, Inc.</u>, 847 F.2d 1014, 1017 (2d Cir. 1988) (citation omitted).