UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                       Plaintiff,                    19-cv-9439 (PKC)

        -against-                  OPINION AND ORDER

TELEGRAM GROUP INC. and TON ISSUER
INC.,

                       Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Securities and Exchange Commission ("SEC"), defendants (collectively

"Telegram"), and several non-parties move to seal documents submitted in connection with

motions in this case.  (Docs. 28, 60, 105, 135, 138, 139, 142, 143, 148, 152, 157, 158, 196, 207).

Certain non-parties also move to intervene pseudonymously.  (Docs. 129, 131).  For the reasons

that follow, the Court will grant in part and deny in part these motions.

LEGAL STANDARD

        There is a common-law and First Amendment right of public access to judicial

documents.  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119–20 (2d Cir. 2006).  As such,

documents may be sealed "only with specific, on-the-record findings that sealing is necessary to

preserve higher values and only if the sealing order is narrowly tailored to achieve that aim."

Id. at 124.

        Under this framework, a court must determine:  (1) whether the document subject

to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public

access attaching to that judicial document; and (3) if any countervailing factors or higher values

outweigh the right of public access to that judicial document.  Id. at 119–20.  To be classified a

judicial document, material "must be relevant to the performance of the judicial function and useful in the judicial process." Brown v. Maxwell, 929 F.3d 41, 49 (2d Cir. 2019) (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I")). "A document is thus 'relevant to the performance of the judicial function' if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers . . . ." Id.

Though all judicial documents carry a presumption of public access, a court must determine the weight of this presumption as applied to a particular judicial document. The appropriate weight is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II")). Documents submitted in connection with trial or summary judgement are entitled to the highest presumption of public access, documents filed in connection with other non-dispositive motions are subject to a "still substantial" presumption of public access, and discovery documents not filed with the court "lie entirely beyond the presumption's reach." Id. at 49–50, 53.

Against the applicable presumption of public access, the court must consider whether countervailing factors or higher values dictate that the document at issue should be sealed. Established factors and values that can outweigh the presumption of public access include legal privilege, Lugosch, 435 F.3d at 125 (stating that legal privilege could be a sufficient countervailing factor to outweigh the presumption of public access), business secrecy, see Amodeo II, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . ."), and privacy interests, see id. ("The court also considers 'the privacy interests of those resisting disclosure.' Financial records of a wholly-owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters

will weigh more heavily against access than conduct affecting a substantial portion of the public." (citation omitted) (quoting Lugosch, 435 F.3d at 120)).  If one of these factors or values outweigh the value to the public of accessing the document at issue, then that document should be sealed. Additionally, sealing should be "narrowly tailored," Lugosch, 435 F.3d at 124, and redacting sensitive information is a preferable alternative to sealing an entire document.  United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008) (stating that courts should "avoid sealing judicial documents in their entirety unless necessary").

DISCUSSION

On October 11, 2019, the SEC filed a Complaint, an application for a temporary restraining order, and a request for a preliminary injunction against Telegram.[1]  The Court granted the temporary restraining order and ultimately set a date in February 2020 for a hearing on the preliminary injunction.  The parties agreed to conduct expedited discovery and brief summary judgment motions in preparation for the February 2020 hearing.  On January 15, 2020, the parties submitted dueling summary judgment motions and the SEC also filed a motion to strike one of Telegram's affirmative defenses.  In support of their respective motions, the parties submitted statements of facts as well as a copious number of exhibits, some of which were filed under temporary seal.  After hearing oral argument on February 19, 2020, the Court granted the SEC's request for a preliminary injunction and deferred decision on the summary judgment motions as well as the motion to strike.  (Doc. 227).

The parties have moved to seal all or portions of a number of the documents submitted in support of these motions as well as documents related to discovery disputes submitted

---

[1] The Court presumes familiarity with the procedural history and facts of this case as laid out in its March 24, 2020 Opinion and Order.  (Doc. 227).

to the Court.  Additionally, several non-parties, which invested in Telegram's offering of Grams or were previously employed by Telegram, have intervened to request that documents produced to the SEC and included among the parties' supporting materials be sealed in whole or in part.

I.   Documents Submitted in Support of the SEC's Application for Temporary Restraining Order.

In support of its October 11, 2019 request for a temporary restraining order, the SEC submitted the Declaration of Daphna A. Waxman and 40 attached exhibits, labeled Exhibits A to HH.  (Doc. 16).  Twelve of these exhibits, Exhibits L, M, N, O, P, Q, R, S, Y, AA, GG, and HH, were filed under temporary seal.  On October 23, 2019, the SEC submitted a motion to permanently seal portions of the relevant exhibits, proposing redactions to protect the privacy and proprietary business interests of certain non-party investors.  (Doc. 28).  The SEC's motion to seal is unopposed.

The Court has individually reviewed and made particularized findings as to each exhibit covered by the SEC's October 23 motion to seal.  First, the Court finds that all of these documents are judicial documents and therefore enjoy at least some presumption of public access. As discussed above, a judicial document is "relevant to the performance of the judicial function and useful in the judicial process." Brown, 929 F.3d at 49.  The Second Circuit explained that "[a] document is . . . 'relevant to the performance of the judicial function' if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers." Id. at 49.  Here, all the documents at issue were submitted by the SEC to the Court in support of its application for a temporary restraining order and so would reasonably have the tendency to influence the Court's decision on the application.  In fact, the SEC submitted these documents with this very intention.  Further, upon review, the exhibits appear relevant to the requested judicial action.  As such, all exhibits to the Waxman Declaration are judicial documents

and enjoy some presumption of public access.  Id. at 53 (finding that documents submitted in support of non-dispositive motions were judicial documents).

