

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

June 25, 2020

<u>Via ECF and Email</u>
Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY  10007

      Re:    <u>SEC v. Telegram Group Inc. & TON Issuer Inc., No. 19 Civ. 9439 (PKC)</u>

Dear Judge Castel:

      Plaintiff Securities and Exchange Commission ("SEC") respectfully informs the Court that the SEC has reached a proposed settlement with defendants Telegram Group Inc. and TON Issuer Inc. ("Defendants") and seeks approval of the proposed consent judgment.  Enclosed for the Court's consideration is the proposed judgment (the "Judgment") along with Defendants' executed consents to the Judgment ("Consents").

      The SEC respectfully submits that the consent Judgment is fair and reasonable and in the public interest, in light of *SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285 (2d Cir. 2014).  The Judgment: (1) permanently enjoins Defendants from violating Section 5 of the Securities Act of 1933, the provision they were found likely to have violated (*see* Order, D.E. 227); (2) requires Defendants, for a period of three years, to give the SEC forty-five (45) days' notice before Defendants participate in an issuance of certain digital assets; (3) orders Defendants to be held liable for disgorgement of $1,224,000,000 (the unspent portion of the monies raised from investors), to be offset both by amounts Defendants have returned or will return to initial purchasers of Grams and by amounts certain non-U.S. initial purchasers agree to loan Defendants in lieu of such payments; and (4) orders Telegram Group Inc. to pay a civil money penalty of $18,500,000 to the SEC.  Telegram has previously publically announced that it no longer intends to distribute Grams to the initial purchasers or pursue its Gram cryptocurrency project.

      The proposed Judgment is fair and reasonable and in the public interest because it requires Defendants to comply with the federal securities laws, to return funds to initial purchasers, and to pay a significant, deterrent civil penalty, while ensuring that the Grams sold in Defendants' unregistered offering do not find their way into the hands of retail investors.  If the Judgment is acceptable to the Court, we respectfully ask that the Court enter and docket it with the two enclosed Consents.

                                                                  Respectfully submitted,

                                                                  Jorge G. Tenreiro

<u>Enclosures</u>
cc: Counsel for Defendants