**OKRUŽNI SUD SJEDINJENIH DRŽAVA**
**JUŽNI OKRUG NJUJORKA**



**KOMISIJA ZA HARTIJE OD VREDNOSTI I BERZU**
                 **Tužilac**

         - protiv -

**TELEGRAM GROUP INC. i TON ISSUER INC.,**
                 **Tuženi**

19 Civ. 9439 (PKC)

ECF Case (*Electronic Case Files*)
ELEKTRONSKI SPISI
PREDMETA

## SAGLASNOST TUŽENOG TELEGRAM GROUP INC.

1.    Tuženi Telegram Group Inc. („Tuženi") potvrđuje da se nalazi u postupku tužbe, izlazi pred sud i prihvata nadležnost Suda i u vezi sa predmetom ove tužbe.

2.    Tuženi ne prihvata niti poriče optužbe navedene u žalbi (osim one u vezi sa ličnom i predmetnom nadležnošću, koje Tuženi prihvata) i ovim pristaje da se donese pravosnažna presuda u ovde priloženoj formi („Pravosnažna presuda") sa pripojenim pratećim aktima, čime se, između ostalog:

    (a)  sprečava i trajno zabranjuje Tuženom kršenje člana 5. Zakona o hartijama od vrednosti iz 1993. godine („Zakon o hartijama od vrednosti") [Poglavlje 15, član 77e Zakonika SAD];

    (b)  naređuje Tuženom da, u periodu od 3 godine počev od dana izricanja Pravosnažne presude, obaveštava Tužioca – Komisiju za hartije od vrednosti i berzu („Komisija") četrdeset pet (45) dana unapred, slanjem obaveštenja zastupniku Komisije u ovom postupku pre učestvovanja Tuženog, neposredno ili posredno, u izdavanju „kriptovaluta", „digitalnih novčića", „digitalnih tokena" ili bilo kojih sličnih digitalnih sredstava koja se izdaju ili prenose pomoću tehnologije distribuirane glavne knjige (*distributed ledger technology* ili *DLT*);



(c) (i) naređuje Tuženoj strani da, solidarno sa Tuženim TON Issuer Inc. izvrši povraćaj novca u iznosu od $1.224.000.000, tako što će se dug pripisati i obaveza poravnati na sledeći način: (A) $1.193.400.000, iznos jednak: (I) iznosima koje je Tužena strana platila po osnovu „Odštete u slučaju raskida ugovora", kako je navedeno u članu 1.1 „Ugovora o kupoprodaji tokena" („Kupoprodajni ugovor") zaključenog između Tužene strane i određenih strana, stranama koje su imale pravo na isplatu Odštete u slučaju raskida ugovora u skladu sa Kupoprodajnim ugovorom; i (II) iznosima koje su strane Kupoprodajnog ugovora dogovorile da daju na zajam kompaniji Telegram u zamenu za neodložnu isplatu Odštete u slučaju raskida ugovora, a koja se ima isplatiti zajmodavcu prema Kupoprodajnom ugovoru; i (B) u vidu dodatne Odštete u slučaju raskida ugovora u iznosu do $30.600.000, koji kompanija Telegram plaća stranama koje imaju pravo na takvu Odštetu u slučaju raskida ugovora u skladu sa Kupoprodajnim ugovorom, pod uslovom da se te isplate izvrše u roku od 3 godine od dana izricanja ove Pravosnažne presude (ovaj period može biti jednokratno produžen za godinu dana); i (ii) zahteva od Tužene strane da zastupniku Komisije u ovom postupku dostavi dokaz o uplati/uplatama iznosa Odštete u slučaju raskida ugovora njenim primaocima i iznosa koje su strane Kupoprodajnog ugovora dogovorile da daju na zajam kompaniji Telegram u zamenu za neodložnu isplatu Odštete u slučaju raskida ugovora; i

(d) naređuje Tuženom Telegram Group Inc. da plati kaznu u iznosu od $18.500.000 u skladu sa članom 20(d) Zakona o hartijama od vrednosti [Poglavlje 15, član 77(d) Zakonika SAD].

