**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**SECURITIES AND EXCHANGE COMMISSION,**       :
                                               :
                                **Plaintiff,**  :        **19 Civ. 9439 (PKC)**
                                               :
                   **- against -**              :        **ECF Case**
                                               :
**TELEGRAM GROUP INC. and TON ISSUER INC.,**   :
                                               :
                               **Defendants.**  :
                                               :
-------------------------------------------------------------------x

### FINAL JUDGMENT AS TO DEFENDANTS
### TELEGRAM GROUP INC. AND TON ISSUER INC.

The Securities and Exchange Commission ("Commission") having filed a Complaint and

Defendants Telegram Group Inc. ("Telegram") and TON Issuer Inc. (together with Telegram,

"Defendants") having entered a general appearance; consented to the Court's jurisdiction over

Defendants and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants, and

Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise, are permanently restrained and enjoined from violating Section 5 of the Securities Act

of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any

applicable exemption:

(a)      Unless a registration statement is in effect as to a security, making use of any

1

means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the preliminary injunction that is the subject of the Court's Order dated March 24, 2020, hereby expires by its terms and this Final Judgment.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(5) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(5)], Defendants, and Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and for a period of three years beginning on the date of entry of this Final Judgment,

shall give to the Commission forty-five (45) days' notice before Defendants participate, directly or indirectly, in  an issuance of "cryptocurrencies," "digital coins," "digital tokens," or any similar digital asset issued or transferred using distributed ledger technology.  Nothing in this paragraph requires, or should be construed to require, Defendants to seek the Commission's approval or consent prior to issuing any asset encompassed by this paragraph, nor should this paragraph be construed to require Defendants to provide the Commission with any information beyond the notice contemplated herein.  Defendants shall transmit the notice required by this paragraph to the Commission's counsel of record in this action.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $1,224,000,000.  The total amount of Defendants' disgorgement obligation shall be credited and offset by: (i) $1,193,400,000, an amount equal: (A) amounts Defendants have paid as "Termination Amounts," as that term is defined in Section 1.1 of the "Purchase Agreements for Grams" entered into between Defendants and certain parties, to the parties entitled to receive such Termination Amounts pursuant to the Purchase Agreements for Grams; and (B) amounts that parties to the Purchase Agreements for Grams agree to loan to Telegram in lieu of accepting immediate payment of the Termination Amounts owed to the loaning party under the Purchase Agreements for Grams; and (ii) by additional "Termination Amounts," up to $30,600,000, that Telegram pays to parties entitled to receive such Termination Amounts pursuant to Purchase Agreements for Grams, provided that such payments are made within three years of the date of entry of this Final Judgment (which time may be extended for a one-time period of one year). Defendants shall transmit to the Commission's counsel of record in this action evidence of

payment(s) of the Termination Amounts to the recipients of those payments and of the amounts

that parties to the Purchase Agreements for Grams agree to loan to Telegram in lieu of accepting

immediate payment of such Termination Amounts under the Purchase Agreements for Grams.

Defendant Telegram Group Inc. is liable for a civil penalty in the amount of $18,500,000

pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].  Defendant Telegram Group

Inc.'s obligation to pay a civil penalty shall be satisfied by paying $18,500,000 to the Securities

and Exchange Commission within 30 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Telegram Group Inc. and TON Issuer Inc. in this action; and specifying that payment

is made pursuant to this Final Judgment.

Defendants shall transmit to the Commission's counsel of record in this action,

simultaneously with Defendants' payment, evidence of payment(s) of civil penalty amounts to

the Commission, with case identifying information in each such transmission.

By making payments of the Termination Amounts (as that term is defined in Section 1.1

of the "Purchase Agreements for Grams"), or of the disgorgement and civil penalty amounts to

the Commission, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.  The Commission may enforce the Court's judgment for disgorgement and civil penalty by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment.

Amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Private Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Private Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Private Action" means a private damages action brought against Defendants by or on behalf of one or more private third parties based on substantially the same facts as alleged in the Complaint in this action.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that if at any time following the entry of the Final Judgment the Commission obtains information indicating that Defendants knowingly provided materially false or misleading information or materials to the Commission or in a related proceeding, the Commission may, at its sole discretion and without prior notice to the Defendants, petition the Court for an order requiring Defendants to pay an additional civil penalty.  In connection with any such petition and at any hearing held on such a motion:  (a)  Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Judgment, the Consent, or any related Undertakings; (c) the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants' Consents to this Final Judgment, entered into on June 11, 2020, are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

The Clerk shall terminate all motions and close the matter.

Dated: _____June 26_____, 2020

_____

HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE