

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
keker.com

**Victor H. Yu**
(415) 391-5400
vyu@keker.com

June 23, 2020

Hon. P. Kevin Castel
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *Securities and Exchange Commission v. Telegram Group, Inc. and TON Issuer, Inc.*, 1:19-cv-09439-PKC

Dear Judge Castel:

I write on behalf of non-party Investor X regarding the Court's June 17, 2020 Opinion and Order.

On February 4, Investor X filed a Motion to Seal Exhibit PX32 in support of the SEC's Motion for Summary Judgment. *See* ECF Nos. 148–151. Investor X sought to seal PX32 in its entirety in order to preserve confidential commercial and financial information therein. On February 13, 2020, the SEC filed its opposition to Investor X's motion to seal and instead proposed redactions to PX32. *See* ECF Nos. 189-1, 190. The parties then conferred and reached an agreement regarding appropriate redactions to be made to PX32 in addition to those proposed by the SEC in its Response. On February 24, 2020, in its Reply to the SEC's Response, Investor X informed the Court of these agreed-upon redactions and provided the Court with a copy of the agreed-upon redacted exhibit. *See* Docket No. 216.[1]

The Court's June 17 Order does not discuss the additional February 24, 2020 agreed-upon redactions and approves only those redactions to PX32 that were initially proposed in the SEC's Response. To the extent that this was an oversight, Investor X respectfully requests that the Court amend its order to include the additional redactions that the parties previously agreed upon.

These proposed additional redactions are only a few lines of text and are narrowly tailored to cover confidential investor-identifying information, investment allocations, and due diligence information. Publication of this business information would harm Investor X's competitive standing; therefore, there is good cause to seal this information under Federal Rule of Civil Procedure 26(c). *See Dodona I, LLC v. Goldman*, *Sachs & Co.*, 119 F. Supp. 3d 152, 154–55

---

[1] An unredacted and sealed version of PX32 was filed with this Court on February 13, 2020. *See* ECF 188, Attachment 12.

(S.D.N.Y. 2015) (noting that courts routinely permit sealing of documents that contain "sources of information that might harm a litigant's competitive standing"). Investor X respectfully requests that the Court allow PX32 to be filed with these additional narrow redactions, which the parties have agreed to.

Respectfully submitted,

KEKER, VAN NEST & PETERS LLP

Victor H. Yu

Investor X's letter is deemed a timely motion to reconsider. The Court approves the redactions to PX32 proposed in Doc. 216, finding that Investor X's interest in the confidentiality of its proprietary business information outweighs the public's presumption of access, United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995), and that the proposed redactions are narrowly tailored to protect this specific interest. The parties are ordered to file a public version of PX32 complying with this Order.

SO ORDERED.
June 30, 2020.

P. Kevin Castel
United States District Judge