Though all judicial documents carry a presumption of public access, the weight of this presumption varies with "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. at 49 (quoting Amodeo II, 71 F.3d at 1049).  The presumption attached to non-dispositive motions, such as an application for a temporary restraining order, "is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." Id. at 50 (citing Amodeo II, 71 F.3d at 1049–50).  As such, the Court finds that the documents at issue here "are subject to a lesser—but still substantial—presumption of public access." Id. at 53.

The final step of the Lugosch framework requires the Court to determine if any countervailing factors or higher values outweigh the right of public access to that judicial document.  Lugosch, 435 F.3d at 119–20.  Of particular relevance, recognized countervailing factors that can outweigh the right of public access includes the protection of proprietary business information and the privacy interests of non-parties.

The demonstration of a valid need to protect the confidentiality of proprietary business information, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents.  See Amodeo II, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . ."); Dodona I, LLC v. Goldman, Sachs & Co., 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting sealing of "internal corporate documents that govern investment strategies, information regarding proprietary modeling

assumptions, and more generally, customer names, account numbers, and pricing information"); see also Skyline Steel, LLC, 101 F. Supp. 3d at 412–13; Cumberland Packing Corp. v. Monsanto Co., 184 F.R.D. 504, 506 (E.D.N.Y. 1999).  Similarly, protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents.  Amodeo II, 71 F.3d at 1050–51 (stating that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" (quoting Gardner v. Newsday, Inc., 895 F.2d 74, 79–80 (2d Cir. 1990)); see also In re SunEdison, Inc. Sec. Litig., No. 16-cv-7917 (PKC), 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019); United States v. Wey, 256 F. Supp. 3d 355, 411 (S.D.N.Y. 2017).

Upon review of the relevant exhibits, the Court finds that the public's right of access to Exhibits L, M, N, O, P, Q, R, S, Y, AA, GG, and HH to the Waxman Declaration is outweighed by non-parties' interests in privacy and the protection of proprietary business information. Specifically, these non-parties have a strong interest in preventing the public disclosure of their participation in Telegram's offering of Grams as well as certain proprietary internal analyses of this investment opportunity.  Public disclosure of the non-parties' identities and specific identifiable information reveals private investment decisions while providing little value to the monitoring of the federal courts.  Protecting such private financial dealings is a recognized and protectable privacy interest.  Amodeo II, 71 F.3d at 1051.  Further, the identification of passive non-party investors involved in a business deal that resulted in an enforcement action could qualify as "embarrassing conduct with no public ramifications," potentially warranting sealing.  Id. Similarly, disclosure of internal financial analyses of a business opportunity by a professional investment firm could reveal proprietary analysis and provide competitors with an unearned advantage. Id.  In light of the weight of the presumption afforded to documents supporting non-

dispositive motions and the importance of these non-party interests, the Court finds that sealing portions of the relevant exhibits is appropriate.  The SEC's proposed redactions are narrowly tailored to protect the specific interests of the non-parties.

For both clarity and brevity, the Court has consolidated its individualized findings as to the proposed redactions in the relevant exhibits into Appendix A to this Opinion and Order. The abbreviated findings listed in Appendix A apply the above weighing of the asserted non-party interests in privacy and protection of proprietary business information against the presumption of public access.  The SEC's motion to seal, (Doc. 28), is granted as described in Appendix A for the reasons specified in Appendix A.

II.   <u>Documents Submitted in Connection with Discovery Disputes</u>.

A.   <u>Documents Submitted in Support of the Letter of Request Application</u>.

On December 6, 2019, the SEC submitted an application for the issuance of a letter of request to secure the testimony of John Hyman.  (Doc. 46).  The SEC filed this letter and its accompanying materials under temporary seal.  The SEC has moved to permanently seal portions of the accompanying exhibits, specifically Exhibits 3 to 16.  The SEC's motion is not opposed and is joined as to two exhibits by Investor E.  (Doc. 160).

First, the Court finds that the relevant exhibits are judicial documents as they were submitted to the Court in support of a request for the Court to exercise its Article III supervisory powers.  The SEC submitted these exhibits with the intention that they have at least influence over the Court's decision on its application and, upon review, the exhibits appear relevant to the Court's decision.  Second, the Court finds that the exhibits, filed in support of a non-dispositive discovery motion, are entitled to at least some presumption of public access.

Third, weighing countervailing factors against the public's right of access, the Court finds that the privacy interests of non-parties articulated by the SEC and Investor E outweigh

the public's right of access.  For the reasons detailed above, non-parties have a privacy interest in preventing the public disclosure of their identities and specific identifiable information.   As such, the Court will grant the SEC's motion to seal and permit the proposed redactions, which are narrowly tailored.  The Court's individualized findings and approved redactions are detailed in Appendix B to this Opinion and Order.  The abbreviated findings listed in Appendix B apply the above weighing of the asserted non-party interests in privacy against the presumption of public access.  The SEC's and Investor E's motions to seal are granted as described in Appendix B for the reasons specified in Appendix B.

      B.    <u>Documents Submitted in Connection with the SEC's Motion to Compel</u>.

On January 2 and 3, 2020, respectively, the parties submitted letters to the Court in connection with a motion to compel production of documents.  (Docs. 52, 55).  On January 9, 2020, Telegram requested that Exhibit N to the SEC's letter and Exhibit 1 to its own letter, which were filed under temporary seal, be permanently sealed.  (Doc. 60).  The SEC does not oppose sealing Exhibit N and is silent as to Exhibit 1.  (Doc. 63).

First, the Court finds that the relevant exhibits are judicial documents as they were submitted to the Court in support of a request for the Court to exercise its Article III supervisory powers.  The SEC and Telegram respectively submitted these exhibits with the intention that they have at least influence over the Court's decision on the motion to compel and, upon review, appear relevant to the Court's decision.  Second, the Court finds that the exhibits, filed in support of a non-dispositive discovery motion, are entitled to at least some presumption of public access.  Third, Telegram cites two countervailing factors that warrant the sealing of the relevant documents, namely its interest in the confidentiality of its banking records and its settlement negotiation documents.