3. Zakonska kazna koja se plaća u skladu sa Pravosnažnom presudom smatra se kaznom koja se plaća državi u bilo koje svrhe, uključujući i svrhe poreza. Kako bi se ostvario efekat



odvraćanja od činjenja istih prestupnih dela, Tuženi je saglasan da neće, nakon poravnanja ili bilo kog smanjenja naknade štete u vezi sa bilo kojom Povezanom privatnom tužbom proisteklom iz plaćanja povraćaja sredstava od strane Tuženog, smatrati da ima pravo na, niti dalje koristi od, poravnanja ili smanjenja naknade štete za iznos bilo kog dela isplate zakonske kazne koju Tuženi ima platiti u okviru ove tužbe („Kompenzacija kazne"). Ukoliko sud u Povezanoj privatnoj tužbi odobri Kompenzaciju kazne, Tuženi je saglasan da će, u roku od 30 dana od izricanja sudskog naloga kojim se odobrava Kompenzacija kazne, obavestiti zastupnika Komisije u ovoj tužbi i isplatiti iznos te Kompenzacije Ministarstvu finansija SAD. Ta isplata neće se smatrati dodatnom zakonskom kaznom i time se neće menjati iznos zakonske kazne propisan ovom tužbom. Za svrhe ovog stava, „Povezana privatna tužba" znači privatna odštetna tužba podneta protiv Tuženog od strane ili u ime jednog ili više trećih lica na osnovu suštinski istih činjenica navedenih u Tužbi u ovom postupku.

4. Tuženi će zastupniku Komisije dostaviti, istovremeno sa uplatom od strane Tuženog, dokaz o uplati/uplatama iznosa kazne Komisiji, sa predmetnim podacima u svakoj od tih transakcija.

5. Tuženi je saglasan da neće zahtevati niti prihvatiti, neposredno ili posredno, naknadu ili obeštećenje od bilo koga osim saizvršilaca, uključujući, ali ne ograničavajući se na, isplate u vezi sa polisama osiguranja, u pogledu bilo kakvog iznosa zakonske kazne koji Tuženi plati po osnovu Pravosnažne presude, bez obzira da li su ta kazna ili njen deo dospeli u distribucioni fond ili su na drugi način upotrebljeni u korist investitora. Tuženi je takođe saglasan da neće potraživati, zahtevati, niti podneti prijavu za poreski odbitak ili poreski kredit u vezi sa bilo kojim saveznim, državnim ili lokalnim porezima za bilo koji iznos kazne koji Tuženi plati u skladu sa Pravosnažnom presudom, bez obzira na to da li su ta kazna ili neki deo iste dospeli u distribucioni fond ili su na drugi način upotrebljeni u korist investitora.



3

6. Tuženi pristaje da, ukoliko u bilo koje doba nakon izricanja Pravosnažne presude Komisija pribavi informacije koje ukazuju na to da je Tuženi svesno pružio suštinski lažne ili obmanjujuće informacije ili materijal Komisiji u ovom ili povezanom postupku, Komisija može, po sopstvenom nahođenju i bez prethodnog slanja obaveštenja Tuženom, podneti zahtev Sudu da izda nalog kojim se od Tuženog zahteva da plati dodatnu kaznu. Što se tiče zahteva Komisije za donošenje odluke po kratkom postupku po pitanju kazne i bilo kakvih ročišta održanih u vezi sa tim: (a) Tuženom neće biti omogućeno da ospori prekršaj saveznog zakona o hartijama od vrednosti, kako je navedeno u Tužbi; (b) Tuženi ne može osporavati pravosnažnost Presude, ove Saglasnosti, niti bilo kakvih povezanih Obligacija; (c) navodi Tužbe biće prihvaćeni i Sud će ih smatrati istinitim, isključivo u svrhe tog zahteva za donošenje odluke po kratkom postupku; i (d) Sud može doneti odluku o pitanjima pokrenutim u okviru zahteva za donošenje odluke po kratkom postupku na osnovu pisanog iskaza, izjave, svedočenja pod zakletvom ili svedočenja tokom istrage, i pisanih dokaza bez obzira na standarde za suđenja po skraćenom postupku navedena u Pravilu 56(c) Saveznog pravilnika o parničnom postupku. Pod ovim okolnostima, strane mogu prikupljati materijal u dokaznom postupku pre suđenja, uključujući prikupljanje od drugih relevantnih strana.

7. Tuženi se odriče prava na izricanje činjenica i zaključaka iz zakona a na osnovu Odredbe 52 Saveznog pravilnika o parničnom postupku.