A party's interest in the confidentiality of its general financial records is a countervailing factor that can outweigh the public's right of access. Amodeo II, 71 F.3d at 1051; see also In re SunEdison, Inc. Sec. Litig., 2019 WL 126069, at *1. Banking records are a highly sensitive type of financial record and so are entitled to additional consideration. Strauss v. Credit Lyonnais, S.A., No. 06-cv-702 (DLI) (MDG), 2011 WL 4736359, at *4 (E.D.N.Y. Oct. 6, 2011) ("[B]oth American courts and Congress have recognized the importance of protecting the confidentiality of banking records. The records themselves plainly contain information 'traditionally considered private rather than public.'" (quoting Amodeo II, 71 F.3d at 1051)). Exhibit N to the SEC's motion to compel are copies of Telegram's banking records. The Court finds that Telegram's interest in protecting the confidentiality of its banking records outweighs the public's presumption of access to this document. Therefore, the Court grants Telegram's motion to seal Exhibit N in its entirety.

Disclosure of materials prepared for and used during settlement discussions would make such settlements difficult if not impossible. United States v. Glens Falls Newspapers, Inc., 160 F.3d 853, 857–58 (2d Cir. 1998) ("[S]ettlement negotiations in this case would be chilled to the point of ineffectiveness if draft materials were to be made public."). As such, protecting the confidentiality of the settlement negotiation process represents a significant countervailing factor that can outweigh the presumption of public access and warrant the sealing of settlement negotiations materials. Id. at 858 ("We conclude that the presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent. We also conclude that release of these discussions and documents is likely to impair materially the trial court's performance of its Article III function of crafting a settlement of this case."); In re Gen. Motors LLC Ignition Switch Litig., No. 14-mc-2543 (JMF), 2016 WL 1317975, at *2 (S.D.N.Y.

Mar. 2, 2016) (stating that "[t]he Second Circuit has repeatedly affirmed the importance of settlement confidentiality in light of the public interest in promoting settlement" and then sealing settlement documents).   Exhibit 1 to Telegram's opposition letter is a document prepared by Telegram for use during settlement discussions between the parties prior to the filing of this litigation.   The Court finds that Telegram's interest in protecting the confidentiality of the settlement negotiation process outweighs the public's presumption of access.   Therefore, the Court grants Telegram's motion to seal Exhibit 1 in its entirety.

III.   Documents Submitted in Connection with Parties' Summary Judgment Motion and Motion to Strike.

On January 15, 2020, the SEC filed a motion for summary judgment and a motion to strike, while Telegram filed its own motion for summary judgment.   In connection with these motions as well as the outstanding request for a preliminary injunction, the parties submitted statements of fact, counterstatements of fact, responses to counterstatements of fact, and nearly 300 exhibits.   Much of this material was or is now filed under temporary seal.   Subsequently, Telegram, nine non-party investors, and one non-party former Telegram employee moved to permanently seal portions of these materials.   The SEC has opposed these motions in part.

The Court finds that all of these documents are judicial documents and therefore enjoy at least some presumption of public access.   The materials were submitted by the respective parties with the intention to influence the Court's decision on the outstanding motions and the documents are relevant to the Court's decision.   As such, all documents submitted in support of these motions are judicial documents and enjoy some presumption of public access.   Brown, 929 F.3d at 47 ("[I]t it is well-settled that 'documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong

presumption of access attaches, under both the common law and the First Amendment.'" (quoting Lugosch, 435 F.3d at 121)).

Though all judicial documents carry a presumption of public access, the weight of this presumption varies with "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. at 49 (quoting Amodeo II, 71 F.3d at 1049).  "Materials submitted in connection with a motion for summary judgment are subject to a strong presumption of public access," while materials submitted in connection with non-dispositive motions "are subject to a lesser—but still substantial—presumption of public access." Id. at 53.  As such, the Court finds that the materials submitted in support of the summary judgment motions are entitled to "a strong presumption of public access," while the materials submitted in support of the motion to strike are entitled to a lesser but still substantial presumption of access.[2]

Weighing countervailing factors against the public's presumptive right of access, the Court finds that the asserted interests in protecting non-party privacy, proprietary business information, and banking records outweighs the public's right to access certain portions of the materials at issue.  The parties argue that the privacy interests of non-parties investors in Telegram's offering of Grams in maintaining the confidentiality of their identities and specific identifiable information outweighs the public's right to access this identifying information.  As described above, non-party privacy interests are a legitimate countervailing factor to be considered against the public's right of access.  Upon review, the Court finds that the disclosure of the identities and specific identifiable information of non-party investors in Telegram's offering of

---

[2] The Court also finds that, if considered as submitted in connection with the request for a preliminary injunction, these materials would still be entitled to a strong presumption of public access as a decision on a request for a preliminary injunction represents a core Article III function as well as a judicial evaluation of the merits of the case.

Grams would provide little value to the monitoring of the federal courts and, as such, that the privacy interests of these non-party investors outweighs the public's right of access to certain of the relevant materials.[3]   However, Telegram has also requested that the identities of non-party entities, which did not intervene in this case to maintain the confidentiality of their identities and allegedly took a more active role in Telegram's offering Grams, also remain sealed.   As to this information, in light of the relevant non-parties' inaction to protect their identities and their allegedly active role in the offering at issue, the Court finds that knowledge of these entities' identities could be valuable to those monitoring the federal courts and that the public's right to access this information trumps the asserted non-party privacy interests.