8. Tuženi se odriče prava, ako ono postoji, na suđenje pred porotom i žalbu od trenutka izricanja Pravosnažne presude.

9. Tuženi dobrovoljno daje ovu Saglasnost i potvrđuje da Komisija nije izvršila nikakve pretnje, iznude, obećanja ili podsticaje bilo koje vrste, niti je to učinio neki njen član, službenik, zaposleni, predstavnik ili zastupnik kako bi podstakli Tuženog da dâ ovu Saglasnost.

10. Tuženi je saglasan da se ova Saglasnost priloži Pravosnažnoj presudi i da ima punu pravnu snagu kao sastavni deo presude.



4

11. Tuženi se ne protivi izvršenju Pravosnažne presude u slučaju da ona ne bude u skladu sa Odredbom 65(d) Saveznog pravilnika o parničnom postupku i ovim se odriče svakog prava na prigovor koji se može uložiti na to.

12. Tuženi se odriče prava da mu se uruči Pravosnažna presuda i saglasan je da se nakon izricanja Pravosnažne presude od strane Suda i zavođenja predmeta u spise od strane Službenika suda sačini obaveštenje za Tuženog o propisanim uslovima. Tuženi je takođe saglasan da zastupniku Komisije pruži, u roku od 30 dana od dana zavođenja Pravosnažne presude kod Službenika suda, pisani iskaz ili izjavu da je Tuženi primio i pročitao primerak Pravosnažne presude.

13. U skladu sa poglavljem 17, član 202.5(f) Kodeksa saveznih propisa, ovom Saglasnošću rešavaju se jedino pritužbe iznesene protiv Tuženog u ovom parničnom postupku. Tuženi potvrđuje da Komisija nije dala nikakvo obećanje ili izjavu, niti je to učinio neki njen član, službenik, zaposleni, predstavnik ili zastupnik u vezi sa krivičnom odgovornošću koja je proistekla ili može proisteći iz činjenica na kojima se temelji ovaj postupak, ili u vezi sa imunitetom za bilo koju takvu krivičnu odgovornost. Tuženi se odriče prava na Ponovno pokretanje postupka za isto delo nakon poravnanja ovog postupka, uključujući uvođenje bilo kog pravnog leka ili zakonske kazne u ovom postupku. Tuženi takođe potvrđuje da trajna zabrana Suda može imati kolateralne posledice po osnovu saveznog ili državnog zakona i pravila i propisa samoregulatornih organizacija, odbora za licenciranje i drugih regulatornih organizacija. Te kolateralne posledice uključuju, ne ograničavajući se, diskvalifikacije propisane statutom a u vezi sa članstvom, učešćem ili povezanošću sa članom neke samoregulatorne organizacije. Ova statutorna diskvalifikacija ima posledice koje nisu povezane sa bilo kojom sankcijom izrečenom u upravnom postupku. Pored toga, Tuženi shvata da nije dozvoljeno da osporava činjenične navode tužbe u ovom postupku, tokom bilo kog disciplinskog postupka pred Komisijom na osnovu izrečenih naredbi u ovom postupku.



5

14.    Tuženi shvata i poštuje odredbe iz poglavlja 17, član 202.5(f) Kodeksa saveznih propisa koji između ostalog nalažu da je politika Komisije da „tuženom nije dozvoljeno da prihvati presudu ili nalog koji izriče sankciju, a da istovremeno negira navode u tužbi ili nalog za postupak," i „da je odbijanje da se priznaju navodi isto što i njihovo negiranje, osim ukoliko tuženi ne izjavi da niti potvrđuje niti negira navode." Obzirom da je Tuženi saglasan u poštovanju odredbi člana 202.5(e), Tuženi: (i) neće preduzimati nikakve radnje, davati javna saopštenja ili dozvoliti da se daju javna saopštenja u kojima se negiraju, direktno ili indirektno, bilo koji navodi iz ove tužbe ili se stvara utisak da tužba nema činjenični osnov; (ii) neće davati javna saopštenja ili dozvoliti da se daju javna saopštenja u smislu da Tuženi ne priznaje navode iz ove tužbe, ili da ova Saglasnost ne sadrži priznanje navoda, a da se ne navede da Tuženi takođe ne negira navode; i (iii) nakon zavođenja ove Saglasnosti, Tuženi ovim povlači sva dokumenta podneta u ovom postupku koja negiraju bilo koje navode iz tužbe. Ako tuženi prekrši ovaj sporazumni dogovor, Komisija može zatražiti od Suda da ukine Pravosnažnu presudu i vrati ovaj postupak na ponovno odlučivanje. Ništa u ovoj odredbi ne utiče na: (i) obaveze svedočenja Tuženog; ili (ii) njegovo pravo da zauzme pravni ili činjenični stav u nekom sporu ili drugim pravnim postupcima u kojima Komisija ne učestvuje.