Telegram and certain non-parties argue that portions of the relevant materials ought to be sealed to protect proprietary business information or banking records.   Again, for the reasons described above, the confidentiality of proprietary business information and banking records are legitimate countervailing factors to the public's presumptive right of access.   In certain instances, the Court will grant the parties' motions to seal documents or portions of documents to protect such information because the interests of Telegram or the relevant non-party in the confidentiality of the information outweighs the public's right to access that information.   However, upon review, the Court found that some of the information asserted to be proprietary business information is generic or simply the repetition of factual information about the offering of Grams provided by Telegram.   As such material does not represent unique analytical insight or information about the

---

[3]  Alternatively, the portions of the documents containing the non-parties' identities and specific identifiable information is not relevant to the issues under consideration by the Court and therefore do not comprise judicial documents.   Trump v. Deutsche Bank AG, 940 F.3d 146, 152 (2d Cir. 2019) ("Because the sealed letter (more precisely, the only portion of the letter that is sealed) is not relevant to any issue in the underlying appeal, it is not a "judicial document" within the meaning of the decisions requiring unsealing of documents filed with a court.").

non-party's business operations that would advantage a competitor or rival, it does not outweigh the presumption of public access and does not warrant sealing here.  Amodeo II, 71 F.3d at 1051.

For both clarity and brevity, the Court has consolidated its individualized findings as to the proposed sealing of the relevant materials into Appendix C to this Opinion and Order. The abbreviated findings listed in Appendix C apply the above weighing of the asserted countervailing factors against the applicable presumption of public access.  The resulting approved sealings and redactions are narrowly tailored to protect the specifically identified countervailing interest.  The relevant motions to seal are granted as described in Appendix C for the reasons specified in Appendix C.[4]

CONCLUSION

The Clerk is directed to terminate these motions.  (Docs. 28, 60, 105, 129, 131, 135, 138, 139, 142, 143, 148, 152, 157, 158, 196, 207).  The parties are directed to confer and then publicly file versions of the relevant documents that are consistent with all of the findings of this Order within 14 days of this Order.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:  New York, New York
        June 17, 2020

---

[4] Non-party Investors E and Z have also moved to intervene pseudonymously in order to file and argue their respective motions to seal.  (Docs. 129, 131).  As the Court has granted motions to seal portions of documents to protect the identities and specific identifiable information of Investors E and Z, the Court will also approve Investors E and Z's motions to proceed pseudonymously for the limited purpose of their sealing motions.

## APPENDIX A:
### TEMPORARY RESTRAINING ORDER DOCUMENTS.

| DOCUMENT | COURT DECISION | FINDING |
|---|---|---|
| Waxman Decl. (Doc. 16), Ex. L | Redactions proposed in Ex. L to Doc. 28 approved. | Non-Party Privacy Interests |
| Waxman Decl. (Doc. 16), Ex. M | Redactions proposed in Ex. M to Doc. 28 approved. | Non-Party Privacy Interests |
| Waxman Decl. (Doc. 16), Ex. N | Redactions proposed in Ex. N to Doc. 28 approved. | Non-Party Privacy Interests |
| Waxman Decl. (Doc. 16), Ex. O | Redactions proposed in Ex. O to Doc. 28 approved. | Non-Party Privacy Interests & Non-Party Proprietary Information |
| Waxman Decl. (Doc. 16), Ex. P | Redactions proposed in Ex. P to Doc. 28 approved. | Non-Party Privacy Interests & Non-Party Proprietary Information |
| Waxman Decl. (Doc. 16), Ex. Q | Redactions proposed in Ex. Q to Doc. 28 approved. | Non-Party Privacy Interests & Non-Party Proprietary Information |
| Waxman Decl. (Doc. 16), Ex. R | Redactions proposed in Ex. R to Doc. 28 approved. | Non-Party Privacy Interests |
| Waxman Decl. (Doc. 16), Ex. S | Redactions proposed in Ex. S to Doc. 28 approved. | Non-Party Privacy Interests |
| Waxman Decl. (Doc. 16), Ex. Y | Redactions proposed in Ex. Y to Doc. 28 approved. | Non-Party Privacy Interests |
| Waxman Decl. (Doc. 16), Ex. AA | Redactions proposed in Ex. AA to Doc. 28 approved. | Non-Party Proprietary Information |
| Waxman Decl. (Doc. 16), Ex. GG | Redactions proposed in Ex. GG to Doc. 28 approved. | Non-Party Privacy Interests |
| Waxman Decl. (Doc. 16), Ex. HH | Redactions proposed in Ex. HH to Doc. 28 approved. | Non-Party Privacy Interests |