15.    Tuženi se ovim odriče prava koji ima na osnovu Zakona jednakom pristupu pravdi i Zakonu o pravičnosti sprovođenja propisa za mala preduzeća iz 1996. godine, ili bilo koje druge odredbe zakona, da zahteva od Sjedinjenih Država, ili državne agencije, ili bilo kog zvaničnika Sjedinjenih Država koji postupa u svojstvu javnog službenika, neposredno ili posredno, naknadu za troškove advokata ili druge troškove, naknade ili izdatke nastale prilikom odbrane Tuženog u ovom postupku. U ove svrhe, Tuženi je saglasan da Tuženi nije dobitna strana u ovom postupku, jer su strane postigle sporazum u dobroj veri.

16.    Tuženi je saglasan da Komisija može podneti Pravosnažnu presudu Sudu na potpisivanje i unošenje u zapisnik bez obaveštenja.



6

17. Tuženi je saglasan da ovaj Sud zadržava nadležnost po pitanju ovog predmeta u svrhu izvršenja odredbi Pravosnažne presude.

Datum: 11. jun 2020. godine

Telegram Group Inc

Potpis: /s.r. potpis/

Pavel Durov

Generalni direktor

Dana _____ 2020, _____ , lično se pojavio/la preda mnom i potvrdio/la Saglasnost svojim potpisom sa punim ovlašćenjem za to, datim od strane kompanije Telegram Group Inc., u svojstvu _____ .

Javni beležnik

Mandat ističe:

Odobreno od strane:

Alexander C. Drylewski

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

One Manhattan West

Njujork, država Njujork 10001

Telefon: (212) 795-3000

Advokat Tuženog

7

------------------------kraj prevoda------------------------

Ja, dole potpisana Tatjana Milanović, stalni sudski prevodilac za engleski jezik, potvrđujem svojim potpisom i pečatom da je prevod na srpski verodostojan izvorniku koji je sastavljen na engleskom jeziku.

Beograd, 18. juna 2020.

Broj: 455/2020

Tatjana Milanović

(Imenovana Odlukom Ministarstva pravde Republike Srbije,

Br. 740-06/1438/08-04 od 15. septembra 2008. godine)

www.versusprevodi.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,    :
                                       :
                          Plaintiff,   :        19 Civ. 9439 (PKC)
                                       :
            - against -                :        ECF Case
                                       :
TELEGRAM GROUP INC. and TON ISSUER INC., :
                                       :
                          Defendants.  :
                                       :
----------------------------------------------------------------------- x

### CONSENT OF DEFENDANT TELEGRAM GROUP INC.

1.      Defendant Telegram Group Inc. ("Defendant") acknowledges having been served
with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction
over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as to
personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to
the entry of the final Judgment in the form attached hereto (the "Final Judgment") and
incorporated by reference herein, which, among other things:

   (a)   permanently restrains and enjoins Defendant from violation of Section 5
         of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e];

   (b)   orders that, for a period of three years beginning on the date of entry of the
         Final Judgment, Defendant shall give Plaintiff Securities and Exchange
         Commission ("Commission") forty-five (45) days' notice, by transmitting
         notice to the Commission's counsel of record in this action, before
         Defendants participate, directly or indirectly, in an issuance of
         "cryptocurrencies," "digital coins," "digital tokens," or any similar digital

1

asset issued or transferred using distributed ledger technology;