## APPENDIX B:
### DISCOVERY DISPUTE DOCUMENTS.

| DOCUMENT | COURT DECISION | FINDING |
|---|---|---|
| Letter of Request Application, Ex. 3 (Doc. 43-3) | Redactions proposed in Doc. 223-6 approved. | Non-Party Privacy Interests |
| Letter of Request Application, Ex. 4 (Doc. 43-4) | Redactions proposed in Doc. 223-7 approved. | Non-Party Privacy Interests |
| Letter of Request Application, Ex. 5 (Doc. 43-5) | Redactions proposed in Doc. 223-8 approved. | Non-Party Privacy Interests |
| Letter of Request Application, Ex. 6 (Doc. 43-6) | Redactions proposed in Doc. 223-9 approved. | Non-Party Privacy Interests |
| Letter of Request Application, Ex. 7 (Doc. 43-7) | Redactions proposed in Doc. 223-10 approved. | Non-Party Privacy Interests |
| Letter of Request Application, Ex. 8 (Doc. 43-8) | Redactions proposed in Doc. 223-11 approved. | Non-Party Privacy Interests |
| Letter of Request Application, Ex. 9 (Doc. 43-9) | Redactions proposed in Doc. 223-12 approved. | Non-Party Privacy Interests |
| Letter of Request Application, Ex. 10 (Doc. 43-10) | Redactions proposed in Doc. 223-13 approved. | Non-Party Privacy Interests |
| Letter of Request Application, Ex. 11 (Doc. 43-11) | Redactions proposed in Doc. 223-14 approved. | Non-Party Privacy Interests |
| Letter of Request Application, Ex. 12 (Doc. 43-12) | Redactions proposed in Doc. 223-15 approved. | Non-Party Privacy Interests |
| Letter of Request Application, Ex. 13 (Doc. 43-13) | Redactions proposed in Doc. 223-16 approved. | Non-Party Privacy Interests |
| Letter of Request Application, Ex. 14 (Doc. 43-14) | Redactions proposed in Doc. 223-17 approved. | Non-Party Privacy Interests |
| Letter of Request Application, Ex. 15 (Doc. 43-15) | Redactions proposed in Doc. 223-18 approved. | Non-Party Privacy Interests |
| Letter of Request Application, Ex. 16 (Doc. 43-16) | Redactions proposed in Doc. 223-19 approved. | Non-Party Privacy Interests |
| Proposed Order (Doc. 44-1) | See Letter of Request Application, Ex. 7 (Doc. 43-7). | See Letter of Request Application, Ex. 7 (Doc. 43-7). |
| Motion to Compel (Doc. 52), Ex. N | Sealing approved. | Banking Records |
| Motion to Compel Opposition (Doc. 55), Ex. 1 | Sealing approved. | Settlement Negotiations Materials |

## APPENDIX C:
### DOCUMENTS SUBMITTED IN CONNECTION WITH SUMMARY JUDGMENT AND MOTION TO STRIKE.

| DOCUMENT | COURT DECISION | FINDING |
|---|---|---|
| Drylewski Decl. (Doc. 73) | Redactions proposed in Doc. 171-1 approved. | Non-Party Privacy Interests |
| Drylewski Decl., Ex. 2 (Doc. 73-2) | Redactions proposed in Doc. 219-2 approved. | Non-Party Privacy Interests & Banking Records |
| Drylewski Decl., Ex. 4 (Doc. 73-4) | Redactions proposed on pg. 17 of Doc. 165-2 approved.<br>Redactions proposed on pg. 9 of Doc. 165-2 denied. | Non-Party Privacy Interests |
| Drylewski Decl., Ex. 5 (Doc. 73-5) | Proposed redactions denied. | - |
| Drylewski Decl., Ex. 7 (Doc. 73-7) | Redactions proposed in Doc. 165-4 approved. | Non-Party Privacy Interests |
| Drylewski Decl., Ex. 8 (Doc. 73-8) | Redactions proposed in Doc. 171-2 approved. | Non-Party Privacy Interests |
| Drylewski Decl., Ex. 10 (Doc. 73-10) | Proposed redactions denied. | - |
| Drylewski Decl., Ex. 12 (Doc. 73-12) | Redactions proposed in Doc. 189-2 approved. | Non-Party Privacy Interests |
| Drylewski Decl., Ex. 13 (Doc. 73-13) | Redactions proposed in Doc. 165-6 approved. | Non-Party Privacy Interests |
| McKeon Decl., Ex. 1 (Doc. 74-1) | Redaction proposed to Ex. 2 of Doc. 102-1 approved.<br>Other proposed redactions denied. | Non-Party Privacy Interests |
| Malloy Decl. (Doc. 94) | Redactions proposed in Doc. 167 approved. | Non-Party Privacy Interests |
| Malloy Decl., Ex. 1 (Doc. 94-1) | Redactions proposed in Doc. 189-2 approved. | Non-Party Privacy Interests |
| Malloy Decl., Ex. 2 (Doc. 94-2) | Proposed redactions denied. | - |
| Malloy Decl., Ex. 3 (Doc. 94-3) | Redactions proposed on pgs. 205–07, 212 of Doc. 219-4 approved.<br>Other proposed redactions denied. | Non-Party Privacy Interests & Banking Records |

| DOCUMENT | COURT DECISION | FINDING |
|---|---|---|
| Malloy Decl., Ex. 4 (Doc. 94-4) | Proposed redactions denied. | - |
| Malloy Decl., Ex. 5 (Doc. 94-5) | Redactions proposed in Doc. 171-4 approved. | Non-Party Privacy Interests |
| Malloy Decl., Ex. 6 (Doc. 94-6) | Redactions proposed in Doc. 167-5 approved. | Non-Party Privacy Interests |
| Malloy Decl., Ex. 7 (Doc. 94-7) | Redactions proposed in Doc. 167-6 approved. | Non-Party Privacy Interests |
| Malloy Decl., Ex. 9 (Doc. 94-9) | Proposed redactions denied. | - |
| Malloy Decl., Ex. 10 (Doc. 94-10) | Proposed redactions denied. | - |
| Malloy Decl., Ex. 11 (Doc. 94-11) | Proposed redactions covering banking information and the names of individuals approved. Proposed redactions covering the name of the entity denied. | Non-Party Privacy Interests |
| Malloy Decl., Ex. 14 (Doc. 94-14) | Proposed redactions denied. | - |
| Malloy Decl., Ex. 15 (Doc. 94-15) | Redactions proposed in Doc. 167-12 approved. | Non-Party Privacy Interests |
| Defendants' Response to Plaintiff's Local 56.1 Statement (Doc. 95) | Proposed redactions denied. | - |
| Plaintiff's Response and Counter-Statement to Defendants' Local 56.1 Statement (Doc. 99) | Proposed redactions denied. | - |
| Defendants' Response to Plaintiff's Counter-Statement of Undisputed Facts (Doc. 120) | Proposed redactions denied. | - |
| Musoff Decl., Ex. 1 (Doc. 121-1) | Proposed redactions denied. | - |
| Musoff Decl., Ex. 2 (Doc. 121-2) | Redactions proposed in Doc. 168-2 approved. | Non-Party Privacy Interests |
| Musoff Decl., Ex. 3 (Doc. 121-3) | Redactions proposed in Doc. 168-3 approved. | Non-Party Privacy Interests |