(c)     (i) orders Defendant to pay, jointly and severally with Defendant

TON Issuer Inc. disgorgement in the amount of $1,224,000,000, which

liability shall be credited and offset by: (A) $1,193,400,000, an amount

equal: (I) amounts Defendants have paid as "Termination Amounts," as

that term is defined in Section 1.1 of the "Purchase Agreements for

Grams" ("Purchase Agreements") entered into between Defendants and

certain parties, to the parties entitled to receive such Termination Amounts

pursuant to the Purchase Agreements; and (II) amounts that parties to the

Purchase Agreements agree to loan to Telegram in lieu of accepting

immediate payment of the Termination Amounts owed to the loaning

party under the Purchase Agreements; and (B) by additional "Termination

Amounts," up to $30,600,000, that Telegram pays to parties entitled to

receive such Termination Amounts pursuant to the Purchase Agreements,

provided that such payments are made within three years of the date of

entry of this Final Judgment (which time may be extended for a one-time

period of one year); and (ii) requires Defendants to transmit to the

Commission's counsel of record in this action evidence of payment(s) of

the Termination Amounts to the recipients of those payments and of the

amounts that parties to the Purchase Agreements agree to loan to

Telegram in lieu of accepting immediate payment of such Termination

Amounts under the Purchase Agreements; and

(d)     orders Defendant Telegram Group Inc. to pay a civil penalty in the amount

2

of $18,500,000 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

3. The civil penalty paid pursuant to the Final Judgment shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that it shall not, after offset or reduction of any award of compensatory damages in any Related Private Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Private Action grants such a Penalty Offset, Defendant agrees that it shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Private Action" means a private damages action brought against Defendant by or on behalf of one or more private third parties based on substantially the same facts as alleged in the Complaint in this action.

4. Defendant shall transmit to the Commission's counsel of record in this action, simultaneously with Defendant's payment, evidence of payment(s) of civil penalty amounts to the Commission, with case identifying information in each such transmission.

5. Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source other than its executives, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty

3

amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

6.     Defendant consents that, if at any time following the entry of the Final Judgment the Commission obtains information indicating that Defendant knowingly provided materially false or misleading information or materials to the Commission or in a related proceeding, the Commission may, at its sole discretion and without prior notice to the Defendant, petition the Court for an order requiring Defendant to pay an additional civil penalty. In connection with the Commission's motion for civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Judgment, this Consent, or any related Undertakings; (c) the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

7.     Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

8.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of

the Final Judgment.

9.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

10.     Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

11.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

12.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

13.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal

or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

14.    Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i)

6

testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

15.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

16.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

17.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _JUNE 11, 2020_                   Telegram Group Inc.

                                         By: _____
                                         Pavel Durov
                                         CEO


        On _____, 2020, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Telegram Group Inc. as its _____.

                                         _____
                                         Notary Public
                                         Commission expires:

7

ЈАВНИ БЕЛЕЖНИК
Наталија Ацић
Београд, Врачар
Кнегиње Зорке 11Б.

УОП-III:1142-2020
Страна1(један)

---

------------------------КЛАУЗУЛА О ОВЕРИ ПОТПИСА НА ИСПРАВИ -------------------

---

Потврђује се да је дана 19.06.2020. у јавнобележничку канцеларију јавног бележника Наталије Ацић, са службеним седиштем у Београду, Врачар, улица Кнегиње Зорке број 11 Б (једанаест Б), ради овере потписа на приватној исправи приступио: -------------------------

PAVEL   VALERIEVICH   DUROV, █████████████████████████████ чији је идентитет утврђен увидом у пасош бр. ████████ издат од стране НАДЛЕЖНИХ ОРГАНА СВЕТОГ КИТСА И НЕВИСА ██████ својеручно ███████████ потписао ██████████ ову ████████ исправу.

---

Садржина ове исправе на српском језику, прочитана је именованом помоћу сталног судског тумача за руски и енглески језик Алексић Ане, ЈМБГ 0609965715201, са пребивалиштем на адреси: Београд, Врачар, улица Кнегиње Зорке број 11 (једанаест), чији идентитет је утврђен је увидом у личну карту број 010048145, издата дана 10.04.2018. године од стране МУП Републике Србије, ПС Врачар.------------------------------------------

---

Својство сталног судског тумача утврђено је увидом у Решење Републичког Секретаријата за Правосуђе и Управу   Социјалистичке Републике Србије, број 74-257/90-03   од 07.12.1990. године.-----------------
Овлашћени судски тумач, својим потписом на овој исправи потврђује да је странци верно пренео садржину исправе. -------------------------------------------------------------------

---

Исправа странке, написана је штампачем / рукописом, оверена је у 2 (два) примерка за потребе странке, и 1 (један) оверен примерак, остаје код поступајућег јавног бележника. --