| DOCUMENT | COURT DECISION | FINDING |
|---|---|---|
| Musoff Decl., Ex. 5 (Doc. 121-5) | Proposed redactions on pg. 4 of Doc. 168-4, covering banking information and the names of individuals, are approved. | Non-Party Privacy Interests |
| Musoff Decl., Ex. 6 (Doc. 121-6) | Redactions proposed in Doc. 168-5 approved. | Non-Party Privacy Interests |
| Stewart Decl. (Doc. 122) | Redactions proposed in Doc. 169-1 approved. | Non-Party Privacy Interests |
| Stewart Decl. (Doc. 123) | Redactions proposed in Doc. 169-2 approved. | Non-Party Privacy Interests |
| PX 1 (Doc. 122-1) | Redactions proposed in Doc. 169-3 approved. | Non-Party Privacy Interests |
| PX 1-A (Doc. 122-1) | Redactions proposed in Doc. 171-10, Ex. A approved. | Non-Party Privacy Interests |
| PX 1-B (Doc. 122-1) | Redactions proposed in Doc. 171-10, Ex. B approved. | Non-Party Privacy Interests |
| PX 1-C (Doc. 122-1) | Redactions proposed in Doc. 171-10, Ex. C approved. | Non-Party Privacy Interests |
| PX 1-D (Doc. 122-1) | Redactions proposed in Doc. 189-1, covering non-party identification information, approved. | Non-Party Privacy Interests |
| PX 1-E (Doc. 122-1) | Redactions proposed in Doc. 171-10, Ex. E approved. | Non-Party Privacy Interests |
| PX 1-F (Doc. 122-1) | Redactions proposed in Doc. 171-10, Ex. F approved. | Non-Party Privacy Interests |
| PX 1-G (Doc. 122-1) | Redactions proposed in Doc. 189-1, covering non-party identification information, approved. | Non-Party Privacy Interests |
| PX 2 (Doc. 122-2) | Redactions proposed in Doc. 169-4 approved. | Non-Party Privacy Interests |
| PX 2-A (Doc. 122-2) | Redactions proposed in Doc. 189-1, covering non-party identification information, approved. | Non-Party Privacy Interests |
| PX 2-B (Doc. 122-2) | Redactions proposed in Doc. 171-11, Ex. B approved. | Non-Party Privacy Interests |
| PX 2-C (Doc. 122-2) | Redactions proposed in Doc. 189-1, covering non-party identification information, approved. | Non-Party Privacy Interests |

| DOCUMENT | COURT DECISION | FINDING |
|---|---|---|
| PX 2-D (Doc. 122-2) | Redactions proposed in Doc. 189-1, covering non-party identification information, approved. | Non-Party Privacy Interests |
| PX 2-E (Doc. 122-2) | Redactions proposed in Doc. 189-1, covering non-party identification information, approved. | Non-Party Privacy Interests |
| PX 2-F (Doc. 122-2) | Redactions proposed in Doc. 171-11, Ex. F approved. | Non-Party Privacy Interests |
| PX 2-G (Doc. 122-2) | Redactions proposed in Doc. 171-11, Ex. G approved. | Non-Party Privacy Interests |
| PX 2-H (Doc. 122-2) | Redactions proposed in Doc. 171-11, Ex. H approved. | Non-Party Privacy Interests |
| PX 2-I (Doc. 122-2) | Redactions proposed in Doc. 171-11, Ex. I approved. | Non-Party Privacy Interests |
| PX 3 (Doc. 122-3) | Redactions proposed in Doc. 188-4 approved. | Non-Party Privacy Interests |
| PX 4 (Doc. 122-4) | Redactions proposed in Doc. 188-5 approved. | Non-Party Privacy Interests |
| PX 5 (Doc. 122-5) | Redactions proposed in Doc. 189-1, covering non-party identification information, approved. | Non-Party Privacy Interests |
| PX 5-A (Doc. 122-5) | Redactions proposed in Doc. 189-1, covering non-party identification information, approved. | Non-Party Privacy Interests |
| PX 5-B (Doc. 122-5) | Redactions proposed in Doc. 160-9 approved. | Non-Party Privacy Interests & Non-Party Proprietary Information |
| PX 6 (Doc. 122-6) | Redactions proposed in Doc. 189-1, covering non-party identification information, approved. | Non-Party Privacy Interests |
| PX 7 (Doc. 122-7) | Redactions proposed in Doc. 189-1, covering non-party identification information, approved. | Non-Party Privacy Interests |
| PX 7-A (Doc. 122-7) | Redactions proposed in Doc. 189-1, covering non-party identification information, approved. | Non-Party Privacy Interests |
| PX 8 (Doc. 122-8) | Redactions proposed in Doc. 138, Ex. PX 8 approved. | Non-Party Privacy Interests |
| PX 8-A (Doc. 122-8) | Redactions proposed in Doc. 189-1, covering non-party identification information, approved. | Non-Party Privacy Interests |