---

Јавни бележник овером ове исправе потврђује потпис странке, и не одговара за садржину исправе, сходно члану 11 став 2 Закона о оверавању потписа, рукописа и преписа. ---------

---

Накнада за рад јавног бележника наплаћена је укупном износу од 2.520,00 (двехиљадепетстодвадесет динара) динара, обрачуната је на основу члана 21, тарифног броја 8 став 1 Јавнобележничке тарифе, и обухвата износ накнаде, од 2.100,00 (двехиљадесто динара) и износ обрачунатог ПДВ-а по стопи од 20% од 420,00 (четиристодвадесет динара). ----------------------------------------------------------------

---

УОП-III:1142-2020
У Београду, 19.06.2020., 15:20

Стални судски тумач за руски и енглески језик
Алексић Ана

ЈАВНИ БЕЛЕЖНИК
Наталија Ацић

ry public
lija Adzic
rade, Vracar
Kneginje Zorke

**UOP -III:1142-2020**

Page 1

## CLAUSE ON CERTIFICATION OF SIGNATURE ON DOCUMENTS

confirmed that on 18.06.2020, at the notary office of the notary public Natalija Adzic with official headquarters
Belgrade, Vračar,11 B (eleven b) Kneginje Zorke for the certificate of the signature on the private document
ssued--------------------------------------------------------------------------------------------------------------------------

AVEL VALERIEVICH DUROV ,born on ███████ with res whose identity was established by inspecting the Passport ███████ issued by the issued by
COMPETENT AUTHORITIES OF SAINT KITTS AND NEVIS on ███████ ████████ in the presence of a notary public signed this document--------------------------------------------------------

contents of this document in the Serbian language are read by the appointed person with the help of a permanent
rt interpreter, and I speak the Russian and English language of Aleksic; Ana, JMBG 0609965715291, with
idence at the address Belgrade, Vračar, 11(eleven) Kneginje Zorke whose identity was established by inspecting
personal card number 010048145, issued on 10.04. In 2018, by the Ministry of the Interior of the Republic of
a, PS Vračar------------------------------------------------------------------------------------------------------------------

e identity of the court Interpreter was established by inspecting the Decision of the Republic Secretariat for Justice
Administration of the Socialist Republic of Serbia, No. 74-257 / 90-03 of December 7, 1990.-----------------------

signing this document, the authorized court interpreter confirms to us that he has faithfully translate the contents
the document to the foreigner. ---------------------------------------------------------------------------------------------

party's document is written in a printer /manuscript, certified in 2 (two) copies for the needs of the party, and 1
e) certified copy, remains with the Notary public.--------------------------------------------------------------------------

e Notary public certifies the signature of the party by certifying this document, and is not responsible
the content pursuant to Article 11, paragraph 2 of the Law on Certification of Signatures of Manuscripts and
inscripts------------------------------------------------------------------------------------------------------------------------

e fee for verification in 1(one) copy was collected in the total amount of 2520 (Two thousand five hundred and
enty dinars) . Notary fee is charged pursuant to Article 21 of tariff number 8, paragraph1 of the Notary public
iff and includes the amount of compensation of 2100 (two thousand one hundred dinars) and the amount of VAT
rged at the rate of 20% of 420 .00 (foure hundred and twenty dinars)----------------------------------------------------

**OP –IV:1142-2020**
**Belgrade, June 19,2020 at 03.22 p.m.**

orn to Court enterpriter for English and Russian languages
eksic Ana    Seal and Signature

NOTARY PUBLIC
Natalija Adzic

R NOTARY PUBLIC Natalija Adzic, Belgrade, 11B Kneginje Zorke
tary public trainee Aleksandra Markovic according to the Decision of
e Notary public Chamber of Republic of Serbia no: IV-8-1397/2020
February 25, 2020

( Signature)
Signature Seal





-------------------------end of translation -------------------------------------------

I hereby certify that this is a true translation of the original document composed in the Serbian language in testimony thereof I have hereunto set my hand and affixed the seal of office in Belgrade, Serbia.
Ref. No. II  1028/2020  June 19, 2020

**ANA ALEKSIC**
Kneginje Zorke 11, Belgrade Serbia
Sworn to Court Interpreter (notary public for Russian and English Languages
Appointed by the Republican Secretariat of Justice and General Administration
by the Decision No. 74-257/90-03  of December 7,1990