| **DOCUMENT** | **COURT DECISION** | **FINDING** |
|---|---|---|
| PX 12 (Doc. 122-12) | Redactions proposed in Doc. 169-11 approved. | Non-Party Privacy Interests & Banking Records |
| PX 14 (Doc. 122-14) | Redactions proposed in Doc. 169-12 approved. | Non-Party Privacy Interests |
| PX 15 (Doc. 122-15) | Redactions proposed in Doc. 154-2 approved. (Parties are instructed that the redacted version of the document should contain TLGRM-017-00000573, which is missing from some previously filed versions of PX 15.) | Non-Party Privacy Interests |
| PX 16 (Doc. 122-16) | Redactions proposed in Doc. 169-13 approved. | Non-Party Privacy Interests |
| PX 17 (Doc. 122-17) | Redactions proposed in Doc. 169-14 approved. | Non-Party Privacy Interests |
| PX 19 (Doc. 122-19) | Redactions proposed in Doc. 169-15 approved. | Non-Party Privacy Interests |
| PX 20 (Doc. 122-20) | Redactions proposed in Doc. 169-16 approved. | Non-Party Privacy Interests |
| PX 21 (Doc. 122-21) | Redactions proposed in Doc. 169-17 approved. | Non-Party Privacy Interests |
| PX 22 (Doc. 122-22) | Redactions proposed in Doc. 169-18 approved. | Non-Party Privacy Interests |
| PX 23 (Doc. 122-23) | Redactions proposed in Doc. 169-19 approved. | Non-Party Privacy Interests |
| PX 24 (Doc. 122-24) | Redactions proposed in Doc. 169-20 approved. | Non-Party Privacy Interests |
| PX 25 (Doc. 122-25) | Redactions, covering non-party identification information, approved.  (Parties are instructed to ensure the correct version of PX 25 is filed.) | Non-Party Privacy Interests |
| PX 26 (Doc. 122-26) | Redactions proposed in Doc. 169-22 approved. | Non-Party Privacy Interests |
| PX 28 | Redactions proposed in Doc. 189-1, covering non-party identification information, approved. | Non-Party Privacy Interests |
| PX 29 (Doc. 122-28) | Redactions proposed in Doc. 169-23 approved. | Non-Party Privacy Interests |

| DOCUMENT | COURT DECISION | FINDING |
|---|---|---|
| PX 30 | Redactions proposed in Doc. 189-1, covering non-party identification information, approved. | Non-Party Privacy Interests |
| PX 31 | Redactions proposed in Doc. 189-1, covering non-party identification information as well as the specified portion of the "Investment Thesis" paragraph, approved. | Non-Party Privacy Interests & Non-Party Proprietary Information |
| PX 32 | Redactions proposed in Doc. 189-1, covering non-party identification information as well as the specified proprietary information, approved. | Non-Party Privacy Interests & Non-Party Proprietary Information |
| PX 33 | Redactions proposed in Doc. 189-1, covering non-party identification information, approved. | Non-Party Privacy Interests |
| PX 34 (Doc. 122-29) | Redactions proposed in Doc. 219-10 approved. | Non-Party Privacy Interests |
| PX 35 (Doc. 122-30) | Redactions proposed in Doc. 169-25 approved. | Non-Party Privacy Interests |
| PX 37 (Doc. 122-32) | Redactions proposed in Doc. 169-26 approved. | Non-Party Privacy Interests |
| PX 38 (Doc. 122-33) | Redactions proposed in Doc. 169-27 approved. | Non-Party Privacy Interests |
| PX 43 (Doc. 122-37) | Redactions proposed in Doc. 171-8 approved. | Non-Party Privacy Interests |
| PX 55 | Proposed redactions denied. | - |
| PX 58 (Doc. 122-49) | Redactions proposed in Doc. 219-11 approved. | Non-Party Privacy Interests |
| PX 61 | Redactions proposed in Doc. 187-4 approved. | Non-Party Privacy Interests |
| PX 69 | Redactions proposed in Doc. 188-15 approved. | Non-Party Privacy Interests |
| PX 70 | Redactions proposed in Doc. 188-16 approved. | Non-Party Privacy Interests |
| PX 71 (Doc. 122-58) | Redactions proposed in Doc. 169-29 approved. | Non-Party Privacy Interests |
| PX 74 | Redactions proposed in Doc. 188-17 approved. | Non-Party Privacy Interests |

| DOCUMENT | COURT DECISION | FINDING |
|---|---|---|
| PX 76 | Redactions proposed in Doc. 189-2 approved. | Non-Party Privacy Interests |
| PX 77 | Redactions proposed in Doc. 189-1, covering non-party identification information, approved. | Non-Party Privacy Interests |
| PX 78 (Doc. 122-62) | Redactions proposed in Doc. 169-30 approved. | Non-Party Privacy Interests |
| PX 81 (Doc. 122-65) | Redactions proposed in Doc. 169-31 approved. | Non-Party Privacy Interests |
| PX 82 (Doc. 122-66) | Redactions proposed in Doc. 169-32 approved. | Non-Party Privacy Interests |
| PX 83 (Doc. 122-67) | Redactions proposed in Doc. 169-33 approved. | Non-Party Privacy Interests |
| PX 84 (Doc. 122-68) | Redactions proposed in Doc. 169-34 approved. | Non-Party Privacy Interests |
| PX 85 (Doc. 122-69) | Redactions proposed in Doc. 169-35 approved. | Non-Party Privacy Interests |
| PX 86 (Doc. 122-70) | Redactions proposed in Doc. 169-36 approved. | Non-Party Privacy Interests |
| PX 87 (Doc. 122-71) | Redactions proposed in Doc. 169-37 approved. | Non-Party Privacy Interests |
| PX 89 (Doc. 122-73) | Redactions proposed in Doc. 169-38 approved. | Non-Party Privacy Interests |
| PX 90 (Doc. 122-74) | Redactions proposed in Doc. 169-39 approved. | Banking Records |
| PX 94 | Redactions proposed in Doc. 171-20 approved. | Non-Party Privacy Interests |
| PX 97 (Doc. 122-79) | Proposed redactions denied. | - |
| PX 98 (Doc. 122-80) | Proposed redactions denied. | - |
| PX 99 (Doc. 122-81) | Redactions proposed in Doc. 169-42 approved. | Non-Party Privacy Interests |
| PX 101 | Redactions proposed in Doc. 189-2 approved. | Non-Party Privacy Interests |
| PX 102 | Redactions proposed in Doc. 189-2 approved. | Non-Party Privacy Interests |
| PX 105 | Redactions proposed in Doc. 171-23 approved. | Non-Party Privacy Interests |

| DOCUMENT | COURT DECISION | FINDING |
|---|---|---|
| PX 106 (Doc. 122-83) | Redactions proposed in Doc. 169-43 approved. | Non-Party Privacy Interests |
| PX 109 | Redactions proposed in Doc. 189-2 approved. | Non-Party Privacy Interests |
| PX 110 (Doc. 122-86) | Redactions proposed in Doc. 169-44 approved. | Non-Party Privacy Interests |
| PX 111 | Redactions proposed in Doc. 171-25 approved. | Non-Party Privacy Interests |
| PX 115 | Redactions proposed in Doc. 189-2 approved. | Banking Records |
| PX 117 | Redactions proposed in Doc. 171-26 approved. | Non-Party Privacy Interests |
| PX 121 (Doc. 122-94) | Redactions proposed in Doc. 169-45 approved. | Non-Party Privacy Interests |
| PX 123 | Redactions proposed in Doc. 189-2 approved. | Non-Party Privacy Interests |
| PX 126 (Doc. 122-98) | Redactions proposed in Doc. 102-2 approved. | Non-Party Privacy Interests |
| PX 132 (Doc. 122-104) | Redactions proposed in Doc. 169-46 approved. | Non-Party Privacy Interests |
| PX 134 (Doc. 122-106) | Redactions proposed in Doc. 169-47 approved. | Non-Party Privacy Interests |
| PX 135 (Doc. 122-107) | Redactions proposed in Doc. 169-48 approved. | Non-Party Privacy Interests |
| PX 136 | Sealing approved. | Banking Records |
| PX 137 (Doc. 122-108) | Redactions proposed in Doc. 169-49 approved. | Non-Party Privacy Interests |
| PX 142 (Doc. 123-4) | Redactions proposed in Doc. 171-9 approved. | Non-Party Privacy Interests |
| PX 145 | Redactions proposed in Doc. 171-28 approved. | Non-Party Privacy Interests |
| PX 146 | Redactions proposed in Doc. 223-5 approved. | Non-Party Privacy Interests |
| PX 147 | Redactions proposed in Doc. 138, Ex. PX 147 approved. | Non-Party Privacy Interests |
| PX 148 | Redactions proposed in Doc. 189-1, covering non-party identification information, approved. | Non-Party Privacy Interests |

| DOCUMENT | COURT DECISION | FINDING |
|---|---|---|
| PX 149 (Doc. 123-7) | Redactions proposed in Doc. 169-50 approved. | Non-Party Privacy Interests |
| PX 150 | Redactions proposed in Doc. 154-4 approved. | Non-Party Privacy Interests |
| PX 151 | Redactions proposed in Doc. 170-31 approved. | Non-Party Privacy Interests |
| PX 152 | Redactions proposed in Doc. 189-1, covering non-party identification information, approved. | Non-Party Privacy Interests |
| PX 153 (Doc. 123-8) | Redactions proposed in Doc. 169-51 approved. | Non-Party Privacy Interests |
| PX 160 (Doc. 123-15) | Redactions proposed in Doc. 169-52 approved. | Non-Party Privacy Interests |
| PX 161 (Doc. 123-16) | Redactions proposed in Doc. 169-53 approved. | Non-Party Privacy Interests |
| PX 162 (Doc. 123-17) | Redactions proposed in Doc. 169-54 approved. | Non-Party Privacy Interests |
| PX 169 | Redactions proposed in Doc. 169-55 approved. | Non-Party Privacy Interests |
| PX 194 | Redactions proposed in Doc. 189-1, covering non-party identification information, approved. | Non-Party Privacy Interests |
| PX 195 | Redactions proposed in Doc. 171-35 approved. | Non-Party Privacy Interests |
| PX 196 | Redactions proposed in Doc. 171-36 approved. | Non-Party Privacy Interests |
| PX 199 (Doc. 123-49) | Redactions proposed in Doc. 169-56 approved. | Non-Party Privacy Interests |
| PX 200 (Doc. 123-50) | Redactions proposed in Doc. 169-57 approved. | Non-Party Privacy Interests |
| McGrath Decl. (Doc. 124) | Redactions proposed in Doc. 166 approved. | Non-Party Privacy Interests |
| McGrath Decl., Ex. A (Doc. 124-1) | Redactions proposed in Doc. 166-1 approved. | Non-Party Privacy Interests |
| McGrath Decl., Ex. G (Doc. 124-7) | Redaction proposed in Doc. 160-2, Ex. 8-B approved. | Non-Party Privacy Interests |
| McGrath Decl., Ex. L (Doc. 124-12) | Redaction proposed in Doc. 166-3 approved. | Non-Party Privacy Interests |
| McGrath Decl., Ex. M (Doc. 124-13) | Redaction proposed in Doc. 166-4 approved. | Non-Party Privacy Interests |

| DOCUMENT | COURT DECISION | FINDING |
|---|---|---|
| McGrath Decl., Ex. N (Doc. 124-14) | Redaction proposed in Doc. 219-6 approved. | Non-Party Privacy Interests |
| Record Supplement Letter, Ex. 1 (Doc. 180-1) | Redactions proposed in Doc. 199 approved except for the sentence on pg. 10:5–7 starting with "And" and ending with "Vault," which is denied. | Non-Party Privacy Interests |
| Record Supplement Letter, Ex. 2 (Doc. 180-2) | Redactions proposed in Doc. 210-1 approved. | Non-Party Privacy Interests & Non-Party Proprietary Information |