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,     :

      :

                  **Plaintiff,**     :      **19 Civ. 9439 (PKC)**

      :

                **- against -**     :      **ECF Case**

      :

TELEGRAM GROUP INC. and TON ISSUER INC.,     :

      :

                **Defendants.**     :

      :

-------------------------------------------------------------------x

## FINAL JUDGMENT AS TO DEFENDANTS
## TELEGRAM GROUP INC. AND TON ISSUER INC.

The Securities and Exchange Commission ("Commission") having filed a Complaint and

Defendants Telegram Group Inc. ("Telegram") and TON Issuer Inc. (together with Telegram,

"Defendants") having entered a general appearance; consented to the Court's jurisdiction over

Defendants and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants, and

Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise, are permanently restrained and enjoined from violating Section 5 of the Securities Act

of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any

applicable exemption:

      (a)      Unless a registration statement is in effect as to a security, making use of any

1

means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the preliminary injunction that is the subject of the Court's Order dated March 24, 2020, hereby expires by its terms and this Final Judgment.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(5) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(5)], Defendants, and Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and for a period of three years beginning on the date of entry of this Final Judgment,

shall give to the Commission forty-five (45) days' notice before Defendants participate, directly or indirectly, in  an issuance of "cryptocurrencies," "digital coins," "digital tokens," or any similar digital asset issued or transferred using distributed ledger technology.  Nothing in this paragraph requires, or should be construed to require, Defendants to seek the Commission's approval or consent prior to issuing any asset encompassed by this paragraph, nor should this paragraph be construed to require Defendants to provide the Commission with any information beyond the notice contemplated herein.  Defendants shall transmit the notice required by this paragraph to the Commission's counsel of record in this action.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $1,224,000,000.  The total amount of Defendants' disgorgement obligation shall be credited and offset by: (i) $1,193,400,000, an amount equal: (A) amounts Defendants have paid as "Termination Amounts," as that term is defined in Section 1.1 of the "Purchase Agreements for Grams" entered into between Defendants and certain parties, to the parties entitled to receive such Termination Amounts pursuant to the Purchase Agreements for Grams; and (B) amounts that parties to the Purchase Agreements for Grams agree to loan to Telegram in lieu of accepting immediate payment of the Termination Amounts owed to the loaning party under the Purchase Agreements for Grams; and (ii) by additional "Termination Amounts," up to $30,600,000, that Telegram pays to parties entitled to receive such Termination Amounts pursuant to Purchase Agreements for Grams, provided that such payments are made within three years of the date of entry of this Final Judgment (which time may be extended for a one-time period of one year). Defendants shall transmit to the Commission's counsel of record in this action evidence of

payment(s) of the Termination Amounts to the recipients of those payments and of the amounts that parties to the Purchase Agreements for Grams agree to loan to Telegram in lieu of accepting immediate payment of such Termination Amounts under the Purchase Agreements for Grams.

Defendant Telegram Group Inc. is liable for a civil penalty in the amount of $18,500,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Defendant Telegram Group Inc.'s obligation to pay a civil penalty shall be satisfied by paying $18,500,000 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Telegram Group Inc. and TON Issuer Inc. in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall transmit to the Commission's counsel of record in this action, simultaneously with Defendants' payment, evidence of payment(s) of civil penalty amounts to the Commission, with case identifying information in each such transmission.

By making payments of the Termination Amounts (as that term is defined in Section 1.1 of the "Purchase Agreements for Grams"), or of the disgorgement and civil penalty amounts to

the Commission, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. The Commission may enforce the Court's judgment for disgorgement and civil penalty by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment.

Amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Private Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Private Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Private Action" means a private damages action brought against Defendants by or on behalf of one or more private third parties based on substantially the same facts as alleged in the Complaint in this action.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that if at any time following the entry of the Final Judgment the Commission obtains information indicating that Defendants knowingly provided materially false or misleading information or materials to the Commission or in a related proceeding, the Commission may, at its sole discretion and without prior notice to the Defendants, petition the Court for an order requiring Defendants to pay an additional civil penalty.  In connection with any such petition and at any hearing held on such a motion:  (a)  Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Judgment, the Consent, or any related Undertakings; (c) the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants' Consents to this Final Judgment, entered into on June 11, 2020, are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2020

_____
HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE